MCGUIREWOODS LLP
Matthew C. Kane, Esq. (SBN 171829)
mkane@mcguirewoods.com
Michelle R. Walker, Esq. (SBN 167375)
mwalker@mcguirewoods.com
Colleen M. Regan, Esq. (SBN 120284)
cmregan@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendant,
GREENPOINT MORTGAGE, a division of
GREENPOINT FINANCIAL CORP.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA LAWLER, individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,<br><br>Defendants. | CASE NO. C 07 4385<br><br>[Marin County Superior Court Case No. CV073375]<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed:   July 18, 2007 |

4709355.4

1

Notice to Federal Court of Removal of Civil Action from State Court

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP. ("Defendant" or "GPFC"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Marin (the "State Court"), to this United States District Court for the Northern District of California, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 in that it arises under 29 U.S.C. § 201 et. seq., the Fair Labor Standards Act ("FLSA"), and pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, the Class Action Fairness Act of 2005 ("CAFA"), and all other applicable bases for removal.[1]  This Notice is based upon the Court's original jurisdiction under 28 U.S.C. § 1331 and CAFA, and all other applicable bases for jurisdiction.  In support of its Notice of Removal, GPFC avers as follows:

## PLEADINGS AND PROCEEDINGS

1. On or about July 18, 2007, an action was commenced against GPFC in the State Court entitled *Jana Lawler v. GreenPoint Mortgage, a division of Greenpoint Financial Corp., et al.*, under Case Number CV 073375, by the filing of a Complaint, a true and correct copy of which is attached hereto as Exhibit A.

2. On or about July 27, 2007, GPFC received a copy of the Complaint in this action.  Plaintiff contends GPFC was served on this date, which contention was confirmed in an August 17, 2007 letter from GPFC's counsel to Plaintiff's counsel, a true and correct copy of which is attached hereto as Exhibit B.

---

[1] If Plaintiff contends that this action has been filed against and served on any other entity affiliated with GPFC, then this removal is on behalf of all such affiliated entities as well.  GPFC is informed and believes that it is the only entity the action has been filed against and the only entity Plaintiff purports to have served.  The current entity status of GPFC is addressed in Paragraph 17 and footnote 2, infra.

3. On or about July 27, 2007, GPFC received copies of the State Court Notice of Case Management Conference, Stipulation to Use of ADR Process form, Ex Parte Application for Extension of Time form, Case Management Statement form, Notice of Stay of Proceedings form, Notice of Termination or Modification of Stay form, Notice of Settlement of Entire Case form, Statement of Agreement or Nonagreement form, and ADR Information forms, true and correct copies of which are attached hereto cumulatively as Exhibit C.

4. On August 23, 2007, GPFC filed an Answer to the Complaint in the State Court action. A true and correct copy of GPFC's Answer to the Complaint is attached hereto as Exhibit "D."

5. GPFC is informed and believes there has been no service of process upon Defendants Does 1 through 100, which are fictitious defendants that have not been served, and thus are to be disregarded for the purposes of this removal. 28 U.S.C. § 1441(a).

6. GPFC is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court action.

## REMOVAL JURISDICTION

7. This court has jurisdiction under 28 U.S.C § 1331, 28 U.S.C. § 1332(d), CAFA, 28 U.S.C. § 1441(b), and all other applicable bases for removal.

8. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." GPFC has filed this Notice of Removal within 30 days of July 27, 2007, the date Plaintiff contends it was served with the Summons and Complaint in this action. (See Exhibit B attached hereto.)

## Federal Question Jurisdiction

9. Plaintiff purports to bring this action pursuant to Cal. Code Civ. Proc section 382 and Cal. Bus. & Prof. Code section 17200 as a class/representative action, and seeks class certification on behalf of "[a]ll individuals who were employed by defendant in the position of underwriter, senior underwriter, underwriter trainee, and/or any similar position that is responsible for reviewing home mortgages to consumers ('Covered Position'), within the State of California during the applicable limitations period." (Exhibit A, Complaint, ¶ 4.) Plaintiff proposes four (4) subclasses which she defines as follows:

(1) "Subclass A" is defined as "class members who, while working in a Covered Position in California during the applicable limitations period, did not receive a 'salary' of at least $455 per week (or $155 per week before August 23, 2004)." (Exhibit A, Complaint, ¶ 4A).

(2) "Subclass B" is defined as "class members who, while working in a Covered Position in California during the applicable limitations period, received a salary of less than twice the California minimum wage and either (1) had total earnings that were less than 1.5 times the California minimum wage, or (2) less than half of their earnings represented commissions." (Exhibit A, Complaint, ¶ 4B.)

(3) "Subclass C" is defined as "class members who, while working in a Covered Position in California during the applicable limitations period, were paid a salary of at least twice the minimum wage." (Exhibit A, Complaint, ¶ 4C.)

(4) "Subclass D" is defined as "all members of Subclass A, Subclass B and/or Subclass C who, as of the date that this lawsuit was filed, were no longer employed by defendant." (Exhibit A, Complaint, ¶ 4D.)

10. Plaintiff's Complaint purports to allege 10 causes of action, as follows:

(1) Restitution of overtime wages under Cal. Bus. & Prof. Code section 17200 on behalf of Subclass A, as a result of alleged violations of the overtime provisions of the FLSA, 29 U.S.C. § 201 et seq.;

(2)     Restitution of overtime wages under Cal. Bus. & Prof. Code section 17200 on behalf of Subclass B, as a result of alleged violations of California Industrial Welfare Commission Wage Order 4-2001;

(3)     Violation of Cal. Labor Code § 1194 on behalf of Subclass B;

(4)     Restitution of overtime wages under Cal. Bus. & Prof. Code section 17200 on behalf of Subclass C;

(5)     Violation of Cal. Labor Code § 1194 on behalf of Subclass C;

(6)     Violation of Cal. Labor Code sections 201 and 202 resulting in Cal. Labor Code section 203 waiting time penalties for failure to pay wages to former employees at the time of resignation or discharge on behalf of Subclass D;

(7)     Violation of Cal. Labor Code section 226.7 for failure to provide Subclasses A, B, and C with required meal and rest breaks, which includes a claim for civil penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code section 2699 et seq.;

(8)     Civil penalties for violation of Cal. Labor Code sections 204 and 210 for failure to accurately pay wages to Subclasses A, B, and C, brought by Plaintiff pursuant to PAGA;

(9)     Civil penalties for violation of Cal. Labor Code sections 226 and 226.3 for failure to provide accurate pay stubs to Subclasses A, B, and C, brought by Plaintiff pursuant to PAGA; and

(10)    Declaratory relief (on behalf of Plaintiff only) as to whether GPFC's business qualifies as a "retail or service establishment," as that term has been defined and interpreted under the FLSA, 29 U.S.C. § 201 et seq.

(See Exhibit A, Complaint, attached hereto.)

11.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court by GPFC pursuant to 28 U.S.C. § 1441(b) in that Plaintiff's First, Seventh, Eighth, Ninth and Tenth Causes of Action arise and involve substantial federal questions under the Fair

Labor Standards Act, 29 U.S.C. § 201 et seq.

12. Plaintiff's purported <u>First Cause of Action</u> under <u>Cal. Bus. & Prof. Code § 17200</u> is premised entirely on the FLSA, alleging that GPFC violated the FLSA by misclassifying the putative members of Subclass A as "exempt" under the FLSA and failing to pay them overtime, and further, that GPFC's operations do not qualify as a "retail or service establishment" as that term is defined and interpreted under the FLSA and 29 C.F.R. §§ 779.316 and 779.317. Plaintiff's purported <u>Seventh through Ninth Causes of Action</u> expressly seek recovery on behalf of Subclass A for claims based on the allegations in the First Cause of Action that the putative members are misclassified as "exempt" under the FLSA, which is incorporated into the purported Seventh through Ninth Causes of Action. (<u>See</u> Exhibit A, Complaint, ¶¶ 12, 30, 36 and 46.) Plaintiff's purported <u>Tenth Cause of Action</u> seeks a declaration from the Court that GPFC's operations are not a "retail or service establishment" under the FLSA.

13. Plaintiff's purported <u>First, Seventh, Eighth, Ninth and Tenth Causes of Action</u> therefore arise and involve substantial federal questions under the FLSA and, as such, this Court has federal question jurisdiction over this action. <u>See</u>, <u>Wiley v. Trendwest Resorts, Inc.</u>, 2005 U.S. Dist. LEXIS 35568 (N.D. Cal. 2005) (Judge Saundra Brown Armstrong of this Court, in a case filed by Plaintiff's counsel of record herein, denied remand, holding that federal question jurisdiction existed for the plaintiff's claim alleging a violation of <u>Cal. Bus. & Prof. Code § 17200</u> predicated entirely on the FLSA); <u>see also</u>, <u>Havel v. SunAmerica Securities, Inc.</u>, 2006 U.S. Dist. LEXIS 77244, *8-9 (N.D. Cal. 2006) (Judge Phyllis Hamilton of this Court denied remand where the plaintiff alleged a single claim for violation of <u>Cal. Bus. & Prof. Code § 17200</u> predicated entirely on the FLSA, holding that a substantial federal claim is stated when a plaintiff "seeks to enforce duties imposed by the FLSA to pay overtime compensation").

## Supplemental Jurisdiction

14. The purported Second through Ninth Causes of Action in Plaintiff's Complaint also relate to GPFC's alleged employment of Plaintiff and the putative class members she purports to represent, and all of the claims, which assert violations of California wage and hour laws, arise out of the same common nucleus of operative facts: GPFC's alleged misclassification of the putative class members as "exempt" from overtime compensation, its alleged failure to pay them overtime compensation, its alleged failure to pay all wages due and owing to resigning and/or discharged employees, and its alleged failure to provide meal and/or rest breaks, accurate wage payments, and accurate wage statements to the putative class members. For this reason, and to the extent these purported claims involve associated and related state law causes of action, this Court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a). See, Havel, supra, 2006 U.S. Dist. LEXIS 77244, *8-9 (denying remand and holding supplemental jurisdiction was proper under 28 U.S.C. § 1367 over the plaintiff's state law claims alleging failure to pay minimum wage and overtime compensation, failure to provide meal and rest breaks, and failure to provide accurate wage statements).

## CAFA Jurisdiction

15. Under CAFA, this Court has jurisdiction over class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the aggregate amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

16. GPFC is informed and believes that Plaintiff Jana Lawler is a resident and citizen of the State of California. (See Exhibit A, Complaint, ¶ 1.)

17. GPFC no longer exists as a separate and distinct legal entity. When it did exist as a separate and distinct legal entity, it was a corporation formed and existing under laws of the State of Delaware with its headquarters and principal

place of business in the State of New York. Thus, GPFC was not and is not a citizen of the State of California but, rather, was and is a citizen of the State of New York for the purpose of determining jurisdiction.[2] Plaintiff Jana Lawler purports to be a member of the putative class and is a citizen of a state different from GPFC.

18. Plaintiff's Complaint is silent as to the total amount of monetary relief claimed. The failure of her Complaint to specify the total amount of monetary relief sought by Plaintiff and the putative class she purports to represent does not deprive this Court of jurisdiction. GPFC need only establish that Plaintiffs' claims exceed the jurisdictional minimum under CAFA and that the class action involves at least one defendant and members of the putative class of plaintiffs which are citizens of different states. 28 U.S.C. § 1453(b). Therefore, the diversity of citizenship between Plaintiff Jana Lawler (California) and Defendant GPFC (New York), irrespective of the citizenship of any other party, is permissible grounds for removal of this action under CAFA. See also, footnote 2, supra.

19. According to the Complaint, the putative class consists of "at least 100 members, and that each subclass is so numerous that joinder of the members would be impracticable." (Exhibit A, Complaint, ¶ 7.) The burden of establishing federal jurisdiction under CAFA lies with GPFC as the removing party. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 686 (9th Cir. 2006). However, the court considers as evidence of the amount in controversy that which is "facially apparent" on the complaint, as well as facts submitted in the removal petition, particularly

---

[2] As a result and by operation of various corporate mergers involving GPFC and its successors-by-merger, Capital One Financial Corporation ("COFC") was at the time of the filing of this action, and remains, the successor-by-merger of GPFC. COFC is a corporation formed and existing under the laws of the State of Delaware with its headquarters and principal place of business in the State of Virginia. Thus, COFC also is not a citizen of the State of California but, rather, was and is a citizen of the State of Virginia for the purpose of determining jurisdiction. All references to GPFC in this Notice refer to and include COFC if necessary to properly effectuate removal to this Court.