where, as here, the amount in controversy is not plainly evident from the pleadings. Rippee v. Boston Market Corp., 408 F.Supp.2d 982, 984 (S.D. Cal. 2005).

20. Plaintiff claims to have worked for GPFC "as an underwriter, responsible for reviewing home mortgage loan applications from consumers." (Exhibit A, Complaint, ¶ 4.) Plaintiff purports to represent a putative class and subclasses of GPFC employees who were employed in the position of "underwriter, senior underwriter, underwriter trainee, and/or any similar position that is responsible for reviewing home mortgages to consumers." (Id.) Plaintiff asserts that her claims are typical of those of the putative class members she seeks to represent. (Exhibit A, Complaint, ¶ 8.)

21. For purposes of calculating the amount in controversy for the sole and limited purpose of determining CAFA jurisdiction, as set forth below, and based on the allegations in Plaintiff's Complaint, GPFC has utilized the following conservative assumptions:

- Subclasses A, B, and C contain 100 putative members total;
- Subclass D (resigned/terminated employees) contains 50 putative members;
- For each Subclass, 85% of the class is comprised of underwriters, and 15% of the Subclass is comprised of senior underwriters;
- The average current base underwriter salary is approximately $60,000 per year, or $28.25 per hour ($43.28 per hour overtime rate), based on 2080 hours per year (excluding incentive compensation);
- The average current base senior underwriter salary is approximately $73,000 per year, or $35.10 per hour ($52.65 per hour overtime rate), based on 2080 hours per year (excluding incentive compensation); and
- The putative class members were and are paid bi-monthly, or 24 times per year.

1   22.   Plaintiff's <u>First through Fifth Causes of Action</u> in the Complaint allege claims for <u>overtime compensation</u> on the purported basis that she and the putative members of Subclasses A, B, and C were not paid overtime for all hours worked in excess of 40 hours per week and/or 8 hours per day, depending on the statutory basis for each respective overtime claim. (Exhibit A, Complaint, ¶¶ 12, 17, 20, 23, and 26.) A four-year statute of limitations applies to Plaintiff's First, Second, and Fourth Causes of Action for restitution of overtime wages under <u>Cal. Bus. & Prof. Code</u> Section 17204. (<u>Cal. Bus. & Prof. Code</u> § 17208.) A three-year statute of limitation applies to Plaintiff's Third and Fifth Causes of Action for overtime wages pursuant to <u>Cal. Labor Code</u> Section 1194. <u>Cal. Code Civ. Proc.</u> § 338(a). For purposes of determining the amount in controversy for these first five causes of action, GPFC has estimated that each of the 100 putative class members will claim to have worked 1 additional hour of overtime per day, 5 days per week, for 50 weeks per year, over the course of three years during the applicable limitations period. Thus, each of the 85 underwriters in the putative class would claim to be owed overtime wages of $43.28 per hour multiplied by 750 hours of overtime (5 days x 50 weeks x 3 years), or $32,460.00 per underwriter. The aggregate amount claimed to be owed to all 85 underwriters for unpaid overtime would be <u>$2,759,100.00</u>. Similarly, the 15 senior underwriters in the putative class would claim to be owed overtime wages of $52.65 per hour, and, using this same formula, each senior underwriter would claim to be owed approximately $39,487.50 in overtime wages. The aggregate amount claimed to be owed to the 15 senior underwriters for unpaid overtime would be <u>$592,312.50</u>. This calculation yields an amount in controversy for the purported **First through Fifth Causes of Action** of **$3,351,412.50**.

23.   Plaintiffs' purported <u>Sixth Cause of Action</u> alleges GPFC failed to timely pay all wages due to discharged and resigning employees in violation of <u>Cal. Labor Code</u> sections 201 and 202, and therefore, seeks <u>waiting time penalties</u> in an

amount equal to 30 days' wages pursuant to Cal. Labor Code § 203. (Exhibit A, Complaint, ¶ 29.) A three-year limitations period applies to this claim. Cal. Labor Code § 203; Cal. Code Civ. Proc. § 338(a). For purposes of determining the amount in controversy, GPFC estimates that Subclass D, on whose behalf this claim is made, consists of approximately 50 putative class members who will claim a full 30 days of waiting time penalties. To calculate the amount in controversy on this claim, GPFC utilized the average regular hourly pay rates for the underwriter and senior underwriter positions, respectively, and an 8-hour workday for each putative class member. No overtime or incentive compensation was included. This calculation yielded waiting time penalties of $297,732.00 for underwriters ($28.85 per hour x 8 hours per day x 30 days, multiplied by 43 underwriters) and $58,968.00 for senior underwriters ($35.10 per hour x 8 hours per day x 30 days, multiplied by 7 senior underwriters). Collectively, the calculations of waiting time penalties yielded an amount in controversy for the purported **Sixth Cause of Action** of $356,700.00.

24.   Plaintiff's purported Seventh Cause of Action in the Complaint alleges that she and the putative class members she purports to represent were not provided with "all of their required rest and meal breaks," and as a result, Plaintiff and all putative class members "are entitled to one additional hour's pay of each day that a rest or meal break was missed," pursuant to Cal. Labor Code § 226.7(b). (Exhibit A, Complaint, ¶ 35.)  A three-year statute of limitations applies to this cause of action under Cal. Labor Code § 226.7(b). Cal. Code Civ. Proc. § 338(a); Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094 (2007). Plaintiff also purports to bring this cause of action under PAGA, and seeks to collect civil penalties from GPFC pursuant to Cal. Labor Code § 2699(f)(2). (Exhibit A, Complaint, ¶¶ 31-34.) There is a one-year statute of limitations for such civil penalties claims. For purposes of calculating the amount in controversy on these alleged missed meal and rest breaks and related civil penalties claims, GPFC has estimated that 50 putative

class members would have such claims. GPFC estimates that these putative class members would claim to be owed one (1) additional hour of pay pursuant to Cal. Labor Code § 226.7(b) for 5 days per week, 50 weeks per year, over the applicable three-year statute of limitations period. To calculate the potential amount in controversy for this meal and rest breaks claim, GPFC multiplied $28.85 (the average hourly rate for an underwriter) by 750 days (5 days x 50 weeks x 3 years), which equals $21,637.50 per underwriter, or $930,412.50 for 43 underwriters. Similarly, 7 senior underwriters would claim to be owed $184,275.00 ($35.10 per hour x 5 days x 50 weeks x 3 years), or $26,325.00 each. The aggregate calculation of the amount in controversy pursuant to Cal. Labor Code § 226.7(b) is $1,114,687.50. PAGA penalties additionally provide for a civil penalty of $100.00 for each aggrieved employee per pay period for the initial violation, and $200.00 for each aggrieved employee per pay period for each subsequent violation. Cal. Labor Code § 2699(f)(2). Cal. Code Civ. Proc. § 340(a). Thus, the calculation of the potential amount in controversy on the PAGA claim for the applicable one-year statute of limitations period is $5,000.00 for the first pay period violation ($100 x 50 employees), and $230,000.00 for the subsequent 23 pay periods ($200.00 x 50 employees x 23), or $235,000.00 total in PAGA civil penalties. Therefore, the total amount in controversy on Plaintiff's purported **Seventh Cause of Action** under Cal. Labor Code § 226.7(b) and PAGA is **$1,349,687.50**.

25.    Plaintiff's purported Eighth Cause of Action alleges that GPFC "failed to accurately pay wages" to Plaintiff and the putative class members in violation of Cal. Labor Code §§ 204 and 210. (Exhibit A, Complaint, ¶ 42.) Plaintiff also purports to seek civil penalties in this cause of action under PAGA, Cal. Labor Code § 2699(f)(2). (Exhibit A, Complaint, ¶¶ 37-39, 44-45.) Cal. Labor Code § 210 and PAGA provide for the imposition and collection a civil penalty of $100.00 for each aggrieved employee for each initial violation. For each subsequent violation, they provide for a civil penalty of $200.00 for each aggrieved employee per pay period

plus "25 percent of the amount unlawfully withheld" for each subsequent violation. Cal. Labor Code §§ 210, 2699(f)(2). There is a one-year statute of limitations for such civil penalties claims. Cal. Code Civ. Proc. § 340(a). For purposes of calculating the amount in controversy on this claim, GPFC has estimated that 50 putative class members would have such claims – 43 underwriters and 7 senior underwriters. Thus, the amount in controversy for civil penalties under Cal. Labor Code § 210(b) and PAGA is $5,000.00 for the first pay period violation ($100 x 50 employees), $230,000.00 ($200.00 x 50 employees x 23) for the 23 subsequent pay period violations, and $133,542.32 for the 25% of the amount allegedly withheld unlawfully,[3] for a total calculated amount in controversy on Plaintiff's purported **Eighth Cause of Action** of **$368,542.32**.

26. Plaintiff's purported Ninth Cause of Action alleges that GPFC "failed to provide accurate pay stubs" to Plaintiff and the putative class members in violation of Cal. Labor Code § 226. (Exhibit A, Complaint, ¶¶ 51-52.) Plaintiff also seeks to impose and collect civil penalties under Cal. Labor Code ¶ 226.3 pursuant to PAGA. (Exhibit A, Complaint, ¶¶ 47-50, 54-55.) There is a one-year statute of limitations for such civil penalties claims. Pursuant to Cal. Labor Code § 226(e), each aggrieved employee who is provided with an inaccurate wage statement may be entitled to recover a civil penalty of $50.00 for the initial pay period in which the violation occurred, and $100.00 per violation for each subsequent pay period. Additionally, pursuant to Cal. Labor Code § 226.3, an employer who fails to provide accurate wage statements to its employees pursuant to Cal. Labor Code § 226(a) is

---

[3] Underwriters: 250 overtime hours per year @ $43.28/hour = $10,820.00, divided by 24 pay periods = $450.83 per pay period x 23 pay periods = $10,369.09 x 25% = $2,592.27 x 43 underwriters = $111,467.61.

Senior Underwriters: 250 overtime hours per year @ $52.65/hour = $13,162.50 divided by 24 pay periods = $548.44 per pay period x 23 pay periods = $12,614.12 x 25% = $3,153.53 x 7 senior underwriters = $22,074.71.

potentially liable for civil penalties of $250.00 per employee for each initial pay period, and $1,000.00 per employee for each subsequent pay period. Cal. Labor Code § 226.3. For purposes of determining the amount in controversy on this claim, GPFC has estimated that there are 50 putative class members with such claims. Under Cal. Labor Code § 226(e), the potential amount in controversy for this claim would be $2,500.00 for the initial pay period ($50.00 x 50 employees) and $115,000.00 for the 23 subsequent pay periods ($100.00 x 50 employees x 23), for a total of $117,500.00. Under Cal. Labor Code § 226.3, the potential amount in controversy would be $12,500.00 for the initial pay period ($250.00 x 50 employees), and $1,150,000.00 for the 23 subsequent pay periods ($1,000.00 x 50 employees x 23), for a total of $1,162,500.00. Thus, the total amount in controversy for Plaintiff's purported **Ninth Cause of Action** is **$1,280,000.00**.

27. Plaintiff's Complaint also seeks an award of attorneys' fees in connection with claims pursuant to Cal. Labor Code § 1194. (Exhibit A, Complaint, ¶¶ 21, 27, and Prayer ¶ 6.) Cal. Labor Code §§ 218.5 and 226(e) are also potential statutory bases which may provide for an award of attorneys' fees in this action. Where attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2001). The Ninth Circuit uses a benchmark rate of 25% of the potential damage award as an estimate for attorneys' fees. Applying this benchmark to GPFC's calculations of the potential amounts in controversy, above, the potential amount in controversy related to Plaintiff's demand for a **statutory award of attorneys' fees** is calculated at **$1,676,585.50**.

28. In summary, the amount in controversy in this action for purposes of CAFA is conservatively calculated, based on the information presently known to GPFC, as follows:

///

///

| | |
|---|---:|
| First through Fifth Causes of Action | $3,351,412.50 |
| Sixth Cause of Action | $356,700.00 |
| Seventh Cause of Action | $1,349,687.50 |
| Eighth Cause of Action | $368,542.32 |
| Ninth Cause of Action | $1,280,000.00 |
| **Subtotal** | **$6,706,342.32** |
| Statutory Attorneys' Fees Claim | $1,676,585.58 |
| **TOTAL AMOUNT IN CONTROVERSY[4]** | **$8,382,927.90** |

29. Nothing in this Notice is intended or should be construed as any type of express or implied admission by GPFC of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of GPFC's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

**VENUE**

30. This is a civil action brought in a California state court. GPFC is informed and believes that the events allegedly giving rise to this action occurred within this judicial district. Notably, Plaintiff fails to allege in the Complaint that she worked for GPFC within Marin County, California. Notwithstanding this omission, GPFC avers that the allegations of unpaid wages, penalties, and other remedies at issue in this case occurred within this district. This court has original jurisdiction in this action under 28 U.S.C. §§ 1331 and 1332 because (1) a substantial federal question exists based on Plaintiff's First, Seventh, Eighth, Ninth and Tenth Causes of Action; (2) CAFA permits removal of a class action, even

---

[4] See Paragraph 29, infra.

without complete diversity of citizenship between the parties; and (3) the amount in controversy exceeds $5,000,000.00. Accordingly, as the State Court action is now pending in Marin County, California, GPFC is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of California.

WHEREFORE, GPFC respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: August 23, 2007            McGuireWoods LLP

By: /s/ Matthew C. Kane
Matthew C. Kane, Esq.
Michelle R. Walker, Esq.
Colleen M. Regan, Esq.
Attorneys for Defendant
GREENPOINT MORTGAGE, a division
of GREENPOINT FINANCIAL CORP.