violator and against whom one or more of the alleged violations was committed.

39.     Plaintiff therefore brings this action on behalf of herself and all other current and former employees.

40.     Plaintiff has complied with the notice provisions of Labor Code section 2699.3.

41.     Labor Code sections 204 and 210 require accurate payment of wages.

42.     By the conduct alleged above, Defendant has failed to accurately pay wages, and therefore the penalty provisions of Labor Code § 210 apply.

43.     The civil penalties provided for in these sections are in addition to any other civil or criminal penalty provided by law.

44.     Therefore, Plaintiff demands penalties under the Labor Code Private Attorneys General Act of 2004 in the amounts specified in Labor Code § 210.

45.     Furthermore, Plaintiff demands penalties under §2699(f) for violations of the Labor Code for which there are no prescribed civil penalties.

### NINTH CAUSE OF ACTION

(Labor Code § 2699(a) - PAGA - and Labor Code §§ 226 and 226.3 - Accurate Pay Stubs - By and On Behalf of Subclasses A, B and C)

46.     Plaintiff incorporates the allegations contained in paragraphs 1 through 45.

47.     California Labor Code section 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

48.     Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

COMPLAINT                                    9

EXHIBIT A-25

49.     Plaintiff therefore brings this action on behalf of herself and all other current and former employees.

50.     Plaintiff has complied with the notice provisions of Labor Code section 2699.3.

51.     Labor Code sections 226 and 226.3 require accurate pay stubs.

52.     By the conduct alleged above, Defendant has failed to provide accurate pay stubs, and therefore the penalty provisions of Labor Code § 226.3 apply.

53.     The civil penalties provided for in these sections are in addition to any other civil or criminal penalty provided by law.

54.     Therefore, Plaintiff demands penalties under the Labor Code Private Attorneys General Act of 2004 in the amounts specified in Labor Code § 226.3.

55.     Furthermore, Plaintiff demands penalties under §2699(f) for violations of the Labor Code for which there are no prescribed civil penalties.

### TENTH CAUSE OF ACTION

(Declaratory Relief By Plaintiff Only)

56.     Plaintiff incorporates the allegations contained in paragraphs 1 through 55.

57.     An actual controversy has arisen and continues to exist between plaintiff and defendant concerning whether defendant's business qualifies as a "retail or service establishment" under the FLSA. Plaintiff contends that defendant's business is not a "retail or service establishment," whereas defendant contends that it is.

58.     A judicial declaration is necessary and proper at this time to resolve this actual controversy between plaintiff and defendant and to establish the respective rights and duties of the parties.

### PRAYER

WHEREFORE, plaintiff prays for a judgment against each defendant, jointly and severally, as follows:

1.     For compensatory damages according to proof;

2.     For declaratory judgment as prayed for in the complaint;

COMPLAINT

10

3.    For an order requiring defendant to make restitution of all wages, including overtime wages, that were illegally withheld;

4.    For interest according to proof;

5.    For penalties as alleged herein;

6.    For reasonable attorneys' fees; and

7.    For such other relief that the Court deems just and proper.

Dated: July 13, 2007

HOFFMAN & LAZEAR

By: _____
H. TIM HOFFMAN
Attorneys for Plaintiff

COMPLAINT                                11

EXHIBIT A-27

EXHIBIT B

McGuireWoods LLP
1800 Century Park East
8th Floor
Los Angeles, CA 90067
Phone: 310.315.8200
Fax: 310.315.8210
www.mcguirewoods.com

Sabrina A. Beldner
Direct: 310.956.3419

# McGuireWoods

sbeldner@mcguirewoods.com
Direct Fax: 310.315.8210

August 17, 2007

**VIA FAX AND U.S. MAIL**

Morgan M. Mack, Esq.
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612

      Re:  *Jana Lawler v. GreenPoint Mortgage, et al.*
           **Marin County Superior Court Case No. CV073375**

Dear Mr. Mack:

      This letter shall confirm the substance of our telephone conversation this morning, August 17, 2007, in which you confirmed that the Summons and Complaint in the above-referenced action were personally served on our client GreenPoint Mortgage, a division of GreenPoint Financial Corp., on July 27, 2007. Accordingly, we are in agreement that July 27, 2007 is the date our client received the complaint in this action and that all procedural deadlines based on such service or receipt shall be calculated using July 27, 2007 as the date of service or receipt.

      If any of the foregoing is not correct in any material respect, please advise me of the specifics of the inaccuracy in writing today. Thank you for your courtesy and cooperation in clarifying this issue for us and we look forward to working with you in this case.

               Sincerely,

               McGuireWoods LLP

               Sabrina A. Beldner

cc:    Matthew C. Kane, Esq.
       Michelle R. Walker, Esq.

**EXHIBIT** C

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
07/27/2007
Log Number 512443817

| TO: | Legal Department
Greenpoint Mortgage Funding Corp.
100 Wood Hollow Dr.
Novato, CA, 94945- |
|---|---|

RECEIVED
GreenPoint Mortgage
JUL 30 2007
Legal Department

**RE:**  **Process Served in California**

**FOR:**  GreenPoint Mortgage Funding, Inc. (Domestic State: NY)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Jana Lawler, Pltf. vs. Greenpoint Mortgage Funding, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Notice of Case Management Conference, Notice, Stipulation Form, Ex Parte Application Form, Case Management Statement Form, Statement of Agreement or Nonagreement Form, ADR Information Form |
| **COURT/AGENCY:** | Marin County, Superior Court, CA
Case # CV073375 |
| **NATURE OF ACTION:** | Case management conference |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/27/2007 at 15:10 |
| **APPEARANCE OR ANSWER DUE:** | 12/11/07 |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798228989006
Email Notification, Joyce Ogaard joyce.ogaard@greenpoint.com |
| **SIGNED:**
**PER:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
Dianne Christman
818 West Seventh Street
Los Angeles, CA, 90017
213-337-4615 |

Page 1 of 1 / VI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

EXHIBIT C-29

# SUPERIOR COURT OF CALIFORNIA
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

FILED

JUL 18 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: N. Jones, Deputy

| PLAINTIFF: JANA LAWLER | CASE NO. CV073337 |
|---|---|
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: GREENPOINT MORTGAGE FUNDING, INC. | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC - Civil Rules).

Pursuant to CRC 213, this case is assigned to Judge _DURYEE_, Department _L_. This assignment is for all purposes.

MCSC Civil Rule 1.23 and CRC 201.7(b) and 201.9(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 201.7(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1.  IT IS ORDERED that the parties/counsel to this action shall:

    a.  Comply with the filing and service deadlines in MCSC Civil Rules 1.23 and CRC 201.7, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

    Hearing on Failure to File Proof of Service     _9, 28, 07_     9:00 A.M.

    Hearing on Failure to Answer     _10, 30, 07_     9:00 A.M.

    b.  Appear for a Case Management Conference on     _12, 11, 07_     9:00 A.M.

2.  Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3.  You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4.  Case Management Conference Statements must be filed and served on all parties, including the Court, **at least 15 calendar days** before the CMC. **(A $49.00 sanction will be charged for late filing of a statement.)**

    Case Management Statement must be filed by _11, 27, 07_

    CALENDARED

5.  All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

CV008     NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)     Rev. 8/06

EXHIBIT C-30

# SUPERIOR COURT OF CALIFORNIA
## County of Marin
P.O. Box 4988
San Rafael, CA 94913-4988

FILED

JUL 18 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: N. Jo___, Deputy

PLAINTIFF: Jana Lawler

vs.

DEFENDANT: Greenpoint Mortgage

CASE NO. CV073373

NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC - Civil Rules).

Pursuant to CRC 213, this case is assigned to Judge _____ DURYEE _____, Department _____ L _____. This assignment is for all purposes.

MCSC Civil 1.23 and CRC 201.7(b) and 201.9(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 201.7(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days. ·

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.23 and CRC 201.7, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

   Hearing on Failure to File Proof of Service    9,28,07    9:00 A.M.

   Hearing on Failure to Answer    10,30,07    9:00 A.M.

   b. Appear for a Case Management Conference on    12,11,07    9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. **(A $49.00 sanction will be charged for late filing of a statement.)**

   Case Management Statement must be filed by    11,27,07

   CALENDARED

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

EXHIBITC-31