EXHIBIT D

FILED
AUG 23 2007
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

1  McGuireWoods LLP
   Matthew C. Kane, Esq.      (SBN 171829)
2  Michelle R. Walker, Esq.   (SBN 167375)
   Colleen M. Regan, Esq.     (SBN 120284)
3  1800 Century Park East, 8th Floor
   Los Angeles, California 90067
4  Telephone: (310) 315-8200
   Facsimile: (310) 315-8210
5
   Attorneys for Defendant,
6  GREENPOINT MORTGAGE, a division of
   GREENPOINT FINANCIAL CORP.
7

BY FAX

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF MARIN

10

11 | JANA LAWLER, individual, on behalf of      | CASE NO. CV 073375
   | herself and all others similarly situated, |
12 |                                            | ANSWER OF DEFENDANT
   |                Plaintiffs,                 | GREENPOINT MORTGAGE, A
13 |                                            | DIVISION OF GREENPOINT
   |        vs.                                 | FINANCIAL CORP., TO PLAINTIFF'S
14 |                                            | COMPLAINT
   | GREENPOINT MORTGAGE, a division of         |
15 | GREENPOINT FINANCIAL CORP., and            |
   | DOES 1 through 100,                        | Complaint Filed:    July 18, 2007
16 |                                            | Discovery Cutoff:   n/a
   |                Defendants.                 | Motion Cutoff:      n/a
17 |                                            | Trial Date:         n/a

4713262.3

Defendant GreenPoint Financial Corp.'s Answer to Plaintiff's Complaint

10221119.tif - 8/23/2007 12:07:22 PM

# ONE LEGAL, INC.
## CONFIRMATION For Court Filing & Research



| ONE LEGAL, INC. CONFIRMATION FOR ORDER NO: 0289052 | Date: 8/23/2007 |
|---|---|
| Customer: McGuireWoods LLP<br>Customer No. 0059502<br>Address: 1800 CENTURY PARK E<br>LOS ANGELES, CA  90067-1701 | Attorney: Sabrina A Beldner<br>Attorney e-mail: sabeldner@mcguirewoods.com<br>Contact: Rebecca Garner<br>Contact e-mail: rgarner@mcguirewoods.com<br>Contact Phone: 310-315-8200<br>Contact Fax: 310-315-8210<br>Law Firm File Number: 2017342.0279 |

**Case Information:**

Case Number CV 073375
County MARIN
Court Marin
Case Short Title Jana Lawler vs. Greenpoint Mortgage, et al.

**Documents Received:**   No. Docs: 1   No. Pgs: 15

Answer

*This is a Confirmation Only. Not an Invoice!*

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| File Status: Assignment Completed<br>Faxed back: 8/23/2007 | Service fee<br>Court Filing Fee<br>  Clerk of Court Ck:3107840<br>Funds advance fee | 41.50<br>320.00<br><br>22.40 |
| | | Total: 383.90 |

Thank you for choosing One Legal. If you have any questions about this assignment, please contact,
102 Branch
Ph: 415-446-4158
Fx: 415-491-0434

EXHIBIT D-49

1  McGuireWoods LLP
   Matthew C. Kane, Esq.    (SBN 171829)
2  Michelle R. Walker, Esq. (SBN 167375)
   Colleen M. Regan, Esq.   (SBN 120284)
3  1800 Century Park East, 8th Floor
   Los Angeles, California 90067
4  Telephone: (310) 315-8200
   Facsimile: (310) 315-8210
5
   Attorneys for Defendant,
6  GREENPOINT MORTGAGE, a division of
   GREENPOINT FINANCIAL CORP.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF MARIN

10

11 | JANA LAWLER, individual, on behalf of      | CASE NO. CV 073375
   | herself and all others similarly situated, |
12 |                                            | **ANSWER OF DEFENDANT
   |              Plaintiffs,                   | GREENPOINT MORTGAGE, A
13 |                                            | DIVISION OF GREENPOINT
   |       vs.                                  | FINANCIAL CORP., TO PLAINTIFF'S
14 |                                            | COMPLAINT**
   | GREENPOINT MORTGAGE, a division of         |
15 | GREEPNPOINT FINANCIAL CORP., and           |
   | DOES 1 through 100,                        | Complaint Filed:   July 18, 2007
16 |                                            | Discovery Cutoff: n/a
   |              Defendants.                   | Motion Cutoff:    n/a
17 |                                            | Trial Date:       n/a

18

4713262.3

Defendant GreenPoint Financial Corp.'s Answer to Plaintiff's Complaint

Defendant GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP. ("GPFC" or "Defendant"), hereby answers, for itself and no other Defendant,[1] the Complaint ("Complaint") filed by Plaintiff JANA LAWLER ("Plaintiff"), on behalf of herself and all others similarly situated, against GPFC, as follows:

### GENERAL DENIAL

In accordance with the provisions of Code of Civil Procedure § 431.30(d), this answering Defendant denies, generally and specifically, each, every and all allegations, statements, matters and purported causes of action contained in the Complaint, and the whole thereof, and without limiting the generality of the foregoing, denies, generally and specifically, that this answering Defendant has engaged in any wrongful act or omission with respect to Plaintiff and the putative class members she purports to represent, or that Plaintiff and the putative class members she purports to represent have been damaged or injured in the manner or sums alleged, or in any way at all, as the result of any alleged wrongful act or omission on the part of this answering Defendant.

### AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, this answering Defendant separately alleges that each of the following are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:

### FIRST AFFIRMATIVE OR OTHER DEFENSE

1. The Complaint and each and every purported cause of action alleged therein fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE OR OTHER DEFENSE

2 The Complaint and each and every purported cause of action alleged therein is barred in whole or part by all applicable statutes of limitations, including but not limited to

---

[1] GPFC no longer exists as a separate and distinct legal entity. As a result and by operation of various corporate mergers involving GPFC and its successors-by-merger, Capital One Financial Corporation was at the time of the filing of this action, and remains, the successor-by-merger of GPFC.

California Code of Civil Procedure §§ 203, 338, 340, and/or 343, and California Business and Professions Code § 17208.

### THIRD AFFIRMATIVE OR OTHER DEFENSE

3. Without admitting the existence of any duties or obligations as alleged in the Complaint, any such duties or obligations which Plaintiff and the putative class members she purports to represent claim are owed by this answering Defendant have been fully performed, satisfied, and/or discharged.

### FOURTH AFFIRMATIVE OR OTHER DEFENSE

4. Plaintiff and the putative class members she purports to represent failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, are barred from recovering any damages or any damages awarded to them should be reduced accordingly.

### FIFTH AFFIRMATIVE OR OTHER DEFENSE

5. If Plaintiff and the putative class members she purports to represent suffered any harm/damages (if any were in fact suffered, which is expressly denied), said harm/damages was proximately caused by the acts of third parties that are not affiliated in any way with this answering Defendant.

### SIXTH AFFIRMATIVE OR OTHER DEFENSE

6. If Plaintiff and the putative class members she purports to represent suffered any harm/damages (if any were in fact suffered, which is expressly denied), said harm/damages was proximately caused by their own acts.

### SEVENTH AFFIRMATIVE OR OTHER DEFENSE

7. The Complaint and each and every purported cause of action alleged therein is barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE OR OTHER DEFENSE

8. The Complaint and each and every purported cause of action alleged therein is barred by the doctrine of waiver.

**NINTH AFFIRMATIVE OR OTHER DEFENSE**

9. The Complaint and each and every purported cause of action alleged therein is barred by the doctrine of laches.

**TENTH AFFIRMATIVE OR OTHER DEFENSE**

10. The Complaint and each and every purported cause of action alleged therein is barred by the doctrine of consent.

**ELEVENTH AFFIRMATIVE OR OTHER DEFENSE**

11. The Complaint and each and every purported cause of action alleged therein is barred by the doctrine of "unclean hands."

**TWELFTH AFFIRMATIVE OR OTHER DEFENSE**

12. The business practices alleged in the Complaint are not "unfair" as that term is defined or utilized in California Bus. & Prof. Code § 17200.

**THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE**

13. This answering Defendant acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to it.

**FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE**

14. Although this answering Defendant generally and specifically denies that it owes any amounts to Plaintiff and the putative class members she purports to represent, if it should be determined that any amounts are owed, Defendant alleges that at all times relevant herein reasonable, good faith disputes existed as to whether any such amounts were owed.

**FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE**

15. Plaintiff's Complaint is barred in whole or in part because Plaintiff and the putative class members she purports to represent failed to exhaust their administrative remedies under California Labor Code §§ 96-98.2.

**SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE**

16. Any recovery on Plaintiff's Complaint with respect to the allegations for failure to pay overtime and/or allow meal and rest breaks is barred because, based on the hours worked, Plaintiff and the putative class members she purports to represent were not entitled to overtime

compensation and/or were in fact permitted to take meal or rest breaks under the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission and/or other applicable law.

### SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

17. Plaintiff's claims and those of the putative class members she purports to represent are barred and/or recovery is precluded, in whole or in part, because this answering Defendant's conduct was not willful.

### EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

18. Plaintiff's claims and those of the putative class members she purports to represent for waiting time penalties under California Labor Code § 203 are barred, in whole or in part, because this answering Defendant's conduct was not willful.

### NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

19. The Complaint, and each purported cause of action alleged therein, fails to state a claim for attorneys' fees against this answering Defendant.

### TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

20. Plaintiff's claims and those of the putative class members she purports to represent are barred, in whole or in part, because they lack standing, including, without limitation, they have not suffered any injury in fact and have not lost money or property, and/or they are former employees.

### TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

21. Without admitting the allegations of the Complaint, this answering Defendant alleges Plaintiff's Complaint is barred, in whole or in part, because the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, this answering Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

### TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

22. Plaintiff and the putative class members she purports to represent are not entitled to any equitable or injunctive relief as prayed for in the Complaint because they have not suffered

1  and are not likely to suffer in the future any irreparable injury based on any alleged conduct of this
2  answering Defendant, they are former employees, and/or they have an adequate remedy at law for
3  any such conduct.

### TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

23.   Any monetary damages claims under California Business and Professions Code §§ 17000 et seq. and 17200 et seq. are barred in their entirety by those statutes and other applicable legal authority.

### TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

24.   Plaintiff's claims and those of the putative class members she purports to represent are barred, in whole or in part, because this answering Defendant's business practices are not and were not "unlawful" in that it complied with all applicable statutes and regulations in the payment of wages to them and in providing them with meal and rest breaks.

### TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

25.   This answering Defendant's actions were for legitimate business reasons and were not based upon a violation of public policy or other factors protected by law.

### TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

26.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because this answering Defendant's conduct was at all times privileged, undertaken in good faith and/or justified under California and/or federal law, and for legitimate business reasons.

### TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

27.   This answering Defendant is entitled to an offset for any monies received by Plaintiff and the putative class members she purports to represent from any source in compensation for their alleged economic and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under Witt v. Jackson, 57 Cal.2d 57 (1961), and its progeny.

### TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

28.   The liability of this answering Defendant, if any, for any non-economic damages

claimed by Plaintiff and the putative class members she purports to represent is limited by Californian Civil Code § 1431.1 et seq.

### TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

29. The court should or must abstain from adjudicating the claims alleged in Plaintiff's Complaint under the primary jurisdiction doctrine.

### THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

30. Any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code §§ 2854 and 2856 in that Plaintiff and the putative class members she purports to represent failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

### THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

31. Plaintiff has not satisfied and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and/or California Code of Civil Procedure § 382, whichever may be applicable.

### THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

32. This case is not appropriate for class certification because Plaintiff is not able to fairly and adequately represent and protect the interests of all of the putative class members she purports to represent.

### THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

33. This case is not appropriate for class certification because the liability issues raised by the Complaint require a detailed, fact-specific and individualized inquiry that must be decided employee-by-employee for each and every work day and/or work week.

### THIRTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

34. This case is not appropriate for class certification because Plaintiff's claims are not typical of the claims of the alleged putative class members she purports to represent, and Plaintiff is not an adequate representative of the alleged putative class members.