#### THIRTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

35. This case is not appropriate for class certification because the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiff and the putative class members she purports to represent.

#### THIRTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

36. This case is not appropriate for class certification because a far speedier administrative remedy before the California State Labor Commissioner is available to Plaintiff and the putative class members she purports to represent, and thus class treatment is not the superior method for resolving the alleged claims.

#### THIRTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

37. This case is not appropriate for class certification because each putative class Plaintiff seeks to have certified is not so large that joinder of the individual members would be impractical.

#### THIRTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

38. If the alleged unlawful policies did exist, which this answering Defendant disputes, Plaintiff's claims and those of the putative class members she purports to represent are barred in that they have failed to fulfill conditions precedent to the enforcement of such alleged policies.

#### THIRTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

39. If the alleged unlawful policies did exist, which this answering Defendant disputes, they were modified.

#### FORTIETH AFFIRMATIVE OR OTHER DEFENSE

40. If the alleged unlawful policies did exist, which this answering Defendant disputes, they were terminated.

#### FORTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

41. This answering Defendant's actions with reference to Plaintiff and the putative class members she purports to represent were taken in the good faith exercise of its professional judgment, with the honest, reasonable belief that such actions and conduct were warranted by the facts and circumstances known to it at the time.

**FORTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

42. If the alleged unlawful policies did exist, which this answering Defendant disputes, Plaintiff's claims and those of the putative class members she purports to represent are barred because the alleged policies are too vague and ambiguous to be enforceable.

**FORTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

43. This answering Defendant is entitled to a setoff for amounts Plaintiffs and the putative class members she purports to represent owe it for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

**FORTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

44. The claims of Plaintiff and the putative class members she purports to represent are barred in whole or in part by the doctrine of avoidable consequences.

**FORTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

45. Plaintiff's Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred based on one or more accords and satisfactions.

**FORTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

46. Plaintiff's Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred based on one or more novations.

**FORTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

47. Plaintiff's Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred by one or more settlement agreements and/or releases.

**FORTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

48. Plaintiff's Complaint and each and every purported claim alleged therein brought on a class action or representative action basis cannot be maintained as a class action or representative action, or as an action for individual recovery, because the named Plaintiff and/or the putative class members she purports to represent on a class action or representative action

basis, or some of them, are required to individually submit their claims to mandatory final and binding arbitration pursuant to arbitration agreements covering their purported claims.

### FORTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

49. Plaintiff's Complaint, and each and every purported claim alleged therein, brought on a class action or representative action basis cannot be maintained as a class action or representative action, or as an action for individual recovery, because the named Plaintiff and/or the putative class members she purports to represent on a class action or representative action basis, or some of them, have failed to pursue and/or have repudiated their arbitration remedies by commencing and/or participating in this action.

### FIFTIETH AFFIRMATIVE OR OTHER DEFENSE

50. Plaintiffs' Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred by the First Amendment to the United States Constitution, and/or similar state and federal statutory or constitutional provisions, to the extent any of their claims for damages are based on this answering Defendant's speech or the content thereof.

### FIFTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

51. Plaintiffs' Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, to the extent that they seek penalties, punitive or exemplary damages, are barred because they violate this answering Defendant's right to due process under the United States Constitution, including without limitation the Fourteenth Amendment thereto, and the Constitution of the State of California.

### FIFTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

52. Plaintiffs' Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, is preempted by the National Labor Relations Act, 29 U.S.C. Section 151 *et seq*.

### FIFTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

53. Plaintiff's Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, is barred

because at all times relevant hereto, this answering Defendant did not require Plaintiff or the putative class members she purports to represent to work any overtime or during any meal or rest break time mandated by an applicable order of the California Industrial Welfare Commission or other applicable legal authority.

### FIFTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

54. Plaintiff and the putative class members she purports to represent were and are exempt from any alleged overtime compensation requirements.

### FIFTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

55. This answering Defendant is misjoined as a party to this action in that, at all times relevant to this action, it was not the employer of Plaintiff and the putative class members she purports to represent.

### FIFTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

56. Plaintiff has failed to join necessary and indispensable parties to this action without whom complete relief cannot be granted, including preventing prejudice to the rights of this answering Defendant.

### FIFTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

57. Plaintiff and the putative class members she purports to represent intentionally or negligently relinquished and waived any rights they may have had to institute an action for the alleged wrongdoings asserted in the Complaint in that they were a major contributing factor to the alleged losses of which they now complain and, by virtue thereof, have waived and/or are estopped from asserting any claims based on the consequences that flow from this answering Defendant's alleged wrongdoing.

### FIFTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

58. Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred in whole or in part by the doctrine of release by virtue of their acceptance of final payment of wages to them and their agreement that no other wages were owed.

### FIFTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

59. Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred because any losses are *de minimis* and cannot be recovered.

### SIXTIETH AFFIRMATIVE OR OTHER DEFENSE

60. Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred by the doctrines of waiver, estoppel, ratification, acquiescence, consent and/or agreement based on their acceptance of wages paid to them throughout their employment without protest and of final wages paid to them without protest upon the termination of their employment.

### SIXTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

61. Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred to the extent Plaintiff and such putative class members fell within a class of plaintiffs in another action that had identical claims which have been adjudicated.

### SIXTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

62. California Business & Professions Code Section 17200 et seq. is unconstitutionally vague in violation of this answering Defendant's rights of due process and equal protection under the United States Constitution and the California Constitution.

### SIXTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

63. Adjudication of Plaintiff's claims and those of the putative class members she purports to represent on a classwide basis would violate this answering Defendant's right to due process and a jury trial and is barred by the Rules Enabling Act, 28 U.S.C. § 2072.

### SIXTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

64. Plaintiff's claims and those of the putative class members she purports to represent for penalties is unconstitutional in that, among other things, it is void for vagueness, violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce and/or violates the Eighth Amendment proscription against excessive fines.

### SIXTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

65. Plaintiff's claims and those of the putative class members she purports to represent for penalties pursuant to the California Labor Code Private Attorney General Act are barred, in whole or in part, to the extent Plaintiff did not properly comply with the administrative notification requirements and/or to the extent the California Labor and Workforce Development Agency conducts an investigation into, and issues citations regarding, the claims.

### SIXTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

66. Plaintiff and the putative class members she purports to represent have knowingly submitted to any alleged wage violations.

### SIXTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

67. Plaintiff's claims and those of the putative class members she purports to represent are barred by their failure to demand payment.

### SIXTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

68. This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it has or may have additional, yet unstated, affirmative or other defenses. This answering Defendant reserves the right to assert additional affirmative or other defenses in the event its investigation or discovery indicates that additional affirmative or other defenses are appropriate.

WHEREFORE, this answering Defendant hereby prays for judgment in its favor as follows:

1. That no class be certified by the Court in the action;

2. That Plaintiff and the putative class members she purports to represent take nothing by way of her action against this answering Defendant;

3. That the Plaintiff's action be dismissed in its entirety with prejudice;

4. That Plaintiff and the putative class members she purports to represent be denied each and every demand and prayer for relief made in the action;

5. For costs of suit incurred herein, including reasonable attorneys' fees pursuant to applicable law; and

6. For such other and further relief as the Court deems just and proper.

DATED: August 23, 2007          McGuireWoods LLP

By: _____
Matthew C. Kane, Esq.
Michelle R. Walker, Esq.
Colleen M. Regan, Esq.
Attorneys for Defendant
GREENPOINT MORTGAGE, a division of
GREENPOINT FINANCIAL CORP.