1  HOFFMAN & LAZEAR
   H. Tim Hoffman, Esq.        (SBN 49141)
2  hth@hoffmanandlazear.com
   Arthur W. Lazear, Esq.      (SBN 83603)
3  awl@hoffmanandlazear.com
   Morgan M. Mack, Esq.        (SBN 212659)
4  mmm@hoffmanandlazear.com
   180 Grand Avenue, Suite 1550
5  Oakland, CA 94612
   Telephone:    (510) 763-5700
6  Facsimile:    (510) 835-1311

7  Attorneys for Plaintiff, JANA LAWLER,
   individual, on behalf of herself
8  and all others similarly situated
   **(co-counsel listed on next page)**
9
   MCGUIREWOODS LLP
10 Matthew C. Kane, Esq.       (SBN 171829)
   mkane@mcguirewoods.com
11 Michelle R. Walker, Esq.    (SBN 167375)
   mwalker@mcguirewoods.com
12 Sabrina A. Beldner, Esq.    (SBN 221918)
   sbeldner@mcguirewoods.com
13 1800 Century Park East, 8th Floor
   Los Angeles, California 90067
14 Telephone:    (310) 315-8200
   Facsimile:    (310) 315-8210
15
   Attorneys for Defendant,
16 GREENPOINT MORTGAGE, a division of
   GREENPOINT FINANCIAL CORP.
17

18                    **UNITED STATES DISTRICT COURT**

19                   **NORTHERN DISTRICT OF CALIFORNIA**

20                           **OAKLAND DIVISION**

21 JANA LAWLER, individual, on behalf of          CASE NO. C 07-04385 CW
   herself and all others similarly situated,
22                                                **JOINT CASE MANAGEMENT**
                                                  **CONFERENCE STATEMENT**
23            Plaintiffs,
                                                  **[L.R. 16-9]**
24    vs.

25 GREENPOINT MORTGAGE, a division of
   GREENPOINT FINANCIAL CORP., and                **CMC**
26 DOES 1 through 100,                            **Date:**         December 4, 2007
                                                  **Time:**         2:00 p.m.
27            Defendants.                         **Courtroom:**    2

28

**(co-counsel for Plaintiff)**
CRAWFORD & STRAWBRIDGE
Newman Strawbridge, Esq.   (SBN 171360)
rlaw@sonic.net
719 Orchard Street
Santa Rosa, CA 95404
Telephone:   (707) 523-3377
Facsimile:    (707) 573-1094

**TO THE HON. CLAUDIA WILKEN, UNITED STATES DISTRICT JUDGE, NORTHERN DISTRICT OF CALIFORNIA:**

The parties, Plaintiff JANA LAWLER, individual, on behalf of herself and all others similarly situated ("Plaintiff"), and Defendant GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP. ("Defendant"), submit this Joint Case Management Conference Statement in accordance with the Court's Case Management Scheduling Order for Reassigned Civil Case dated October 19, 2007 and the Court's Standing Order Re: Contents of Joint Case Management Statement, following the Conference of Counsel which took place pursuant to Rule 26(f) and L.R. 16-9 on November 13, 2007, between Morgan Mack, Esq. (for Plaintiff) and Matthew Kane, Esq. and Michelle Walker, Esq. (for Defendant):

1.   **JURISDICTION & SERVICE**

A.   **Subject Matter Jurisdiction**

Plaintiff contends Defendant was served with the state court summons and complaint on July 27, 2007.  Within 30 days thereafter, Defendant timely filed its Notice of Removal pursuant to 28 U.S.C. § 1446(b).  Plaintiff has not moved to remand the case to state court.  As set forth in the Notice of Removal, the Court's subject matter jurisdiction over Plaintiff's claims is as follows:

(1).   *Federal Question Jurisdiction*

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's First, Seventh, Eighth, Ninth and Tenth Causes of Action arise and involve substantial federal questions under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

(2).   *Supplemental Jurisdiction*

Plaintiff's Second through Ninth Causes of Action are California state law wage and hour claims which also relate to Defendant's alleged employment of Plaintiff and the putative class

1   members she purports to represent, and all of the claims arise out of the same common nucleus of

2   operative facts.  As such, this Court has supplemental jurisdiction over the claims pursuant to 28

3   U.S.C. § 1367(a).

4               **(3).    *CAFA Jurisdiction***

5          Under the Class Action Fairness Act of 2005 ("CAFA"), this Court has jurisdiction over

6   class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is

7   a citizen of a state different from any defendant and where the aggregate amount in controversy

8   exceeds the sum of $5,000,000.00, exclusive of interest and costs.  As set forth in the Notice of

9   Removal, the requirements for removal and jurisdiction under CAFA are satisfied in this case.

10          **B.    Service**

11          The parties do not believe, at this time, that any issues exist regarding personal jurisdiction

12   or venue.  There are not currently any parties that remain to be served.

13   **2.    FACTS**

14          Plaintiff claims that she worked for Defendant as a mortgage underwriter and, because of

15   the nature and quantity of her duties, was misclassified as exempt from overtime compensation

16   under the FLSA and California law.  Plaintiff claims that she and similarly situated employees of

17   Defendant worked over eight hours per day or over 40 hours per week without being paid for

18   overtime, and that they did not receive the meal and rest breaks they were entitled to under

19   California law.  Defendant denies all of Plaintiff's claims.

20   **3.    LEGAL ISSUES**

21          The following are the most significant legal issues to be decided in this case:

22          1.    Whether Plaintiff and the putative class members were properly classified as

23   exempt from overtime compensation under the FLSA and California law.

24          2.    Whether the tasks performed by Plaintiff and the putative class members were

25   exempt or nonexempt tasks.

26          3.    Whether Plaintiff and the putative class members were authorized and permitted to

27   take rest breaks required under California law.

28          4.    Whether Plaintiff and the putative class members were allowed to take meal breaks

4870169.9                                        3

1   required under California law, and whether an employer must ensure that such breaks are taken.

2      5.      Whether Plaintiff and the putative class members received timely and accurate

3   payments of their wages.

4      6.      Whether Plaintiff and the putative class members received accurate wage

5   statements.

6      7.      Whether there was proper compliance with applicable legal requirements regarding

7   wage and hour records related to Plaintiff and the putative class members.

8      8.      Whether Plaintiff and the putative class members are entitled to civil penalties

9   under the California Labor Code.

10      9.      Whether Defendant's alleged conduct was wilfull.

11      10.     Whether Plaintiff has standing under Article III to pursue this action.

12      11.     Whether Plaintiff has standing under the California Unfair Competition Law (UCL)

13   to pursue the UCL claims alleged in the Complaint.

14      12.     Whether Plaintiff's claims fail to state a claim upon which relief can be granted.

15      13.     Whether Plaintiff's claims are barred by the applicable statutes of limitations.

16      14.     Whether the class and sub-classes proposed by Plaintiff should be certified.

17      15.     Whether any of the putative class members are required to arbitrate their claims on

18   an individual basis.

19      16.     Whether any of the putative class members have settled and released their claims

20   under binding settlement agreements and/or equitable doctrines.

21   **4.    MOTIONS**

22      There have been no prior motions and no motions are currently pending.

23      The following pre-trial motions are currently anticipated:

24      1.      Defendant anticipates an Early Motion for Summary Judgment based on standing,

25   statute of limitations, and/or failure to state a claim upon which relief can be granted issues, to be

26   heard by the Court on January 10, 2008.  Plaintiff anticipates filing a Rule 56(f) motion if Plaintiff

27   believes such a motion is necessary.  Given the pure legal issues and limited undisputed facts the

28   motion will be based on, Defendant will object to Plaintiff invoking Rule 56(f).

4870169.9

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

2.      Motions by Plaintiff and/or Defendant related to discovery.

3.      Motion for Summary Judgment by Defendant related to merits of Plaintiff's claims.

4.      Motions to certify, not certify and/or decertify class(es).

5.      Motion to bifurcate jury and non-jury issues and liability and damages issues.

**5.      AMENDMENT OF PLEADINGS**

Defendant does not currently expect parties, claims, or defenses to be added or dismissed. Plaintiff asserts that there is a significant possibility that Plaintiff will seek to amend the complaint to add parties or claims.

**6.      EVIDENCE PRESERVATION**

Defendant has issued a privileged and confidential litigation hold order to all reasonably known owners of documents and electronic evidence relevant to the issues reasonably evident in this action, including interdiction of document-destruction programs and ongoing erasures of electronic evidence.  Plaintiff has been instructed to take similar steps.

**7.      DISCLOSURES**

As set forth in § 8.A, below, Defendant is objecting that it is not appropriate for either side to make initial disclosures under Rule 26(a)(1) until after the court rules on its early Motion for Summary Judgment.  Plaintiff asserts that initial disclosures are appropriate.  Plaintiff asserts that she is prepared to provide initial disclosures.  However, plaintiff is unwilling to be the only party providing initial disclosures prior to the case management conference.  At this time no, initial disclosures have been made.

**8.      DISCOVERY**

No discovery has been taken to date.

**A.      Initial Disclosures [Fed. R. Civ. P. 26(a)]**

Pursuant to Rule 26(a)(1), Defendant objects that initial disclosures are not appropriate in the circumstances of this action at this time until the Court hears and rules on its forthcoming early Motion for Summary Judgment based on standing, statute of limitations, and/or failure to state a claim upon which relief can be granted issues.

Defendant requests that initial disclosures be made by each party within 15 days after the

1  Court's ruling on Defendant's early Motion for Summary Judgment, unless the Court's ruling

2  results in a judgment in Defendant's favor as to the entire action or is stayed pending appeal.

3        Plaintiff does not agree that Defendant's analysis provides a basis for failing to provide

4  initial disclosures as required by the Rules.  Plaintiff requests that the court order both sides to

5  provide initial disclosures within three days of the case management conference.  Defendant states

6  that, if the Court requires initial disclosures be made after the Case Management Conference but

7  before it rules on its Motion for Summary Judgment, the parties should have at least 14 days to

8  make such disclosures.

9        **B.    Discovery Subjects**

10        The parties anticipate conducting depositions of Plaintiff, putative class members, and

11  certain agents/employees of Defendant regarding issues of liability and damages. The parties agree

12  that it should not be necessary to take more than ten (10) depositions or for any of the depositions

13  to take more than seven (7) hours.  However, if it appears necessary to exceed these limits, the

14  parties will work together to reach an agreement.  The parties also will conduct written discovery

15  in accordance with the Fed. R. Civ. P. and Local Rules, including the limitations set forth therein.

16        As set forth below, Defendant seeks an order prohibiting the taking of discovery by any

17  party until after the Court hears and rules on its planned early Motion for Summary Judgment on

18  standing, statute of limitations, and failure to state a claim upon which relief can be granted issues.

19  Discovery should be phased as follows:

| PHASE | TYPE | DURATION |
|---|---|---|
| I | **No Discovery By Any Party** | **Until Ruling on Defendant's Early Motion for Summary Judgment on Standing, Statute of Limitations, and Failure to State a Claim on Which Relief Can Be Granted Issues** |
| II | **Class Certification Discovery Only** | **Until Applicable Cut-Offs Before Hearing on Motion for Class Certification** |
| III | **Merits Discovery** | **Until Applicable Cut-Offs Before Trial** |

27        Plaintiff requests that Class Certification Discovery should begin immediately following

28  the Case Management Conference.  Defendant opposes this request since it may be moot by

4870169.9

1  January 10, 2008.

2      C.    **Anticipated Issues Regarding Disclosure and Discovery of Electronically**
3          **Stored Information**

4          Defendant requests and Plaintiff does not agree that electronic discovery will relate solely
5  to reasonably accessible documents and information relevant to the claims and defenses of the
6  parties and will be specifically and narrowly tailored in order to avoid undue burden or expense to
7  either party.  Plaintiff has not identified any types of electronic discovery being sought or any
8  anticipated issues regarding the same.  Defendant requests and Plaintiff does not agree that, to the
9  extent either party seeks electronically stored information or documents which are not reasonably
10  accessible, the requesting party shall bear the expense of retrieval and production of such
11  documents and information.  Plaintiff asserts that the parties are entitled to all discovery permitted
12  by the Federal Rules and applicable case law.  In the event an issue arises with this type of
13  discovery, the parties agree to present proposals for resolution to the Court.  Defendant requests
14  that discovery shall be produced in .tiff, .pdf, or .csv file formats.  Plaintiff is considering this
15  request and asks the Court to make no determination regarding file formats at this time.

16      D.    **Privilege Issues**

17          Defendant anticipates that Plaintiff may seek some documents and/or information which is
18  privileged and protected from disclosure by virtue of the attorney-client privilege and/or the
19  attorney work product doctrine. Plaintiff may also seek some documents and/or information which
20  contains trade secrets or other confidential or private information related to Defendant's business
21  and/or employees. To the extent such information or documentation is sought by Plaintiff, the
22  parties agree to negotiate in good faith as to a stipulated Protective Order, but if they are unable to
23  agree, will submit proposed Orders to the Court for resolution.

24          If a party discovers that it has inadvertently produced privileged materials or work product,
25  it must notify the receiving party and set forth, in writing, the basis for the privilege claim.
26  Inadvertent production of such materials does not constitute an automatic waiver of any privilege.
27  If the receiving party has disclosed the protected information to a third party, the receiving party
28  must take reasonable steps to retrieve the information. The receiving party must then return,

4870169.9

sequester or destroy all copies and cannot use or disseminate the information until the privilege claim is resolved. A party may also promptly submit the material to the court under seal for the determination of the privilege claim.

**E.    Proposed Changes in Discovery Limitations**

The parties do not propose any changes in the limitations on discovery imposed by the Fed. R. Civ. P. or by any Local Rule.

**F.    Other Orders**

Defendant requests that the Court order that the class certification discovery phase of this case not commence until the Court rules on Defendant's early Motion for Summary Judgment, unless the Court's ruling results in a judgment in Defendant's favor as to the entire action or is stayed pending appeal.  Plaintiff opposes this request.

**9.    CLASS ACTION ISSUES**

Plaintiff proposes to certify a class defined as "[a]ll individuals who were employed by defendant in the position of underwriter, senior underwriter, underwriter trainee, and/or any similar position that is responsible for reviewing home mortgages to consumers ('Covered Position'), within the State of California during the applicable limitations period." (Complaint, ¶ 4.) Plaintiff further proposes to certify four (4) subclasses which she defines as follows:

Subclass A: "class members who, while working in a Covered Position in California during the applicable limitations period, did not receive a 'salary' of at least $455 per week (or $155 per week before August 23, 2004)." (Complaint, ¶ 4A).

Subclass B: "class members who, while working in a Covered Position in California during the applicable limitations period, received a salary of less than twice the California minimum wage and either (1) had total earnings that were less than 1.5 times the California minimum wage, or (2) less than half of their earnings represented commissions." (Complaint, ¶ 4B.)

Subclass C: "class members who, while working in a Covered Position in California during the applicable limitations period, were paid a salary of at least twice the minimum wage." (Complaint, ¶ 4C.)

Subclass D: "all members of Subclass A, Subclass B and/or Subclass C who, as of the date

4870169.9

8

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1  that this lawsuit was filed, were no longer employed by defendant." (Complaint, ¶ 4D.)

2      Defendant believes that the class definition proposed by Plaintiff is overbroad, and that

3  certification of the subclasses proposed by Plaintiff will be unnecessary.

4      The parties agree that a hearing on a Motion for Class Certification, and a briefing

5  schedule and related deadlines for the same, should not be set by the Court until after it rules on

6  Defendant's early Motion for Summary Judgment.

7  **10.    RELATED CASES**

8      The parties are not aware of any related cases or proceedings pending before another judge

9  of this court, or before another court or administrative body.

10 **11.    RELIEF**

11     Plaintiff seeks damages, restitution, civil penalties, declaratory relief, interest, and

12 attorneys' fees for allegedly unpaid overtime and alleged meal and rest break violations.

13 **12.    SETTLEMENT AND ADR**

14     Prospects for settlement will depend on the progress and outcome of discovery and law

15 and motion efforts.  No ADR efforts have been made to date.

16     The parties' ADR plan for the case is to use the services of a private mediator experienced

17 in resolving wage and hour class actions.  Key discovery and motions necessary to position the

18 parties to negotiate a resolution will be depositions of Plaintiff and putative class members,

19 document production, interrogatories, requests for admission, Defendant's early Motion for

20 Summary Judgment, and possibly Plaintiff's Motion for Class Certification.

21 **13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

22     This case was initially assigned to Magistrate Judge Edward Chen for all purposes.

23 Defendant timely filed a Declination to Proceed Before a Magistrate Judge and Request for

24 Reassignment to a United States District Judge, resulting in its reassignment to this Court.

25 **14.    OTHER REFERENCES**

26     Defendant does not believe that this case is suitable for reference to binding arbitration

27 (other than pursuant to the terms of binding arbitration agreements covering putative class

28 members' claims), a special master, or the MDL Panel.  Plaintiff does not believe that this case is

4870169.9

9

1  suitable for reference to binding arbitration, a special master, the MDL Panel, or that there is any
2  enforceable binding arbitration agreement.

3  **15.  NARROWING OF ISSUES**

4  Defendant believes that the issues and claims in this action can be disposed of, or
5  significantly narrowed, by its planned early Motion for Summary Judgment based on standing,
6  statute of limitations, and failure to state a claim on which relief can be granted issues.  Defendant
7  proposes that its motion be **filed and served by December 6, 2007**, and set for **hearing on**
8  **January 10, 2008**, with opposition and reply briefs due as set forth in the Court's Notice (rev.
9  10/10/07) accompanying its CMC Scheduling Order.  Service by e-mail and/or ECF notice would
10 be deemed personal service with hard copies served by overnight next business day delivery.

11 **16.  EXPEDITED SCHEDULE**

12 The parties do not believe this is the type of case that can be handled on an expedited basis
13 with streamlined procedures, except as set forth above with regard to Defendant's early Motion for
14 Summary Judgment.

15 **17.  SCHEDULING**

16 The parties agree that further scheduling not be set by the Court until after the Court rules
17 on Defendant's early Motion for Summary Judgment.

18 **18.  TRIAL**

19 Plaintiff is waiving a jury trial.  Defendant believes that whether this case will be tried to a
20 jury or the Court will ultimately depend on which of Plaintiff's claims are tried after the Court
21 rules on dispositive motions.

22 Plaintiff's First, Second, and Fourth Causes of Action for restitution under the California
23 Unfair Competition Law (UCL) are equitable claims to be decided by the Court.

24 Plaintiff's Seventh, Eighth, and Ninth Causes of Action for civil penalties under the
25 California Labor Code Private Attorney General Act (PAGA) are, pursuant to the provisions of
26 PAGA, to be decided by the Court.

27 Plaintiff's Tenth Cause of Action for Declaratory Relief is an equitable claim to be decided
28 by the Court.

4870169.9

1    Plaintiff's Third, Fifth, and Sixth Causes of Action for overtime liability and waiting time

2  penalties under the California Labor Code may be tried to a jury.

3    At this stage in the proceedings, the parties estimate that the expected length of the trial on

4  all causes of action will be 4 to 6 weeks.

5  **19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

6    Plaintiff has not filed the Certification of Interested Entities or Persons required by L.R. 3-

7  16 at this time.  Defendant has filed the Certification, which identified the following entities or

8  persons:

9    1.    Jana Lawler a/k/a Jana Lawlor;

10    2.    GreenPoint Financial Corp.;

11    3.    North Fork Bancorporation, Inc. (successor-by-merger of GreenPoint Financial

12  Corp.);

13    4.    GreenPoint Mortgage Funding, Inc.;

14    5.    Headlands Mortgage Company;

15    6.    North Fork Bank;

16    7.    Capital One, National Association (successor-by-merger of North Fork Bank); and

17    8.    Capital One Financial Corporation (successor-by-merger of North Fork

18  Bancorporation, Inc.).

19  **20.    OTHER MATTERS**

20    GreenPoint Mortgage has announced it is shutting down and ceased residential mortgage

21  origination operations at the end of September 2007, which could present significant obstacles and

22  delays for the parties in mustering evidence in this case.

23

24    **(SIGNATURES ON NEXT PAGE)**

25

26

27

28

4870169.9

11

1   DATED: November 20, 2007      HOFFMAN & LAZEAR

2                                                CRAWFORD & STRAWBRIDGE

3

4                                      By:  /s/ Morgan M. Mack *(signed with permission)*

                                                H. Tim Hoffman, Esq.

5                                                Arthur W. Lazear, Esq.

                                               Morgan M. Mack, Esq.

6                                                Newman Strawbridge, Esq.

7                                     Attorneys for Plaintiff JANA LAWLER, individual, on behalf of herself and all others

8                                     similarly situated

9   DATED: November 20, 2007      McGuireWoods LLP

10

11                                      By:  /s/ Matthew C. Kane

12                                             Matthew C. Kane, Esq.

                                            Michelle R. Walker, Esq.

13                                             Sabrina A. Beldner, Esq.

14                                     Attorneys for Defendant GREENPOINT MORTGAGE, a division of

15                                     GREENPOINT FINANCIAL CORP.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 1800 Century Park

4

East, 8th Floor, Los Angeles, California  90067.

5

    On November 20, 2007, I served the following document(s) described as **JOINT CASE**
**MANAGEMENT CONFERENCE STATEMENT** on the interested parties in this

6

action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

7

    H. Tim Hoffman                                    Newman Strawbridge

    Arthur W. Lazear                                  CRAWFORD & STRAWBRIDGE

8

    Morgan M. Mack                                   719 Orchard Street

    HOFFMAN & LAZEAR                         Santa Rosa, CA  95404

9

    180 Grand Avenue, Suite 1550

    Oakland, CA  94612

10

☒      **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing

11

        correspondence for mailing with the United States Postal Service.  Under that practice, it
        would be deposited with the United States Postal Service that same day in the ordinary

12

        course of business.  Such envelope(s) were placed for collection and mailing with postage
        thereon fully prepaid at Los Angeles, California, on that same day following ordinary

13

        business practices.  (C.C.P. § 1013 (a) and 1013a(3))

14

☐      **BY FACSIMILE:**  At approximately _____, I caused said document(s) to be transmitted
        by facsimile pursuant to Rule 2008 of the California Rules of Court.  The telephone

15

        number of the sending facsimile machine was (310) 315-8210.  The name(s) and facsimile
        machine telephone number(s) of the person(s) served are set forth in the service list.  The

16

        document was transmitted by facsimile transmission, and the sending facsimile machine
        properly issued a transmission report confirming that the transmission was complete and

17

        without error.

18

☐      **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility
        regularly maintained by the overnight service carrier, or delivered such document(s) to a

19

        courier or driver authorized by the overnight service carrier to receive documents, in an
        envelope or package designated by the overnight service carrier with delivery fees paid or

20

        provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

21

    I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

22

    Executed on November 20, 2007, at Los Angeles, California.

23

24

                                            _____

25

                                            DEB NELLOR

26

27

28

4843607.1