McGuireWoods LLP
Matthew C. Kane, Esq.        (SBN 171829)
mkane@mcguirewoods.com
Michelle R. Walker, Esq.        (SBN 167375)
mwalker@mcguirewoods.com
Sabrina A. Beldner, Esq.        (SBN 221918)
sbeldner@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:        (310) 315-8200
Facsimile:        (310) 315-8210

Attorneys for Defendant,
GREENPOINT MORTGAGE, a division of
GREENPOINT FINANCIAL CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JANA LAWLER, individual, on behalf of herself and all others similarly situated,<br><br>          Plaintiffs,<br><br>          vs.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,<br><br>          Defendants. | CASE NO. C 07-04385 CW<br><br>**DEFENDANT'S MOTION FOR:**<br>**(I)  SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br>**– AND –**<br>**(II) LEAVE TO AMEND ANSWER**<br>──────────────────────<br>**(1)  NOTICE OF MOTION**<br><br>**(2)  STATEMENT OF RELIEF SOUGHT**<br><br>**(3)  REQUEST FOR JUDICIAL NOTICE**<br><br>**(4)  MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(5)  DECLARATION OF PENNY DEFRANK**<br><br>**(6)  DECLARATION OF MATTHEW C. KANE**<br><br>**(7)  [PROPOSED] ORDER**<br>*[Under Separate Cover]*<br><br>**(8)  [PROPOSED] SUMMARY JUDGMENT**<br>*[Under Separate Cover]*<br><br>**Date:**        January 10, 2008<br>**Time:**        2:00 p.m.<br>**Courtroom:**    2 |

4830247.4

1

## TABLE OF CONTENTS

2

3  NOTICE OF MOTION ........................................................................................................ 1

4  STATEMENT OF RELIEF SOUGHT ............................................................................ 1

5  REQUEST FOR JUDICIAL NOTICE ............................................................................ 1

6  MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 2

7  I.    INTRODUCTION ..................................................................................................... 2

8  II.   SUMMARY OF ARGUMENT ............................................................................. 2

9  III.  RELEVANT PROCEDURAL HISTORY ......................................................... 3

10  IV.   STATEMENT OF FACTS ...................................................................................... 4

11  V.    APPLICABLE LEGAL STANDARDS ............................................................. 5

12  VI.   LEGAL ANALYSIS ................................................................................................. 6

13        A.    The Third And Fifth Causes Of Action Under *Labor Code* § 1194 Are
               Time-Barred By The Three-Year Statute Of Limitations .................................. 6
14
              B.    The Sixth Cause Of Action Under *Labor Code* § 203 Is Time-Barred By
15                  The Three-Year Statute Of Limitations ............................................................ 6

16        C.    The Seventh Cause Of Action Under *Labor Code* § 226.7 Is Time-
               Barred By The Three-Year Statute Of Limitations ........................................... 7
17
              D.    The Seventh, Eighth, And Ninth Causes Of Action Under PAGA Are
18                  Time-Barred And Plaintiff Lacks Standing As An "Aggrieved
                   Employee" ............................................................................................................ 7
19
                    1.    The Claims Are Time-Barred By The One-Year Statute Of
20                        Limitations .............................................................................................. 7

21                  2.    Plaintiff Is Not An "Aggrieved Employee" And Therefore Lacks
                          Standing To Bring The PAGA Claims. .............................................. 9
22
              E.    The First, Second, And Fourth Causes Of Action Under The UCL Fail
23                  To State A Claim, Plaintiff Lacks Standing To Bring The Claims, And
                   The Claims Are Preempted By The FLSA ..................................................... 10
24
                    1.    The UCL Claims ................................................................................. 10
25
                    2.    The UCL Claims Are Precluded By An "Absolute Bar To
26                        Relief" And Fail To State Any Claim Upon Which Relief Can Be
                          Granted Because They Borrow Time-Barred Violations Of
27                        Overtime Laws. ................................................................................... 11

28

i

3.    The UCL's Four-Year Statute Of Limitations Does Not Revive The Time-Barred, Borrowed Violations Of Overtime Laws As UCL Claims. ........................................................................ 13

4.    Plaintiff Lacks Standing Under The UCL To Bring The UCL Claims. ............................................................................................ 15

(a)    *UCL Standing After The Passage Of Prop. 64.* ............................ 15

(b)    *Judicial Interpretations Of Prop. 64's "Injury In Fact" Requirement Establish Plaintiff Lacks Standing Under The UCL.* ...................................................... 16

5.    The UCL Claims Are Preempted By The FLSA. ............................ 19

F.    The Tenth Cause Of Action For Declaratory Relief Fails As A Matter Of Law. ....................................................................................... 21

G.    Plaintiff Lacks Article III Standing To Bring All Of The Purported Claims, Both Individually And As A Class Action. ........................... 24

VII.    CONCLUSION .......................................................................................... 25

DECLARATION OF PENNY DEFRANK ............................................................. 26

DECLARATION OF MATTHEW C. KANE ......................................................... 28

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1

## **<u>TABLE OF AUTHORITIES</u>**

2

### **FEDERAL CASES**

3
4
*118 East 60th Owners, Inc. v. Bonner Properties*,
    677 F.2d 200 (2d Cir. 1982) ........................................................................ 22

5
6
*Allen v. Wright*,
    468 U.S. 737 (1984) ..................................................................................... 24

7
*American States Insurance Co. v. Kearns*,
    15 F.3d 142 (9th Cir. 1993) .......................................................................... 22

8
9
*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ....................................................................................... 5

10
11
*Anderson v. Sara Lee Corp.*,
    No. 05-1091, ___ F.3d ___, 2007 WL 4098229 ........................................ 20

12
*Camarillo v. McCarthy*,
    998 F.2d 638 (9th Cir. 1993) ......................................................................... 5

13
14
*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ....................................................................................... 5

15
16
*Fiedler v. Clark*,
    714 F.2d 77 (9th Cir. 1983) ......................................................................... 24

17
18
*Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*,
    528 U.S. 167 (2000) ..................................................................................... 24

19
*Golden Eagle Insurance Co. v. Travelers Co.*,
    103 F.3d 750 (9th Cir. 1996), ...................................................................... 22

20
21
*Gov't. Employees Ins. Co. v. Dizol*,
    133 F.3d 1220 (9th Cir. 1998) ..................................................................... 22

22
23
*Hangarter v. Provident Life and Accident Insurance Co.*,
    373 F.3d 998 (9th Cir. 2004) ....................................................................... 25

24
*Kendall v. City of Chesapeake*,
    174 F.3d 437 (4th Cir. 1999) ....................................................................... 20

25
26
*Lee v. American Nat. Insurance Co.*,
    260 F.3d 997 (9th Cir. 2001) ....................................................................... 25

27
28
*Lerwill v. Inflight Motion Pictures, Inc.*,
    343 F.Supp. 1027 (N.D. Cal. 1972) ............................................................. 21

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
AND (II) LEAVE TO AMEND ANSWER**

*Levald, Inc. v. City of Palm Desert*,
    998 F.2d 680 (9th Cir. 1993) .................................................................23

*Lopez v. GMAC Mortgage Corp.*,
    2007 WL 3232448 (N.D. Cal. 2007)...................................................22

*Lierboe v. State Farm Mutual Automobile Insurance Co.*,
    350 F.3d 1018 (9th Cir. 2003) .............................................................24

*Louie v. McCormick & Schmick Restaurant Corp.*,
    460 F.Supp.2d 1153 (C.D. Cal. 2006)....................................................9

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .............................................................................24

*Martinez v. Marin Sanitary Service*,
    349 F.Supp.2d 1234 (N.D. Cal. 2004)....................................................5

*Medrano v. D'Arrigo Brothers*,
    125 F.Supp.2d 1163 (N.D. Cal. 2000).............................................6, 11

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) .............................................................................24

*Osborne v. County of Riverside*,
    385 F.Supp.2d 1048 (C.D. Cal. 2005)..................................................23

*Palmer v. Stassinos*,
    419 F.Supp.2d 1151 (N.D. Cal. 2005)..................................................18

*Powell v. McCormack*,
    395 U.S. 486 (1969) .......................................................................23, 25

*RK Ventures, Inc. v. City of Seattle*,
    307 F.3d 1045 (9th Cir. 1999) .............................................................23

*Roman v. Maietta Construction, Inc.*,
    147 F.3d 71 (1st Cir. 1998)..................................................................21

*Sumaron v. International Longshoremen's and Warehousemen's Union*, 450 F. Supp. 1026
    (C.D. Cal. 1978).............................................................................22, 25

*Walker v. USAA Casualty Insurance Co.*,
    474 F. Supp. 2d 1168 (E.D. Cal. 2007) ...............................................18

*Wickland Oil Terminals v. Asarco, Inc.*,
    792 F.2d 887 (9th Cir. 1986) ...............................................................22

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
AND (II) LEAVE TO AMEND ANSWER**

*Williamson v. General Dynamics Corp.*,
    208 F.3d 1144 (9th Cir. 2000) ................................................................................ 21

### STATE CASES

*Admiralty Fund v. Peerless Insurance Co.*,
    143 Cal.App.3d 379 (1983) ................................................................ 10, 19, 25

*Aron v. U-Haul Co. of California*,
    143 Cal.App.4th 796 (2006) ................................................................ 17, 18

*Aubry v. Goldhor*,
    201 Cal.App.3d 399 (1988) ...................................................................... 6

*Buckland v. Threshold Enterprises, Ltd.*,
    155 Cal.App.4th 798 (2007) ................................................................ 16, 17

*Cel-Technology Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
    20 Cal.4th 163 (1999) .............................................................................. 12

*Cortez v. Purolator Air Filtration Prod. Co.*,
    23 Cal.4th 163 (2000) .............................................................. 13, 14, 15

*Daro v. Superior Court*,
    151 Cal.App.4th 1079 (2007) .............................................................. 16, 18

*Huntingdon Life Sciences, inc. v. Stop Huntingdon Animal Cruelty, USA, Inc.*, 129
    Cal.App.4th 1228 (2005) ...................................................................... 17

*In Re The Vaccine Cases*,
    134 Cal.App.4th 438 (2005) .............................................................. 11, 13, 25

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal.4th 1134 (2003) .......................................................................... 11

*McGee v. Weinberg*,
    97 Cal.App.3d 798 (1979) ................................................................ 13, 25

*Meyer v. Sprint Spectrum L.P.*,
    150 Cal.App.4th 1136 (2007) .............................................................. 17, 18

*Murphy v. Kenneth Cole Productions, Inc.*,
    40 Cal.4th 1094 (2007) ................................................................ 6, 8, 9

*Norgart v. Upjohn Co.*,
    21 Cal.4th 383 (1999) .............................................................................. 10

*Overstock.com, Inc. v. Gradient Analytics, Inc.*,
    151 Cal.App.4th 688 (2007) ................................................................. 17, 18

*Progressive West Insurance Co. v. Superior Court*,
    135 Cal.App.4th 263 (2005) ....................................................................... 17

*Quiroz v. Seventh Avenue Center*,
    140 Cal.App.4th 1256 (2006) ............................................................... 10, 13

*Rubin v. Green*,
    4 Cal.4th 1187 (1993)................................................................................. 11

*Sanchez v. South Hoover Hospital*,
    18 Cal.3d 93 (1976).............................................................................. 10, 25

*Violante v. Communities Southwest Dev't. and Const. Co.*,
    138 Cal.App.4th 972 (2006) ................................................................. 18, 25

## FEDERAL STATUTES

28 U.S.C. § 2201.................................................................................................. 22

29 U.S.C. § 201 et seq............................................................................................ 3

29 U.S.C. §§ 215-217 .......................................................................................... 19

29 U.S.C. § 255(a) .............................................................. 3, 11, 13, 14, 20, 22

29 U.S.C. § 2101 et seq........................................................................................... 5

42 U.S.C. § 1983................................................................................................... 20

## FEDERAL RULES

Fed. R. Civ. P. 15.................................................................................................... 4

Fed. R. Civ. P. 15(a) ............................................................................................... 5

Fed. R. Civ. P. 56.................................................................................................... 1

Fed. R. Civ. P. 56(b) ............................................................................................... 5

Fed. R. Civ. P. 56(c) ............................................................................................... 5

Fed. R. Evid. 201 .................................................................................................... 1

# STATE STATUTES

Cal. Bus. & Prof. Code

§ 12020 ...................................................................................................................... 17

§ 17200 et seq .............................................................................................................. 3

§ 17203 ................................................................................................................... 9, 10

§ 17204 ............................................................................................................ 15, 16, 19

§ 17208 ................................................................................................................. 13, 14

§ 17208 ........................................................................................................................ 1


Cal. Civil Code

§ 47(b) ....................................................................................................................... 11


Cal. Code. Civ. Proc.

§ 338(a) ................................................................................................... 2, 6, 7, 9, 13, 19

§ 340(a) ....................................................................................................................... 9


Cal. Health & Safety Code

§ 25249.5 et seq ........................................................................................................... 11


Cal. Labor Code

§ 203 ................................................................................................................... 2, 3, 6, 7

§ 204 ....................................................................................................................... 8, 9

§ 210 ....................................................................................................................... 8, 9

§ 226 ................................................................................................................... 7, 8, 9

§ 226.3 ..................................................................................................................... 8, 9

§ 226.7 ................................................................................................................ 2, 4, 7, 9

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
AND (II) LEAVE TO AMEND ANSWER**

§ 1194 ...........................................................................................................3, 6, 10, 11, 19

§ 2698 ...........................................................................................................................8

§ 2699(a) ....................................................................................................................8, 9

§ 2699(c) .......................................................................................................................9

§ 2699(e)(2) ...................................................................................................................8

§ 2699(f)(1) ...................................................................................................................8

§ 2699(f)(2) ...................................................................................................................8

§ 2699(g)(1) ..................................................................................................................8

§ 2699(h) .......................................................................................................................8

§ 2699 (i) .......................................................................................................................8

§ 2699(j) ........................................................................................................................8

§ 2699 (l) .......................................................................................................................8

Prop. 64

§ 1(e) ...........................................................................................................................16

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on January 10, 2008, at 2:00 p.m., in Courtroom 2 of the United States District Court, Northern District of California – Oakland Division (the "Court"), located at 1301 Clay Street, Oakland, CA 94612, Defendant GreenPoint Mortgage, a division of Greenpoint Financial Corp., will and hereby does move the Court (I) pursuant to Fed. R. Civ. P. 56 for entry of a summary judgment, or in the alternative a partial summary judgment, in its favor on Plaintiff Jana Lawler's Complaint on file in the above-captioned action and each and every purported cause of action or claim for relief alleged therein; and (II) pursuant to Fed. R. Civ. P. 15 for leave to amend its Answer to separately plead an FLSA preemption defense if required by the Court. This motion is based on this notice; the Request for Judicial Notice, Memorandum of Points and Authorities, and Declarations of Penny DeFrank and Matthew C. Kane and exhibits attached thereto set forth below; the Court's file and records on this action; and such other and further evidence and argument as may be presented at or before the hearing on this motion.

## STATEMENT OF RELIEF SOUGHT

Pursuant to L.R. 7-2(b)(3), Defendant states that it seeks (I) entry of a summary judgment, or in the alternative a partial summary judgment, in its favor on Plaintiff's Complaint in this action, and each and every purported cause of action or claim for relief alleged therein, pursuant to Fed. R. Civ. P. 56; and (II) if the Court requires Defendant's FLSA preemption defense to be pled separately in its Answer, leave to amend its Answer to do so pursuant to Fed. R. Civ. P. 15.

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Fed. R. Evid. 201 and Fed. R. Civ. P. 56, Defendant requests that the Court take judicial notice of the fact that Plaintiff's Complaint in this action (Doc. 1-3, 1-4) was filed on July 18, 2007, in the Superior Court of the State of California in and for the County of Marin, commencing Case No. CV073375 therein, which was removed to this Court on August 24, 2007 (Doc. 1). A true and correct file-stamped copy of Plaintiff's Complaint is attached hereto as Exhibit A. <u>See</u> Kane Decl., ¶ 3, Ex. A.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Plaintiff Jana Lawler[1] has no legally cognizable claims against Defendant GreenPoint Mortgage, a division of Greenpoint Financial Corp.  All ten of the purported claims alleged in her Complaint are *time-barred*, *fail to state a claim* upon which relief can be granted, and/or are *preempted* by the Fair Labor Standards Act.  Therefore, she also *lacks standing* under Article III, Section 2, of the United States Constitution and the California Unfair Competition Law – both individually and as a class representative – to bring all of her purported claims.  As discussed more fully below, Defendant is entitled to summary judgment, or in the alternative partial summary judgment, on all of Plaintiff's claims.

## II.    SUMMARY OF ARGUMENT.

Plaintiff last worked for GreenPoint Mortgage on **January 27, 2004**, and did not commence this action in state court until *over three-and-one-half years later* on **July 18, 2007**.  As a result of this delay, *all* of Plaintiff's purported claims fail as a matter of law:

➢    The *Third* and *Fifth* Causes of Action for **unpaid overtime** under <u>Cal. Labor Code</u> § 1194 are barred by the *three-year statute of limitations* under <u>Cal. Code. Civ. Proc.</u> § 338(a).

➢    The *Sixth* Cause of Action for **waiting time penalties** under <u>Cal. Labor Code</u> § 203 is barred by the *three-year statute of limitations* under <u>Cal. Code. Civ. Proc.</u> § 338(a).

➢    The *Seventh* Cause of Action for **meal and rest break violations** compensation under <u>Cal. Labor Code</u> § 226.7 is barred by the *three-year statute of limitations* under <u>Cal. Code. Civ. Proc.</u> § 338(a).

➢    The *Seventh*, *Eighth*, and *Ninth* Causes of Action for **civil penalties** under the Labor Code Private Attorney General Act, <u>Cal. Labor Code</u> § 2699 ("PAGA"), are barred by the *one-year statute of limitations* under <u>Cal. Code. Civ. Proc.</u> § 340(a).  Also, Plaintiff is *not an "aggrieved employee"* and therefore *lacks standing* to bring the claims under PAGA.

---

[1] Plaintiff's surname is spelled "Lawlor," not "Lawler" as misspelled in the Complaint.

➤ The *First*, *Second*, and *Fourth* Causes of Action for **restitution** under the California Unfair Competition Law ("UCL") are *precluded by an absolute bar to relief* (the "borrowed" violations of overtime laws are time-barred), Plaintiff *lacks standing* to bring the claims under the UCL standing requirements enacted by Prop. 64 in 2004, and the UCL claims are *preempted* (in whole or in part) by the Fair Labor Standards Act ("FLSA").

➤ The *Tenth* Cause of Action for **declaratory relief** is barred by the FLSA's *two-year or three-year statute of limitations* under 29 U.S.C. § 255(a), *fails to state a cl**aim** upon which relief can be granted, and Plaintiff *lacks standing* to bring the claim.

➤ Plaintiff also *lacks standing* under **Article III**, Section 2, of the United States Constitution to bring *all* of the foregoing causes of action and claims for relief.

As such, Defendant is entitled to summary judgment, or in the alternative partial summary judgment, on all of Plaintiff's claims.

## III.    RELEVANT PROCEDURAL HISTORY.

On July 18, 2007, Plaintiff commenced this action by filing a putative class action Complaint (Doc. 1-3, 1-4) in the Superior Court of the State of California in and for the County of Marin (the "State Court"), alleging the following claims as an individual and on behalf of "all individuals who were employed by defendant in the position of underwriter, senior underwriter, underwriter trainee, and/or any similar position that is responsible for reviewing home mortgages to consumers . . . within the State of California during the applicable limitations period":

1.    *Restitution of overtime wages* owed under the **Fair Labor Standards Act**, 29 U.S.C. § 201 et seq. (**"FLSA"**), pursuant to the **California Unfair Competition Law**, Cal. Bus. & Prof. Code § 17200 et seq. (**"UCL"**);

2.    *Restitution of overtime wages* owed under California Industrial Welfare Commission **Wage Order 4-2001** pursuant to the **UCL**;

3.    *Recovery of overtime wages* pursuant to **Cal. Labor Code § 1194**;

4.    *Restitution of overtime wages* owed pursuant to the **UCL**;

5.    *Recovery of overtime wages* pursuant to **Cal. Labor Code § 1194**;

6.    *Recovery of waiting time penalties* pursuant to **Cal. Labor Code § 203**;

4830247.4

3

**7.** *Recovery of meal and rest break violations compensation* pursuant to **Cal. Labor Code § 226.7** and *collection of civil penalties* pursuant to the **Labor Code Private Attorney General Act**, Cal. Labor Code § 2699 (**"PAGA"**);

**8.** *Collection of civil penalties* under Cal. Labor Code § 210 for violations of Cal. Labor Code § 204 (accurate payment of wages) pursuant to **PAGA**;

**9.** *Collection of civil penalties* under Cal. Labor Code § 226.3 for violations of Cal. Labor Code § 226 (accurate wage statements) pursuant to **PAGA**; and

**10.** *Declaratory relief* on an **FLSA** issue as to Plaintiff only.

A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

On August 23, 2007, Defendant filed its Answer to Plaintiff's Complaint in the State Court (Doc. 1-7, 1-8, 1-9). Defendant's Answer pled the following affirmative and other defenses relevant to this motion:

**1.** *Failure to state any claim* upon which relief can be granted.

**2.** *Barred* by the applicable *statutes of limitations*.

**12.** *Business practices* alleged are *not "unfair"* as utilized in the *UCL*.

**20.** *Lack* of *standing*.

**21.** *Not entitled* to any *equitable* or injunctive *relief*.

**68.** *Additional defenses* as indicated by *further investigation and discovery*.[2]

A true and correct copy of Defendant's Answer is attached hereto as Exhibit B.

On August 24, 2007, Defendant timely and properly removed Plaintiff's action from the State Court to this Court. (Doc. 1).

IV.  **STATEMENT OF FACTS.**

As it relates to the grounds for this motion, there are only a limited number of material facts, all of which are undisputed:

---

[2] Defendant's *FLSA preemption defense* (see § VI.E.5, infra) falls under this pled defense. If the Court requires the Answer to be amended to separately plead the defense, then Defendant hereby moves for leave to do so pursuant to Fed. R. Civ. P. 15. Defendant's proposed amendment is attached hereto as Exhibit C. See Kane Decl., ¶ 5, Ex. C.

4

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1.    On **January 27, 2004**, Plaintiff terminated her employment with GreenPoint Mortgage.  (DeFrank Decl., ¶ 6).

2.    On **July 18, 2007**, Plaintiff commenced this action in the Superior Court of the State of California in and for the County of Marin.  (Kane Decl., ¶ 3, Ex. A; Doc. 1-3, 1-4).

3.    Effective **August 20, 2007**, GreenPoint Mortgage ceased accepting all new residential mortgage loan applications.  (DeFrank Decl., ¶ 7).

4.    On **September 28, 2007**, all GreenPoint Mortgage residential mortgage senior underwriters, underwriters, and underwriter trainees were released from work to serve out their 60-day notice period pursuant to the Worker Adjustment and Retraining Act, 29 U.S.C. § 2101 et seq. ("WARN Act").  (DeFrank Decl., ¶ 8).

5.    On **November 28, 2007**, all GreenPoint Mortgage residential mortgage senior underwriters, underwriters, and underwriter trainees were terminated.  (DeFrank Decl., ¶ 8).

V.    **APPLICABLE LEGAL STANDARDS.**

"A party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move . . . for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. Proc. 56(b).  Summary judgment is appropriate where the moving party demonstrates "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c).  Once the moving party meets this initial burden, the nonmoving party must go beyond the pleadings and by its own evidence offer "specific facts showing there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  If the nonmoving party fails to make this showing, the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Additionally, where a party demonstrates that there is no genuine issue of material fact as to a discrete claim or cause of action, partial summary judgment on that claim is appropriate. Martinez v. Marin Sanitary Service, 349 F.Supp.2d 1234 (N.D. Cal. 2004).

"[A]n affirmative defense may be raised for the first time at summary judgment." Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993).  "[L]eave [to amend a pleading] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

1  **VI.    LEGAL ANALYSIS.**

2       **A.      The Third And Fifth Causes Of Action Under *Labor Code* § 1194 Are Time-**

3              **Barred By The Three-Year Statute Of Limitations.**

4            Plaintiff's Third and Fifth Causes of Action seek to recover allegedly unpaid overtime

5  wages pursuant to <u>Cal. Labor Code</u> § 1194.  As Plaintiff's complaint acknowledges, an employer's

6  obligation to pay overtime under the California Labor Code is created by <u>Cal. Labor Code</u> § 1194.

7  (Complaint, ¶¶ 21, 27).  Therefore, Plaintiff's claims to recover overtime wages pursuant to that

8  statute are subject to a ***three-year statute of limitations***.  <u>See</u> <u>Cal. Code Civ. Proc.</u> § 338(a) (three-

9  year statute of limitations applies to "[a]n action upon a liability created by statute, other than a

10  penalty or forfeiture."); <u>Aubry v. Goldhor</u>, 201 Cal.App.3d 399, 406 (1988) (overtime claim under

11  the Labor Code subject to three-year statute of limitations under <u>Cal. Code Civ. Proc.</u> § 338(a);

12  <u>Medrano v. D'Arrigo Bros.</u>, 125 F.Supp.2d 1163, 1169-70 (N.D. Cal. 2000) (same).

13            Plaintiff did not commence this action until ***over three years after*** her employment with

14  GreenPoint Mortgage ended.  Therefore, the Third and Fifth Causes of Action pursuant to <u>Cal.</u>

15  <u>Labor Code</u> § 1194 are ***time-barred*** by the three-year statute of limitations under <u>Cal. Code Civ.</u>

16  <u>Proc.</u> § 338(a), and Defendant is entitled to summary judgment as a matter of law on these claims.

17       **B.      The Sixth Cause Of Action Under *Labor Code* § 203 Is Time-Barred By The**

18              **Three-Year Statute Of Limitations.**

19            Plaintiff's Sixth Cause of Action seeks waiting time penalties pursuant to <u>Cal. Labor Code</u>

20  § 203.  This claim is derivative of Plaintiff's purported claims for unpaid overtime under <u>Cal.</u>

21  <u>Labor Code</u> § 1194, and, therefore, is subject to the same ***three-year statute of limitations*** under

22  <u>Cal. Code Civ. Proc.</u> § 338(a).  <u>See</u> <u>Cal. Labor Code</u> § 203 ("Suit may be filed for these penalties

23  at any time before the expiration of the statute of limitations on an action for the wages from

24  which the penalties arise."); <u>Murphy v. Kenneth Cole Productions, Inc.</u>, 40 Cal.4th 1094, 1109

25  (2007) (claims under <u>Cal. Labor Code</u> § 203 are "subject to the same three-year statute of

26  limitations as an action to recover wages."); <u>Aubry</u>, <u>supra</u>, 201 Cal.App.3d at 404, n.4 ("Under

27  *Labor Code section 203* . . . the three-year statute of limitations governs the cause of action for

28  [waiting time] penalties,"); <u>Medrano</u>, <u>supra</u>, 125 F.Supp.2d at 1170 (same).

6

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
AND (II) LEAVE TO AMEND ANSWER**

1    Again, Plaintiff did not commence this action until *over three years after* her employment

2 with GreenPoint Mortgage ended.  Therefore, the Sixth Cause of Action pursuant to Cal. Labor

3 Code § 203 is *time-barred* by the three-year statute of limitations under Cal. Code Civ. Proc. §

4 338(a), and Defendant is entitled to summary judgment as a matter of law on this claim.

5    **C.    The Seventh Cause Of Action Under *Labor Code* § 226.7 Is Time-Barred By**

6    **The Three-Year Statute Of Limitations.**

7    Plaintiff's Seventh Cause of Action seeks to recover compensation for alleged meal and

8 rest break violations pursuant to Cal. Labor Code § 226.7.[3]  This claim is likewise subject to the

9 *three-year statute of limitations* under Cal. Code Civ. Proc. § 338(a).  See Murphy, supra, 40

10 Cal.4th at 1099 ("the remedy provided in *Labor Code section* 226.7 . . . is governed by a three-year

11 statute of limitations").

12    Once again, Plaintiff did not commence this action until *over three years after* her

13 employment with GreenPoint Mortgage ended.  Therefore, the Seventh Cause of Action pursuant

14 to Cal. Labor Code § 226.7 is *time-barred* by the three-year statute of limitations under Cal. Code

15 Civ. Proc. § 338(a), and Defendant is entitled to summary judgment as a matter of law on this

16 claim.

17    **D.    The Seventh, Eighth, And Ninth Causes Of Action Under PAGA Are Time-**

18    **Barred And Plaintiff Lacks Standing As An "Aggrieved Employee".**

19    **1.    The Claims Are Time-Barred By The One-Year Statute Of Limitations.**

20    Plaintiff's Seventh through Ninth Causes of Action purport to seek penalties under PAGA:

21 ➤    The *Seventh* Cause of Action[4] alleges that Defendant failed to provide Plaintiff with meal

22    and rest breaks in violation of Cal. Labor Code § 226.  It purports to seek recovery of

23    penalties under PAGA based on those alleged violations.  (Complaint, ¶¶ 31-34).

24

25    [3] It is unclear from Plaintiff's Complaint whether this claim seeks the compensatory

26 remedy under Cal. Labor Code § 226.7, penalties under PAGA, or both.  As discussed herein and
in Section VI.D.1, infra, the claim is nonetheless *time-barred* under *either theory*.

27    [4] See footnote 3, supra.

28

**7**

➤ The *Eighth* Cause of Action alleges Defendant failed to accurately pay wages to Plaintiff in violation of <u>Cal. Labor Code</u> § 204. It "demands penalties under [PAGA] in the amounts specified in" <u>Cal. Labor Code</u> § 210. (Complaint, ¶ 44).

➤ The *Ninth* Cause of Action alleges Defendant failed to provide accurate wage statements to Plaintiff as required by <u>Cal. Labor Code</u> § 226. It likewise "demands penalties under [PAGA] in the amounts specified in" <u>Cal. Labor Code</u> § 226.3. (Complaint, ¶ 54).

PAGA does not contain any PAGA-specific statute of limitations. Thus, a generally-applicable statute of limitations period under California law must be applied to PAGA claims. To determine which limitations period applies, the Court must focus on the nature of the claim or remedy being sought. In this regard, when PAGA was enacted, the Legislature found and declared that "the only meaningful deterrent to unlawful conduct is the vigorous assessment and collection of ***civil penalties*** as provided in the Labor Code" and "[i]t is therefore in the public interest to provide that ***civil penalties*** . . . may also be assessed and collected by aggrieved employees". <u>Cal. Labor Code</u> § 2698, Historical and Statutory Notes, Sections 1(b) and 1(d) of Stats. 2003, c. 906 (S.B.796) (emphasis added). Indeed, PAGA's provisions consistently designate its primary remedy as a **"civil penalty."** <u>See</u> <u>Cal. Labor Code</u> §§ 2699(a) ("a *civil penalty* . . . may . . . be recovered"), 2699(e)(2) ("action . . . seeking recovery of a *civil penalty*"), 2699(f) ("there is established a *civil penalty* for a violation of these provisions"), 2699(f)(1) ("the *civil penalty* is" $500), 2699(f)(2) ("the *civil penalty* is" $100 or $200), 2699(g)(1) ("recover the *civil penalty* . . . in a civil action"), 2699(h) ("recover a *civil penalty*"), 2699(i) ("*civil penalties* recovered by aggrieved employees"), 2699(j) ("*Civil penalties* recovered"), 2699(l) ("any *penalties* sought").

In <u>Murphy v. Kenneth Cole Productions, Inc.</u>, the California Supreme Court recognized that "the Legislature certainly knows how to impose a penalty when it wants to, having established penalties in many Labor Code statutes by using the word 'penalty.' In the vast majority of those statutes, the Legislature chose a fixed, arbitrary amount for the penalty." <u>Murphy</u>, <u>supra</u>, 40 Cal.4[th] at 1107. The court also recognized that where the Legislature intended a statutory remedy "to be governed by a one-year statute of limitations, the Legislature knew it could have so indicated by unambiguously labeling it a 'penalty.'" <u>Id.</u> at 1109.

Applying the <u>Murphy</u> analysis, the inescapable conclusion is that the primary remedy available under PAGA is indeed a "civil penalty" because the Legislature unambiguously labeled it as such and that is precisely what Plaintiff's Seventh, Eighth, and Ninth Causes of Action seek. Therefore, the Legislature plainly intended PAGA claims to be subject to the ***one-year statute of limitations*** generally applicable to penalty claims.  <u>See Cal. Code Civ. Proc.</u> § 340(a) (one-year statute of limitation applies to an "action upon a statute for a penalty or forfeiture").

Plaintiff did not commence this action until well ***over one year after*** her employment with GreenPoint Mortgage ended.  Therefore, the Seventh, Eighth, and Ninth Causes of Action for PAGA penalties are ***time-barred*** by the ***one-year statute of limitations*** under <u>Cal. Code Civ. Proc.</u> § 340(a), and Defendant is entitled to summary judgment as a matter of law on these claims.  <u>See also</u> <u>Louie v. McCormick & Schmick Restaurant Corp.</u>, 460 F.Supp.2d 1153, 1164 (C.D. Cal. 2006) (defendant was entitled to dismissal of PAGA claim as a matter of law where plaintiff failed to state a claim under the Labor Code section on which the PAGA claim was based).[5]

### 2.    Plaintiff Is Not An "Aggrieved Employee" And Therefore Lacks Standing To Bring The PAGA Claims.

PAGA only gives an "aggrieved employee" standing to bring civil penalty claims.  <u>Cal. Labor Code</u> § 2699(a).  PAGA defines "aggrieved employee" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."  <u>Cal. Labor Code</u> § 2699(c).

Plaintiff is *not* an "aggrieved employee" under PAGA.  Because all of the PAGA claims

---

[5] The alleged Labor Code violations which the PAGA claims are based on are all **time-barred** and **fail to state any claims**.  The *Seventh* Cause of Action is based on violations of <u>Cal. Labor Code</u> § 226.7 which, as already discussed, is ***time-barred*** by the ***three-year*** statute of limitations.  <u>Cal. Code Civ. Proc.</u> § 338(a); <u>Murphy</u>, <u>supra</u>, 40 Cal.4th at 1099.  The *Eighth* Cause of Action is based on recovering a "civil penalty" under <u>Cal. Labor Code</u> § 210 for violations of <u>Cal. Labor Code</u> § 204, and is ***time-barred*** by the ***one-year*** statute of limitations.  <u>Cal. Code Civ. Proc.</u> § 340(a).  The *Ninth* Cause of Action is also based on recovering a "civil penalty" under <u>Cal. Labor Code</u> § 226.3 for violations of <u>Cal. Labor Code</u> § 226, and is ***time-barred*** by the ***one-year*** statute of limitations.  <u>Cal. Code Civ. Proc.</u> § 340(a).; <u>Murphy</u>, <u>supra</u>, 40 Cal.4th at 1107 (identifying <u>Cal. Labor Code</u> § 226.3 as a "penalty" statute subject to one-year statute of limitations).

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

and the Labor Code violations on which they are based are all **time-barred**, Plaintiff has not suffered any cognizable injury caused by any of the alleged violations.  See Admiralty Fund v. Peerless Insurance Co., 143 Cal.App.3d 379, 386 (1983) ("A person who does not press a claim during the appropriate [limitations] period in effect **acquiesces to the wrong suffered**.") (emphasis added); see also Sanchez v. South Hoover Hosp., 18 Cal.3d 93, 103 (1976) ("The application of the statute of limitations combined with the inexorable passage of [the limitations period] results in a summary judgment"); Quiroz v. Seventh Avenue Center, 140 Cal.App.4th 1256, 1282 (2006) ("While the bar of the statute of limitations may be considered a harsh result . . . , as a matter of policy, this defense operates conclusively across-the-board.  It does so with respect to *all* causes of action . . ."); Norgart v. Upjohn Co., 21 Cal.4th 383, 410 (1999) (adherence to the limitations period is "a price that may be high, but one that must nevertheless be paid.

Therefore, Plaintiff **lacks standing** to bring the PAGA claims and Defendant is entitled to summary judgment as a matter of law on the Seventh, Eighth, and Ninth Causes of Action.

## E. The First, Second, And Fourth Causes Of Action Under The UCL Fail To State A Claim, Plaintiff Lacks Standing To Bring The Claims, And The Claims Are Preempted By The FLSA.

### 1. The UCL Claims.

Plaintiff's First, Second, and Fourth Causes of Action purport to seek restitution of overtime compensation under the UCL pursuant to Cal. Bus. & Prof. Code § 17203:

➤ The *First* Cause of Action is based on alleged FLSA violations.  (Complaint, ¶¶ 11-14).

➤ The *Second* Cause of Action is based on alleged violations of California Industrial Welfare Commission Wage Order 4-2001 (the "Wage Order") and incorporated allegations of FLSA violations.  (Complaint, ¶¶ 15-19).

➤ The *Fourth* Cause of Action does not specify any alleged violations it is based on, but it incorporates by reference allegations of violations of the FLSA, the Wage Order, and Cal. Labor Code § 1194 from the First through Third Causes of Action.  (Complaint, ¶ 22.)

As discussed herein, these purported causes of action fail to state any claim upon which relief can be granted, Plaintiff lacks standing to bring these claims, and they are preempted (in

1    whole or in part) by the FLSA.

2    **2.    The UCL Claims Are Precluded By An "Absolute Bar To Relief" And**

3    **Fail To State Any Claim Upon Which Relief Can Be Granted Because**

4    **They Borrow Time-Barred Violations Of Overtime Laws.**

5    The UCL does not proscribe any particular conduct; rather, it borrows from other laws by

6    making them independently actionable as unfair competitive practices. Korea Supply Co. v.

7    Lockheed Martin Corp., 29 Cal.4th 1134, 1143 (2003). Thus, to state a viable UCL claim, a

8    plaintiff must be able to borrow violations of other laws which then become independently

9    actionable under the UCL. If those borrowed violations are otherwise precluded by an absolute

10   bar to relief, then the UCL claim fails to state a claim on which relief can be granted. Here, all of

11   Plaintiff's purported UCL claims borrow ***time-barred*** violations of overtime laws, which is an

12   ***absolute bar to relief***.[6] Therefore, all of the UCL claims fail as a matter of law.

13   For example, in Rubin v. Green, 4 Cal.4th 1187 (1993), the plaintiff relied on the UCL to

14   pursue a claim that was otherwise prohibited under the litigation privilege of Cal. Civil Code §

15   47(b). The California Supreme Court held that the UCL claim was *not viable*, reasoning that a

16   plaintiff could not "'plead around' absolute barriers to relief by relabeling the nature of the action

17   as one brought under the [UCL]" and that a bar against an action "may not be circumvented by

18   recasting the action as one under [the UCL]." 4 Cal.4th at 1201-02.

19   More recently, this principle was followed in In Re The Vaccine Cases, 134 Cal.App.4th

20   438 (2005) ("Vaccine Cases"). There, the plaintiffs brought a claim for violation of Cal. Health &

21   Safety Code § 25249.5 et seq. (commonly known as "Prop. 65") and a claim under the UCL based

22   on the alleged violation of Prop. 65. The trial court sustained the demurrers to both claims without

23   leave to amend on the ground that they failed to state any causes of action. The Court of Appeal

24   _____

25   [6] FLSA claims must be commenced within ***two years*** after the cause of action accrues, or
     within ***three years*** where the cause of action arises out of a "willful" violation. 29 U.S.C. §

26   255(a). Claims for violations of the Wage Order (which is promulgated pursuant to statutory
     authority) and Cal. Labor Code § 1194 must be commenced within ***three years***. Cal. Code Civ.

27   Proc. § 338(a); Aubry, supra, 201 Cal.App.3d at 406; Medrano, supra, 125 F.Supp.2d at 1170.

28

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**
**AND (II) LEAVE TO AMEND ANSWER**

1  affirmed, holding that the plaintiffs' Prop. 65 claim was precluded by an absolute bar to relief and,

2  as a result, "no statutory violation provided the 'unlawful . . . business act or practice' to form the

3  basis for a UCL violation."  134 Cal.App.4th at 445.

4       Specifically, with regard to the Prop. 65 claim, the Vaccine Cases court held that plaintiffs

5  failed to comply with the *procedural requirements* for serving the defendants with notice of the

6  alleged Prop. 65 violation at least 60-days before filing suit.  The notice plaintiffs served did not

7  include a required "certificate of merit" stating they consulted with an expert who believes there is

8  a "reasonable and meritorious case for the private action."  Id. at 453-54.  The court found that this

9  provided "an independent ground for dismissing the [Prop. 65] cause of action."  Id. at 456.

10      Turning next to the derivative UCL claim, the Vaccine Cases court addressed whether it

11 was barred as well because of the plaintiffs' failure to comply with the Prop. 65 pre-filing notice

12 requirements.   Noting that "[n]o corresponding provision of the UCL chapter 'overrides' the

13 plaintiffs' failure to comply with the pre-suit notice necessary to bring an action," the court held

14 that "where the Legislature has specifically concluded that no action should lie, the plaintiff cannot

15 use the unfair competition law to 'plead around' an 'absolute bar to relief.'"  Id. at 458; citing Cel-

16 Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 182 (1999)

17 ("Cel-Tech") (holding that "a plaintiff may not bring an action under the [UCL] if some other

18 provision bars it.").  Thus, the court had to decide "whether plaintiff's failure to comply with the

19 pre-suit [notice] requirement is such an 'absolute bar to relief.'"  Id.  The court held that *it was*.  Id.

20      In so holding, the Vaccine Cases court followed Cel-Tech and found "that the Legislature

21 did specifically conclude that 'no action should lie' unless plaintiffs provided a 60-day notice", a

22 *procedural prerequisite* to bringing a Prop. 65 claim.  Id.  As such, the court concluded that

23 "[u]nder Cel-Tech, plaintiffs cannot evade the requirement of pre-suit 60-day notice in Proposition

24 65 by repleading their cause of action as one for violation of the [UCL]."  Id. at 458-59.  The court

25 further explained that the Prop. 65 notice provisions served a public purpose which included

26 precluding private lawsuits.  Id.  "To allow plaintiffs to bring a UCL action against these . . .

27 defendants without complying with [the pre-suit notice requirement] would frustrate the purpose

28 of this requirement and would nullify its enactment."  Id.

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
AND (II) LEAVE TO AMEND ANSWER**

Plaintiff's UCL claims in this case must suffer the same fate. It is undisputed that the two-year or three-year statute of limitations has *already run* on any direct claims for the FLSA, Wage Order, and Labor Code violations Plaintiff is attempting to borrow as the bases for the UCL claims. See 29 U.S.C. § 255(a); Cal. Code Civ. Proc. § 338(a). The running of the applicable statute of limitations is precisely the type of ***absolute bar to relief*** "where the Legislature has specifically concluded that no action should lie". Vaccine Cases, 134 Cal.App.4th at 448. Indeed, "[s]tatutes of limitations are enacted as matters of public policy designed to promote justice and prevent the assertion of stale claims after the lapse of long periods of time." "); McGee v. Weinberg, 97 Cal.App.3d 798, 804 (1979); accord Quiroz, supra, 140 Cal.App.4th at 1278 (same). Just as in Vaccine Cases, Cel-Tech, and Rubin, Plaintiff may not circumvent this ***absolute bar to relief*** by recasting the otherwise time-barred claims under the overtime laws as UCL claims. Therefore, Defendant is entitled to summary judgment as a matter of law on these claims.

**3.    The UCL's Four-Year Statute Of Limitations Does Not Revive The Time-Barred, Borrowed Violations Of Overtime Laws As UCL Claims.**

Plaintiff will likely argue that, under Cortez v. Purolator Air Filtration Prod. Co., 23 Cal.4th 163 (2000) ("Cortez"), the time-barred, borrowed claims for violations of the overtime laws are revived by the UCL's four-year statute of limitations under Cal. Bus. & Prof. Code § 17208 and, therefore, are actionable as UCL claims. Plaintiff is *wrong* for at least two reasons. *First*, as discussed in this section, Cortez did not address (and no published decision has addressed) the propriety of *borrowing an otherwise time-barred statutory violation* as the basis for a UCL claim. *Second*, Cortez was decided prior to the passage of Proposition 64 ("Prop. 64") in 2004, which eliminated private attorney general standing and enacted actual injury-in-fact standing requirements for bringing UCL claims. As discussed herein and more fully in the next section, those subsequently-enacted *standing requirements* render the purported Cortez holdings on which Plaintiff will rely to be *inapposite* to this case, and Plaintiff *lacks standing* under them to bring these UCL claims.

In Cortez, an employee sued her former employer just *six months after* the termination of her employment. She alleged violations of the Labor Code and the UCL based on the employer's

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

failure to pay overtime wages.  The California Supreme Court decided two issues of significance in <u>Cortez</u>: (1) that unlawfully withheld overtime wages could be recovered as "restitution" under the UCL; and (2) that the UCL's four-year statute of limitations applied to such restitution claims rather than the three-year statute of limitations applicable to overtime claims brought under the Labor Code.  <u>Cortez</u>, <u>supra</u>, 23 Cal.4th at 177, 179.

At the time <u>Cortez</u> was decided in 2000, the UCL had ***no standing requirements*** for a plaintiff to bring a representative action under the UCL.  ***Any individual*** could bring such an action on behalf of the "general public," irregardless of whether the individual had actually been subjected to the claimed unfair business practice and been injured or damaged by it.  Moreover, unlike the Plaintiff in this case, the <u>Cortez</u> plaintiff's Labor Code violation claims being borrowed as the basis for the UCL claim were ***not yet time-barred***.

In that starkly different context than what is now before this Court, <u>Cortez</u> called the UCL statute of limitations "clear," emphasizing that it provides "*[a]ny* action to enforce *any* cause of action under this chapter shall be commenced within four years after the cause of action accrued." <u>Cortez</u>, <u>supra</u>, 23 Cal.4th at 178 (emphasis in original); <u>Cal. Bus. & Prof. Code</u> § 17208.  <u>Cortez</u> stated that "any business act or practice *that violates the Labor Code* through failure to pay wages is, by definition [], an unfair business practice." <u>Id.</u> (emphasis added).  The court then stated:

> It follows that an action to recover wages that might be barred if brought pursuant to Labor Code section 1194 still may be pursued as a UCL action seeking restitution pursuant to section 17203 if the failure to pay constitutes a business practice.

<u>Cortez</u>, <u>supra</u>, 23 Cal.4th at 178-79.

These snippets from <u>Cortez</u> may, at first, appear to suggest that a UCL claim based on *any* borrowed Labor Code wage payment violation is subject to the UCL's four-year statute of limitations period, irrespective of whether the borrowed Labor Code violation claim is itself time-barred.  However, in the context of Plaintiff's UCL claims before this Court, these <u>Cortez</u> passages are neither binding nor persuasive.

*First*, they are *dicta*.  The <u>Cortez</u> plaintiff worked for the employer from June 20, 1990 through May 11, 1993, and filed her action on November 2, 1993, ***less than six months after*** her

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1  employment terminated. <u>Cortez</u>, <u>supra</u>, 23 Cal.4th at 169. Thus, unlike Plaintiff in this case, the

2  <u>Cortez</u> plaintiff's borrowed Labor Code violation claims were ***not yet time-barred***. As such, there

3  was ***no absolute bar to relief*** for the <u>Cortez</u> plaintiff's Labor Code violation claims being

4  borrowed to pursue a UCL claim. Therefore, *the precise issue before this Court* – whether FLSA,

5  Wage Order, and Labor Code violation claims which are *already time-barred* can be borrowed as

6  the basis for UCL restitution claims brought within the UCL's longer statute of limitations period –

7  *was not before the court* in <u>Cortez</u>.

8      *Second*, as discussed more fully in the next section, <u>Cortez</u> did not have to address whether

9  the plaintiff had any actual *injury-in-fact* to give her *standing* to pursue a UCL claim. After the

10  passage of Prop. 64 four years later, that is a new and significant related issue which – to the

11  extent it is dependent on whether the borrowed violations are time-barred – renders the <u>Cortez</u>

12  passages Plaintiff will rely on to be inapposite.

13      Thus, Defendant is not asking the Court to reject the two key holdings of <u>Cortez</u>: (1) that

14  unlawfully withheld overtime wages can be recovered as "restitution" under the UCL; and (2) that

15  the UCL's four-year statute of limitations applies to such restitution claims rather than the three-

16  year statute of limitations applicable to overtime claims brought under the Labor Code. Those

17  holdings *still apply if:* (a) the borrowed Labor Code violation claim is *not already time-barred*,

18  <u>and</u> (b) the plaintiff *satisfies the standing requirements* enacted by Prop. 64. Since these

19  conditions do not exist in this case, the UCL's four-year statute of limitations does not revive

20  Plaintiff's time-barred, borrowed violations of overtime laws as UCL claims and Defendant is

21  entitled to summary judgment as a matter of law on Plaintiff's UCL claims.

22      **4.     Plaintiff Lacks Standing Under The UCL To Bring The UCL Claims.**

23      ***(a)     UCL Standing After The Passage Of Prop. 64.***

24      Prior to the passage of Prop. 64 in November 2004, the UCL authorized claims brought by

25  "any party ***acting for the interests of itself, its members or the general public***." <u>Cal. Bus. & Prof.</u>

26  <u>Code</u> § 17204 (emphasis added). There was no requirement that a UCL plaintiff have suffered an

27  actual injury as a result of the borrowed violation forming the basis for the UCL claim. As a

28  result, UCL lawsuits were routinely brought by private attorney general "bounty hunter" plaintiffs

1  who were never subjected to the alleged wrongs at issue, but instead preyed on businesses for their

2  own financial advantage in the name of the "general public."  See Buckland v. Threshold

3  Enterprises, Ltd., 155 Cal.App.4th 798, 812 (2007) ("Prior to the enactment of [Prop. 64], the UCL

4  was subject to abuse by attorneys who used it as the basis for legal 'shakedown' schemes.")

5      Prop. 64 was designed to impose a statutory "standing" requirement on a private party

6  bringing a UCL claim and thereby curtail the predatory filing of UCL actions.  Upon its passage,

7  the language of Cal. Bus. & Prof. Code § 17204 quoted and emphasized above was amended to

8  require that UCL claims can only be brought by "any party *who has suffered injury in fact and*

9  *has lost money or property as a result of such unfair competition."*  Cal. Bus. & Prof. Code §

10  17204 (emphasis added).

11      Since Prop. 64's passage, only a handful of California cases have directly addressed what is

12  meant by these new UCL standing requirements.  Earlier this year, the California Court of Appeal

13  accepted the following from the Prop. 64 voter information materials as defining what was

14  intended by the electorate in passing the referendum:

15          Proposition 64's findings and declaration of purpose state: "It is the
          intent of the California voters in enacting this Act to prohibit private
16          attorneys from filing lawsuits for unfair competition where they
          have no client who has been injured in fact under the standing
17          requirements of the United States Constitution." Prop. 64, § 1(e).

18  Daro v. Superior Court, 151 Cal.App.4th 1079, 1098 (2007) (rejecting UCL claims by group of

19  tenants for violations of Subdivided Lands Act where they were not among the group the statute

20  was designed to protect and had not suffered any harm as a result of its provisions); see also

21  Buckland, supra, 155 Cal.App.4th at 814 (demurrer sustained without leave to amend where

22  plaintiff failed to establish Article III standing to maintain UCL claim).

23      As discussed below, Plaintiff *lacks standing* to bring her UCL claims under Cal. Bus. &

24  Prof. Code § 17204, as amended by Prop. 64.

25          *(b)    Judicial Interpretations Of Prop. 64's "Injury In Fact"*

26          *Requirement Establish Plaintiff Lacks Standing Under The UCL.*

27      Cases which have interpreted the new Prop. 64 standing requirements hold that a plaintiff

28  has suffered "injury in fact" if the plaintiff has: (1) expended money due to the defendant's acts of

4830247.4

16

1    unfair competition;[7] (2) lost money or property;[8] or (3) been denied money to which he or she has

2    a cognizable claim.[9]    See also Meyer v. Sprint Spectrum L.P., 150 Cal.App.4th 1136 (2007),

3    review granted on other issues, 65 Cal.Rptr.3d 142 (no standing where plaintiffs "have not been

4    required to pay any money out of their own pockets [], they have not lost money or property, and

5    they have not been denied any money that they can allege is *rightfully theirs*.") (emphasis added).

6    Thus, a UCL plaintiff does *not* have standing by simply alleging the defendant violated a statute or

7    regulation.  The plaintiff must demonstrate he or she *individually* suffered an *actionable* injury as

8    a result of the alleged violation.  See Buckland, supra, 155 Cal.App.4th at 816 (no standing where

9    plaintiff only alleged statutory violations but could not demonstrate she "lost money or property as

10   a result of . . . unfair competition").

11        Post-Prop. 64 UCL cases which have found the plaintiff to have standing are markedly

12   different than Plaintiff's case before this Court:  the plaintiffs actually had a cognizable injury in

13   fact which formed the basis for their UCL claims.  For example, in Aron v. U-Haul, supra, 143

14   Cal.App.4th at 802-03, the plaintiff rented a U-Haul truck, returned it with excess gas to avoid a

15   $20 refueling fee, and was denied reimbursement for the excess fuel by U-Haul.  The plaintiff

16   filed a UCL action alleging that U-Haul's requirement to return trucks with an equal or greater

17   amount of fuel as existed at the time of rental, or pay a $20 refueling fee, was an unfair business

18   practice.  The Court of Appeal found that the plaintiff alleged an "actual economic injury as a

19   result of an unfair and illegal business practice" which was actionable under both the California

20   Consumer Legal Remedies Act and Cal. Bus. & Prof. Code § 12020 (proscribing the unlawful use

21   _____

22        [7] See Aron v. U-Haul Co. of California, 143 Cal.App.4th 796, 802-03 (2006) (standing where plaintiff alleged he was required to purchase excess fuel when returning rental truck).

23        [8] See Huntingdon Life Sciences, inc. v. Stop Huntingdon Animal Cruelty, USA, Inc., 129

24   Cal.App.4th 1228, 1240 (2005) (standing where plaintiff's home and car were vandalized by animal rights protestors); Overstock.com, Inc. v. Gradient Analytics, Inc., 151 Cal.App.4th 688,

25   716 (2007) (standing based on alleged diminution in plaintiff's stock value resulting from false analytic research reports).

26        [9] Progressive West Ins. Co. v. Superior Court, 135 Cal.App.4th 263, 269-70 (2005)

27   (standing to recover payments carrier made on behalf of insured from insured's third-party recovery).

28

1  of weight or measuring instruments for commercial purposes) and on which the UCL claim was

2  based.  The plaintiff was found to have UCL standing because of the alleged actual injuries which

3  were within the Court's authority to address and remedy.  Aron, 143 Cal.App.4th at 804-05, 807;

4  see also Overstock.com, supra, 151 Cal.App.4th at 714 (plaintiff stated viable libel *and* UCL

5  claims based on "knowing and intentional dissemination of negative reports on Overstock

6  containing false and/or misleading statements" which led to a diminution in plaintiff's stock value

7  and market capitalization).

8      On the other hand, in post-Prop. 64 cases where the plaintiff could *not* state a *cognizable*

9  claim for the borrowed violation forming the basis for the UCL claim, the plaintiff has been found

10  to *not* have the required injury in fact and therefore *lacked standing*.  For example, in Violante v.

11  Communities Southwest Dev't. and Const. Co., 138 Cal.App.4th 972 (2006), a demurrer was

12  sustained without leave to amend as to the plaintiffs' UCL claims.  The underlying statute on

13  which the plaintiffs sought to recover wages (and on which the UCL claim was based) did not

14  permit a private right of action by the plaintiffs against the named defendant.  As such, the Court

15  declared that "**in the absence of a *valid claim*** for violation of the prevailing wage law, plaintiffs

16  also ***cannot successfully allege unfair business practices or unfair competition*** under the

17  [UCL]."  Id. at 980 (emphasis added); see also, Daro, supra, 151 Cal.App.4th at 1098 (no standing

18  to base UCL claim on violation of the Subdivided Lands Act because plaintiffs could not show

19  they were among class of people intended to be protected or that they suffered harm as a result of

20  any violation); Meyer, supra, 150 Cal.App.4th 1136 (no standing where plaintiff did not rely on

21  alleged false advertising to enter into transaction with defendants); Palmer v. Stassinos, 419

22  F.Supp.2d 1151, 1154 (N.D. Cal. 2005) (no standing to maintain UCL action against debt

23  collectors where UCL claim based on alleged violations of Fair Debt Collections Practices Act and

24  plaintiff had neither lost money or property as a result of defendants' conduct nor suffered any

25  other cognizable injury in fact); Walker v. USAA Casualty Ins. Co., 474 F.Supp.2d 1168 (E.D.

26  Cal. 2007) (no injury creating standing where plaintiff agreed to perform work for lower amount

27  than originally demanded, and had no prior possession of or vested legal interest in higher sums).

28

4830247.4

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
AND (II) LEAVE TO AMEND ANSWER**

In this case, Plaintiff lacks standing under the UCL for the same reasons that she lacks standing under PAGA and that her UCL claims are precluded by an absolute bar to relief: the borrowed violations of the FLSA, the Wage Order, and Cal. Labor Code § 1194 on which the UCL claims are based are all *time-barred* under the applicable two-year and three-year statutes of limitations. See 29 U.S.C. § 255(a); Cal. Code Civ. Proc. § 338(a). As a result, Plaintiff has ***not suffered injury in fact and has not lost money or property*** as required for standing under Cal. Bus. & Prof. Code § 17204 (as amended by Prop. 64) because "[a] person who does not press a claim during the appropriate [limitations] period in effect *acquiesces to the wrong suffered*." Admiralty Fund, supra, 143 Cal.App.3d at 386 (emphasis added); see also Quiroz, supra, 140 Cal.App.4th at 1282 ("While the bar of the statute of limitations may be considered a harsh result . . ., as a matter of policy, this defense operates conclusively across-the-board. It does so with respect to *all* causes of action . . ."). Having "acquiesced to the wrong suffered" by not pressing her purported overtime claims during the applicable limitations periods, Plaintiff *cannot* now *establish* having (1) expended money due to Defendant's acts of unfair competition; (2) lost money or property; or (3) **been denied money to which Plaintiff has a *cognizable* claim**.[10]

Therefore, Plaintiff lacks standing under the UCL and Defendant is entitled to summary judgment as a matter of law on Plaintiff's UCL claims.

### 5. The UCL Claims Are Preempted By The FLSA.[11]

Plaintiff's UCL claims are also based, in whole (First Cause of Action) or in part (Second and Fourth Causes of Action), on the FLSA. The FLSA is a federal law which contains its own elaborate enforcement scheme, including criminal penalties for willful violations; authorizing the Secretary of Labor to supervise payment of unpaid wages due and to bring actions for wages, liquidated damages, and injunctive relief; and providing for private actions in state or federal court to recover wages, liquidated damages, and costs or attorney's fees. See 29 U.S.C. §§ 215-217. It

---

[10] See footnotes 7, 8, and 9, supra.

[11] See footnote 2, supra.

1    likewise provides its own express statute of limitations.  See 29 U.S.C. § 255(a).

2        Where, as here, a plaintiff's claims are brought under a state statute for remedial purposes

3    but the remedies sought are based on alleged violations of the FLSA, the state law claims are

4    **preempted** by the FLSA.  This precise issue was just addressed in Anderson v. Sara Lee Corp.,

5    No. 05-1091, ___ F.3d. ___ (4th Cir. 2007), 2007 WL 4098229.  In Anderson, the plaintiffs

6    represented 1,600 employees and alleged five state law causes of action (breach of contract,

7    negligence, fraud, conversion, and unfair trade practices) based on alleged FLSA violations by the

8    employer.  The employer sought dismissal of all of the claims on the ground they were preempted

9    by the FLSA.  The district court refused to find the claims preempted, but the Court of Appeals

10   reversed as to plaintiffs' claims which incorporated FLSA violations by reference.

11       The employer in Anderson argued that the plaintiffs' state law claims were preempted by

12   FLSA "conflict preemption," which exists where state and federal law conflict, and more

13   specifically, "obstacle preemption," which occurs where "state law stands as an obstacle to the

14   accomplishment of the full purposes and objectives of federal law."  Id. at *9.  In assessing the

15   employer's "obstacle preemption" argument, the Anderson court noted that the FLSA provides its

16   own "unusually elaborate enforcement scheme" to achieve its purpose of eliminating "labor

17   conditions detrimental to the maintenance of the minimum standard of living necessary for health,

18   efficiency, and general well-being of workers."  Id. at *10, citing 29 U.S.C. § 202(a).  The court

19   then recognized that the plaintiffs' state law claims afforded and sought more generous remedies

20   than were available under the FLSA's enforcement scheme, including a **longer statute of

21   limitations** and punitive damages, while still **requiring the plaintiffs to establish an FLSA

22   violation**.  Thus, the court concluded that "these state claims essentially require the same proof as

23   claims asserted under the FLSA itself."  Id. at *10.

24       In concluding that the FLSA remedial provisions were intended to provide the **exclusive

25   remedy**, Anderson relied on Kendall v. City of Chesapeake, 174 F.3d 437 (4th Cir. 1999).  In

26   Kendall, the court held that a class of plaintiffs could not utilize 42 U.S.C. § 1983 to enforce the

27   overtime provisions of the FLSA because "in the FLSA Congress manifested a desire to

28   exclusively define the private remedies available to redress violations of the statute's terms."

4830247.4

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
AND (II) LEAVE TO AMEND ANSWER**

1   Kendall, supra, 174 F.3d at 443.  The Anderson court then held that "[i]n accordance with our

2   ruling in *Kendall*, we must hold today that Congress prescribed exclusive remedies in the FLSA

3   for violations of its mandates."  Anderson, supra, at *11; see also Roman v. Maietta Construction,

4   Inc., 147 F.3d 71, 76 (1st Cir. 1998) (plaintiff was not entitled to additional state remedies for

5   minimum wage and overtime violations beyond those available under the FLSA because "the

6   FLSA is the exclusive remedy for enforcement of rights created under the FLSA"); Lerwill v.

7   Inflight Motion Pictures, Inc., 343 F.Supp. 1027, 1029 (N.D. Cal. 1972) ("the [FLSA] statutory

8   remedy is the sole remedy available to the employee for enforcement of whatever rights he may

9   have under the FLSA.");  Williamson v. General Dynamics Corp., 208 F.3d 1144, 1154 (9th Cir.

10  2000) (overtime claims directly covered by the FLSA must be brought under the FLSA).

11          As in Anderson, Plaintiff's UCL claims are based, in whole or in part, on alleged violations

12  of the FLSA's overtime provisions, yet they seek to utilize the more generous state law remedial

13  provisions of the UCL for purposes of recovery, including a longer four-year statute of limitations

14  (as opposed to the two or three years under the FLSA).  Congress intended the FLSA's extensive

15  enforcement and remedial scheme to operate *exclusively* where an FLSA violation is claimed.

16  Therefore, Plaintiff's *First* Cause of Action, which is based *entirely* on a violation of the FLSA, is

17  *completely preempted* and, on that basis as well, Defendant is entitled to summary judgment as a

18  matter of law on that claim.  Plaintiff's *Second* and *Fourth* Causes of Action, which incorporate

19  the FLSA violation allegations of the First Cause of Action, are based *in part* on a violation of the

20  FLSA, are *to that extent preempted* and, on that basis, Defendant is entitled to partial summary

21  judgment as a matter of law on those claims if the Court does not grant full summary judgment on

22  the grounds previously asserted in this motion.

23          **F.      The Tenth Cause Of Action For Declaratory Relief Fails As A Matter Of Law.**

24          Plaintiff's Tenth Cause of Action for declaratory relief is brought solely on Plaintiff's

25  behalf and asserts that "[a]n *actual controversy* has arisen and continues to exist between plaintiff

26  and defendant concerning whether defendant's business qualifies as a 'retail or service

27  establishment' **under the FLSA**."  (Complaint, ¶ 57) (emphasis added).  However, there is in fact

28  *no* "actual controversy" between Plaintiff and Defendant on which this Court can or should grant

1    declaratory relief.

2        Once this action was removed to federal court, the adjudication of Plaintiff's declaratory

3    relief claim became governed by the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

4    Golden Eagle Ins. Co. v. Travelers Co., 103 F.3d 750, 755 (9th Cir. 1996) (declaratory relief action

5    filed in state court was governed by DJA upon removal to federal court), overruled on other

6    grounds, Gov't. Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998); see also Lopez v.

7    GMAC Mortgage Corp., 2007 WL 3232448, *2 (N.D. Cal. 2007) (Wilken, J.) ("once a case is

8    removed to federal court, whether to grant declaratory relief becomes a procedural matter

9    implicating the Declaratory Judgment Act.")

10        Under the DJA, a federal court is authorized to "declare the rights and other legal relations"

11    of parties to "a case of *actual controversy*."   28 U.S.C. § 2201 (emphasis added); see also

12    Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986).   Further, this "actual

13    controversy" requirement is the same as the "case or controversy" requirement of Article III of the

14    United States Constitution.   American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1993).

15        The applicable limitations period governing a claim under the DJA is determined by "the

16    basic nature of the suit in which the issues involved would have been litigated if the [DJA] had not

17    been adopted."   118 East 60th Owners, Inc. v. Bonner Properties, 677 F.2d 200, 202 (2d Cir.

18    1982); see also Sumaron v. Int'l. Longshoremen's and Warehousemen's Union, 450 F.Supp. 1026,

19    1028 (C.D. Cal. 1978).

20        In this case, Plaintiff seeks a declaration of the Court's interpretation of a provision of the

21    FLSA as applied to Defendant.   As discussed earlier, the FLSA provides for either a two-year or

22    three-year statute of limitations.   See 29 U.S.C. § 255(a).   Where a party's underlying legal claim

23    would already be *time-barred*, the declaratory relief claim should be dismissed.   As the Ninth

24    Circuit has put it:

25        To prevent plaintiffs from making a mockery of the statute of
        limitations by the simple expedient of creative labeling – styling an
26        action as one for declaratory relief rather than for damages – ***courts
        must necessarily focus upon the substance of an asserted claim as
27        opposed to its form***.   It is settled, therefore, that where legal and
        equitable claims coexist, ***equitable remedies will be withheld if an
28        applicable statute of limitations bars the concurrent legal remedy***.

Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 688 (9th Cir. 1993) (emphasis added).  In

Levald, the court also held that if "a claim for declaratory relief could have been resolved through

another form of action which has a specific limitations period, the specific period of time will

govern."  Id. (citation omitted); see also 118 East 60th Owners, Inc., supra, 677 F.2d at 202 ("Since

the plaintiff has acknowledged that his claims for affirmative relief are time-barred, he likewise

can secure no declaration of entitlement to such relief."); Sumaron, supra, 450 F.Supp. at 1028

(where DJA claim was not filed until after the applicable limitations period, declaratory relief

claim was deemed time-barred and summary judgment was granted to defendant).

Additionally, because any FLSA claim by Plaintiff is *time-barred* and any UCL claim

based on the FLSA is precluded by that *absolute bar to relief*, the declaration Plaintiff seeks about

whether Defendant qualifies as a "retail or service establishment" under the FLSA is wholly

*unnecessary*.  In other words, because Plaintiff cannot bring any FLSA claims, **there is no**

**controversy** between the parties that merit a declaration of this Court.  See Powell v. McCormack,

395 U.S. 486, 497 (1969) (declaratory relief is not available where "the issues presented are no

longer 'live' or the parties lack a **legally cognizable interest** in the outcome.") (emphasis added).

Lastly, Plaintiff is no longer employed by GreenPoint Mortgage, which has ceased all

residential mortgage origination operations.  Therefore, because the conduct alleged by Plaintiff

cannot possibly reoccur, declaratory relief is not proper.  See Osborne v. County of Riverside, 385

F.Supp.2d 1048, 1055-56 (C.D. Cal. 2005) (plaintiff lacks standing on declaratory relief claim

involving only past wrongs and plaintiff will not be subject to the same or similar injury in the

future); see also RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056-57 (9th Cir. 1999)

(party lacked standing to obtain declaratory relief where defendant was no longer in business and

thus no longer subject to the statute at issue).

For these reasons, Plaintiff's Tenth Cause of Action is time-barred and fails to state a claim

upon which relief can be granted, and Plaintiff lacks standing to bring such a claim.  Therefore,

Defendant is entitled to summary judgment as a matter of law on this claim.

1  **G.    Plaintiff Lacks Article III Standing To Bring All Of The Purported Claims,**

2  **Both Individually And As A Class Action.**

3     Article III, Section 2, of the United States Constitution limits the power of the federal

4  courts to determine only those matters involving an actual case or controversy; i.e., where the

5  Plaintiff has standing to sue.   The constitutional concept of standing is "an essential and

6  unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of

7  Wildlife, 504 U.S. 555, 560-61 (1992) (to establish standing, a party must show injury in fact,

8  causation, and redressability).  Standing to sue in federal court is governed by federal law, even in

9  actions removed from state court. Fiedler v. Clark, 714 F.2d 77, 79-80 (9th Cir. 1983).  Whether a

10  party has standing to sue is determined by assessing the particular claims presented by that party,

11  including "whether the *particular plaintiff* is entitled to an adjudication of the *particular claims*

12  *asserted*." Allen v. Wright, 468 U.S. 737, 752 (1984) (emphasis added).  Furthermore, a plaintiff

13  must *separately demonstrate standing for each form of relief sought*, including damages, penalties,

14  and equitable relief.  Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S.

15  167 (2000).

16     Because constitutional standing requirements mandate that a plaintiff suffer an "injury in

17  fact," *a plaintiff with no actual injury lacks Article III standing to pursue a class action*.  As the

18  United States Supreme Court has stated, "if none of the named plaintiffs purporting to represent a

19  class establishes a requisite of a case or controversy with the defendants, *none may seek relief on*

20  *behalf of himself or any other member of the class*." O'Shea v. Littleton, 414 U.S. 488, 494 (1974)

21  (emphasis added).  In Lierboe v. State Farm Mutual Automobile Ins. Co., 350 F.3d 1018, 1022 (9th

22  Cir. 2003), the Ninth Circuit *vacated class certification* and *dismissed the action in its entirety*

23  where the *sole named plaintiff* had *no claim or injury* under the state law claim (an insurance

24  statute) on which the class action was based.  The Ninth Circuit held that "standing is the threshold

25  issue in any suit.  If the individual plaintiff lacks standing, the court need *never reach the class*

26  *action issue*." Lierboe, supra, 350 F.3d at 1022 (citations omitted and emphasis added).

27     Indeed, even before the passage of Prop. 64, constitutional standing requirements have

28  prohibited plaintiffs without any individualized injury from pursuing representative actions under

1  the UCL brought on behalf of the "general public." See Hangarter v. Provident Life and Accident

2  Ins. Co., 373 F.3d 998, 1021-22 (9th Cir. 2004) (plaintiff who had no individualized injury lacked

3  Article III standing to pursue relief for other parties under the UCL); Lee v. American Nat. Ins.

4  Co., 260 F.3d 997, 1001-02 (9th Cir. 2001) (plaintiff who did not buy insurance policy from

5  defendant lacked constitutional standing to proceed with UCL claim in federal court).

6     In this case, as already discussed extensively above, *all* of Plaintiff's claims are time-

7  barred, fail to state a claim upon which relief can be granted, and/or are preempted by the FLSA.

8  As such, Plaintiff has *not* suffered any actionable "injury" and *all* of her claims are *not* legally

9  cognizable, justiciable by the courts, or capable of redress as a matter of law.  See, e.g., Admiralty

10  Fund, supra, 143 Cal.App.3d at 386; McGee, supra, 97 Cal.App.3d at 804; Quiroz, supra, 140

11  Cal.App.4th 1256; Sanchez, supra, 18 Cal.3d 93; Vaccine Cases, supra, 134 Cal.App.4th at 458-59;

12  Violante, supra, 138 Cal.App.4th at 980; Anderson, supra, 2007 WL 4098229; Levald, supra, 998

13  F.2d at 688; Powell, supra, 395 U.S. at 497.  Therefore, Plaintiff *lacks standing*, both as an

14  individual and as a class representative, to bring *all* of the claims asserted and Defendant is

15  entitled to summary judgment as a matter of law.

16  **VII.**  **CONCLUSION.**

17     For all of the foregoing reasons, the Court should grant (I) summary judgment, or in the

18  alternative partial summary judgment, in Defendant's favor as to each of Plaintiff's claims, and (II)

19  leave to amend Defendant's Answer as set forth in Exhibit C attached hereto.

20

21  DATED: December 3, 2007       McGuireWoods LLP

22

23         By:   /s/ Matthew C. Kane

24           Matthew C. Kane, Esq.
         Michelle R. Walker, Esq.

25           Sabrina A. Beldner, Esq.
         Attorneys for Defendant

26           GREENPOINT MORTGAGE, a division of
         GREENPOINT FINANCIAL CORP.

27

28

**DECLARATION OF PENNY DEFRANK**

I, PENNY DEFRANK, declare as follows:

1.     I am over 18 years of age.  Based on my personal knowledge and the business records of GreenPoint Mortgage, I have knowledge of the facts and matters set forth in this declaration and could and would testify competently and truthfully to the same if called as a witness and placed under oath.

2.     I make this declaration in support of Defendant GreenPoint Mortgage, a division of Greenpoint Financial Corp.'s Motion for (I) Summary Judgment or Partial Summary Judgment and (II) Leave to Amend Answer.

3.     I am the Vice-President and Associate Relations Manager of GreenPoint Mortgage. In that position, I am and have been responsible for employee relations/human resources matters involving GreenPoint Mortgage employees, including the administration of workforce reductions. I have custody and control of the business records of GreenPoint Mortgage as they relate to such responsibilities, matters, and activities.  I know and have personal knowledge of the duties and responsibilities of GreenPoint Mortgage's employees and the record keeping methods used by GreenPoint Mortgage's employees who, in addition to me, are responsible for compiling and maintaining the business records as they relate to such responsibilities, matters, and activities.

4.     I have reviewed the business records of GreenPoint Mortgage referred to in this declaration, which are prepared and maintained by me or the employees of GreenPoint Mortgage who have a business duty to do so, and such records are kept in the ordinary course of GreenPoint Mortgage's business.  The entries made in such business records were made at or near the time of the occurrence of the events recorded in such records.  In addition, the business records are in all instances kept in a safe and secure location.

5.     In the normal course of my duties, I have access to and regularly review the personnel records and files relating to GreenPoint Mortgage's current and former employees.  I have in fact reviewed the personnel records and files related to Plaintiff Jana Lawler a/k/a Jana Lawlor's ("Plaintiff") employment with GreenPoint Mortgage.

26

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

6.      Plaintiff is a former employee of GreenPoint Mortgage.  On January 27, 2004, Plaintiff submitted her written resignation letter to GreenPoint Mortgage stating she was resigning from her position as a residential mortgage underwriter effective immediately.  GreenPoint Mortgage's personnel records and files reflect and confirm that Plaintiff's employment with GreenPoint Mortgage did in fact terminate on January 27, 2004, which was in fact the last date Plaintiff worked for GreenPoint Mortgage.

7.      In conjunction with our enterprise human resources team, I am responsible for administering the layoffs of GreenPoint Mortgage's employees in connection with its shutdown announced on August 20, 2007.  Effective August 20, 2007, GreenPoint Mortgage ceased accepting new residential mortgage loan applications.

8.      On September 28, 2007, in connection with the announced shutdown, all GreenPoint Mortgage senior underwriters, underwriters, and underwriter trainees who worked in the residential mortgage division were released from performing their job duties at GreenPoint Mortgage to serve out their 60-day notice period pursuant to the Worker Adjustment and Retraining Act, 29 U.S.C. § 2101 et seq. ("WARN Act").  All such GreenPoint Mortgage employees were officially laid off and their employment with GreenPoint Mortgage was terminated on November 28, 2007.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 3, 2007, at Novato, California.


    _____
          /s/ Penny DeFrank
         PENNY DEFRANK

27

**DEFENDANT'S MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1

## DECLARATION OF MATTHEW C. KANE

2

3          I, MATTHEW C. KANE, declare as follows:

4          1.      I am an attorney at law duly authorized and admitted to practice before this court

5   and the courts of the State of California.  I am a partner in the law firm of McGuireWoods LLP,

6   counsel of record for Defendant GreenPoint Mortgage, a division of Greenpoint Financial Corp.

7   ("Defendant"), in this action.  I am over 18 years of age.  I have personal knowledge of the facts

8   and matters set forth in this declaration and could and would testify competently and truthfully to

9   the same if called as a witness and placed under oath.

10         2.      I make this declaration is support of Defendant's Motion for Summary Judgment or

11  Alternatively for Partial Summary Judgment and for Leave to Amend Answer.

12         3.      Attached hereto as Exhibit A is a true and correct copy of Plantiff Jana Lawler's

13  Complaint originally filed in the Superior Court of the State of California in and for the County of

14  Marin (the "State Court") on July 18, 2007.  A copy of this Complaint is also attached as Exhibit

15  A to Defendant's Notice of Removal filed with this Court on August 24, 2007.

16         4.      Attached hereto as Exhibit B is a true and correct copy of Defendant's Answer to

17  Plaintiff's Complaint originally filed in the State Court on August 23, 2007.  A copy of this

18  Answer is also attached as Exhibit D to Defendant's Notice of Removal filed with this Court on

19  August 24, 2007.

20         5.      Attached hereto as Exhibit C is Defendant's proposed Amendment to Answer to

21  Add Sixty-Ninth Affirmative or Other Defense Regarding FLSA Preemption.

22         6.      I hereby attest that I have on file all holograph signatures for any signatures

23  indicated by a "conformed" signature (/S/) within this e-filed document.

24         I declare under penalty of perjury under the laws of the United States of America that the

25  foregoing is true and correct.

26         Executed on December 3, 2007, at Los Angeles, California.

27                      /s/ Matthew C. Kane
                        MATTHEW C. KANE

28

4830247.4

28