# EXHIBIT A

H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700

Newman Strawbridge, SBN 171360
**CRAWFORD & STRAWBRIDGE**
719 Orchard Street
Santa Rosa, CA 95404
Telephone:   (707) 523-3377

Attorneys for Plaintiffs

FILED

JUL 18 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: N. Johnson, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF MARIN

JANA LAWLER, individual, on behalf of
herself and all others similarly situated,

                     Plaintiffs,

v.

GREENPOINT MORTGAGE, a division
of GREENPOINT FINANCIAL CORP.,
and DOES 1 through 100,

                     Defendants.

CASE NO. CV073375

**CLASS ACTION COMPLAINT FOR:**

1. Restitution of Overtime Wages (B&P 17200)
2. Recovery of Overtime Wages (Labor Code 1194).
3. Waiting Time Penalties (Labor Code 203)
4. Rest and Meal Breaks (Labor Code 226.7)
5. Wage Penalties (Labor Code 210 and 226.3)
6. Declaratory Relief

Comes now Plaintiff JANA LAWLER (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, and alleges:

**General Allegations**

1.    Plaintiff JANA LAWLER is an individual residing in the State of California.

COMPLAINT                                    1

SUMMONS ISSUED
ORIGINAL

EXHIBIT A-17

1    2.    Defendant GREENPOINT MORTGAGE, a division of GREENPOINT

2    FINANCIAL CORP., is a mortgage lender who does business in California.

3    3.    Plaintiff is unaware of the names and capacities of those defendants sued as

4    DOES 1 through 50 but will amend this complaint when that information becomes known.

5    
6    Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the

7    defendants, including the DOE defendants, was the officer, director, employee, agent,

8    representative, alter ego or co-conspirator of each of the other defendants, and in engaging in the

9    conduct alleged herein, was acting in the course and scope of, and in furtherance of, such

10   relationship.  Unless otherwise specified, plaintiff will refer to all defendants collectively as

11   
12   "defendant" and each allegation pertains to each defendant.

13                              CLASS ACTION ALLEGATIONS

14   4.    Class Definition: Plaintiff worked for defendant as an underwriter, responsible for

15   reviewing home mortgage loan applications from consumers.  Plaintiff seeks to bring this lawsuit

16   as a class action pursuant to Code of Civil Procedure section 382.   The class that plaintiff seeks

17   
18   to represent is defined as follows: "All individuals who were employed by defendant in the

19   position of underwriter, senior underwriter, underwriter trainee, and/or any similar position that

20   is responsible for reviewing home mortgages to consumers ('Covered Position'), within the State

21   of California during the applicable limitations period."

22   A.    "Subclass A" consists of all class members who, while working in a

23   Covered Position in California during the applicable limitations period, did not receive a "salary"

24   
25   of at least $455 per week (or $155 per week before August 23, 2004).  "Salary" means a

26   predetermined amount of wages each pay period without reduction due to the quantity or quality

27   of the employee's work.  A "commission" is not a salary.

28   

COMPLAINT                                2

B.      "Subclass B" consists of all class members who, while working in a Covered Position in California during the applicable limitations period, received a salary of less than twice the California minimum wage and either (1) had total earnings that were less than 1.5 times the California minimum wage, or (2) less than half of their earnings represented commissions.

C.      "Subclass C" consists of all class members who, while working in a Covered Position in California during the applicable limitations period, were paid a salary of at least twice the minimum wage.

D.      "Subclass D" consists of all members of Subclass A, Subclass B and/or Subclass C who, as of the date that this lawsuit was filed, were no longer employed by defendant.

5.      <u>Ascertainable Class</u>. The proposed class and each subclass are ascertainable in that their members can be identified and located using information contained in defendant's payroll and personnel records.

6.      <u>Common Questions of Fact and Law</u>. This lawsuit is suitable for class treatment because common questions of fact and law predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether the class members qualify for exempt status under the administrative exemption; (2) whether defendant's business qualifies as a "retail or service establishment"; (3) the extent to which defendant analyzed the duties and responsibilities of the class members before classifying them as exempt; (4) the number of hours per week and per day class members are expected to work; (5) defendant's expectations as to the duties and responsibilities of the class members, and whether these expectations are reasonable under the circumstances; (6) whether the various tasks performed by the class members qualify as exempt or non-exempt tasks; and (7) whether defendant's withholding of overtime pay and deduction from wages was willful under the meaning of Labor Code section 203.

COMPLAINT                                              3

7.    Numerosity. The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to plaintiff at this time, plaintiff is informed and believes that the entire class consists of at least 100 members, and that each subclass is so numerous that joinder of the members would be impracticable.

8.    Typicality and Adequacy. Plaintiff's claims are typical of the claims of the class members. Plaintiff suffered an injury similar to that of the other class members as a result of defendant's common practices regarding the payment of wages. In addition, plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has no interests that are adverse to the interests of the other class members.

9.    Superiority. A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the availability of fewer remedies, and the fact that the losing party has the right to a trial de novo in the Superior Court.

COMPLAINT                                              4

## FIRST CAUSE OF ACTION

### (Restitution of Overtime Wages - On Behalf of Subclass A)

10.  Plaintiff incorporates the allegations contained in paragraphs 1 through 9.

11.  The Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA"), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week. This court has concurrent jurisdiction over claims involving the FLSA pursuant to 29 U.S.C. section 216(b).

12.  Subclass A members regularly work more than 40 hours per week, but are not paid overtime. Subclass A members are not "exempt" under the FLSA, because *inter alia,* they are not paid a salary of at least $455 per week (or $155 per week prior to August 23, 2004), and defendant's business does not qualify as a "retail or service establishment" under 29 U.S.C. section 207(I) and 29 C.F.R. sections 779.316 and 779.317.

13.  Defendant has committed an act of unfair competition by not paying the required overtime pay to members of Subclass A.

14.  Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass A, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

### (Restitution of Overtime Wages - On Behalf of Subclass B)

15.  Plaintiff incorporates the allegations contained in paragraphs 1 through 14.

16.  Wage Order 4-2001, 8 C.C.R. section 11040, which applies to defendant's business, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day.

COMPLAINT                                        5

17.    Subclass B members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime. Subclass B members are not exempt because, *inter alia*, they are not paid a monthly salary equivalent to at least twice the minimum wage and they do not qualify for the commissioned sales exemption under Wage Order 4-2001, section 3(D).

18.    Defendant has committed an act of unfair competition by not paying the required overtime pay to the members of Subclass B.

19.    Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass B, in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

(Labor Code section 1194 - On Behalf of Subclass B)

20.    Plaintiff incorporates the allegations contained in paragraphs 1 through 19.

21.    Pursuant to California Labor Code section 1194, plaintiff and the Subclass B members are entitled to recover their unpaid overtime compensation, plus attorneys' fees and costs, in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

(Restitution of Overtime Wages - On Behalf of Subclass C)

22.    Plaintiff incorporates the allegations contained in paragraphs 1 through 21.

23.    Subclass C members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime. Subclass C members are not exempt because, *inter alia*, they are production workers, they do not spend the majority of their time on exempt tasks, and they do not customarily and regularly exercise discretion and independent judgment in matters of consequence to defendant's business.

COMPLAINT                                    6

24.    Defendant has committed an act of unfair competition by not paying the required overtime pay to the members of Subclass C.

25.    Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass C, in an amount to be proved at trial.

FIFTH CAUSE OF ACTION

(Labor Code section 1194 - On Behalf of Subclass C)

26.    Plaintiff incorporates the allegations contained in paragraphs 1 through 25.

27.    Pursuant to California Labor Code section 1194, plaintiff and the Subclass C members are entitled to recover their unpaid overtime compensation, plus attorneys' fees and costs, in an amount to be proved at trial.

SIXTH CAUSE OF ACTION

(Labor Code Section 203 - Waiting Time Penalties - By and on Behalf of Subclass D)

28.    Plaintiff incorporates the allegations contained in paragraphs 1 through 27.

29.    Defendant willfully and intentionally failed to pay plaintiff and the other Subclass D members all of the wages that they were due by the deadlines imposed under Labor Code sections 201 and 202. Accordingly, plaintiff and the Subclass D members are entitled to waiting time penalties of up to 30 days' pay, in an amount to be proved at trial.

SEVENTH CAUSE OF ACTION

(Labor Code § 2699(a) - PAGA - and Labor Code § 226.7 - Rest and Meal Breaks - By and On Behalf of Subclasses A, B and C)

30.    Plaintiff incorporates the allegations contained in paragraphs 1 through 29.

31.    California Labor Code section 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

COMPLAINT                                    7

1   Notwithstanding any other provision of law, any provision of this code that
    provides for a civil penalty to be assessed and collected by the Labor and
2   Workforce Development Agency or any of its departments, divisions,
    commissions, boards, agencies, or employees, for a violation of this code, may, as
3   an alternative, be recovered through a civil action brought by an aggrieved
    employee on behalf of himself or herself and other current or former employees.
4

5       32.     Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code

6   Private Attorneys General Act of 2004 because she is a person who was employed by the alleged

7   violator and against whom one or more of the alleged violations was committed.

8       33.     Plaintiff therefore brings this action on behalf of herself and all other current

9   and former employees.

10      34.     Plaintiff has complied with the notice provisions of Labor Code section

11  2699.3.

12      35.     Defendant failed to provide the members of subclasses A, B and C with all of

13  their required rest and meal breaks. As a result, under Labor Code section 226.7, plaintiff and

14  the members of Subclasses A, B and C are entitled to one additional hour's pay of each day that

15  a rest or meal break was missed, in an amount to be proved at trial.

16

17                          EIGHTH CAUSE OF ACTION

18  (Labor Code § 2699(a) - PAGA - and Labor Code §§ 204 and 210 - Accurate Wages - By and
                        On Behalf of Subclasses A, B and C)

19

20      36.     Plaintiff incorporates the allegations contained in paragraphs 1 through 35.

21      37.     California Labor Code section 2699(a), also known as the Labor Code Private

22  Attorneys General Act of 2004, states:

23
    Notwithstanding any other provision of law, any provision of this code that provides
24  for a civil penalty to be assessed and collected by the Labor and Workforce
    Development Agency or any of its departments, divisions, commissions, boards,
25  agencies, or employees, for a violation of this code, may, as an alternative, be
    recovered through a civil action brought by an aggrieved employee on behalf of
26  himself or herself and other current or former employees.

27      38.     Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code

28  Private Attorneys General Act of 2004 because she is a person who was employed by the alleged

COMPLAINT                           8

violator and against whom one or more of the alleged violations was committed.

39.     Plaintiff therefore brings this action on behalf of herself and all other current and former employees.

40.     Plaintiff has complied with the notice provisions of Labor Code section 2699.3.

41.     Labor Code sections 204 and 210 require accurate payment of wages.

42.     By the conduct alleged above, Defendant has failed to accurately pay wages, and therefore the penalty provisions of Labor Code § 210 apply.

43.     The civil penalties provided for in these sections are in addition to any other civil or criminal penalty provided by law.

44.     Therefore, Plaintiff demands penalties under the Labor Code Private Attorneys General Act of 2004 in the amounts specified in Labor Code § 210.

45.     Furthermore, Plaintiff demands penalties under §2699(f) for violations of the Labor Code for which there are no prescribed civil penalties.

## NINTH CAUSE OF ACTION

(Labor Code § 2699(a) - PAGA - and Labor Code §§ 226 and 226.3 - Accurate Pay Stubs - By and On Behalf of Subclasses A, B and C)

46.     Plaintiff incorporates the allegations contained in paragraphs 1 through 45.

47.     California Labor Code section 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

48.     Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because she is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

COMPLAINT                                        9

49.     Plaintiff therefore brings this action on behalf of herself and all other current and former employees.

50.     Plaintiff has complied with the notice provisions of Labor Code section 2699.3.

51.     Labor Code sections 226 and 226.3 require accurate pay stubs.

52.     By the conduct alleged above, Defendant has failed to provide accurate pay stubs, and therefore the penalty provisions of Labor Code § 226.3 apply.

53.     The civil penalties provided for in these sections are in addition to any other civil or criminal penalty provided by law.

54.     Therefore, Plaintiff demands penalties under the Labor Code Private Attorneys General Act of 2004 in the amounts specified in Labor Code § 226.3.

55.     Furthermore, Plaintiff demands penalties under §2699(f) for violations of the Labor Code for which there are no prescribed civil penalties.

## TENTH CAUSE OF ACTION

### (Declaratory Relief By Plaintiff Only)

56.     Plaintiff incorporates the allegations contained in paragraphs 1 through 55.

57.     An actual controversy has arisen and continues to exist between plaintiff and defendant concerning whether defendant's business qualifies as a "retail or service establishment" under the FLSA. Plaintiff contends that defendant's business is not a "retail or service establishment," whereas defendant contends that it is.

58.     A judicial declaration is necessary and proper at this time to resolve this actual controversy between plaintiff and defendant and to establish the respective rights and duties of the parties.

## PRAYER

WHEREFORE, plaintiff prays for a judgment against each defendant, jointly and severally, as follows:

1.      For compensatory damages according to proof;

2.      For declaratory judgment as prayed for in the complaint;

COMPLAINT

10

EXHIBIT A-26

3.     For an order requiring defendant to make restitution of all wages, including overtime wages, that were illegally withheld;

4.     For interest according to proof;

5.     For penalties as alleged herein;

6.     For reasonable attorneys' fees; and

7.     For such other relief that the Court deems just and proper.

Dated: July 13, 2007

HOFFMAN & LAZEAR

By: _____
H. TIM HOFFMAN
Attorneys for Plaintiff

COMPLAINT                                    11