# EXHIBIT B

08/23/2007 12:06 FAX 310 315 8210        McGUIREWOODS LLP                    ☒002/016

**FILED**

AUG 23 2007

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

1  McGuireWoods LLP
   Matthew C. Kane, Esq.        (SBN 171829)
2  Michelle R. Walker, Esq.     (SBN 167375)
   Colleen M. Regan, Esq.       (SBN 120284)
3  1800 Century Park East, 8th Floor
   Los Angeles, California 90067
4  Telephone: (310) 315-8200
   Facsimile: (310) 315-8210
5
   Attorneys for Defendant,
6  GREENPOINT MORTGAGE, a division of
   GREENPOINT FINANCIAL CORP.
7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF MARIN

**BY FAX**

10

11 | JANA LAWLER, individual, on behalf of     | CASE NO. CV 073375
   | herself and all others similarly situated, |
12 |                                            | ANSWER OF DEFENDANT
   |         Plaintiffs,                        | GREENPOINT MORTGAGE, A
13 |                                            | DIVISION OF GREENPOINT
   |    vs.                                     | FINANCIAL CORP., TO PLAINTIFF'S
14 |                                            | COMPLAINT
   | GREENPOINT MORTGAGE, a division of         |
15 | GREEPNPOINT FINANCIAL CORP., and           |
   | DOES 1 through 100,                        | Complaint Filed:   July 18, 2007
16 |                                            | Discovery Cutoff:  n/a
   |         Defendants.                        | Motion Cutoff:     n/a
17 |                                            | Trial Date:        n/a

18
19
20
21
22
23
24
25
26
27
28

4713262.3

Defendant GreenPoint Financial Corp.'s Answer to Plaintiff's Complaint

10221119.tif - 8/23/2007 12:07:22 PM

Defendant GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP. ("GPFC" or "Defendant"), hereby answers, for itself and no other Defendant,[1] the Complaint ("Complaint") filed by Plaintiff JANA LAWLER ("Plaintiff"), on behalf of herself and all others similarly situated, against GPFC, as follows:

## GENERAL DENIAL

In accordance with the provisions of Code of Civil Procedure § 431.30(d), this answering Defendant denies, generally and specifically, each, every and all allegations, statements, matters and purported causes of action contained in the Complaint, and the whole thereof, and without limiting the generality of the foregoing, denies, generally and specifically, that this answering Defendant has engaged in any wrongful act or omission with respect to Plaintiff and the putative class members she purports to represent, or that Plaintiff and the putative class members she purports to represent have been damaged or injured in the manner or sums alleged, or in any way at all, as the result of any alleged wrongful act or omission on the part of this answering Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, this answering Defendant separately alleges that each of the following are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:

### FIRST AFFIRMATIVE OR OTHER DEFENSE

1.   The Complaint and each and every purported cause of action alleged therein fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE OR OTHER DEFENSE

2   The Complaint and each and every purported cause of action alleged therein is barred in whole or part by all applicable statutes of limitations, including but not limited to

---

[1] GPFC no longer exists as a separate and distinct legal entity. As a result and by operation of various corporate mergers involving GPFC and its successors-by-merger, Capital One Financial Corporation was at the time of the filing of this action, and remains, the successor-by-merger of GPFC.

California Code of Civil Procedure §§ 203, 338, 340, and/or 343, and California Business and Professions Code § 17208.

**THIRD AFFIRMATIVE OR OTHER DEFENSE**

3. Without admitting the existence of any duties or obligations as alleged in the Complaint, any such duties or obligations which Plaintiff and the putative class members she purports to represent claim are owed by this answering Defendant have been fully performed, satisfied, and/or discharged.

**FOURTH AFFIRMATIVE OR OTHER DEFENSE**

4. Plaintiff and the putative class members she purports to represent failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, are barred from recovering any damages or any damages awarded to them should be reduced accordingly.

**FIFTH AFFIRMATIVE OR OTHER DEFENSE**

5. If Plaintiff and the putative class members she purports to represent suffered any harm/damages (if any were in fact suffered, which is expressly denied), said harm/damages was proximately caused by the acts of third parties that are not affiliated in any way with this answering Defendant.

**SIXTH AFFIRMATIVE OR OTHER DEFENSE**

6. If Plaintiff and the putative class members she purports to represent suffered any harm/damages (if any were in fact suffered, which is expressly denied), said harm/damages was proximately caused by their own acts.

**SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

7. The Complaint and each and every purported cause of action alleged therein is barred by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

8. The Complaint and each and every purported cause of action alleged therein is barred by the doctrine of waiver.

### NINTH AFFIRMATIVE OR OTHER DEFENSE

9. The Complaint and each and every purported cause of action alleged therein is barred by the doctrine of laches.

### TENTH AFFIRMATIVE OR OTHER DEFENSE

10. The Complaint and each and every purported cause of action alleged therein is barred by the doctrine of consent.

### ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

11. The Complaint and each and every purported cause of action alleged therein is barred by the doctrine of "unclean hands."

### TWELFTH AFFIRMATIVE OR OTHER DEFENSE

12. The business practices alleged in the Complaint are not "unfair" as that term is defined or utilized in California Bus. & Prof. Code § 17200.

### THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

13. This answering Defendant acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to it.

### FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

14. Although this answering Defendant generally and specifically denies that it owes any amounts to Plaintiff and the putative class members she purports to represent, if it should be determined that any amounts are owed, Defendant alleges that at all times relevant herein reasonable, good faith disputes existed as to whether any such amounts were owed.

### FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

15. Plaintiff's Complaint is barred in whole or in part because Plaintiff and the putative class members she purports to represent failed to exhaust their administrative remedies under California Labor Code §§ 96-98.2.

### SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

16. Any recovery on Plaintiff's Complaint with respect to the allegations for failure to pay overtime and/or allow meal and rest breaks is barred because, based on the hours worked, Plaintiff and the putative class members she purports to represent were not entitled to overtime

compensation and/or were in fact permitted to take meal or rest breaks under the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission and/or other applicable law.

### SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

17. Plaintiff's claims and those of the putative class members she purports to represent are barred and/or recovery is precluded, in whole or in part, because this answering Defendant's conduct was not willful.

### EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

18. Plaintiff's claims and those of the putative class members she purports to represent for waiting time penalties under California Labor Code § 203 are barred, in whole or in part, because this answering Defendant's conduct was not willful.

### NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

19. The Complaint, and each purported cause of action alleged therein, fails to state a claim for attorneys' fees against this answering Defendant.

### TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

20. Plaintiff's claims and those of the putative class members she purports to represent are barred, in whole or in part, because they lack standing, including, without limitation, they have not suffered any injury in fact and have not lost money or property, and/or they are former employees.

### TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

21. Without admitting the allegations of the Complaint, this answering Defendant alleges Plaintiff's Complaint is barred, in whole or in part, because the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, this answering Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

### TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

22. Plaintiff and the putative class members she purports to represent are not entitled to any equitable or injunctive relief as prayed for in the Complaint because they have not suffered

1  and are not likely to suffer in the future any irreparable injury based on any alleged conduct of this
2  answering Defendant, they are former employees, and/or they have an adequate remedy at law for
3  any such conduct.

### TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

23. Any monetary damages claims under California Business and Professions Code §§ 17000 et seq. and 17200 et seq. are barred in their entirety by those statutes and other applicable legal authority.

### TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

24. Plaintiff's claims and those of the putative class members she purports to represent are barred, in whole or in part, because this answering Defendant's business practices are not and were not "unlawful" in that it complied with all applicable statutes and regulations in the payment of wages to them and in providing them with meal and rest breaks.

### TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

25. This answering Defendant's actions were for legitimate business reasons and were not based upon a violation of public policy or other factors protected by law.

### TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

26. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because this answering Defendant's conduct was at all times privileged, undertaken in good faith and/or justified under California and/or federal law, and for legitimate business reasons.

### TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

27. This answering Defendant is entitled to an offset for any monies received by Plaintiff and the putative class members she purports to represent from any source in compensation for their alleged economic and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under Witt v. Jackson, 57 Cal.2d 57 (1961), and its progeny.

### TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

28. The liability of this answering Defendant, if any, for any non-economic damages

claimed by Plaintiff and the putative class members she purports to represent is limited by Californian Civil Code § 1431.1 et seq.

### TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

29. The court should or must abstain from adjudicating the claims alleged in Plaintiff's Complaint under the primary jurisdiction doctrine.

### THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

30. Any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code §§ 2854 and 2856 in that Plaintiff and the putative class members she purports to represent failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

### THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

31. Plaintiff has not satisfied and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and/or California Code of Civil Procedure § 382, whichever may be applicable.

### THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

32. This case is not appropriate for class certification because Plaintiff is not able to fairly and adequately represent and protect the interests of all of the putative class members she purports to represent.

### THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

33. This case is not appropriate for class certification because the liability issues raised by the Complaint require a detailed, fact-specific and individualized inquiry that must be decided employee-by-employee for each and every work day and/or work week.

### THIRTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

34. This case is not appropriate for class certification because Plaintiff's claims are not typical of the claims of the alleged putative class members she purports to represent, and Plaintiff is not an adequate representative of the alleged putative class members.

## THIRTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

35. This case is not appropriate for class certification because the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiff and the putative class members she purports to represent.

## THIRTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

36. This case is not appropriate for class certification because a far speedier administrative remedy before the California State Labor Commissioner is available to Plaintiff and the putative class members she purports to represent, and thus class treatment is not the superior method for resolving the alleged claims.

## THIRTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

37. This case is not appropriate for class certification because each putative class Plaintiff seeks to have certified is not so large that joinder of the individual members would be impractical.

## THIRTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

38. If the alleged unlawful policies did exist, which this answering Defendant disputes, Plaintiff's claims and those of the putative class members she purports to represent are barred in that they have failed to fulfill conditions precedent to the enforcement of such alleged policies.

## THIRTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

39. If the alleged unlawful policies did exist, which this answering Defendant disputes, they were modified.

## FORTIETH AFFIRMATIVE OR OTHER DEFENSE

40. If the alleged unlawful policies did exist, which this answering Defendant disputes, they were terminated.

## FORTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

41. This answering Defendant's actions with reference to Plaintiff and the putative class members she purports to represent were taken in the good faith exercise of its professional judgment, with the honest, reasonable belief that such actions and conduct were warranted by the facts and circumstances known to it at the time.

**FORTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

42. If the alleged unlawful policies did exist, which this answering Defendant disputes, Plaintiff's claims and those of the putative class members she purports to represent are barred because the alleged policies are too vague and ambiguous to be enforceable.

**FORTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

43. This answering Defendant is entitled to a setoff for amounts Plaintiffs and the putative class members she purports to represent owe it for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

**FORTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

44. The claims of Plaintiff and the putative class members she purports to represent are barred in whole or in part by the doctrine of avoidable consequences.

**FORTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

45. Plaintiff's Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred based on one or more accords and satisfactions.

**FORTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

46. Plaintiff's Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred based on one or more novations.

**FORTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

47. Plaintiff's Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred by one or more settlement agreements and/or releases.

**FORTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

48. Plaintiff's Complaint and each and every purported claim alleged therein brought on a class action or representative action basis cannot be maintained as a class action or representative action, or as an action for individual recovery, because the named Plaintiff and/or the putative class members she purports to represent on a class action or representative action

basis, or some of them, are required to individually submit their claims to mandatory final and binding arbitration pursuant to arbitration agreements covering their purported claims.

### FORTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

49. Plaintiff's Complaint, and each and every purported claim alleged therein, brought on a class action or representative action basis cannot be maintained as a class action or representative action, or as an action for individual recovery, because the named Plaintiff and/or the putative class members she purports to represent on a class action or representative action basis, or some of them, have failed to pursue and/or have repudiated their arbitration remedies by commencing and/or participating in this action.

### FIFTIETH AFFIRMATIVE OR OTHER DEFENSE

50. Plaintiffs' Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred by the First Amendment to the United States Constitution, and/or similar state and federal statutory or constitutional provisions, to the extent any of their claims for damages are based on this answering Defendant's speech or the content thereof.

### FIFTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

51. Plaintiffs' Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, to the extent that they seek penalties, punitive or exemplary damages, are barred because they violate this answering Defendant's right to due process under the United States Constitution, including without limitation the Fourteenth Amendment thereto, and the Constitution of the State of California.

### FIFTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

52. Plaintiffs' Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, is preempted by the National Labor Relations Act, 29 U.S.C. Section 151 *et seq.*

### FIFTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

53. Plaintiff's Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members she purports to represent, is barred

1 because at all times relevant hereto, this answering Defendant did not require Plaintiff or the putative class members she purports to represent to work any overtime or during any meal or rest break time mandated by an applicable order of the California Industrial Welfare Commission or other applicable legal authority.

### FIFTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

54. Plaintiff and the putative class members she purports to represent were and are exempt from any alleged overtime compensation requirements.

### FIFTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

55. This answering Defendant is misjoined as a party to this action in that, at all times relevant to this action, it was not the employer of Plaintiff and the putative class members she purports to represent.

### FIFTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

56. Plaintiff has failed to join necessary and indispensable parties to this action without whom complete relief cannot be granted, including preventing prejudice to the rights of this answering Defendant.

### FIFTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

57. Plaintiff and the putative class members she purports to represent intentionally or negligently relinquished and waived any rights they may have had to institute an action for the alleged wrongdoings asserted in the Complaint in that they were a major contributing factor to the alleged losses of which they now complain and, by virtue thereof, have waived and/or are estopped from asserting any claims based on the consequences that flow from this answering Defendant's alleged wrongdoing.

### FIFTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

58. Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred in whole or in part by the doctrine of release by virtue of their acceptance of final payment of wages to them and their agreement that no other wages were owed.

### FIFTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

59. Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred because any losses are *de minimis* and cannot be recovered.

### SIXTIETH AFFIRMATIVE OR OTHER DEFENSE

60. Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred by the doctrines of waiver, estoppel, ratification, acquiescence, consent and/or agreement based on their acceptance of wages paid to them throughout their employment without protest and of final wages paid to them without protest upon the termination of their employment.

### SIXTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

61. Plaintiff's Complaint and each and every claim alleged therein, individually and on behalf of the putative class members she purports to represent, are barred to the extent Plaintiff and such putative class members fell within a class of plaintiffs in another action that had identical claims which have been adjudicated.

### SIXTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

62. California Business & Professions Code Section 17200 et seq. is unconstitutionally vague in violation of this answering Defendant's rights of due process and equal protection under the United States Constitution and the California Constitution.

### SIXTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

63. Adjudication of Plaintiff's claims and those of the putative class members she purports to represent on a classwide basis would violate this answering Defendant's right to due process and a jury trial and is barred by the Rules Enabling Act, 28 U.S.C. § 2072.

### SIXTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

64. Plaintiff's claims and those of the putative class members she purports to represent for penalties is unconstitutional in that, among other things, it is void for vagueness, violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce and/or violates the Eighth Amendment proscription against excessive fines.

**SIXTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

65. Plaintiff's claims and those of the putative class members she purports to represent for penalties pursuant to the California Labor Code Private Attorney General Act are barred, in whole or in part, to the extent Plaintiff did not properly comply with the administrative notification requirements and/or to the extent the California Labor and Workforce Development Agency conducts an investigation into, and issues citations regarding, the claims.

**SIXTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

66. Plaintiff and the putative class members she purports to represent have knowingly submitted to any alleged wage violations.

**SIXTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

67. Plaintiff's claims and those of the putative class members she purports to represent are barred by their failure to demand payment.

**SIXTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

68. This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it has or may have additional, yet unstated, affirmative or other defenses. This answering Defendant reserves the right to assert additional affirmative or other defenses in the event its investigation or discovery indicates that additional affirmative or other defenses are appropriate.

WHEREFORE, this answering Defendant hereby prays for judgment in its favor as follows:

1. That no class be certified by the Court in the action;

2. That Plaintiff and the putative class members she purports to represent take nothing by way of her action against this answering Defendant;

3. That the Plaintiff's action be dismissed in its entirety with prejudice;

4. That Plaintiff and the putative class members she purports to represent be denied each and every demand and prayer for relief made in the action;

5. For costs of suit incurred herein, including reasonable attorneys' fees pursuant to applicable law; and

6. For such other and further relief as the Court deems just and proper.

DATED: August 23, 2007

McGuireWoods LLP

By: _____
Matthew C. Kane, Esq.
Michelle R. Walker, Esq.
Colleen M. Regan, Esq.
Attorneys for Defendant
GREENPOINT MORTGAGE, a division of
GREENPOINT FINANCIAL CORP.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067.

On August 23, 2007, I served the following document(s) described as **Answer to Complaint** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Hoffman & Lazear
180 Grand Avenue, Ste. 1550
Oakland, CA 94612

Crawford & Strawbridge
719 Orchard Street
Santa Rosa, CA 95404

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately ____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2007, at Los Angeles, California.

REBECCA GARNER