H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700
Facsimile: (510) 835-1311

Newman Strawbridge (State Bar No. 171360)
LAW OFFICE OF NEWMAN STRAWBRIDGE
719 Orchard Street
Santa Rosa, CA 95404
Telephone: (707) 523-3377
Facsimile: (707) 573-1094

Cameron Cunningham (State Bar No. 75593)
LAW OFFICE OF CAMERON CUNNINGHAM
719 Orchard Street
Santa Rosa, CA 95404
Telephone: (707) 829-9194
Facsimile: (707) 829-7039

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JANA LAWLER, individual, on behalf of herself and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,<br><br>  Defendants. | **CASE NO. C 07-04385 CW**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Date: January 10, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2 |

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment        Case No. C 07-04385 CW

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.      Plaintiff's UCL Claims Are Not Barred by the Statute of Limitations. . . . . . . . . 2

    II.     Plaintiff Has Standing to Pursue Her Claim Under the UCL. . . . . . . . . . . . . . . . 8

    III.    Plaintiff's UCL Claims Are Not Preempted by the FLSA. . . . . . . . . . . . . . . . . 11

    IV.    Plaintiff's Claim for Waiting Penalties Under Labor Code §203 Is Not Time-Barred . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment    Case No. C 07-04385 CW

i

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Anderson v. Sara Lee Corp.* __ F.3d __ (4th Cir. 2007) .................................................. 12

*Bahramipour v. Citigroup Global Markets, Inc.*, 11 Wage and Hour Cas. 2d 498, 2006 U.S. Dist LEXIS 9010 (N.D. Cal. 2006) ................................................................ 11-13

*Barnett v. Washington Mut. Bank, FA*, 2004 U.S. Dist LEXIS 18491 (N.D. Cal. 2004) ... 12, 13

*Chase Sec. Corp. v. Donaldson.* (1945) 325 U.S. 304 .................................................. 5

*Lerwill v. Inflight Motion Pictures, Inc.*, 343 F.Supp. 1027 (N.D. Cal. 1972) ............... 13

*Palmer v. Stassinos*, 419 F.Supp.2d 1151 (N.D.Cal. 2005) ........................................... 10

*Takacs v. A.G. Edwards and Sons*, 444 F.Supp.2d 1100 (S.D.Cal. 2006) .................... 12, 13

*Walker v. USAA Casualty Ins. Co.*, 474 F.Supp.2d 1168 (E.D. Cal. 2007) ..................... 10

*Williamson v. General Dynamics Corp.* 208 F.3d 1144 (9th Cir. 2000) ...................... 12, 13

*Willis v. Cal-Western Transport*, Case No. CV-F-00-5695, slip op. (E.D.Cal. Dec. 22, 2000) ................................................................................................ 12, 13

**STATE CASES**

*Admiralty Fund v. Peerless Insurance Co.* 143 Cal.App.3d 379 (1983) ......................... 5

*Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163 (2000) ................... 3, 4, 6, 7

*Daro v. Superior Court*, 151 Cal.App.4th 1079 (2007) ............................................... 10

*In re the Vaccine Cases*, 134 Cal.App.4th 438 (2005) ................................................. 7

*Meyer v. Sprint Spectrum L.P.*, 150 Cal.App.4th 1136 (2007) ................................... 10

*Rubin v. Green*, 4 Cal.4th 1187 (1993) ........................................................................ 6

*Violante v. Communities Southwest Dev't and Const. Co.*, 138 Cal.App.4th 972 (2006) ...... 10

**FEDERAL RULES**

Federal Rules of Civil Procedure, Rule 23 .................................................. 2

**STATE STATUTES**

California Business & Professions Code § 17204 .......................................... 9

California Business & Professions Code § 17208 ....................................... 3, 5

California Business and Professions Code § 17200, et seq. ............................. 1

California Civil Code § 47 .................................................................. 6

California Labor Code §1194 ................................................................ 5

California Labor Code §203 ................................................................ 14

**OTHER AUTHORITIES**

Witkin, *California Procedure*, 4th ed., Actions §407 .................................... 5

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment   Case No. C 07-04385 CW

iii

# INTRODUCTION

Plaintiff JANA LAWLER ("Plaintiff") filed this action in the California Superior Court for Marin County, alleging that her former employer, GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP. ("Defendant') failed to pay her compensation as required by law, including overtime wages, compensation for failure to provide meal and rest breaks, and penalties due for failure to pay wages owed to her upon termination. The action was brought on behalf of herself and a putative class of similarly situated employees. Defendant removed the action to this Court on August 24, 2007.

On December 3, 2007, Defendant filed a motion for summary judgment or partial summary judgment. Defendant's argument is based primarily on the claim that Plaintiff filed her complaint after the running of all applicable statutes of limitations. Defendant is mistaken. Plaintiff has alleged causes of action under California's Unfair Competition Law, Business and Professions Code § 17200, et seq. ("UCL"). The statute of limitations for a UCL claim is four years. Because Plaintiff filed her complaint less than four years after the events that form the basis of her UCL claim, that claim is not barred by the statute of limitations. Although Defendant attempts to argue that a UCL claim borrows its statute of limitations from the law upon which the UCL violation is predicated, that conclusion is contrary to established law and policy.

Defendant also claims that Plaintiff's UCL claim is preempted by the federal Fair Labor Standards Act ("FLSA"). That claim is also invalid. The better reasoned authority on that issue, including a decision of this Court, soundly rejects the preemption analysis put forth by Defendant.

Defendant's motion for summary judgment or partial summary judgment is based on a flawed legal analysis and must, therefore, be denied.

## STATEMENT OF FACTS

Plaintiff was employed by Defendant until January 27, 2004. Her complaint was filed in Superior Court in and for the County of Marin on July 18, 2007. It alleges that while she was employed by Defendant she was not paid overtime compensation to which she was entitled under applicable state and federal laws. It also alleges that she was denied meal and rest breaks required by law, and that she was not paid all wages due her upon the termination of her employment. The complaint is filed on behalf of a purported class under Rule 23 of the Federal Rules of Civil Procedure. Defendant removed the action to this Court on August 24, 2007.

## LEGAL ANALYSIS

### I. Plaintiff's UCL Claims Are Not Barred by the Statute of Limitations.

Defendant argues that Plaintiff's claims are all barred by the statutes of limitations. Defendant is incorrect, because Plaintiff's primary claims are asserted under the UCL, and its four-year statute of limitations has still not run on Plaintiff's claims. Defendant asserts that the UCL's four-year statute is inapplicable because the UCL essentially borrows the statute of the underlying law upon which the UCL violation is predicated. Defendant is mistaken. The UCL provides its own statute of limitations for claims asserted under that law.

The fundamental principle upon which Defendant's argument is based is that a UCL claim predicated on the Defendant's unlawful conduct cannot be brought after the statute of limitations has run on the underlying law that Defendant breached. Defendant can cite no authority applying that principle, and it runs contrary to the clearly stated intent of the California

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment       Case No. C 07-04385 CW

2

legislature and the California Supreme Court. The cases cited by Defendant in support of its position do not even address statutes of limitations and deal with issues entirely distinct from those involved herein.

Defendant's position amounts to a contention that a plaintiff may pursue a UCL claim only to the extent that the identical claim may be pursued under another law. In other words, according to Defendant, not only is the UCL redundant, but its use is specifically restricted to those instances where it will be essentially unnecessary and superfluous. In fact, the California legislature clearly intended otherwise. It intended to treat unlawful acts covered by the UCL as independent violations with their own remedies and procedures. For this reason, the UCL includes its own statute of limitations. Business & Professions Code § 17208 specifically provides that an action to enforce a claim under the UCL may be brought within four years of the claim's accrual.

As Defendant acknowledges, the California Supreme Court, in *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163 (2000), addressed the issue of the independent nature of a claim under the UCL and explicitly recognized the fact the UCL's own statute of limitations is not preempted by the statute of limitations applicable to the underlying law asserted as a predicate for the UCL violation. As Defendant also noted, the Supreme Court there observed that the UCL's four-year statute is "clear" in providing that four years are allowed for the commencement of "*any* action to enforce *any* cause of action under this chapter." 23 Cal. 4th at 178 (emphasis in original). The court then concluded that:

> It follows that an action to recover wages that might be barred if brought pursuant to Labor Code section 1194 still may be pursued as a UCL action seeking restitution pursuant to section 17203 if the failure to pay constitutes a business practice.

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment       Case No. C 07-04385 CW

3

23 Cal. 4th at 178-79. In so ruling, the Supreme Court flatly rejected Defendant's contention that a claim for unlawfully withheld wages cannot be brought under the UCL if it is time-barred by the statute requiring the payment of wages.

Defendant must acknowledge this definitive statement on the issue by the California Supreme Court, but it desperately attempts to minimize its significance. First, it claims that the statement is dictum. It argues that the principle was not necessary to the determination of the controversy in *Cortez*. Whether this characterization is valid or not, the fact remains that the highest court in the state has made clear its rejection of the dubious analysis offered by Defendant in support of its position on the present motion. One need not wonder how the California Supreme Court would rule on the issue of whether a claim under the UCL is valid for four years notwithstanding the running of the limitations period on the underlying statutory violation. It has already told us how it would rule, and that statement is clear and unambiguous.

Defendant next attempts to minimize the significance of *Cortez* by arguing that it has somehow been changed, for these purposes, by the subsequent passage of Proposition 64. Defendant's argument on this issue is circular and extremely attenuated. As Defendant notes, the purpose of Proposition 64 was to add a standing requirement to the UCL in order to end a perceived practice of attorneys filing claims on behalf of persons entirely unrelated to the events upon which the claims were based. The new law sought to accomplish that goal by requiring that the plaintiff have an "injury-in-fact." Defendant argues that a UCL plaintiff whose underlying claim has been time barred lacks injury in fact. This contention is patently untrue. When a claim is time barred, the plaintiff is precluded from pursuing that claim in court for procedural policy reasons. The substantive basis of that claim remains. As one authority has observed, "A statute

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment    Case No. C 07-04385 CW

4

of limitations is *procedural*; it affects the *remedy* only, not the substantive right or obligation." Witkin, *California Procedure*, 4th ed., Actions §407 (emphasis in original), citing *Chase Sec. Corp. v. Donaldson.* (1945) 325 U.S. 304.

It is absurd for Defendant to claim that a party with a time barred claim has not been injured in fact. A person who was injured in a car accident over two years ago may not get to file a lawsuit, but he or she has certainly been injured; a party who has lost money resulting from another's breach of a contract may be barred from suing after several years, but he or she has still suffered economic injury; and an employee who has been denied wages to which she is legally entitled has sustained an injury in fact, even if she can no longer pursue a lawsuit under Labor Code §1194.

Moreover, there is an inherent circularity in Defendant's reasoning. Defendant claims that Proposition 64 overruled *Cortez*'s holding that the four-year statute in §17208 applies to UCL claims. The basis for this conclusion is Proposition 64's prohibition on claims from uninjured plaintiffs. Defendant then argues that a plaintiff is uninjured, for these purposes, if he or she needs to rely on §17208 for a statute of limitations. In other words, according to defendant, although the Supreme Court held in *Cortez* that the four-year statute is applicable, it is no longer applicable if it is invoked by someone who actually needs to have it apply.

Defendant repeatedly quotes from *Admiralty Fund v. Peerless Insurance Co.* 143 Cal.App.3d 379, 386 (1983) for the proposition that a person who fails to file a claim during the limitations period "acquiesces to the wrong suffered." Defendant attempts to recast the statement as a holding that a person who fails to file during the limitations period was never, in fact, wronged at all. Such a position is substantially different from holding, as the proposition actually

does, that the party has indeed been wronged but has acquiesced to it. In other words, the wronged party has forgone a remedy, but is still a wronged party. Defendant's use of this quotation is indicative of its confusion on this issue.

The absurdity of Defendant's position is reflected in its statement that it supports *Cortez*'s holding that "the UCL's four-year statute of limitations applies to [overtime wage] claims rather than the three-year statute of limitations applicable to overtime claims brought under the Labor Code," but that the holding only applies if "the borrowed Labor Code violation is *not already time-barred.*" Defendant's Motion, at 15:13-18. (Emphasis in original.) In other words, the four-year statute controls over the three-year statute, except during the fourth year. A more ludicrous interpretation of statutes of limitations is hard to imagine.

The cases upon which Defendant relies in support of its position wholly fail to justify the conclusion that Defendant urges. None of the cases cited by Defendant states that the *Cortez* holding applying the UCL's four-year statute over the Labor Code's three-year statute is no longer viable. None of the cases cited by Defendant states that a claim may not be made under the UCL for unlawful conduct whose remedy is time-barred by another statute. Instead, Defendant attempts to argue by analogy from decisions that are truly not analogous to the present situation.

Defendant relies, for example, on *Rubin v. Green*, 4 Cal.4th 1187 (1993). In that case, which was decided several years before *Cortez*, it was held that the plaintiff could not pursue a claim against the defendant based on conduct held to be privileged under California Civil Code § 47. Under those circumstances the Court found that the plaintiff's claim could not be pursued as a common law cause of action or under the UCL. That situation is far removed from the present

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment    Case No. C 07-04385 CW
6

one. The *Rubin* court was not concerned with statutes of limitation at all. It simply found that the defendant's conduct was privileged and, therefore, not actionable. Because the defendant's conduct was not unlawful, it could not have provided the basis for a claim of unlawful conduct as a predicate to a UCL claim. In the present matter, by contrast, Defendant's failure to pay Plaintiff the wages she earned was unlawful. While plaintiff may have foregone certain remedies for that unlawful conduct, it remains a violation that, pursuant to *Cortez*, may be redressed under the UCL for a period of four years.

Defendant also relies on *In re the Vaccine Cases*, 134 Cal.App.4th 438 (2005). In that case, the plaintiffs sought to pursue a claim under California's Proposition 65. That cause of action includes, as a prerequisite, the filing of a "Certificate of Merit." The plaintiffs did not, however, have a Certificate of Merit, and the court dismissed both their Proposition 65 claims and their derivative UCL claims. Again, that case contains nothing to suggest that the UCL's own statute of limitations is inoperative, or that the Supreme Court's decision in *Cortez* on the applicability of that statute of limitations should be disregarded. It holds only that the plaintiffs did not then have, and never did have, a viable substantive claim. The plaintiffs in that case failed to satisfy a condition precedent to obtaining the substantive right that they sought to vindicate. In the present matter, by contrast, Plaintiff undeniably has obtained the right to be paid her lawful wages. She simply lost the ability to enforce that right under Labor Code § 1194 by failing to file such an action within the statute of limitations applicable to that section. On the other hand, she has filed an action under the UCL within the limitations provided for that statute.

The UCL provides an independent cause of action with its own statute of limitations. While Plaintiff may have foregone claims that she could make for unpaid wages under other

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment            Case No. C 07-04385 CW

legal theories, she did not forgo her UCL claim. As a result, she may be restricted to the remedies that are available under the UCL, but she still has a viable UCL claim because the limitations period under the UCL has not yet run.

## II. Plaintiff Has Standing to Pursue Her Claim Under the UCL.

In support of its claim that Plaintiff cannot pursue her UCL claim, Defendant makes a second argument, which is virtually identical to its first argument. It claims that in addition to her claim being precluded by the statute of limitations, Plaintiff lacks standing to bring the claim. According to this argument, Plaintiff lacks standing because her claim is barred by the statute of limitations. This argument thus depends on Defendant's erroneous contention that Plaintiff's UCL claim is barred by the statute of limitations.

Defendant's standing argument, like its effort to distinguish the ruling in *Cortez, supra*, relies on California's Proposition 64. As discussed above, Proposition 64 modified the UCL's previous standing rules, which permitted any citizen to bring a claim on behalf of the general public. In place of that rule, Proposition 64 placed a requirement that the plaintiff be a person actually affected by the alleged unfair practice. It accomplished that limitation by confining standing to persons who had suffered an actual injury in fact as a result of the alleged practice. Defendant attempts to utilize this restriction to argue that Plaintiff was not injured and, therefore, lacks standing. In order to make this argument, Defendant relies on the previously discussed nonsequitur to the effect that a person on whose claim the statute of limitations has run did not, in fact, suffer any injury. As noted above, this contention is sheer nonsense. People who have suffered injury do not have their injuries disappear when the limitations period runs. Rather, they become injured persons who cannot file a lawsuit. They are, however, no less injured.

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment    Case No. C 07-04385 CW

8

Defendant claims that its position is based on the language of Cal. Bus. & Prof. Code § 17204 (from Proposition 64) that a UCL claim can only be brought by "any party who has suffered injury in fact and has lost money or property as a result of such unfair competition." (Defendant's Motion, at 16:6-10.) The invalidity of Defendant's position is evident from an examination of this language. A party, like Plaintiff, who has been denied the wages to which she is legally entitled has indeed suffered an economic injury in fact and has lost money as a result of the conduct at issue, i.e., the nonpayment of required overtime compensation and other benefits. If the writers of the law had chosen to adopt the position urged by Defendant, they could have said that standing under the UCL was confined to persons who had a currently viable, unexpired claim under another statute. They chose not to opt for this approach and required only that the plaintiff be someone affected by the conduct at issue, and not a stranger to the actions alleged in the complaint. Plaintiff satisfies the standing requirement that was, in fact, adopted.

Defendant asserts that standing exists when the plaintiff has "(1) expended money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been denied money to which he or she has a cognizable claim." (Defendant's Motion, at 16:28 - 17:2.) Obviously, Plaintiff meets the third prong of Defendant's proposed test. An employee who has not been paid the wages due her has been denied money to which she has a cognizable claim. That conclusion is no less true when the employee has lost one of the means of enforcing that claim by the running of a statute of limitations. The cognizable claim continues to exist, and the injury continues to exist until the employee is compensated.

Defendant cites a number of cases to support its argument, but none of them involve a situation like the present one. Specifically, none denied UCL standing to a party on the basis of a

limitations period having run on an underlying claim. Rather, each of the cases cited by Defendant involved a plaintiff who had suffered no substantive injury. In *Violante v. Communities Southwest Dev't and Const. Co.*, 138 Cal.App.4th 972 (2006), the plaintiff tried to assert a prevailing wage claim, but it was undisputed that the prevailing wage law did not recognize an individual right of action. Thus, the plaintiff had never had a cognizable claim against the defendant. That situation is not analogous to one where a person with an undeniable individual claim may have forgone certain avenues of enforcement for it. In *Daro v. Superior Court*, 151 Cal.App.4th 1079 (2007), the plaintiffs were not among those protected by the act that they claimed was violated, and they were found not to have suffered harm from the claimed violations. That ruling provides Defendant no assistance in avoiding a claim by an employee who was the intended object of the wage and hour laws and was indeed harmed by Defendant's violation of them. In *Meyer v. Sprint Spectrum L.P.*, 150 Cal.App.4th 1136 (2007), the plaintiff could not sue for false advertising when it was found that the plaintiff had not relied on that advertising. In *Palmer v. Stassinos*, 419 F.Supp.2d 1151 (N.D.Cal. 2005), the plaintiff had not suffered any injury as a result of the debt collection practices of which she complained. In *Walker v. USAA Casualty Ins. Co.*, 474 F.Supp.2d 1168 (E.D. Cal. 2007), the plaintiff was found to have no claim for unpaid wages after agreeing to work for the wages that were actually paid. In the present matter, by contrast to each of these cases, Plaintiff did suffer the result of Defendant's unlawful nonpayment of wages.

Defendant is simply incorrect in its insistence that because the statute of limitations has run on Plaintiff's Labor Code claim, she "has not suffered injury in fact and has not lost money or property." (Defendant's Motion, at 19:5-6.) When Plaintiff was denied the wages and other

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment    Case No. C 07-04385 CW

10

benefits that Defendant was legally obligated to provide, she suffered an injury in the form of lost money. As a result, she has standing to pursue her claim under the UCL.

### III. Plaintiff's UCL Claims Are Not Preempted by the FLSA.

Defendant also argues that Plaintiff's UCL claims are preempted by the Fair Labor Standards Act ("FLSA") and that her claims are subject to the FLSA's procedural requirements and statute of limitations. This contention is one that has been raised before numerous courts, and while there is a lack of uniformity in the decisions, the most applicable and better reasoned decisions have rejected Defendant's position.

In reliance primarily on two decisions from the Fourth Circuit, Defendant argues that the remedial provisions of the FLSA were intended by Congress to stand as the exclusive remedy for an employee seeking enforcement of overtime violations. Specifically, Defendant contends that the FLSA's two-year and three-year statutes of limitations were intended to override any differing statutes of limitations under state law, and that "obstacle preemption" applies. That position is at odds with several other decisions, including decisions of this Court, which have reached the opposite conclusion.

In *Bahramipour v. Citigroup Global Markets, Inc.*, 11 Wage and Hour Cas. 2d 498, 2006 U.S. Dist LEXIS 9010 (N.D. Cal. 2006), this Court explicitly rejected the argument now being raised by Defendant. It noted that the "uniformity" sought by Congress in enacting the FLSA's statute of limitations was simply to ensure the use of a single limitations period for cases brought under the FLSA within the various federal courts. As the Court went on to observe,

> The UCL is a state law and therefore does not present the problems of uniformity addressed by Congress in administering the FLSA. Moreover, when discussing the federal statute of limitations Congress "expressly state[d] that this limitations does not apply to

> actions for the recovery of wages brought under state law. . . [and] envisioned not only that state based claims for wages could be asserted, but that they could be governed by separate procedures." [Citations omitted.] In sum, a longer statute of limitations for a State law claim does not stand as an obstacle to congressional purpose.

2006 U.S. Dist LEXIS 9010, at *18-19.

This analysis has been followed in other District Court decisions in California. In *Barnett v. Washington Mut. Bank, FA*, 2004 U.S. Dist LEXIS 18491 (N.D. Cal. 2004), the Court also held that a UCL claim based on an alleged FLSA violation was not preempted by the FLSA's remedial provisions. In *Takacs v. A.G. Edwards and Sons*, 444 F.Supp.2d 1100, 1118 (S.D.Cal. 2006), the court ruled, "although the FLSA does provide a remedy regarding overtime disputes, this Court finds persuasive the holding from numerous courts that have found no preemption by the FLSA in regards to UCL claims." See also *Willis v. Cal-Western Transport*, Case No. CV-F-00-5695, slip op. (E.D.Cal. Dec. 22, 2000). It is submitted that the conclusions reached in these cases, which dealt specifically with the statute of limitations for California's UCL are more applicable herein and far better reasoned than the Fourth Circuit's opinion in *Anderson v. Sara Lee Corp.* __ F.3d __ (4th Cir. 2007), upon which Defendant relies.

Defendant cites only one Ninth Circuit decision and one decision from the Northern District of California in support of its position. Those citations do not, however, provide that support. The Ninth Circuit decision is *Williamson v. General Dynamics Corp.* 208 F.3d 1144, 1154 (9th Cir. 2000). Defendant claims that *Williamson* holds that "overtime claims directly covered by the FLSA must be brought under the FLSA." While it is true that the *Williamson* decision contains one line to that effect, subsequent cases have clarified that the entire *Williamson* decision, in fact, stands for the opposite conclusion. In *Barnett, supra*, the court

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment    Case No. C 07-04385 CW

12

compared that quotation with another statement in the *Williamson* opinion to the effect that the lower court had been incorrect in assuming that "the FLSA is the exclusive remedy for claims duplicated by or equivalent of rights covered by the FLSA." The *Barnett* court then concluded that the former statement represented dicta because it did not relate to any issue decided in the case. 2004 U.S. Dist. LEXIS 18491 at *6.

In *Bahramipour, supra,* the Court reached the same conclusion as the *Barnett* court in interpreting the language of *Williamson*. The court noted that in *Williamson*, the Court of Appeals had found that "Despite the [Portal-to-Portal Act] amendments, . . . the central purpose of the FLSA is to enact minimum wage and maximum hour provisions designed to protect employees." *Williamson*, 208 F.3d at 1152. The court in *Bahramipour* thus decided that, despite the language cited by Defendant, the *Williamson* decision, as a whole, actually supports a holding that the FLSA does not preempt a wage claim under the UCL. 2006 U.S. Dist LEXIS 9010, at *10-12.

Similarly, *Takacs, supra,* states, "This Court finds the *Willis, Barnett,* and *Bahramipour* court's reasoning persuasive, and agrees that *Williamson* does not teach preemption by the FLSA of state law UCL claims." 444 F.Supp.2d at 1118.

Defendant's reliance on *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F.Supp. 1027, 1029 (N.D. Cal. 1972) is similarly unavailing. That decision has been explicitly rejected by all of the more recent decisions cited above. In *Bahramipour, supra,* the Court noted that in *Williamson* the Ninth Circuit had described *Lerwill* as "weak authority" (208 F.3d at 1151), and the *Bahramipour* court thus specifically refused to rely on its analysis. Similarly, in *Takacs, supra,* the court observed that *Williamson* stated, "*Lerwill* is a dubious authority (208 F.3d at 1151)",

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Partial Summary Judgment          Case No. C 07-04385 CW
13

and found that its analysis would not require a finding that the UCL was preempted by the FLSA.

The Court should follow the intent of the Ninth Circuit Court in *Williamson*, as interpreted by the courts in *Bahramipour, Barnett, Willis* and *Takacs*. In so doing, the Court must reject Defendant's contention that the FLSA's procedural provisions preempt Plaintiff's claim under the UCL.

### IV.    Plaintiff's Claim for Waiting Penalties Under Labor Code §203 Is Not Time-Barred.

As demonstrated above, Plaintiff has a valid claim for unpaid wages under the UCL. Because of that fact, she also has a valid claim for waiting penalties due under California Labor Code §203 as a result of Defendant's failure to pay her the full amount of wages due at the time of her termination.

Labor Code §203 contains a provision that provides, "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." Because Plaintiff has a viable action for the unpaid wages under the UCL, she may also being suit for penalties under §203.

### CONCLUSION

Plaintiff has stated valid and viable claims under California's Unfair Competition Law. Those claims are not precluded by the statute of limitations; they are not preempted by the FLSA, and Plaintiff has standing to pursue them. Because Plaintiff can pursue her wage claims under the UCL, she can also pursue her claim for waiting penalties under Labor Code §203.

/ / / / /

/ / / / /

/ / / / /

For the foregoing reasons, Defendant's Motion for Summary Judgment or Partial Summary Judgment should be denied.

Dated: December 19, 2007

HOFFMAN & LAZEAR

By: _____
ARTHUR W. LAZEAR
Attorney for Plaintiff