1  McGuireWoods LLP
   Matthew C. Kane, Esq.        (SBN 171829)
2  mkane@mcguirewoods.com
   Michelle R. Walker, Esq.     (SBN 167375)
3  mwalker@mcguirewoods.com
   Sabrina A. Beldner, Esq.     (SBN 221918)
4  sbeldner@mcguirewoods.com
   1800 Century Park East, 8th Floor
5  Los Angeles, California 90067
   Telephone:    (310) 315-8200
6  Facsimile:    (310) 315-8210

7  Attorneys for Defendant,
   GREENPOINT MORTGAGE, a division of
8  GREENPOINT FINANCIAL CORP.

9                  **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11                       **OAKLAND DIVISION**

12 JANA LAWLER, individual, on behalf of        CASE NO. C 07-04385 CW
   herself and all others similarly situated,
13                                              **DEFENDANT'S REPLY MEMORANDUM
                                                OF POINTS AND AUTHORITIES IN
14          Plaintiffs,                         SUPPORT OF MOTION FOR:**

15     vs.                                      **(I)   SUMMARY JUDGMENT OR
                                                       PARTIAL SUMMARY JUDGMENT**
16 GREENPOINT MORTGAGE, a division of
   GREENPOINT FINANCIAL CORP., and                      **– AND –**
17 DOES 1 through 100,
                                                **(II)  LEAVE TO AMEND ANSWER**
18          Defendants.

19                                              **Date:**       January 10, 2008
                                                **Time:**       2:00 p.m.
20                                              **Courtroom:**   2

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2

3

**MEMORANDUM OF POINTS AND AUTHORITIES** ...........................................................1

4

**I.      INTRODUCTION** ...........................................................................................1

5

**II.     DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON
         PLAINTIFF'S NON-UCL CLAIMS BECAUSE SHE CONCEDES THEY
         ARE TIME-BARRED** ....................................................................................2

6

7

**III.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON
         PLAINTIFF'S PURPORTED UCL CLAIMS AS WELL** ...............................3

8

      **A.      The UCL Claims Are Precluded By An "Absolute Bar To Relief"
                Because They Borrow Time-Barred Violations Of State And Federal
                Overtime Laws** ........................................................................3

9

10

      **B.      *Cortez* Does Not Hold That Plaintiff's Time-Barred Statutory Claims
                Are Actionable Violations Under The UCL's Four-Year Statute Of
                Limitations** ..............................................................................8

11

12

      **C.      Plaintiff Lacks Prop. 64 Standing To Bring The UCL Claims** ...................9

13

      **D.      Plaintiff's UCL Claims Are Preempted by the FLSA** ........................12

14

**IV.     DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON
         PLAINTIFF'S TIME-BARRED SIXTH CAUSE OF ACTION UNDER
         *LABOR CODE* § 203** ..................................................................................14

15

16

**V.      CONCLUSION** .............................................................................................15

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
(I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1

## <u>TABLE OF AUTHORITIES</u>

2

### <u>Federal Cases</u>

3

Anderson v. Sara Lee Corp.,
4    No. 05-1091, ___ F.3d. ___ (4th Cir. 2007), 2007 WL 4098229, at *9 ........................ 12, 14

5

Bahramipour v. Citigroup Global Markets, Inc.,
6    2006 U.S. Dist. LEXIS 9010 (N.D. Cal. 2006) (Wilken, J.) ........................................ 12, 14

7

Barnett v. Washington Mutual Bank,
    2004 U.S. Dist. LEXIS 18491 (N.D. Cal. 2004) ............................................................... 13

8

Chase Sec. Corp. v. Donaldson,
9    325 U.S. 304 (1945) ........................................................................................................... 10

10

Kendall v. City of Chesapeake,
11    174 F.3d 437, 443 (4th Cir. 1999) ...................................................................................... 14

12

Lerwill v. Inflight Motion Pictures, Inc.,
    343 F.Supp. 1027, 1029 (N.D. Cal. 1972) ........................................................................ 13

13

14

Medrano v. D'Arrigo Bros.,
    125 F.Supp.2d 1163 (N.D. Cal. 2000) ............................................................................ 4, 14

15

Montecino v. Spherion Corp.,
16    427 F.Supp.2d 965 (C.D. Cal. 2006) ................................................................................. 15

17

Renick v. Dun & Bradstreet Receivable Management Services,
18    290 F.3d 1055, 1057-58 (9th Cir. 2002) ............................................................................. 7

19

Roman v. Maietta Construction, Inc.,
    147 F.3d 71, 76 (1st Cir. 1998) .......................................................................................... 14

20

21

Takacs v. A.G. Edwards & Sons, Inc.,
    444 F.Supp.2d 1100 (S.D. Cal. 2006) ............................................................................... 13

22

Williamson v. General Dynamics Corp.,
23    208 F.3d 1144, 1152 (9th Cir. 2000) ........................................................................... 12, 13

24

Willis v. Cal-Western Transport,
    No. CV F 00-5695 AWI JLO (E.D. Cal. 2000) ................................................................ 13

25

26

### <u>State Cases</u>

27

Admiralty Fund v. Peerless Insurance Co.,
28    143 Cal.App.3d 379, 386 (1983) ..................................................................................... 5, 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Aubry v. Goldhor,
   201 Cal.App.3d 399 (1988).....................................................................4, 14

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,
   20 Cal.4th 163, 180 (1999) ....................................................................4, 5

Cortez v. Purolator Air Filtration Prod. Co.,
   23 Cal.4th 163 (2000) ............................................................................8, 9

Harris v. Superior Court,
   3 Cal.App.4th 661, 666 (1992).................................................................7

In Re The Vaccine Cases,
   134 Cal.App.4th 438 (2005).....................................................................6, 7

Ingels v. Westwood One Broadcasting Services, Inc.,
   129 Cal.App. 4th 1050, 1060 (2005) .......................................................7

McGee v. Weinberg,
   97 Cal.App.3d 798, 804 (1979) ...............................................................5, 10

Meyer v. Sprint Spectrum L.P.,
   150 Cal.App.4th 1136 (2007), rev. granted on other issues, 65 Cal.Rptr.3d 142 ...............10

Murphy v. Kenneth Cole Productions, Inc.,
   40 Cal.4th 1094, 1109 (2007)...................................................................14

Norgart v. Upjohn Co.,
   21 Cal.4th 383, 410 (1999) .....................................................................5, 10

Quiroz v. Seventh Avenue Center,
   140 Cal.App.4th 1256, 1282 (2006) .........................................................5, 10

Rubin v. Green,
   4 Cal.4th 1187 (1993), ............................................................................6, 7

Sanchez v. South Hoover Hosp.,
   18 Cal.3d 93, 103 (1976) .........................................................................5, 10

Santisas v. Goodin,
   17 Cal.4th 599, 620 (1998) ......................................................................8

State Farm Fire and Casualty Co. v. Superior Court,
   210 Cal.App.3d 604, 612 (1989) ..............................................................5, 10, 11

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR (I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

Violante v. Communities Southwest Dev't. and Const. Co.,
   138 Cal.App.4th 972 (2006)..............................................................................11

**Federal Statutes**

28 U.S.C. § 1292(b) ........................................................................................15

29 U.S.C. § 255(a)......................................................................................3, 4, 12

Fed. R. App. P.
   8(a)(1) .........................................................................................................15

Fed. R. Civ. P.
   11(b)(1) ........................................................................................................1

**State Statutes**

Cal. Bus. & Prof. Code

   § 17200 .........................................................................................................4

   § 17204 .........................................................................................................9

   § 17208 ........................................................................................................3,9

California Civil Code

   § 3515 .........................................................................................................10

Cal. Code Civ. Proc.

   § 338(a) .....................................................................................................2, 4

   § 340(a) .......................................................................................................3

Cal. Labor Code

   § 203 ....................................................................................................14, 15

   § 1194..................................................................................................2, 3, 7, 8

   § 2699..................................................................................................2, 3

Other Authorities

Black's Law Dictionary (6th Ed. 1990),

   p. 927 .........................................................................................................5

   p. 786 ........................................................................................................11

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
(I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

**I.    INTRODUCTION.**

3       Plaintiff's opposition reveals that she filed and has been attempting to prosecute at least six

4  claims which she plainly knew "were not warranted by existing law or by a nonfrivolous argument

5  argument" for changing such law.  Fed. R. Civ. P. 11(b)(1).  She does not offer even a scintilla of

6  argument that Defendant is not entitled to summary judgment on her **Third, Fifth, and Seventh**

7  **through Tenth Causes of Action**.  Indeed, Plaintiff *concedes* they are *all time-barred*.

8       Notwithstanding conceding that *all* of her *statutory wage claims* are *time-barred*, Plaintiff

9  argues they can still be "borrowed" as violations for the **UCL claims** alleged in her **First, Second,**

10  **and Fourth Causes of Action**.  Other than a disingenuous attempt to "distinguish" Defendant's

11  cited authority that her UCL claims are *precluded by an absolute bar to relief*, Plaintiff does *not*

12  offer *any authority at all* that holds otherwise.  In a desperate attempt to *revive* her statutory wage

13  claims as UCL claims under its longer four-year limitations period, Plaintiff first seeks refuge in a

14  lone passage of *dictum* from a *pre-Prop. 64* California Supreme Court case (as Defendant

15  predicted she would).  Next, Plaintiff asks the Court to ignore the well-settled legal effect of the

16  limitations periods having expired on her statutory wage claims and find that she has *"injury in*

17  *fact"* anyway to give her *standing* to pursue those *same claims* under the UCL.  Once again,

18  Plaintiff offers *nothing* other than a disingenuous attempt to "distinguish" Defendant's cited

19  authority rather than *any authority at all* holding that she actually has *standing*.  Indeed, Plaintiff

20  offers no opposition that she also *lacks Article III standing* to bring her UCL claims.  Further,

21  Plaintiff's arguments that her UCL claims are not *preempted* by the FLSA are based entirely on

22  *unpublished* and/or *inapposite* trial court decisions.

23       Finally, Plaintiff's **Sixth Cause of Action** for *waiting time penalties* is in fact *time-barred*.

24  Plaintiff *cannot* invoke the UCL or its four-year statute of limitations to *revive* this claim.  Plaintiff

25  offers *no authority* that supports her position.  Moreover, one published district court decision in

26  California has already considered and flatly *rejected* the same argument Plaintiff is making.

27       Therefore, as discussed more fully below and in the moving papers, Defendant's motion for

28  summary judgment should be *granted* as to *all* of Plaintiff's purported claims.

4964289.1                                                      1

1  **II.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S**
2  ***NON*-UCL CLAIMS BECAUSE SHE *CONCEDES* THEY ARE *TIME-BARRED*.**

3  Plaintiff's opposition is devoid of any type of argument against Defendants' motion for

4  summary judgment on her purported **Third, Fifth, Seventh, Eighth, Ninth, and Tenth Causes of**

5  **Action** (the "Non-UCL Claims").  Defendant has moved for summary judgment on the Non-UCL

6  Claims primarily on the ground that each one is ***time-barred*** by the applicable two- or three-year

7  statute of limitations.  Through her ***non-opposition*** to Defendant's motion for summary judgment

8  on these claims, Plaintiff ***concedes*** that the Non-UCL Claims ***are time-barred*** and that the Court

9  can and should ***grant summary judgment*** in Defendant's favor on each of them.

10  Indeed, Plaintiff expressly concedes that her last day of employment with GreenPoint

11  Mortgage was on **January 27, 2004**, and that she did not commence this action until *over three-*

12  *and-one-half years later* on **July 18, 2007**.  See Oppos. at 2:4-5.  Plaintiff further concedes that

13  she "***lost the ability to enforce*** [her] right [to overtime compensation] under Labor Code § 1194

14  by ***failing to file*** such an action ***within the [three-year] statute of limitations*** applicable to that

15  section" and that she "ha[s] ***foregone claims*** that she could make for unpaid wages under other

16  legal theories" (except, she incorrectly claims, under a UCL restitution theory).   Oppos. at 7:21-

17  8:1 (emphasis added).  Therefore, *at a minimum*, Defendant is entitled to summary judgment in its

18  favor on the following claims which Plaintiff ***concedes*** are ***time-barred***:

19  ➢ **Third and Fifth Causes of Action** for ***unpaid overtime*** under Cal. Labor Code § 1194,
20  which are barred by the ***three-year statute of limitations*** (Cal. Code. Civ. Proc. § 338(a)).

21  ➢ **Seventh Cause of Action** for ***meal and rest break violations*** compensation under Cal.
22  Labor Code § 226.7, which is barred by the ***three-year statute of limitations*** (Cal. Code.
23  Civ. Proc. § 338(a)).

24  ➢ **Seventh, Eighth, and Ninth Causes of Action** for ***civil penalties*** under the Labor Code
25  Private Attorney General Act, Cal. Labor Code § 2699 ("PAGA"), which are barred by the

26
27
28

1    *one-year statute of limitations* (<u>Cal. Code. Civ. Proc.</u> § 340(a)).[1]

2    ➤ **Tenth Cause of Action** for *declaratory relief*, which is barred by the FLSA's **two- or**

3    **three-year statute of limitations** (29 U.S.C. § 255(a)).[2]

4    **III.    <u>DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S</u>**

5    **<u>PURPORTED UCL CLAIMS AS WELL.</u>[3]**

6    **A.    <u>The UCL Claims Are Precluded By An "Absolute Bar To Relief" Because</u>**

7    **<u>They Borrow Time-Barred Violations Of State And Federal Overtime Laws</u>.**

8    Plaintiff's opposition is based on the following *fundamental misunderstanding and*

9    *misstatement* of Defendant's argument that her UCL claims are **precluded by an absolute bar to**

10   **relief:** "Defendant asserts that the UCL's four-year statute of limitations is inapplicable because

11   *the UCL essentially borrows the statute [of limitations] of the underlying law* upon which the

12   UCL violation is predicated."  Oppos. at 2:18-20 (emphasis added).  <u>Plaintiff misses the mark</u>, as

13   *Defendant makes no such argument*.

14   To be clear, Defendant acknowledges that the UCL has its own four-year statute of

15   limitations, <u>Cal. Bus. & Prof. Code</u> § 17208, and does **not** argue that Plaintiff's **UCL claims** are

16   "time-barred" in any respect.  What Defendant **does** argue is that the UCL claims are **precluded by**

17   **an absolute bar to relief** because **the statutory claims Plaintiff seeks to "borrow"** as "violations"

18   for her UCL claims are already **time-barred**.  As a result, Plaintiff has **no actionable "violations"**

19

---

20   [1] Plaintiff's opposition is also devoid of any argument against Defendant's motion for
21   summary judgment on these claims on the ground that she is **not an "aggrieved employee"** and
     therefore **lacks standing** to bring the claims under PAGA.  <u>See</u> Motion at 9:14-10:13.  Thus,
22   Defendant is entitled to summary judgment on these claims on this basis as well.

     [2] Plaintiff's opposition is likewise devoid of any argument against Defendant's motion for
23   summary judgment on this claim on the grounds that it **fails to state a claim** upon which relief can
     be granted and Plaintiff **lacks standing** to bring the claim.  <u>See</u> Motion at 23:9-23.  Thus,
24   Defendant is entitled to summary judgment on this claim on these bases as well.

25   [3] The **First Cause of Action** purports to borrow FLSA claims as UCL violations.  The
     **Second Cause of Action** purports to borrow alleged Wage Order and FLSA claims as UCL
26   violations.  The **Fourth Cause of Action** does not specify any alleged statutory claims it purports
     to borrow as UCL violations, but it incorporates by reference the alleged FLSA, Wage Order, and
27   <u>Cal. Labor Code</u> § 1194 claims from the First through Third Causes of Action.

28

4964289.1

3

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
(I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1  to "borrow" under the UCL.  Indeed, as just discussed in the previous section, Plaintiff's

2  opposition *concedes* that *each of her statutory claims being "borrowed"* as "violations" for her

3  UCL claims are in fact *time-barred*.[4]  See Oppos. at 7:21-8:1.  As discussed in the moving papers

4  and below, Defendant's argument is *well-founded* and *supported by ample authority*.

5       The UCL "does not proscribe specific practices."  <u>Cel-Tech Communications, Inc. v. Los</u>

6  <u>Angeles Cellular Telephone Co.</u>, 20 Cal.4[th] 163, 180 (1999) ("Cel-Tech").  Rather, "it defines

7  'unfair competition' to include 'any unlawful . . . practice.' . . .  By proscribing 'any unlawful'

8  business practice, '[the UCL] "borrows" violations of other laws and treats them as unlawful

9  practices' that the [UCL] makes independently actionable."  <u>Id.</u>, quoting <u>Cal. Bus. & Prof. Code</u> §

10  17200 (citations omitted).  However, "[a]lthough the [UCL's] scope is sweeping, it is *not*

11  *unlimited. . . . **Specific legislation** may **limit the judiciary's power** to declare conduct unfair.  If*

12  *the Legislature has . . . considered a situation and **concluded no action should lie, courts may not***

13  ***override that determination***.  When specific legislation provides a 'safe harbor,' plaintiffs ***may not***

14  ***use the general [UCL] to assault that harbor***."  <u>Id.</u> at 182 (emphasis added).

15       <u>Cel-Tech</u> explained this limitation on using the UCL as follows:  "A plaintiff may ***not***

16  ***'plead around' an 'absolute bar to relief'*** simply 'by ***recasting*** the cause of action as one for

17  unfair competition.' . . .  To forestall an action under the [UCL], ***another provision must actually***

18  ***'bar' the action*** or clearly permit the conduct."  <u>Id.</u> at 182-83 (emphasis added and citation

19  omitted).  Here, Plaintiff ***concedes*** that ***each of her statutory claims being "borrowed"*** as

20  "violations" for her UCL claims are in fact ***time-barred***.  See Oppos. at 7:21-8:1.  No published or

21  unpublished decision has addressed the impact of such a concession where, as here, the plaintiff

22  attempts to "borrow" those *time-barred claims* and recast them as purported actionable

23  _____

24       [4] Plaintiff does not allege any separate FLSA or Wage Order claims.  Rather, alleged
    **FLSA and Wage Order violations** are "borrowed" as "violations" for her UCL claims in the

25  **First and Second Causes of Action**.  Plaintiff's opposition is devoid of any argument that any
    separate claims for **FLSA and Wage Order violations** she may have are not ***time-barred*** under

26  the applicable ***two- or three-year statutes of limitations***.  See Motion at 11:10-12 and fn. 6; 29

27  U.S.C. § 255(a); <u>Cal. Code Civ. Proc.</u> § 338(a); <u>Aubry v. Goldhor</u>, 201 Cal.App.3d 399, 406
    (1988); <u>Medrano v. D'Arrigo Bros.</u>, 125 F.Supp.2d 1163,1170 (N.D. Cal. 2000).

28

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
(I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1  "violations" for UCL claims.  However, applying the ***absolute bar to relief*** analysis of <u>Cel-Tech</u>

2  and its progeny leads to the inescapable conclusion that ***no UCL claim can lie***.

3        The statutes of limitations applicable to the statutory claims Plaintiff seeks to "borrow" as

4  UCL violations are precisely the type of ***"absolute bar to relief"*** which is "another provision

5  [that] actually 'bar[s]' [an] action" on those claims and "limit[s] the judiciary's power to declare

6  [the] conduct unfair."  <u>Cel-Tech</u>, <u>supra</u>, 20 Cal.4th at 182-83.  By enacting the statutes of

7  limitations, Congress and California's Legislature have "considered [the] situation" of a plaintiff

8  who fails to bring those statutory claims within the time specified and have "concluded ***no action***

9  ***should lie***".  <u>Id.</u> (emphasis added).

10        Indeed, "[s]tatutes of limitations are enacted as matters of public policy designed to

11  promote justice and ***prevent the assertion of stale claims*** . . ."  <u>McGee v. Weinberg</u>, 97

12  Cal.App.3d 798, 804 (1979) (emphasis added).  They "preclude those who have a valid claim from

13  exercising ***unreasonable delay*** in pursuing the action," <u>Admiralty Fund v. Peerless Insurance Co.</u>,

14  143 Cal.App.3d 379, 386 (1983) (emphasis added), and "promote justice by ***preventing surprises***

15  ***through revival of stale claims*** . . ."  <u>State Farm Fire and Casualty Co. v. Superior Court</u>, 210

16  Cal.App.3d 604, 612 (1989) (emphasis added).  They "are upheld ***regardless of hardship or the***

17  ***underlying merits*** of the claim.  The occasional loss of a meritorious claim is the legislatively

18  prescribed price to be paid for 'the orderly and timely processing of litigation.'"  <u>Id.</u> (emphasis

19  added and citation omitted); <u>accord Quiroz v. Seventh Avenue Center</u>, 140 Cal.App.4th 1256, 1282

20  (2006); <u>Norgart v. Upjohn Co.</u>, 21 Cal.4th 383, 410 (1999).  "'Nothing more than the ***mere passage***

21  ***of time*** is required for the statute of limitations to ***<u>bar</u> an action at law***.'"  <u>State Farm</u>, <u>supra</u>.

22  Thus, "application of the statute of limitations combined with the inexorable passage of [the

23  limitations period] results in a summary judgment." [5]  <u>Sanchez v. South Hoover Hosp.</u>, 18 Cal.3d

24  93, 103 (1976).  Plaintiff *cannot* "override th[ese] [legislative] determinations" through use of the

25

─────────────

26      [5] The legal definition of "statute of limitations" is consistent:  "After the period . . . has run,

27  ***no legal action can be brought regardless of whether any cause of action ever existed***."  <u>Black's</u>

<u>Law Dictionary</u> (6th Ed. 1990), p. 927 (emphasis added).

28

1  UCL "to assault th[e] [safe] harbor" they provide Defendant.  <u>Cel-Tech</u>, <u>supra</u>, 20 Cal.4th at 182.

2      Defendant's moving papers discuss two key cases on UCL claims being precluded by an

3  ***absolute bar to relief***.  Plaintiff claims only that neither case "states that a claim may not be made

4  under the UCL for unlawful conduct whose remedy is time-barred by another statute" and that the

5  cases "are truly not analogous to" Plaintiff's case *sub judice*.  Oppos. at 6:16-20.  While it is true

6  that neither case arises in the context of a plaintiff whose underlying claims are *already time-*

7  *barred*, Plaintiff's contrary argument is wholly unsubstantiated by any different supporting

8  authority.  Moreover, Defendant's cited authority is in fact *procedurally analogous* to this case.

9      In <u>Rubin v. Green</u>, 4 Cal.4th 1187 (1993), the plaintiff sought to pursue a claim otherwise

10  barred by the litigation privilege as a UCL claim.  Rejecting that attempt to "recast[] the action as

11  one under [the UCL]", the court held that "[t]o permit the same . . . acts to be the subject of an

12  injunctive relief proceeding brought by th[e] same plaintiff under the [UCL] undermines" the

13  privilege, which "should not evaporate merely because the plaintiff discovers a conveniently

14  different label for pleading what is in substance an identical grievance arising from identical

15  conduct as that protected by" the privilege.  <u>Id.</u> at 1202-03.  Similarly, in this case, Plaintiff

16  ***concedes*** that her statutory claims are ***time-barred***.  As such, Defendant is immune under the

17  applicable statutes of limitations from liability for those alleged claims.  That immunity does "not

18  evaporate" by Plaintiff's "recasting the action as one under [the UCL]" for "an identical grievance

19  arising from identical conduct as that" which is already ***time-barred***.  <u>Id.</u>

20      In Re The Vaccine Cases, 134 Cal.App.4th 438 (2005) ("<u>Vaccine Cases</u>"), is also on point.

21  There, plaintiffs brought two claims for: (1) violation of Prop. 65 and (2) violation of the UCL

22  based on the Prop. 65 violation.  The trial court sustained demurrers to both claims without leave

23  to amend and the Court of Appeal affirmed.  <u>Id.</u> at 445.  On the Prop. 65 claim, the plaintiffs failed

24  to comply with the *procedural requirement* of serving the defendants with a notice of the Prop. 65

25  violation containing a "certificate of merit" at least 60-days before filing suit.  <u>Id.</u> at 453-54.  This

26  was held to be "an independent ground for dismissing" the Prop. 65 claim.  <u>Id.</u> at 456.  On the

27  derivative UCL claim, the Court of Appeal relied on <u>Cel-Tech</u>, <u>supra</u>, and held that the plaintiffs'

28

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
(I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1   failure to comply with the Prop. 65 pre-suit notice requirements constituted an ***absolute bar to***

2   ***relief*** that ***precluded the UCL claim***.  Id. at 458-59.

3   As Plaintiff acknowledges, the Vaccine Cases plaintiffs "failed to satisfy a condition

4   precedent to obtaining the substantive right they sought to vindicate."  Oppos. at 7:18-20.  What

5   Plaintiff fails to recognize, however, is the "condition precedent" that was not satisfied in Vaccine

6   Cases was ***procedural*** and was held to be an ***absolute bar to relief*** that ***precluded the UCL claim***.

7   In Plaintiff's case, she likewise failed to satisfy a *procedural* "condition precedent" of commencing

8   an action on her statutory claims within the applicable limitations periods.  That procedural failure

9   is no less of an ***absolute bar to relief*** precluding her UCL claims than was the Vaccine Cases

10  plaintiffs' procedural failure to comply with the Prop. 65 pre-suit notice requirements.

11  Plaintiff's only attempt to distinguish Rubin and Vaccine Cases is to state that they were

12  "not concerned with statutes of limitation at all" and "contain[] nothing to suggest that the UCL's

13  own statute of limitations is inoperative".[6]  Oppos. at 7:1, 7:14-16.  Again, the issue has nothing to

14  do with the UCL's own statute of limitations.  Rather, the issue is *whether a time-barred statutory*

15  *claim is subject to an **absolute bar to relief** which **precludes it from being "borrowed" as a***

16  *"violation" for a UCL claim*.  As discussed above and in Defendant's moving papers, Rubin and

17  Vaccine Cases (as well as Cel-Tech) demonstrate ***it is such a bar***.  See also Ingels v. Westwood

18  One Broadcasting Services, Inc., 129 Cal.App. 4th 1050, 1060 (2005) (because plaintiff could not

19  state a claim on the statute on which his UCL claim was based, "there is **no 'unlawful' act** upon

20  which to base[] the derivative [UCL] claim.") (emphasis added); Renick v. Dun & Bradstreet

21  Receivable Management Services, 290 F.3d 1055, 1057-58 (9th Cir. 2002) (same).

22  It is undisputed that Plaintiff's UCL claims are entirely dependent on borrowed

23

24      [6] Plaintiff's purported distinguishing of Rubin and Vaccine Cases runs afoul of the
25  admonition in Harris v. Superior Court, 3 Cal.App.4th 661, 666 (1992), that "[i]n an attempt to
    extract legal principles from an opinion that supports a particular point of view, we must ***not seize***
26  ***upon those facts, the pertinence of which go only to the circumstances of the case*** but are ***not***
    ***material to its holding***. The *Palsgraf* rule, for example, is ***not limited to train stations***."
27  (Emphasis added).

28

1  "violations" of the FLSA, the Wage Order, and <u>Cal. Labor Code</u> § 1194. Plaintiff's opposition

2  *concedes* that her statutory claims for those alleged violations are *time-barred*, which is an

3  *absolute bar to relief*. Oppos. At 7:21-8:1. As such, under <u>Rubin</u>, <u>Cel-Tech</u>, and <u>Vaccine Cases</u>,

4  Plaintiff is *prohibited* from *recasting* those *barred* claims as UCL claims. Therefore, Defendant's

5  motion for summary judgment on the UCL claims should be *granted*.

6        **B.**     ***Cortez* Does *Not* Hold That Plaintiff's Time-Barred Statutory Claims Are**

7                   **Actionable Violations Under The UCL's Four-Year Statute Of Limitations.**

8        As anticipated, Plaintiff seeks refuge for her UCL claims in *dictum* from the inapposite

9  decision in <u>Cortez v. Purolator Air Filtration Prod. Co.</u>, 23 Cal.4th 163 (2000) ("<u>Cortez</u>"). Ignoring

10  the actual issues and facts before the court, Plaintiff claims that <u>Cortez</u> "flatly rejected Defendant's

11  contention that a claim for unlawfully withheld wages cannot be brought under the UCL if it is

12  time-barred by the statute requiring the payment of wages." Oppos. at 4:1-3. As Plaintiff

13  effectively concedes, however, *no such issue was decided* by <u>Cortez</u>. <u>See</u> Oppos. At 4:6-10. As is

14  relevant here, <u>Cortez</u> only held that (1) unpaid overtime owed pursuant to <u>Cal. Labor Code</u> § 1194

15  could be sought in a restitution claim under the UCL, and (2) such a claim would be subject to the

16  UCL's four-year statute of limitations rather than the shorter three-year limitations period

17  applicable to a statutory damages claim for overtime wages. <u>Id.</u> at 173-79. There was *no issue* as

18  to whether the plaintiff's statutory overtime claim was time-barred because – unlike Plaintiff in

19  this case – she filed her action well within the three-year statute of limitations for that claim. <u>Id.</u> at

20  169. As such, the statement in <u>Cortez</u> that Defendant predicted Plaintiff would attempt to cloak

21  herself in is in fact nothing but *dictum*. <u>Id.</u> at 178-79 (". . . an action to recover wages that might

22  be barred if brought pursuant to Labor Code section 1194 still may be pursued as a UCL action

23  seeking restitution . . .").

24        Indeed, Plaintiff's opposition does not dispute that this statement is *dictum*. <u>See</u> <u>Santisas v.</u>

25  <u>Goodin</u>, 17 Cal.4th 599, 620 (1998) ("An appellate decision is *not authority for everything said in*

26  *the court's opinion* but only 'for the points *actually involved and actually decided*.'") (emphasis

27  added). Instead, Plaintiff erroneously claims that "one need not wonder how the California

28  Supreme Court would rule on the issue" because "it has already told us . . . and that statement is

4964289.1                                            8

1  clear and unambiguous." Oppos. at 4:9-14.  *Not so,* for several reasons.  *First,* that issue was *not*

2  before the <u>Cortez</u> court since the plaintiff's statutory wage claim was *not yet time-barred*.  *Second*,

3  <u>Cortez</u> was decided before Prop. 64 was passed, which Plaintiff concedes added "injury-in-fact"

4  standing requirements for bringing UCL claims.  While Plaintiff's beloved statement from <u>Cortez</u>

5  had some arguable logic *pre*-Prop. 64 when *anyone* could bring a UCL claim as a "private attorney

6  general," the same is *not* true *post*-Prop. 64 now that *injury-in-fact standing is required* (as

7  discussed more fully below).[7]  *Third*, the California Supreme Court's composition has changed

8  since <u>Cortez</u> was decided.  Justices Mosk and Brown, who concurred in the opinion, are no longer

9  on the court.  Further, in a separate opinion, Justice Werdegar concurred "in the judgment insofar

10  as it affirms the judgment of the Court of Appeal" but was "unable to join in much of the

11  majority's reasoning." <u>Cortez</u>, 23 Cal.4th at 181.

12      Thus, <u>Cortez</u> by no means foretells how the California Supreme Court would decide this

13  issue of first impression.  Plaintiff's time-barred statutory claims create *absolute bar to relief* and

14  injury-in-fact *standing* issues which render her interpretation of <u>Cortez</u> untenable.   Defendant

15  submits that its interpretation of <u>Cortez</u> is intellectually honest, well-reasoned, and tenable.

16  Therefore, the Court should grant its motion for summary judgment on the UCL claims.

17      ## C.    Plaintiff Lacks Prop. 64 Standing To Bring The UCL Claims.

18      As amended by Prop. 64, the UCL permits claims only by a "party ***who has suffered***

19  ***injury in fact <u>and</u> has lost money or property as a result of such unfair competition.***" <u>Cal. Bus.</u>

20  <u>& Prof. Code</u> § 17204 (emphasis added).  Plaintiff agrees that to have suffered "injury in fact" she

21  must have: (1) expended money due to the defendant's acts of unfair competition; (2) lost money

---

23  [7] Plaintiff demonstrates a fundamental misunderstanding of this point by misstating that
    "Defendant claims Prop[.] 64 overruled *Cortez*'s holding that the four-year statute in §17208
24  applies to UCL claims." Oppos. at 5:13-15. That is *not* Defendant's position. **If Plaintiff had
    filed her action for statutory claims within the applicable three-year statute of limitations
25  period, she could have joined UCL claims seeking restitution going back four-years,
    consistent with the actual holding of *Cortez*.** However, Plaintiff ***concedes*** that her statutory
26  claims are ***time-barred*** and that she is attempting to ***recast*** and ***revive*** them as borrowed
    "violations" for UCL claims using its four-year statute of limitations. Neither <u>Cortez</u> nor any other
27  binding authority allows her to do so.

28

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
(I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1  or property; or (3) been ***denied money*** to which she has a ***cognizable claim***.  See Meyer v. Sprint

2  Spectrum L.P., 150 Cal.App.4[th] 1136 (2007), rev. granted on other issues, 65 Cal.Rptr.3d 142.

3  Indeed, Plaintiff asserts that she "meets the third . . . test" for injury in fact because she "has been

4  denied money to which she has a ***cognizable claim***."  Oppos. at 9:15-20 (emphasis added).

5       However, because Plaintiff ***concedes*** that *all* of her statutory claims which she seeks to

6  "borrow" as violations for her UCL claims are ***time-barred***, she has **no *cognizable* claim** that she

7  "has been denied money" by Defendant.  Facing this fatal UCL ***standing problem***, Plaintiff baldly

8  asserts that (1) "[p]eople who have suffered injury do not have their injuries disappear when the

9  limitations period runs", Oppos. at 8:24-25, and (2) she has a "cognizable claim" that "continues to

10  exist . . . until the employee is compensated."  Oppos. at 9:18-24.  Plaintiff cites *no authority*

11  supporting these assertions.[8]

12       As discussed earlier with regard to there being an *absolute bar to relief* for Plaintiff's UCL

13  claims, it is well-settled that the running of the statute of limitations on her statutory claims leaves

14  Plaintiff with ***no injury in fact*** and ***no cognizable claim*** that she has been denied money by

15  Defendant.  See Section III.A, supra; McGee, supra; Admiralty Fund, supra; State Farm, supra;

16  Quiroz, supra; Norgart, supra; Sanchez, supra.  As the Court held in Admiralty Fund, supra, 143

17  Cal.App.3d at 386, "[a] person who ***does not press a claim*** during the appropriate [limitations]

18  period in effect ***acquiesces to the wrong suffered***."  (Emphasis added).  Moreover, California

19  Civil Code § 3515 mandates that:  "He who ***consents*** to an act is ***not wronged*** by it."  (Emphasis

20  added).  Other than her bare statement that "Defendant is simply incorrect" in this regard, Oppos.

21  at 10:23-25, Plaintiff offers *no contrary legal authority*.  Indeed, Plaintiff *concedes* that people

22

---

23       [8] Elsewhere in her opposition, Plaintiff cites Chase Sec. Corp. v. Donaldson, 325 U.S. 304

24  (1945), for the premise that an expired statute of limitations only affects the remedy, and not the
substantive right or obligation.  See Oppos. at 4:26-5:3.  Chase only held it is not a due process

25  violation for a legislature to repeal or extend a statute of limitations where the resulting effect is to
restore a time-barred claim to a party.  Chase, supra, 325 U.S. at 304.  Chase offers no support for

26  the relief Plaintiff seeks here:  the ability to pursue time-barred claims notwithstanding the
applicable statute of limitations.  Further, Plaintiff cites no authority which holds that a party must

27  fulfill a statutory obligation after the limitations period for bringing a claim thereon has run.

28

                                               10

1  whose statutory claims are time-barred "become injured persons who **cannot file a lawsuit**."
2  Oppos. at 8:25-26 (emphasis added).

3      Defendant's cite ample post-Prop. 64 authority holding that a plaintiff *lacks standing* under
4  the UCL when she cannot state a *cognizable* statutory claim to borrow as the "violation" for the
5  UCL claim.  See Motion at 18:8-27.  Plaintiff does not dispute the holdings of those cases.
6  Instead, she again "distinguishes" them on the sole basis that "none denied UCL standing to a
7  party on the basis of a limitations period having run on an underlying claim."  Oppos. at 9:28-10:1.
8  Of course, Plaintiff cites *no authority* holding that such a party has standing under the UCL.

9      Defendant's cited case of <u>Violante v. Communities Southwest Dev't. and Const. Co.</u>, 138
10  Cal.App.4th 972 (2006), is most analogous to Plaintiff's.  There the court sustained defendant's
11  demurrer to UCL claims without leave to amend.  The statute the plaintiffs sought to recover
12  wages under (and on which their UCL claims were based) did not permit a private right of action.
13  The court held that "**in the absence of a *valid claim* for violation of the prevailing wage law,**
14  **plaintiffs also *cannot successfully allege unfair business practices or unfair competition*** under
15  the [UCL]."  Id. at 980 (emphasis added).  Plaintiff "distinguishes" <u>Violante</u> as a case where the
16  plaintiff "never had a cognizable claim" – a distinction without a difference.  Oppos. at 10:6.  Just
17  as in <u>Violante</u>, Plaintiff is ***absolutely barred*** from pursuing the underlying statutory claims on
18  which her UCL claims are based, and, therefore, has ***no cognizable claim*** and ***no injury in fact***.
19  Therefore, like the plaintiff in <u>Violante</u>, Plaintiff has ***no standing*** to bring her UCL claims.

20      At bottom, Plaintiff contends that "[w]hen [she] was denied the wages . . . Defendant was
21  legally obligated to provide, she suffered an injury in the form of lost money."  Oppos. at 10:26-
22  11:2.  Plaintiff confuses mere ***"injury"*** with the ***"injury in fact"*** she needs to have for standing,
23  which is "concrete and certain harm and, ***to warrant granting of standing***, there must also be
24  reason to think that ***the harm can be redressed by relief the court can grant***."  <u>Black's Law</u>
25  <u>Dictionary</u>, supra, p. 786.  Where a claim for "injury" is *time-barred*, the harm *cannot be*
26  *redressed* by relief the court can grant.  See <u>State Farm</u>, supra, 210 Cal.App.3d at 612.  Since the
27  UCL "borrows" violations of other laws which have caused a plaintiff injury in fact, it is axiomatic
28  that Plaintiff's *time-barred* statutory claims, which are *not redressable by the court*, do *not* provide

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
(I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1  her with *injury in fact standing* to pursue her UCL claims.  Therefore, Defendant's motion for

2  summary judgment on the UCL claims should be *granted*.[9]

3  **D.    Plaintiff's UCL Claims Are Preempted by the FLSA.[10]**

4      Plaintiff cites no controlling authority holding that her UCL claims, which are based in

5  whole (First Cause of Action) or in part (Second and Fourth Causes of Action) on the FLSA, are

6  preempted.  As Defendant explained in its moving papers, "obstacle preemption" occurs where

7  "state law stands as an obstacle to the accomplishment of the full purposes and objectives of

8  federal law."  Anderson v. Sara Lee Corp., No. 05-1091, ___ F.3d. ___ (4th Cir. 2007), 2007 WL

9  4098229, at *9.  Here, Plaintiff *concedes* that any FLSA claims she has are *time-barred* under the

10  FLSA.[11]  See 29 U.S.C. § 255(a).  Because Plaintiff's UCL claims seek to *revive* those time-barred

11  FLSA claims using the UCL's longer statute of limitations, there is a direct obstacle between the

12  purpose of the FLSA, which mandates that FLSA claims be brought within two or three years, and

13  the UCL, which affords a longer four-year statute of limitations if there is not an absolute bar to

14  relief.  Given this conflict between the FLSA and the UCL, the UCL claims are *preempted*.

15      All of Plaintiff's cited cases to the contrary are distinguishable on the basis that *none* of

16  them (unlike Plaintiff's UCL claims) involved a challenge that the FLSA claim borrowed for the

17  UCL violation was *already time-barred*.  In Bahramipour v. Citigroup Global Markets, Inc., 2006

18  U.S. Dist. LEXIS 9010 (N.D. Cal. 2006) (Wilken, J.), this Court rejected a claim of conflict

19  preemption between the UCL and FLSA.  However, the plaintiffs' borrowed FLSA claims were

20  *not already time-barred*, as Plaintiff's are.  Furthermore, this Court held that differences between

21  the FLSA and UCL statutes of limitations "result in conflict preemption only if the UCL

22

23      [9] Plaintiff's opposition offers no argument or authority contrary to Defendant's position that
Plaintiff **lacks Article III standing** to pursue her claims both individually and as a class action.
24  See Motion, § VI.G at 24:1-25:15.  Defendant maintains that Plaintiff lacks Article III standing
and that it is entitled to summary judgment in its favor on this basis as well.

25      [10] Plaintiff does not oppose Defendant being granted leave to amend its answer to add a
26  FLSA preemption defense, if the Court deems that such a defense must be specifically pled.  See
Motion at 1:15-20, 4:25-27, and Kane Decl., ¶ 5, Ex. C.

27      [11] See footnote 4, supra.

28
4964289.1

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
(I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**

1    procedures stand as an obstacle to the 'accomplishment and execution of the full purposes and

2    objectives of Congress.'" Id. at *10, citing Williamson v. General Dynamics Corp., 208 F.3d

3    1144, 1152 (9th Cir. 2000). Where, as here, allowing a plaintiff to pursue UCL claims requires the

4    court to *entirely disregard* that the borrowed FLSA claims are *time-barred under the FLSA*, there

5    is a patent *conflict* between the UCL and FLSA limitations periods that *must yield to preemption*.

6          The unpublished case of Barnett v. Washington Mutual Bank, 2004 U.S. Dist. LEXIS

7    18491 (N.D. Cal. 2004), also did not involve a plaintiff borrowing already time-barred FLSA

8    claims and trying to revive them using the UCL's four-year statute of limitations. Rather, Barnett

9    involved a defendant seeking to restrict restitution under a UCL claim based on FLSA violations

10   to a period coterminous with the FLSA's shorter limitations period. Id. at *19-22.

11         Similarly, in the only published decision cited by Plaintiff, Takacs v. A.G. Edwards &

12   Sons, Inc., 444 F.Supp.2d 1100 (S.D. Cal. 2006), there was no challenge that the borrowed FLSA

13   claim was already time-barred. As such, there was no "conflict" between the UCL and FLSA

14   statutes of limitations to give rise to a finding of preemption.

15         Finally, the cited unpublished order in Willis v. Cal-Western Transport, No. CV F 00-5695

16   AWI JLO (E.D. Cal. 2000), denied a motion for judgment on the pleadings based on FLSA

17   preemption. It did not involve a contention that the entire UCL cause of action was preempted by

18   the FLSA, as Defendant asserts here (at least as to the First Cause of Action).

19         In summary, each of Plaintiff's cited cases is *inapposite* to the UCL claims being asserted

20   in this case because they all involved UCL violations that borrowed FLSA claims which were *not

21   already time-barred*.[12] Where, as here, the borrowed FLSA claims *are already time-barred*, a true

22   obstacle exists between the FLSA and UCL: the FLSA *does not* allow for any relief to be granted

23

24         [12] Although Plaintiff's cited cases purport to disagree with and distinguish Lerwill v.

25   Inflight Motion Pictures, Inc., 343 F.Supp. 1027, 1029 (N.D. Cal. 1972) ("the [FLSA] statutory
     remedy is the sole remedy available to the employee for enforcement of whatever rights he may

26   have under the FLSA.") and Williamson, supra, 208 F.3d 1144 (overtime claims directly covered
     by the FLSA must be brought under the FLSA), no published Northern District of California or

27   Ninth Circuit decision expressly disapproves of or overrules these cases. They remain good law.

28

1   for the FLSA violation, while the UCL *does* by effectively reviving the time-barred claim.  As this

2   Court has held, "[s]tate law *will still be preempted* to the extent that it *actually conflicts* with

3   federal law."  Bahramipour, supra, at *4-5 (emphasis added).  Further, "preemption issues . . .

4   must be decided on a case-by-case basis." Williamson, supra, 208 F.3d at 1155.

5          Moreover, although Plaintiff recognizes that Defendant relies on two Fourth Circuit

6   decisions, Anderson v. Sara Lee Corp., supra, and Kendall v. City of Chesapeake, 174 F.3d 437,

7   443 (4th Cir. 1999), Plaintiff's opposition offers no analysis of their applicability, holdings, or

8   reasoning.  See Oppos. at 11:10-17.  Plaintiff also ignores Defendant's citation to the First Circuit's

9   decision in Roman v. Maietta Construction, Inc., 147 F.3d 71, 76 (1st Cir. 1998), which held the

10  plaintiff was not entitled to additional state remedies for minimum wage and overtime violations

11  beyond those available under the FLSA because "the FLSA is the exclusive remedy for

12  enforcement of rights created under the FLSA."

13         Accordingly, Plaintiff has not cited any authority which holds that the UCL can be used to

14  *revive* a *time-barred* FLSA claim.  If the claim cannot be pursued under the FLSA, and the UCL

15  would permit it to be pursued, there is a *conflict* and the UCL claim is *preempted*.  Therefore,

16  Plaintiff's UCL claims *are preempted* by the FLSA in whole or in part and Defendant's motion for

17  summary judgment should be *granted*.

18  **IV.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S**

19          **TIME-BARRED SIXTH CAUSE OF ACTION UNDER *LABOR CODE* § 203.**

20         Plaintiff asserts that because she has a purported UCL claim for "unpaid wages," her **Sixth**

21  **Cause of Action** for *waiting time penalties* under Cal. Labor Code § 203 ("Section 203") is not

22  time barred.  Plaintiff fails to cite any cases supporting her position because *she is patently wrong*.

23         It is well-settled that claims for waiting time penalties under Section 203 are subject to a

24  *three-year statute of limitations*.  See Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4[th] 1094,

25  1109 (2007); Aubry, supra, 201 Cal.App.3d at 404, n.4, Medrano, supra, 125 F.Supp.2d at 1170.

26  Moreover, Plaintiff's Complaint does not even purport to bring this claim pursuant to the UCL.

27  Indeed, even if she had, she would not be entitled to any relief under the UCL because waiting

28  time penalties are *not restitutionary*.

1    In <u>Montecino v. Spherion Corp.</u>, 427 F.Supp.2d 965 (C.D. Cal. 2006), the plaintiff pursued

2  both Section 203 and UCL claims.  She sought to bring her Section 203 claim pursuant to the UCL

3  and its four-year limitations period.  The defendant filed a motion to strike all such references in

4  the complaint.  In granting the defendant's motion, the court held that the waiting time penalties

5  available under Section 203 "cannot be classified as restitution," and, therefore, are not

6  recoverable under the UCL.  <u>Id.</u> at 968.  Like Plaintiff in this case, the <u>Montecino</u> plaintiff

7  contended that she could still utilize the UCL's four-year statute of limitations for her Section 203

8  claim because Section 203 provides that "[s]uit may be filed for these penalties at any time before

9  the expiration of the statute of limitations on an action for the wages from which the penalties

10 arise."  Just as this Court should, the <u>Montecino</u> court *rejected* the plaintiff's attempt to use the

11 UCL's limitations period for the Section 203 claim, stating that "[p]laintiff offers no support for

12 such a proposition, and cannot circumvent the three-year statute of limitations for *§ 203* on this

13 basis."  <u>Id.</u>  Therefore, Defendant's motion for summary judgment on this claim should be *granted*.

14 **V.    CONCLUSION.**

15   For all of the foregoing reasons and those set forth in the moving papers, Defendant

16 respectfully requests that the Court *grant* its motion for (I) summary judgment or partial summary

17 judgment and (II) leave to amend its Answer as prayed.[13]

18 DATED: December 27, 2007         MᴄGᴜɪʀᴇWᴏᴏᴅꜱ LLP

19                                 By:   /s/ Matthew C. Kane

20                                       Matthew C. Kane, Esq.
                                         Michelle R. Walker, Esq.
21                                       Sabrina A. Beldner, Esq.
                                         Attorneys for Defendant
22                                       GREENPOINT MORTGAGE, a division of
                                         GREENPOINT FINANCIAL CORP.
23

24
_____

25   [13] If the Court does not grant summary judgment in whole or part, Defendant respectfully
   requests that the Court certify its order for immediate appeal and stay all further proceedings
26 pending appeal pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 8(a)(1).  Based on the parties'
   briefing, this motion involves (1) a controlling question of law; (2) the question presents
27 substantial grounds for difference of opinion; and (3) an appeal may materially advance the
   ultimate termination of the litigation.  <u>Id.</u>
28

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
(I) SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AND (II) LEAVE TO AMEND ANSWER**