IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA LAWLER, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP.; and DOES 1 through 100,<br><br>      Defendants. | No. C 07-4385 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

    Plaintiff Jana Lawler brings this action charging Defendant Greenpoint Mortgage with violating California's labor and unfair competition laws. Defendant moves for judgment on the pleadings on all of Plaintiff's claims.[1] Plaintiff opposes Defendant's motion with respect to her claims under the Unfair Competition Law and section 203 of the Labor Code, but does not oppose it with respect to her other claims. The matter was taken under submission on the papers. Having considered all of the materials submitted by the parties, the Court grants Defendant's motion in part and denies it in part.

---

[1] Defendant purports to move for summary judgment. However, because no discovery has taken place and the motion is based solely on the allegations in the pleadings, the Court deems the motion as one for judgment on the pleadings.

BACKGROUND

Plaintiff was an employee of Defendant's until January 27, 2004. On July 18, 2007, she commenced this action in the Marin County Superior Court. Defendant subsequently removed the action to federal court. In the complaint, Plaintiff alleges that Defendant failed to pay her overtime wages, to provide her with meal and rest breaks, and timely to pay the wages she was due upon her termination. She brings this lawsuit on behalf of herself and a putative class of similarly situated employees. Among these employees, there are four subclasses denominated "A" through "D," depending on the causes of action available to them.

Plaintiff asserts the following ten causes of action: 1) a claim for restitution under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17203, based on Defendant's failure to pay members of Subclass A overtime wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.; 2) a claim for restitution under the UCL based on Defendant's failure to pay members of Subclass B overtime wages as required by California Industrial Welfare Commission Wage Order 4-2001, Cal. Code Regs. tit. 8 § 11040; 3) a claim on behalf of Subclass B for recovery of unpaid overtime pursuant to California Labor Code (CLC) § 1194; 4) a claim for restitution under the UCL based on Defendant's failure to pay members of Subclass C overtime wages;[2] 5) a claim on behalf of Subclass C for recovery of unpaid overtime pursuant to

---

[2] Although this cause of action refers to Defendant's failure to give "required overtime pay," the complaint does not identify the source of the requirement. For the purposes of this motion, the Court assumes that the source is the FLSA.

2

CLC § 1194; 6) a claim for waiting time penalties pursuant to CLC § 203, based on Defendant's failure to pay members of Subclass D the wages they were due by the deadlines specified in CLC §§ 201 and 202; 7) a claim for compensation on behalf of Subclasses A, B and C, based on Defendant's failure to provide members of these subclasses with all of the rest and meal breaks due to them under CLC § 226.7;[3] 8) a claim brought under the Labor Code Private Attorneys General Act of 2004 (PAGA), CLC § 2699(a), seeking the civil penalties specified in CLC § 210 for Defendant's failure to pay wages accurately, as required by CLC § 204; 9) a claim brought under PAGA seeking the civil penalties specified in CLC § 226.3 for Defendant's failure to provide accurate pay stubs, as required by CLC § 226; and 10) a claim for a declaratory judgment finding that Defendant's business is not a "retail or service establishment," as those terms are used in the FLSA.

Defendant moves for judgment on the pleadings, arguing that each of Plaintiff's claims is barred by the statute of limitations and that she lacks standing to sue. Defendant also argues that Plaintiff's UCL claims are preempted by the FLSA.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of

---

[3] It is not clear whether Plaintiff also seeks civil penalties in connection with this cause of action.

3

fact remains to be resolved and that it is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

## DISCUSSION

### I. Statute of Limitations and Standing

Defendant argues that each of Plaintiff's ten causes of action is barred by the applicable statute of limitations. Plaintiff apparently concedes that her third, fifth, seventh, eighth and ninth causes of action, all of which are based on alleged violations of the CLC, are time-barred. The Court therefore dismisses these causes of action. It is not clear whether Plaintiff opposes Defendant's motion with respect to her tenth cause of action for a declaratory judgment. The Court need not determine whether this claim is time-barred, however, because Plaintiff's request that the Court determine that Defendant's business is not a "retail or service establishment" is not properly asserted as an independent cause of action. To the extent Defendant's classification as such an establishment bears on Plaintiff's legal rights, the issue may be resolved in the course of litigating Plaintiff's other causes of action. Accordingly, the Court dismisses the tenth cause of action.

Of the four remaining claims, Plaintiff's first, second and fourth causes of action are brought under the UCL. This law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v.

4

United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state, or local law may serve as the basis for a UCL claim. Saunders v. Superior Ct., 27 Cal. App. 4th 832, 838-39 (1994).

California law provides a four-year statute of limitations for UCL claims. Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 178-79 (2000). Defendant implicitly acknowledges that Plaintiff's claims would not be time-barred under a four-year statute of limitations. However, it argues that, because Plaintiff's UCL claims are based on violations of other statutes, and because the claims, if brought under those statutes, would now be time-barred, she may not bring the claims under UCL either.[4] This argument is foreclosed by Cortez, which addressed whether the three-year statute of limitations applicable to causes of action brought under CLC § 1194 for failure to pay wages should also apply to such a claim when brought under the UCL. The court held that "an action to recover wages that might be barred [by the statute of limitations] if brought pursuant to Labor Code section 1194 still may be pursued as a UCL action seeking restitution pursuant to section 17203 if the failure to pay constitutes a business practice." Id. This holding is dispositive, despite Defendant's unsupportable argument that the clear language of Cortez is dicta.

Defendant's argument that Plaintiff lacks standing to bring her UCL claims is equally unavailing. Defendant is correct that a

---

[4] It is not clear that Plaintiff's second cause of action, based on a violation of Wage Order 4-2001, would be subject to the two- or three-year statute of limitations applicable to FLSA claims, as Defendant asserts.

UCL claim must be brought by a person "who has suffered injury in fact and has lost money or property as a result" of an unlawful business practice. Cal. Bus. & Prof. Code § 17204. Plaintiff meets this standing requirement; the complaint clearly alleges that she was injured when Defendant failed to pay her the compensation she was due. Defendant's argument that Plaintiff has suffered no "injury in fact" because her claims are time-barred is a repetition of its statute of limitations argument. A plaintiff obtains standing to sue by suffering a legal injury. See 13 Wright & Miller, Fed. Prac. & Proc., § 3531. Defendant has cited no authority for its novel proposition that a plaintiff loses standing once a legal action becomes time-barred. Contra Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982) (plaintiffs had standing to sue but their claims were barred by the statute of limitations). The passing of the limitations period does not erase the legal injury; it merely imposes a procedural bar to an action based on the injury.

There is similarly no support for Defendant's assertion that, in adding the injury requirement to the UCL, Proposition 64 changed the holding of Cortez, which had nothing to do with injury or standing. Nor has Defendant cited any case that is not readily distinguishable from the facts here. Accordingly, Defendant's motion with respect to Plaintiff's first, second and fourth causes of action is denied.

Plaintiff's sixth cause of action is based on CLC § 203, which imposes penalties for an employer's failure to pay wages due to terminated employees by the deadlines specified in CLC §§ 201,

6

201.5 and 202. The statute provides, "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." Such an action would ordinarily be governed by a three-year statute of limitations, see Cal. Code Civ. P. § 338(a), unless it were brought under the UCL, in which case it would be subject to a four-year statute of limitations, see Cortez, 23 Cal. 4th at 178-79. Plaintiff's UCL claims seek restitution for Defendant's failure to pay overtime wages. They do not seek restitution for wages Defendant failed timely to pay upon Plaintiff's termination. Because Plaintiff's CLC § 203 claim is not related to her UCL claims, it is subject to a three-year statute of limitations. Accordingly, Defendant's motion is granted with respect to Plaintiff's sixth cause of action.

II. Preemption

Defendant argues that Plaintiff's UCL claims are preempted by the FLSA. The Ninth Circuit has not yet addressed whether unfair competition claims brought under state law but based on violations of the FLSA are preempted by the federal Act. This Court, however, confronted the precise issue in Bahramipour v. Citigroup Global Markets, Inc., 2006 WL 449132 (N.D. Cal.), and concluded that the UCL is not preempted by the FLSA. Defendant cites Anderson v. Sara Lee Corp., __ F.3d __, 2007 WL 4098229 (4th Cir. 2007), in support of its position. While the Fourth Circuit reached a different conclusion than the Court did in Bahramipour, Anderson is not binding precedent and does not persuade the Court to depart from the approach taken in its earlier decision. For the reasons set

7

forth in <u>Bahramipour</u>, Defendant's motion for judgment on preemption grounds is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings (Docket No. 22, styled as a motion for summary judgment) is GRANTED IN PART and DENIED IN PART. The Court dismisses Plaintiff's third, fifth, seventh, eighth, ninth and tenth causes of action with prejudice. Plaintiff's sixth cause of action is dismissed without prejudice. Plaintiff is given leave to amend the complaint to assert, if she can truthfully do so, a UCL claim based on Defendant's failure timely to pay wages upon the termination of its employees. In connection with such a claim, she may seek the penalties provided under CLC § 203. If Plaintiff wishes to amend her complaint, she must file an amended complaint within ten days of this order. If she does not wish to amend her complaint, she may proceed with her first, second and fourth causes of action as they are currently pled. The case management conference scheduled for January 10, 2008 will go forward as planned.

IT IS SO ORDERED.

Dated: 1/8/08

_____
CLAUDIA WILKEN
United States District Judge