McGuireWoods LLP
Matthew C. Kane, Esq.        (SBN 171829)
mkane@mcguirewoods.com
Michelle R. Walker, Esq.     (SBN 167375)
mwalker@mcguirewoods.com
Sabrina A. Beldner, Esq.     (SBN 221918)
sbeldner@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:    (310) 315-8200
Facsimile:    (310) 315-8210

Attorneys for Defendant,
GREENPOINT MORTGAGE, a division of
GREENPOINT FINANCIAL CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| JANA LAWLER, individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,<br><br>Defendants. | CASE NO. C 07-04385 CW<br><br>**DEFENDANT'S AMENDED FURTHER CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>CMC<br>Date:        January 10, 2008<br>Time:        2:00 p.m.<br>Courtroom:   2 |

**TO THE HON. CLAUDIA WILKEN, UNITED STATES DISTRICT JUDGE, NORTHERN DISTRICT OF CALIFORNIA:**

Defendant GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP. ("Defendant"), submits this **AMENDED** Further Case Management Conference Statement in accordance with the Court's order entered after the Initial Case Management Conference held in this matter on December 4, 2007, and in light of the Court's January 8, 2008 Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment or Partial Summary Judgment:

1. **JURISDICTION & SERVICE**

   [NO CHANGES SINCE LAST REPORT]

2. **FACTS**

   [NO CHANGES SINCE LAST REPORT]

3. **LEGAL ISSUES**

   [NO CHANGES SINCE LAST REPORT]

4. **MOTIONS**

On January 8, 2008, the Court issued its Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment or Partial Summary Judgment, which the Court treated as a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. Proc. 12 (the "Motion"). The Court granted the Motion and dismissed with prejudice Plaintiff's Third, Fifth, Seventh, Eighth, Ninth and Tenth Causes of Action, granted the Motion and dismissed without prejudice Plaintiff's Sixth Cause of Action, and denied the Motion as to Plaintiff's First, Second, and Fourth Causes of Action.

In light of the Court's rulings on the Motion, particularly as to the First, Second, Fourth, and Sixth Causes of Action, the Court's Order should be amended (either *sua sponte* or pursuant to Defendant's motion or application) to certify it for immediate appellate review pursuant to 28 U.S.C. § 1292(b), and stay all further proceedings in the case pending the final disposition of such review pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 8(a). The factual circumstances and issues presented in this case are appropriate for interlocutory review, which requires the order to involve (1) a controlling question of law; (2) the question presents substantial grounds for difference of opinion; and (3) an appeal may materially advance the ultimate termination of the litigation. Id.

Here, a controlling question of law exists in that resolution of the questions presented will materially affect the outcome of the litigation in district court in that if, as Defendant maintains, Plaintiff's admittedly time-barred wage claims preclude her from having standing to sue and serve as an absolute bar to relief under the UCL, this litigation ends. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). The same is true in whole, as to Plaintiff's First Cause of

Action, and in part as to Plaintiff's Second and Fourth Causes of Action, if they are preempted by the FLSA. Id.

Further, Defendant's motion involves issues of first impression where the law does not exist, is still evolving, or is conflicting, and thus, there is substantial grounds for difference of opinion. 28 U.S.C. § 1292(b). Whether a party can base UCL claims on a time-barred statute and whether standing exists under the UCL post-Prop. 64 in such circumstances presents a novel question that should be affirmatively resolved by the courts. In re Cement Antitrust Litig., supra, 673 F.2d at 1026. The same is true with regard to the FLSA preemption issue. Id.

Lastly, an immediate appeal would materially advance the ultimate termination of the litigation. In re Cement Antitrust Litig., supra, 673 F.2d at 1026. The issues of whether Plaintiff lacks standing and/or is absolutely barred from pursuing claims under the UCL, and/or whether those claims are preempted by the FLSA in whole or in part, is outcome dispositive. Moreover, their resolution at this early stage (prior to initial disclosures and any discovery) does not prejudice the parties and will undoubtedly conserve judicial resources by narrowing the number of issues or claims involved or disposing of the action entirely. Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988). It also maintains the *status quo* of the stay imposed by the Court at the Initial Case Management Conference on December 4, 2007.

Defendant is also reviewing the possibility of a motion for reconsideration of the Court's Order on the Motion.

As the prevailing party on Plaintiff's claims under the Labor Code, Defendant will also be moving for an award of attorneys fees under the Labor Code and other applicable authority.

For the foregoing reasons, Defendant respectfully requests that the court certify its Order on the Motion for interlocutory review pursuant to 28 U.S.C. § 1292(b), and, in accordance with its earlier order staying initial disclosures and discovery pending resolution of this summary judgment motion, continue the stay on all proceedings pending appeal.

**5. AMENDMENT OF PLEADINGS**

Pursuant to the Court's Order on the Motion, the Court has afforded Plaintiff 10 days, until January 18, 2008, to amend her Complaint as to the purported Sixth Cause of Action for waiting

time penalties under Cal. Labor Code § 203.

**6.    EVIDENCE PRESERVATION**

[NO CHANGES SINCE LAST REPORT]

**7.    DISCLOSURES**

At the December 4, 2007 Initial Case Management Conference, the Court stayed initial disclosures pending its ruling on Defendant's Motion for Summary Judgment.  In light of this Order partially denying Summary Judgment, Defendant requests that the Court continue the stay on initial disclosures, as Defendant will be moving the Court for reconsideration of the Court's Order or to amend its Order and certify it for immediate appellate review pursuant to 28 U.S.C. § 1292(b), and stay all further proceedings in the case pending the final disposition of such review pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 8(a).

**8.    DISCOVERY**

At the December 4, 2007 Initial Case Management Conference, the Court stayed discovery pending its ruling on Defendant's Motion for Summary Judgment.  In light of this Order partially denying Summary Judgment, Defendant requests that the Court continue the stay on discovery, as Defendant will be moving the Court for reconsideration of the Court's Order or to amend its Order and certify it for immediate appellate review pursuant to 28 U.S.C. § 1292(b), and stay all further proceedings in the case pending the final disposition of such review pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 8(a).

Notwithstanding the foregoing, in the last report, Defendant proposed that discovery should be phased as follows:

| PHASE | TYPE | DURATION |
| --- | --- | --- |
| I | No Discovery By Any Party | Until Ruling on Defendant's Early Motion for Summary Judgment on Standing, Statute of Limitations, and Failure to State a Claim on Which Relief Can Be Granted Issues |
| II | Class Certification Discovery Only | Until Applicable Cut-Offs Before Hearing on Motion for Class Certification |
| III | Merits Discovery | Until Applicable Cut-Offs Before Trial |

9. **CLASS ACTION ISSUES**

   [NO CHANGES SINCE LAST REPORT]

10. **RELATED CASES**

    [NO CHANGES SINCE LAST REPORT]

11. **RELIEF**

    The Court's January 8, 2008 Order narrowed the forms of relief sought herein by dismissing, with prejudice, the causes of action that formed the basis for Plaintiff's prayer for declaratory judgment and penalties, as alleged in Paragraphs 2 and 7 of the prayer for relief in the Complaint.

12. **SETTLEMENT AND ADR**

    [NO CHANGES SINCE LAST REPORT]

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

    [NO CHANGES SINCE LAST REPORT]

14. **OTHER REFERENCES**

    [NO CHANGES SINCE LAST REPORT]

15. **NARROWING OF ISSUES**

    In light of the Court's partial denial of the Motion, Defendant requests and/or will be moving that the Court certify its order for immediate appellate review pursuant to 28 U.S.C. § 1292(b), and that it stay all further proceedings in the case pending the final disposition of such review pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 8(a).  Defendant is alternatively contemplating a motion for reconsideration of the Court's Order and a motion to stay of all proceedings pending final disposition of such review.

16. **EXPEDITED SCHEDULE**

    [NO CHANGES SINCE LAST REPORT]

17. **SCHEDULING**

    [NO CHANGES SINCE LAST REPORT]

18. **TRIAL**

    [NO CHANGES SINCE LAST REPORT]

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

[NO CHANGES SINCE LAST REPORT]

20. **OTHER MATTERS**

[NO CHANGES SINCE LAST REPORT]

DATED: January 9, 2008                    McGuireWoods LLP

                                          By:  /s/ Matthew C. Kane
                                               Matthew C. Kane, Esq.
                                               Michelle R. Walker, Esq.
                                               Sabrina A. Beldner, Esq.
                                          Attorneys for Defendant
                                          GREENPOINT MORTGAGE, a division of
                                          GREENPOINT FINANCIAL CORP.

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067. On January 9, 2008, I served the following document(s) described as **DEFENDANT'S AMENDED FURTHER CASE MANAGEMENT CONFERENCE STATEMENT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

  Newman G. Strawbridge, Esq.
  Crawford & Strawbridge
  719 Orchard Street
  Santa Rosa, CA  95404

☐  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐  **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☒  **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

  Executed on January 9, 2008, at Los Angeles, California.

            /s/
            Cherlyn Hunt

4992632.1

7

**DEFENDANT'S AMENDED FURTHER CASE MANAGEMENT CONFERENCE STATEMENT**