McGUIREWOODS LLP
Matthew C. Kane, Esq.     (SBN 171829)
mkane@mcguirewoods.com
Michelle R. Walker, Esq.  (SBN 167375)
mwalker@mcguirewoods.com
Sabrina A. Beldner, Esq.  (SBN 221918)
sbeldner@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:    (310) 315-8200
Facsimile:    (310) 315-8210

Attorneys for Defendant,
GREENPOINT MORTGAGE, a division of
GREENPOINT FINANCIAL CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JANA LAWLER, individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,<br><br>Defendants. | CASE NO. C 07-04385 CW<br><br>**DEFENDANT'S MOTION TO CONTINUE STAY ON INITIAL DISCLOSURES AND DISCOVERY AND TO STAY ALL OTHER PROCEEDINGS PENDING DISPOSITION OF INTERLOCUTORY APPELLATE REVIEW OF ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT:**<br><br>**(1)  NOTICE OF MOTION**<br><br>**(2)  STATEMENT OF RELIEF SOUGHT**<br><br>**(3)  MEMORANDUM OF POINTS & AUTHORITIES**<br><br>**(4)  DECLARATION OF MATTHEW C. KANE**<br><br>**(5)  [PROPOSED] ORDER**<br>*[Under Separate Cover]*<br><br>[Fed. R. App. Proc. 8(a)(1)]<br><br>**Date:**      February 21, 2008<br>**Time:**      2:00 p.m.<br>**Courtroom:** 2 |

---

**Defendant's Motion to Stay Initial Disclosures and Discovery and all other Proceedings in the District Court Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on February 21, 2008, at 2:00 p.m., in Courtroom 2 of the United States District Court, Northern District of California – Oakland Division (the "Court"), located at 1301 Clay Street, Oakland, CA 94612, Defendant GreenPoint Mortgage, a division of Greenpoint Financial Corp., will and hereby does move the Court, pursuant to <u>Fed. R. App. Proc.</u> 8(a)(1), for an order (1) continuing the stay on initial disclosures and discovery, as ordered at the Initial Case Management Conference on December 4, 2007, and set forth in the Court's Case Management Order of December 6, 2007, and (2) staying all further proceedings in this action pending disposition of Defendant's interlocutory appellate review being sought of the Court's January 8, 2008 Order on Defendant's Motion for Summary Judgment (the "MSJ Order").  This motion is based on this notice; the Memorandum of Points and Authorities and Declaration of Matthew C. Kane and exhibits attached thereto set forth below; the Court's file and records on this action; and such other and further evidence and argument as may be presented at or before the hearing on this motion.

# STATEMENT OF RELIEF SOUGHT

Defendant seeks an order (1) continuing the stay on initial disclosures and discovery as ordered at the Initial Case Management Conference on December 4, 2007, and set forth in the Court's Case Management Order of December 6, 2007, and (2) staying all further proceedings in this action pending disposition of Defendant's interlocutory appellate review being sought of the MSJ Order.  The current stay on initial disclosures and discovery will expire on February 1, 2008.

5006500.2

1

**Defendant's Motion to Stay Initial Disclosures and Discovery and all other Proceedings in the District Court Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This Court has declined Defendant's invitation to certify the MSJ Order for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b).  Thus, Defendant must seek appellate review pursuant to a Petition for Writ of Mandate from the Ninth Circuit, which Defendant is in the process of preparing and will be filing shortly.  That Petition will submit substantial and potentially dispositive legal questions to the Ninth Circuit on unresolved issues pertaining to (1) FLSA preemption of Plaintiff's claims under California's Unfair Competition Law ("UCL"), (2) whether Plaintiff's UCL claims are precluded by an "absolute bar to relief" and/or whether Plaintiff lacks standing to bring those claims, and (3) whether Plaintiff's time-barred claim for waiting time penalties under Cal. Labor Code § 203 can be brought as a UCL claim and/or pursuant to the UCL's four-year statute of limitations.

At the Initial Case Management Conference on December 4, 2007, the Court stayed initial disclosures and discovery pending its ruling on Defendant's Motion for Summary Judgment ("MSJ").  Pursuant to the Court's Case Management Order of December 6, 2007, that stay remains in place until February 1, 2008.  Defendant intends to file its Petition for Writ of Mandate with the Ninth Circuit by that date and, if successful, it will be dispositive of Plaintiff's remaining claims.

If that stay is not continued past February 1, 2008, Defendant will suffer undue prejudice and harm from being required to make potentially unnecessary initial disclosures and engage in class certification discovery prior to possible resolution of the substantial and dispositive legal questions presented by its Petition for Writ of Mandate.  Therefore, Defendant requests that the Court continue the stay on initial disclosures and discovery, and stay all further proceedings, pending final disposition of the interlocutory appellate review it seeks of the MSJ Order.

## II.    SUMMARY OF ARGUMENT.

If successful, Defendant's Petition for Writ of Mandate will dispose of Plaintiff's remaining claims in this action.  Therefore, requiring the parties to make initial disclosures and engage in class certification discovery prior to the disposition of those appellate proceedings presents a risk of irreparable injury and significant undue prejudice to Defendant, including the premature and

5006500.2

2

**Defendant's Motion to Stay Initial Disclosures and Discovery and all other Proceedings in the District Court Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

possibly unnecessary disclosure of confidential business and employee information, as well as information about Defendant's legal positions and affirmative defenses.  Thus, it could result in a potentially unnecessary expenditure of time and resources by both the parties and this Court, particularly if the appellate review Defendant seeks further narrows or eliminates Plaintiff's remaining claims. Conversely, Plaintiff and the putative class members will not be prejudiced by the requested stay, as all evidence is subject to preservation measures, and the purported employment practices at issue could not be continuing (if they ever existed) because GreenPoint Mortgage has ceased all residential mortgage underwriting.

This Court previously stayed initial disclosures and discovery pending its ruling on Defendant's MSJ.  That decision proved to be a practical one, as 60% - 70% of Plaintiff's claims were eliminated.  Given that the proposed stay is occurring at the early stages of this litigation, will not unduly prejudice Plaintiff, and could possibly lead to the termination of the litigation, the balance of interests and equities weighs heavily in favor of this Court granting this motion, continuing the stay on initial disclosures and discovery, and staying all further proceedings pending the disposition of Defendant's interlocutory appellate review of the MSJ Order.

### III.     PROCEDURAL HISTORY

On December 3, 2007, Defendant filed its MSJ as to all 10 of Plaintiff's claims.  At the Initial Case Management Conference the next day, the Court granted Defendant's request to stay initial disclosures and discovery until after the Court's ruling on Defendant's MSJ, and stayed initial disclosures and discovery until February 1, 2008.  (Kane Decl. ¶ 5; Doc. #27.)

On January 8, 2008, the Court issued its MSJ Order, granting Defendant's MSJ and dismissing with prejudice Plaintiff's Third, Fifth, Seventh, Eighth, Ninth and Tenth Causes of Action.  The Court granted Defendant's MSJ and dismissed without prejudice Plaintiff's Sixth Cause of Action for waiting time penalties under Cal. Labor Code § 203, and denied Defendant's MSJ as to Plaintiff's First, Second, and Fourth Causes of Action, each of which purports to seek to recover restitution of overtime wages under the UCL.

On January 9, 2008, Defendant filed an Amended Further Case Management Statement with the Court addressing issues related to appellate review of the MSJ Order and continuing the

5006500.2

3

**Defendant's Motion to Stay Initial Disclosures and Discovery and all other Proceedings in the District Court Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

stay on initial disclosures and discovery in this litigation. (Kane Decl., ¶ 7; Doc. #34 at Sections 7 and 8.) On January 10, 2008, the parties appeared before the Court for a further case management conference ("Further CMC"), at which time Defendant confirmed that it was contemplating pursuing a motion for reconsideration and/or moving for certification of the MSJ Order and a stay of all proceedings pursuant to 28 U.S.C. § 1292(b).

At the Further CMC, the Court indicated it would neither certify nor reconsider its MSJ Order. (Kane Decl., ¶ 8.) The Court reiterated this in its January 14, 2008 Case Management Order ("CMO"). (Kane Decl., ¶ 8; Doc. #35.) Nevertheless, the Court acknowledged that Defendant may seek writ relief from the Court of Appeals. (Id.)

On January 15, 2008, Defendant's counsel attempted to meet and confer with Plaintiff's counsel regarding stipulating to the stay that is the subject of this motion. (Kane Decl., ¶ 10, Ex. A.) Plaintiff's counsel did not respond. (Id.)

## IV. LEGAL ANALYSIS

### A. Applicable Legal Standard Governing a Motion to Stay.

A party seeking a stay of district court proceedings pending appeal must first move the district court for the requested relief. Fed. R. App. Proc. 8(a)(1)(A); see also Michigan Coalition of Radioactive Mat. Users, Inc. v. Griepentrog, 945 F.2d 150, 152 (6th Cir. 1991) ("Michigan Coalition"). The factors considered in determining whether the Court should grant a civil stay pursuant to Fed. R. App. Proc. 8 are as follows: (1) whether the stay applicant has made a showing of likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other party in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see also Bradberry v. T-Mobile USA, Inc., 2007 WL 2221076, *2 (N.D. Cal. 2007) (Wilken, J.) (same). These factors are not mandatory prerequisites, but "interrelated considerations that must be balanced together." Michigan Coalition, supra, 945 F.2d at 153 (citation omitted). For instance, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the moving party] will suffer absent the stay." Id.

5006500.2

4

**Defendant's Motion to Stay Initial Disclosures and Discovery and all other Proceedings in the District Court Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

As discussed below, Defendant's Petition for Writ of Mandate will present substantial legal questions on which Defendant can present a substantial case on the merits of serious legal questions. Moreover, the harm and prejudice to Defendant far outweighs that which Plaintiff will suffer if a stay is granted, and the public interest is furthered by a stay.

### B. Defendant's Appeal Presents A Substantial Case On The Merits Of Serious And Unresolved Legal Questions Regarding FLSA Preemption, Procedural Bars To UCL Claims, And Whether Labor Code Section 203 Waiting Time Penalties Can Be Subject To The UCL's Four-Year Statute Of Limitations.

This Court has expressed its doubts that Defendant will succeed on appeal, but the "likelihood of success on the merits" factor is not rigidly applied. An applicant seeking a stay "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." United States v. Baylor Med. Ctr., 711 F.2d 38, 39 (5th Cir. 1983) (serious legal issue of whether Medicare/Medicaid payment constituted "federal financial assistance" warranted granting of stay), citing Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981). The Ruiz court explained that:

> If a movant were required in every case to establish that the appeal would probably be successful, the Rule would not require as it does a prior presentation to the district judge whose order is being appealed. That judge has already decided the merits of the legal issue. The stay procedure of Fed.R.Civ.P. 62(c) and Fed.R.App.P. 8(a) affords interim relief *where relative harm and the uncertainty of final disposition justify it*. Of course, *if the balance of equities (i.e. consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success* on the merits in order to obtain a stay pending appeal.

Ruiz, supra, 650 F.2d at 565-66 (emph. added.).

In this case, substantial legal questions exist on Plaintiff's remaining UCL claims and her Cal. Labor Code Section 203 claim. Plaintiff's First, Second, and Fourth Causes of Action under the UCL are based on "borrowed" violations of the federal Fair Labor Standards Act ("FLSA") and the California Industrial Welfare Commission Wage Order 4-2001 ("Wage Order"). Defendant has raised the issue of "obstacle preemption" involving Plaintiff's borrowed FLSA allegations. The MSJ Order acknowledges a recent Fourth Circuit decision supporting

5006500.2

5

**Defendant's Motion to Stay Initial Disclosures and Discovery and all other Proceedings in the District Court Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

Defendant's legal argument and states that the Ninth Circuit "has not yet addressed whether unfair competition claims brought under state law but based on violations of the FLSA are preempted by the federal Act." (Kane Decl., ¶ 6; Doc. #33 at 7:17-27.)  Additionally, the MSJ Order finds that Plaintiff's direct state law statutory claims with one- or three-year statutes of limitations are in fact time-barred.  (Kane Decl., ¶ 6; Doc. #33 at 4:7-11.)  It is undisputed that FLSA claims are subject to a two- or three-year statute of limitations.  See 29 U.S.C. § 255(a).  The authority cited in the MSJ Order as rejecting Defendant's argument that the FLSA limitations period preempts Plaintiff's UCL claims did not involve already time-barred FLSA claims being borrowed as UCL violations; rather, in that case, the FLSA claims were still timely if brought as direct statutory claims and could be borrowed as UCL violations subject to its more generous four-year statute of limitations. Given the Court's acknowledgment that the Ninth Circuit has not directly addressed this issue, and the differing opinions of other circuits, Defendant has shown that it can present a substantial case on the merits and that a substantial legal question exists on FLSA preemption.  See E.I. Du Pont De Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987) ("Du Pont") (conflicting opinions regarding issue raised on appeal presented "substantial legal question" warranting stay).

With respect to Plaintiff's Sixth Cause of Action under Cal. Labor Code § 203, the Court acknowledged at the Further CMC that the Ninth Circuit may in fact be "interested" in deciding whether such a claim can be subject to the UCL's four-year statute of imitations.  See Kane Decl. ¶ 8. Indeed, one published district court decision has already held it cannot.  See Montecino v. Spherion Corp., 427 F.Supp.2d 965, 968 (C.D. Cal. 2006).  Defendant knows of no other published decision on this issue.  Therefore, Defendant has shown that it can present a substantial case on the merits on this substantial legal question as well.

Defendant also presents a substantial legal question on the issue of whether Plaintiff's UCL claims are precluded by an "absolute bar to relief."  The MSJ Order does not address this issue.  Specifically, the FLSA, Wage Order, and Cal. Labor Code section 1194 violations which Plaintiff seeks to "borrow" as violations for her UCL claims are all subject to either a two- or three-year statute of limitations.  See 29 U.S.C. § 255(a); Aubry v. Goldhor, 201 Cal.App.3d 399,

1  406 (1988); Cal. Code Civ. Proc. 338(a).  The MSJ Order finds that all of Plaintiff's borrowed
2  statutory claims subject to a three-year statute of limitations are in fact time-barred.  Under well-
3  established California Supreme Court and Court of Appeal authority, "[a] plaintiff may ***not 'plead***
4  ***around' an 'absolute bar to relief'*** simply 'by ***recasting*** the cause of action as one for unfair
5  competition.'"  Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th
6  163, 182-83 (1999) ("Cel-Tech") (emphasis added).  Accordingly, a substantial legal question
7  exists as to whether a party can "borrow" time-barred statutory violations and utilize them as
8  violations for a UCL claim and Defendant can present a substantial case on the merits on this
9  issue.

10      Defendant also presents a substantial legal question on the issue of whether Plaintiff has
11  standing after the Prop. 64 amendments to the UCL to bring her UCL claims.  After the passage of
12  Prop. 64, a party must suffer injury in fact to bring a UCL claim.  No published decision since the
13  passage of Prop. 64 addresses whether a party has such standing to bring a UCL claim if the
14  "borrowed" violation is already time-barred.  The only reference in the MSJ Order to Prop. 64 is a
15  statement that there is "no support for Defendant's assertion that, in adding the injury requirement
16  to the UCL, Proposition 64 changed the holding of Cortez. . ." (Doc. #33 at 6:18-20.)  However,
17  Defendant has never argued that Prop. 64 changed the holding of that case.  Rather, Defendant
18  disputes that Cortez is applicable to ***time-barred*** statutory violations being borrowed as violations
19  for UCL claims brought post-Prop. 64 – an issue not before the Court in Cortez.  The MSJ Order
20  only summarily rejects Defendant's argument on the basis that the authorities it relies on are
21  "readily distinguishable from the facts." (Doc. #33 at 6:22.)  Without more, the MSJ Order
22  demonstrates that this is a substantial legal question.  If Defendant is correct, Plaintiff lacks
23  standing to maintain her UCL claims.  As shown in the arguments presented in its MSJ briefing,
24  Defendant can present a substantial case on the merits on this issue.

25      Accordingly, Defendant can present a substantial case on the merits as to substantial legal
26  questions which, in conjunction with the factors below, weigh in favor of granting the requested
27  stay.
28

**C. The Risk Of Irreparable Harm And Prejudice To Defendant If A Stay Is Not Granted Far Outweighs The Minimal Harm To Plaintiff In Granting The Stay Pending The Disposition Of Appellate Review Of The MSJ Order.**

In evaluating the relative harm the parties will suffer with or without the requested stay, the harm must be "certain and immediate, rather than speculative or theoretical." Michigan Coalition, supra, 945 F.2d at 154.

**1. Defendant Will Suffer Harm And Prejudice If The Stay Is Denied.**

Defendant will be prejudiced and harmed in that it will have to make intrusive and potentially unnecessary initial disclosures on February 1, 2008, and thereafter be subject to more intrusive class certification discovery given that Plaintiff must file a motion for class certification on or before May 29, 2008. (Kane Decl. ¶ 8; Doc. #35.) The appellate issues being raised by Defendant involve whether Plaintiff's UCL claims are preempted by federal law and/or barred under California law, and whether Plaintiff's state law claim for waiting time penalties is barred as well. If successful, the appeal will lead to the termination of what remains of Plaintiff's case. If a stay is not granted, Defendant will be harmed and prejudiced by the initial disclosures and class certification discovery process by having to disclose its confidential business and private employee information when the Ninth Circuit's decision could obviate any necessity for doing so. On the other hand, if the requested stay is granted, it will protect Defendant's right to not have to litigate a case that the Ninth Circuit may find needs to be dismissed *in toto*. This showing of irreparable harm and prejudice is adequate to justify granting the requested stay. Baylor University Med. Ctr., supra, 711 F.2d at 40 (if choice is to either forego appellate review or suffer the consequence and expense of proceedings that might prove unwarranted by outcome of appeal, then irreparable injury exists); see also Bradberry v. T-Mobile, supra, 2007 WL 2221076 at *11 (burdensome discovery justifies a stay pending appeal).

**2. Granting The Requested Stay Does Not Harm Or Prejudice Plaintiff Or The Proposed Class.**

A stay of initial disclosures, discovery, and all further proceedings in this action pending final disposition of appellate review of the MSJ Order will not result in any identifiable harm or

5006500.2

8

**Defendant's Motion to Stay Initial Disclosures and Discovery and all other Proceedings in the District Court Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

prejudice to Plaintiff or the proposed class. Plaintiff was last employed by GreenPoint Mortgage on January 27, 2004, almost four years ago, and this delay was fatal to most of her claims. (Kane Decl., ¶ 6; Doc. #33 at 2:2-3.) Plaintiff cannot now credibly oppose a stay intended to prevent prejudice and harm to Defendant on the grounds that her legal rights must *now* be vindicated with pressing urgency. See Baylor University Med. Ctr., supra, 711 F.2d at 40 (no substantial harm to party opposing stay by mere delay pending appeal). Furthermore, with respect to the putative class Plaintiff purports to represent, it is undisputed that Defendant ceased accepting all new residential mortgage loan applications and all GreenPoint Mortgage residential mortgage senior underwriters, underwriters, and underwriter trainees were terminated as part of a reduction in force as of November 2007. (Penny DeFrank MSJ Decl., ¶¶ 7-8; Doc. #22.) Therefore, there is no reasonable possibility that the harm alleged in this action is ongoing or could even reoccur at this point. See Bradberry v. T-Mobile, supra, 2007 WL 2221076 at *15-16 (stay denied where alleged harm to putative class members would *continue* if stay were granted). Thus, neither Plaintiff nor the proposed class will be subject to ongoing harm if the requested stay is granted.

It is also not likely that evidence relevant to Plaintiff's claims will be lost during the proposed stay. As indicated in the Joint Case Management Statement, Defendant has issued a privileged and confidential litigation hold order to all reasonably known owners of documents and electronic evidence relevant to the issues reasonably evident in this action, including interdiction of document-destruction programs and ongoing erasures of electronic evidence. (Kane Decl., ¶ 3; Doc. #21 at 5:10-13.) See Bradberry v. T-Mobile, supra, 2007 WL 2221076 at *11 ("risk of lost evidence weighs against granting a stay.") Plaintiff claims to have taken similar steps. Id. Accordingly, the lack of any cognizable harm or prejudice to Plaintiff if a stay is granted weighs heavily in Defendant's favor.

### D. The Public Interest Weighs In Favor Of Granting The Requested Stay.

This court has acknowledged that conservation of judicial resources is a viable public interest. See Bradberry v. T-Mobile, supra, 2007 WL 2221076 at *13. Here, judicial resources are conserved as a result of the granting of a stay *regardless* of the outcome of Defendant's appeal. If the requested stay is granted and Defendant's appeal is successful, Plaintiff's lawsuit ends, and

5006500.2                                    9

**Defendant's Motion to Stay Initial Disclosures and Discovery and all other Proceedings in the District Court Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

both the parties and the Court's time and resources have been conserved. On the other hand, if the stay is denied and Defendant must make initial disclosures and engage in class certification discovery pending appellate review of the MSJ Order, the Court could be required to entertain discovery disputes and law and motion as Defendant objects to the production of certain discovery, including confidential business documents and employee information, in order to protect its legal positions and affirmative defenses while awaiting final disposition of the appellate review. Such discovery battles are costly and time-consuming for all involved, and can be averted in this instance by granting the requested stay. Given that the alleged employment practices are not ongoing and cannot reoccur, there is no "ongoing harm" such that denial of the requested stay would further any identifiable public interest. See Bradberry v. T-Mobile, supra, 2007 WL 2221076 at *15-16. Accordingly, Defendant's requested stay is in furtherance of the public interest and should be granted.

## V.   CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court grant its motion and stay initial disclosures, discovery, and all further proceedings in this action pending disposition of the interlocutory appellate review of the MSJ Order which Defendant is seeking.

DATED: January 16, 2008                    McGuireWoods LLP

                                          By:  /s/ Matthew C. Kane
                                               Matthew C. Kane, Esq.
                                               Michelle R. Walker, Esq.
                                               Sabrina A. Beldner, Esq.
                                          Attorneys for Defendant
                                          GREENPOINT MORTGAGE, a division of
                                          GREENPOINT FINANCIAL CORP.

# DECLARATION OF MATTHEW C. KANE

I, MATTHEW C. KANE, declare as follows:

1. I am an attorney at law duly authorized and admitted to practice before this court and the courts of the State of California. I am a partner in the law firm of McGuireWoods LLP, counsel of record for Defendant GreenPoint Mortgage, a division of Greenpoint Financial Corp. ("Defendant"), in this action. I am over 18 years of age. I have personal knowledge of the facts and matters set forth in this declaration and could and would testify competently and truthfully to the same if called as a witness and placed under oath.

2. I make this declaration is support of Defendant's Motion to Continue the Stay on Initial Disclosures and to Stay All Other Proceedings Pending Disposition of Appellate Review of Order on Defendant's Motion for Summary Judgment ("Motion to Stay").

3. On November 27, 2007, the parties filed a Joint Case Management Statement with the Court (Doc. #21).

4. On December 3, 2007, Defendant filed its Motion for Summary Judgment or Partial Summary Judgment and Leave to Amend Answer ("MSJ") and accompanying papers (Doc. #21-#25).

5. On December 4, 2007, the Court held the Initial Case Management Conference and granted Defendant's request to stay initial disclosures and discovery until after the Court's ruling on Defendant's MSJ, and stayed such disclosures and discovery until February 1, 2008 (Doc. #27).

6. On January 8, 2008, the Court issued its Order Granting in Part and Denying in Part Defendant's Motion for Judgment on the Pleadings ("MSJ Order") (Doc. #33). The MSJ Order converted the MSJ to a motion for judgment on the pleadings and dismissed, with prejudice, Plaintiff's Third, Fifth, Seventh, Eighth, Ninth and Tenth Causes of Action. The MSJ Order dismissed without prejudice Plaintiff's Sixth Cause of Action for waiting time penalties pursuant to Cal. Labor Code § 203 and provided Plaintiff leave to amend this claim, and denied Defendant's MSJ as to Plaintiff's First, Second, and Fourth Causes of Action seeking restitution of overtime wages under Cal. Bus. & Prof. Code § 17200 et seq. (the "UCL") for alleged violations of the Fair

5006500.2    11

**Defendant's Motion to Stay Initial Disclosures and Discovery and all other Proceedings in the District Court Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

1  Labor Standards Act ("FLSA") and Industrial Welfare Commission Wage Order 4-2001 ("Wage
2  Order").
3       7.   On January 9, 2008, Defendant filed an Amended Further Case Management
4  Statement with the Court (Doc. #34). The Amended Further Case Management Statement
5  addressed issues related to appellate review of the MSJ Order and continuing the stay on initial
6  disclosures and discovery in this litigation pending appellate review.
7       8.   On January 10, 2008, the parties appeared before the Court for a Further Case
8  Management Conference. When Defendant confirmed that it was contemplating moving for
9  reconsideration and/or moving for certification of the MSJ Order for appeal pursuant to 28 U.S.C.
10 § 1292(b), the Court indicated it would neither certify nor reconsider its MSJ Order, but stated that
11 the issues regarding Plaintiff's Cal. Labor Code § 203 claim may be of interest to the Ninth
12 Circuit. Each of these statements, other than the comment regarding the Section 203 claim, was
13 reiterated in the Court's January 14, 2008 Minute Order and Case Management Order regarding
14 the January 10, 2008 Further Case Management Conference (Doc. #35).
15      9.   Defendant will file its petition for writ of mandamus regarding the MSJ Order by
16 February 1, 2008.
17      10.  On January 15, 2008, at 2:49 p.m., I e-mailed Plaintiff's counsel to advise them of
18 Defendant's intent and basis for filing this Motion to Stay and inquired as to whether Plaintiff
19 would be willing to stipulate to the stay being requested. Attached hereto as Exhibit A is a true
20 and correct copy of my January 15, 2008 e-mail to them. I have not received any response to my
21 e-mail from Plaintiff.
22      11.  I hereby attest that I have on file all holograph signatures for any signatures
23 indicated by a "conformed" signature (/S/) within this e-filed document.
24      I declare under penalty of perjury under the laws of the United States of America that the
25 foregoing is true and correct. Executed on January 16, 2008 at Los Angeles, California.

                              /s/ Matthew C. Kane
                              MATTHEW C. KANE

**EXHIBIT A**

# Kane, Matthew C.

| | |
|---|---|
| **From:** | Kane, Matthew C. |
| **Sent:** | Tuesday, January 15, 2008 2:49 PM |
| **To:** | 'Morgan Mack'; 'H Tim Hoffman'; 'awl@hoffmanandlazear.com' |
| **Cc:** | Walker, Michelle R.; Beldner, Sabrina A. |
| **Subject:** | FW: Activity in Case 4:07-cv-04385-CW Lawler v. Greenpoint Mortgage Case Management Scheduling Order |
| **Importance:** | High |

| Tracking: | Recipient | Read |
|---|---|---|
| | 'Morgan Mack' | |
| | 'H Tim Hoffman' | |
| | 'awl@hoffmanandlazear.com' | |
| | Walker, Michelle R. | Read: 1/15/2008 3:00 PM |
| | Beldner, Sabrina A. | Read: 1/15/2008 2:54 PM |
| | 'Gibbons, Carol Rick' | |
| | Satterwhite, Rodney A. | |

Arthur, Tim, and Morgan,

It was good seeing you in court last week. As we discussed both before and during the Further CMC with Judge Wilken, our client intends to pursue appellate review of Judge Wilken's January 8th order on its Motion for Summary Judgment (the "MSJ Order"). Since Judge Wilken strongly indicated both during the Further CMC and in her CMO that was issued yesterday that the "Court will not certify or reconsider its order," it would appear futile to seek certification under 28 USC Section 1292(b) or reconsideration pursuant to the Court's Local Rules. If you disagree, please let me know and why.

As such, our client will be seeking appellate review by petition for writ of mandate. As you know, if successful, the issues we are seeking appellate review of would be dispositive of what remains of the case. Thus, to avoid the potentially unnecessary expenditure of time and resources on litigating this case further, we believe it would make the most sense for the case to be stayed pending final disposition of appellate review. We are requesting that you stipulate to such a stay to avoid the necessity of moving Judge Wilken and/or the Ninth Circuit for one. Pragmatically speaking, this would maintain the *status quo* on initial disclosures and discovery, which, pursuant to the Court's December 4, 2007 CMO, are *already stayed* until February 1, 2007. We are simply asking that this stay be continued, and that all further proceedings be stayed, until appellate review is exhausted. Please let us know by tomorrow whether you are willing to stipulate to such a stay, and we will provide you with a stipulation to approve in this regard for submission to the Court.

If you will not stipulate to such a stay, then our client will be moving Judge Wilken for an order granting such a stay. The basis for the motion will be that appellate review of the MSJ Order may materially advance the termination of this litigation, that premature litigation of matters during the pendency of appellate review would be unduly prejudicial to our client's legal positions and affirmative defenses in this action, and that not staying the litigation may result in the unnecessary expenditure of resources by both the district court and the parties. Given the upcoming initial disclosures deadline, we are requesting that you stipulate to a shortened hearing and briefing schedule on our client's motion for stay. We propose the following schedule:

January 17, 2008:   Defendant's Motion to Stay will be e-filed
January 22, 2008:   Plaintiff's Opposition will be e-filed
January 25, 2008:   Defendant's Reply will be filed.

The Court could rule on the submitted papers. Thus, if you are not willing to stipulate to a stay, please let us know by tomorrow whether you will stipulate to shortening time on our client's motion to stay as set forth above,

and we will provide you with a stipulation to approve in this regard for submission to the court. If you will not enter into this stipulation either, then our client will move to shorten time concurrently with moving for a stay.

Thank you for your attention to the foregoing and your anticipated professional courtesy and cooperation. Please do not hesitate to call me if you would like to discuss this matter further.

Best,

Matt Kane


**Matthew C. Kane**
Partner

McGUIREWOODS

1800 Century Park East
8th Floor
Los Angeles, CA 90067
310.315.8295 (Direct Line)
310.956.3195 (Direct FAX)
mkane@mcguirewoods.com
www.mcguirewoods.com
www.matthewkane.net (Professional Profile)

Atlanta | Baltimore | Charlotte | Charlottesville | Chicago | Jacksonville | Los Angeles | New York | Norfolk | Pittsburgh | Richmond | Tysons Corner | Washington, D.C. || Almaty, Kazakhstan | Brussels, Belgium

*This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

-----Original Message-----
**From:** ECF-CAND@cand.uscourts.gov [mailto:ECF-CAND@cand.uscourts.gov]
**Sent:** Monday, January 14, 2008 1:28 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 4:07-cv-04385-CW Lawler v. Greenpoint Mortgage Case Management Scheduling Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

Northern District of California

**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

1/16/2008

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available .***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

---

The following transaction was received from entered on 1/14/2008 1:28 PM PST and filed on 1/14/2008

**Case Name:**        Lawler v. Greenpoint Mortgage
**Case Number:**     4:07-cv-4385
**Filer:**
**Document Number:** 35

**Docket Text:**
**MINUTE ORDER AND CASE MANAGEMENT ORDER: Motion Hearing set for 7/24/2008 02:00 PM. Further Case Management Conference set for 7/24/2008 02:00 PM.. Signed by Judge Claudia Wilken on 1/14/08. (scc, COURT STAFF) (Filed on 1/14/2008)**


**4:07-cv-4385 Notice has been electronically mailed to:**

Sabrina Alexis Beldner     sbeldner@mcguirewoods.com

H. Tim Hoffman     hth@hoffmanandlazear.com

Matthew C. Kane     mkane@mcguirewoods.com

Arthur William Lazear     awl@hoffmanandlazear.com

Morgan Matthew Mack     mmm@hoffmanandlazear.com

Colleen Marie Regan     cmregan@mcguirewoods.com

Michelle Renee Walker     mwalker@mcguirewoods.com

**4:07-cv-4385 Notice has been delivered by other means to:**

Newman Guthrie Strawbridge
Crawford & Strawbridge
719 Orchard Street
Santa Rosa, CA 95404

The following document(s) are associated with this transaction:

**Document description:** Main Document

**Original filename:** N:\PDF\c07-4385.fcmo1-10.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=1/14/2008] [FileNumber=4050927-0]

[09ba0da7f2da61ab68bdeccad55a911a4c9b8f98221aab774dd3ce54c75af5c60e166
4a65694080a471a2f4116516de044341c6a9534915abc896fea06aa7d40]]