1  McGuireWoods LLP
   Matthew C. Kane, Esq.        (SBN 171829)
2  mkane@mcguirewoods.com
   Michelle R. Walker, Esq.     (SBN 167375)
3  mwalker@mcguirewoods.com
   Sabrina A. Beldner, Esq.     (SBN 221918)
4  sbeldner@mcguirewoods.com
   1800 Century Park East, 8th Floor
5  Los Angeles, California 90067
   Telephone:    (310) 315-8200
6  Facsimile:    (310) 315-8210

7  Attorneys for Defendant,
   GREENPOINT MORTGAGE, a division of
8  GREENPOINT FINANCIAL CORP.

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                          OAKLAND DIVISION

| | |
|---|---|
| JANA LAWLER, individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,<br><br>Defendants. | CASE NO. C 07-04385 CW<br><br>**DEFENDANT'S MOTION TO SHORTEN TIME ON DEFENDANT'S MOTION TO CONTINUE STAY ON INITIAL DISCLOSURES AND DISCOVERY AND TO STAY ALL OTHER PROCEEDINGS PENDING DISPOSITION OF INTERLOCUTORY APPELLATE REVIEW OF ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT:**<br><br>**(1) NOTICE OF MOTION**<br><br>**(2) STATEMENT OF RELIEF SOUGHT**<br><br>**(3) MEMORANDUM OF POINTS & AUTHORITIES**<br><br>**(4) DECLARATION OF MATTHEW C. KANE**<br><br>**(5) [PROPOSED] ORDER**<br>*[Under Separate Cover]*<br><br>**[Northern District Local Rule 6 – 3]**<br><br>**Current Date:**     TBD<br>**Current Time:**     TBD<br>**Courtroom:**        2 |

5008908.1

**Defendant's Motion to Shorten Time on Motion to Stay Initial Disclosures, Discovery and all other Proceedings Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant GreenPoint Mortgage, a division of GreenPoint Financial Corp. ("Defendant"), will and hereby does move the Court, pursuant to Northern District Local Rule 6-3, for an order shortening of time on the hearing of Defendant's Motion to Continue Stay on Initial Disclosures and Discovery and to Stay All Other Proceedings Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment (the "MSJ Order") (hereafter "Motion to Stay"), which is being filed concurrently herewith and is presently set for hearing on February 21, 2008, at 2:00 p.m. in the above-entitled Court. This Motion to Shorten Time is based on this Notice; the Memorandum of Points and Authorities and the Declaration of Matthew C. Kane and exhibits attached thereto set forth below; the Court's file and records on this action; and such other and further evidence and argument as may be presented at or before the hearing on this motion.

# STATEMENT OF RELIEF SOUGHT

Defendant requests the Court modify and shorten the briefing and hearing schedule on its Motion to Stay so that the Court's ruling on the papers shall issue prior to February 1, 2008, the date the Court has set for the stay on initial disclosures in this action to expire.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant seeks to shorten time on its concurrently-filed Motion to Stay, which is presently set for hearing on the first possible date permitted under the Local Rules. That date is February 21, 2008, three weeks *after* the date for initial disclosures. If time is not shortened on the hearing on Defendant's Motion to Stay, Defendant will suffer prejudice and injury as a result of having to make initial disclosures and engage in class certification discovery. Defendant sought to avoid this Motion and the Motion to Stay by requesting Plaintiff stipulate to the stay requested in the Motion to Stay, or alternatively, stipulate to shorten time as requested herein. Plaintiff did not respond to either request, thereby necessitating the filing of these companion motions.

5008908.1

1

**Defendant's Motion to Shorten Time on Motion to Stay Initial Disclosures, Discovery and all other Proceedings Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

Defendant's underlying Motion to Stay seeks to stay initial disclosures, discovery, and any further proceedings pending final disposition of appellate review of the MSJ Order, which raises a number of substantial legal questions on which Defendant can make a strong showing on the merits on appeal. A successful appeal by Defendant could eliminate all remaining claims in this action, conserving both the resources of the Court and the parties. Furthermore, requiring Defendant to make initial disclosures and engage in class certification discovery during the pendency of appellate proceedings will cause irreparable injury and significant undue prejudice to Defendant, including the premature disclosure of confidential business and employee information and information pertaining to Defendant's legal positions and affirmative defenses in this action. Plaintiff, on the other hand, will suffer no ascertainable prejudice or injury by the granting of a stay.

However, February 21, 2008 is too late for the Court to hear and decide this issue – the damage will already have begun upon making initial disclosures on February 1, 2008. Therefore, Defendant respectfully requests that the Court shorten time on the briefing and hearing schedule on its Motion to Stay.

Previously, the Court stayed initial disclosures and discovery pending its ruling on Defendant's MSJ, which eliminated six of Plaintiff's 10 claims. That stay will expire and the parties must exchange initial disclosures on February 1, 2008. Notwithstanding, Defendant's petition for writ of mandate will be filed with the Ninth Circuit by February 1, 2008, and if successful, it will be dispositive of Plaintiff's remaining claims. In order to avoid the undue prejudice and harm of being required to make initial disclosures and engage in class certification discovery prior to an ultimate determination of the substantial legal questions presented on appeal, Defendant requests and moves for a stay of all initial disclosures, discovery, and further proceedings pending final disposition of appellate review of the Court's MSJ Order, and seeks an abbreviated hearing and briefing schedule to do so.

5008908.1

2

**Defendant's Motion to Shorten Time on Motion to Stay Initial Disclosures, Discovery and all other Proceedings Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

## II. DEFENDANT'S MOTION TO SHORTEN TIME SHOULD BE GRANTED.

### A. The Motion to Stay Seeks A Stay Of The February 1, 2008 Initial Disclosure Date.

Defendant seeks to shorten time on its Motion to Stay because Northern District Local Rule 7-3 requires no less than 35 days notice of a hearing date. Accordingly, the earliest possible hearing date for the Motion to Stay is February 21, 2008, which occurs *after* the February 1, 2008 initial disclosures date that are the subject of Defendant's Motion to Stay. If time is not shortened by the Court and the matter is not stayed pending disposition of interlocutory appellate review of the MSJ Order, the asserted injury and prejudice that Defendant has discussed at length in the Motion to Stay will have already begun to occur by the time this matter comes on regularly for hearing.

Additionally, under Fed. R. App. Proc. 8(a)(1), a party must first move the district court for a stay of its proceedings. Defendant intends to file its petition for writ of mandamus with the Ninth Circuit by February 1, 2008, and if this Court denies the Motion to Stay, Defendant will have to seek a stay from the Ninth Circuit. Fed. R. App. Proc. 8(a)(2)(A)(ii). Accordingly, good cause exists for shortening time on Defendant's Motion to Stay.

### B. Defendant Has Sought A Stipulation to Avoid This Motion to Shorten Time.

Pursuant to Northern District Local Rule 6-3(a)(2), on the afternoon of Tuesday, January 15, 2008, counsel for Defendant e-mailed Plaintiff's counsel requesting Plaintiff stipulate to the stay requested in Defendant's Motion to Stay, or alternatively, stipulate to shortening time on briefing and hearing the Motion to Stay. (Kane Decl., ¶ 3, Exh. A.) Counsel for Plaintiff did not respond. (Kane Decl. ¶ 3.)

### C. Defendant Will Be Prejudiced If Its Motion To Stay Is Not Heard on Shortened Time.

Defendant is concurrently filing its Motion to Stay and this Motion to Shorten Time only six days after the January 10, 2008 Further Case Management Conference, at which it indicated it would not reconsider or certify the MSJ Order for interlocutory review. (Kane Decl., ¶ 8; Doc. # 35, at 1:22-25.) Defendant has been diligent in bringing the Motion to Stay, which it is

5008908.1

3

**Defendant's Motion to Shorten Time on Motion to Stay Initial Disclosures, Discovery and all other Proceedings Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

procedurally required to bring before the district court in the first instance. Fed. R. App. Proc. 8(a)(1). Because one aspect of the proceedings impacted by the Motion to Stay is initial disclosures that must presently occur on February 1, 2008, Defendant seeks the Court's ruling on the Motion to Stay prior to February 1, 2008, so that, if necessary, the proposed stay can be sought from the Ninth Circuit. Fed. R. App. Proc. 8(a)(2)(A)(ii). Defendant will be prejudiced if time is not shortened in that it is left with two equally undesirable courses of action: (1) it can again seek the requested stay in the Ninth Circuit before February 1, 2008 without awaiting the district court's ruling on its Motion to Stay, which unnecessarily consumes judicial resources in both forums; or (2) it can suffer the irreparable injury and prejudice that will result from initial disclosures and class certification discovery; namely, the potentially premature disclosure of confidential business and employee information to Plaintiff. Conversely, Plaintiff can demonstrate no such prejudice if this time frame is shortened – Defendant's Motion to Stay is relatively brief and primarily based on balancing the facts and circumstances in this action, on which this Court has been extensively briefed and involved with during the last two months. Therefore, this Motion should be granted.

**D.    There Have Been No Prior Time Modifications And The Shortening Of Time Should Not Adversely Affect The Court's Schedule In This Action.**

The parties have not entered into any previous time modifications in this case, either by stipulation or Court order. Furthermore, the shortening of time on the Motion to Stay should not adversely affect the Court's schedule in this action. The court was made aware of the proposed stay at and before the Further Case Management Conference on January 10, 2008, and a ruling on Defendant's Motion to Stay prior to February 1, 2008 is not impracticable, and will not affect other dates set by the Court unless the Court grants the Motion to Stay. Accordingly, Defendant requests the Court shorten time and set an abbreviated briefing and hearing schedule so that a ruling on Defendant's Motion to Stay issues prior to February 1, 2008.

5008908.1

4

**Defendant's Motion to Shorten Time on Motion to Stay Initial Disclosures, Discovery and all other Proceedings Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

### III. CONCLUSION

For all the foregoing reasons, Defendant requests that the Court grant its motion and shorten time on the briefing schedule and hearing on Defendant's Motion to Continue Stay on Initial Disclosures and Discovery and to Stay All Other Proceedings Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment.

DATED: January 16, 2008                McGUIREWOODS LLP

By: /s/ Matthew C. Kane
    Matthew C. Kane, Esq.
    Michelle R. Walker, Esq.
    Sabrina A. Beldner, Esq.
Attorneys for Defendant
GREENPOINT MORTGAGE, a division of
GREENPOINT FINANCIAL CORP.

5008908.1

5

**Defendant's Motion to Shorten Time on Motion to Stay Initial Disclosures, Discovery and all other Proceedings Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment**

I, MATTHEW C. KANE, declare as follows:

1. I am an attorney at law duly authorized and admitted to practice before this court and the courts of the State of California. I am a partner in the law firm of McGuireWoods LLP, counsel of record for Defendant GreenPoint Mortgage, a division of Greenpoint Financial Corp. ("Defendant"), in this action. I am over 18 years of age. I have personal knowledge of the facts and matters set forth in this declaration and could and would testify competently and truthfully to the same if called as a witness and placed under oath.

2. I make this declaration in support of Defendant's Motion to Shorten Time on Motion to Continue Stay on Initial Disclosures and to Stay All Other Proceedings Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment ("Motion to Stay").

3. On January 15, 2008, at 2:49 p.m., I e-mailed Plaintiff's counsel to advise them of Defendant's intent and basis for filing the Motion to Stay and inquired as to whether Plaintiff would be willing to stipulate to the proposed stay. Alternatively, if Plaintiff was not willing to stipulate to the proposed stay, I requested that Plaintiff stipulate to shortening time on the briefing and hearing schedule on Defendant's Motion to Stay. Attached hereto as Exhibit A is a true and correct copy of my January 15, 2008 e-mail. As of the filing of this Motion to Stay, I have received no response to my e-mail from Plaintiff's counsel.

4. I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 16, 2008 at Los Angeles, California.

　　　　　　　　　　　　　　/s/ Matthew C. Kane
　　　　　　　　　　　　　　MATTHEW C. KANE

**EXHIBIT A**

# Kane, Matthew C.

| | |
|---|---|
| **From:** | Kane, Matthew C. |
| **Sent:** | Tuesday, January 15, 2008 2:49 PM |
| **To:** | 'Morgan Mack'; 'H Tim Hoffman'; 'awl@hoffmanandlazear.com' |
| **Cc:** | Walker, Michelle R.; Beldner, Sabrina A. |
| **Subject:** | FW: Activity in Case 4:07-cv-04385-CW Lawler v. Greenpoint Mortgage Case Management Scheduling Order |

**Importance:** High

| Tracking: | Recipient | Read |
|---|---|---|
| | 'Morgan Mack' | |
| | 'H Tim Hoffman' | |
| | 'awl@hoffmanandlazear.com' | |
| | Walker, Michelle R. | Read: 1/15/2008 3:00 PM |
| | Beldner, Sabrina A. | Read: 1/15/2008 2:54 PM |
| | 'Gibbons, Carol Rick' | |
| | Satterwhite, Rodney A. | |

Arthur, Tim, and Morgan,

It was good seeing you in court last week.  As we discussed both before and during the Further CMC with Judge Wilken, our client intends to pursue appellate review of Judge Wilken's January 8th order on its Motion for Summary Judgment (the "MSJ Order").  Since Judge Wilken strongly indicated both during the Further CMC and in her CMO that was issued yesterday that the "Court will not certify or reconsider its order," it would appear futile to seek certification under 28 USC Section 1292(b) or reconsideration pursuant to the Court's Local Rules.  If you disagree, please let me know and why.

As such, our client will be seeking appellate review by petition for writ of mandate.  As you know, if successful, the issues we are seeking appellate review of would be dispositive of what remains of the case.  Thus, to avoid the potentially unnecessary expenditure of time and resources on litigating this case further, we believe it would make the most sense for the case to be stayed pending final disposition of appellate review.  We are requesting that you stipulate to such a stay to avoid the necessity of moving Judge Wilken and/or the Ninth Circuit for one.  Pragmatically speaking, this would maintain the *status quo* on initial disclosures and discovery, which, pursuant to the Court's December 4, 2007 CMO, are *already stayed* until February 1, 2007.  We are simply asking that this stay be continued, and that all further proceedings be stayed, until appellate review is exhausted.  Please let us know by tomorrow whether you are willing to stipulate to such a stay, and we will provide you with a stipulation to approve in this regard for submission to the Court.

If you will not stipulate to such a stay, then our client will be moving Judge Wilken for an order granting such a stay.  The basis for the motion will be that appellate review of the MSJ Order may materially advance the termination of this litigation, that premature litigation of matters during the pendency of appellate review would be unduly prejudicial to our client's legal positions and affirmative defenses in this action, and that not staying the litigation may result in the unnecessary expenditure of resources by both the district court and the parties.  Given the upcoming initial disclosures deadline, we are requesting that you stipulate to a shortened hearing and briefing schedule on our client's motion for stay.  We propose the following schedule:

January 17, 2008:   Defendant's Motion to Stay will be e-filed
January 22, 2008:   Plaintiff's Opposition will be e-filed
January 25, 2008:   Defendant's Reply will be filed.

The Court could rule on the submitted papers.  Thus, if you are not willing to stipulate to a stay, please let us know by tomorrow whether you will stipulate to shortening time on our client's motion to stay as set forth above,

and we will provide you with a stipulation to approve in this regard for submission to the court. If you will not enter into this stipulation either, then our client will move to shorten time concurrently with moving for a stay.

Thank you for your attention to the foregoing and your anticipated professional courtesy and cooperation. Please do not hesitate to call me if you would like to discuss this matter further.

Best,

Matt Kane


**Matthew C. Kane**
Partner

McGUIREWOODS

1800 Century Park East
8th Floor
Los Angeles, CA 90067
310.315.8295 (Direct Line)
310.956.3195 (Direct FAX)
mkane@mcguirewoods.com
www.mcguirewoods.com
www.matthewkane.net (Professional Profile)

Atlanta | Baltimore | Charlotte | Charlottesville | Chicago | Jacksonville | Los Angeles | New York | Norfolk |
Pittsburgh | Richmond | Tysons Corner | Washington, D.C. || Almaty, Kazakhstan | Brussels, Belgium

*This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

-----Original Message-----
**From:** ECF-CAND@cand.uscourts.gov [mailto:ECF-CAND@cand.uscourts.gov]
**Sent:** Monday, January 14, 2008 1:28 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 4:07-cv-04385-CW Lawler v. Greenpoint Mortgage Case Management Scheduling Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

Northern District of California

**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

1/16/2008

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available .***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 1/14/2008 1:28 PM PST and filed on 1/14/2008

**Case Name:** Lawler v. Greenpoint Mortgage
**Case Number:** 4:07-cv-4385
**Filer:**
**Document Number:** 35

**Docket Text:**
**MINUTE ORDER AND CASE MANAGEMENT ORDER: Motion Hearing set for 7/24/2008 02:00 PM. Further Case Management Conference set for 7/24/2008 02:00 PM.. Signed by Judge Claudia Wilken on 1/14/08. (scc, COURT STAFF) (Filed on 1/14/2008)**


**4:07-cv-4385 Notice has been electronically mailed to:**

Sabrina Alexis Beldner     sbeldner@mcguirewoods.com

H. Tim Hoffman     hth@hoffmanandlazear.com

Matthew C. Kane     mkane@mcguirewoods.com

Arthur William Lazear     awl@hoffmanandlazear.com

Morgan Matthew Mack     mmm@hoffmanandlazear.com

Colleen Marie Regan     cmregan@mcguirewoods.com

Michelle Renee Walker     mwalker@mcguirewoods.com

**4:07-cv-4385 Notice has been delivered by other means to:**

Newman Guthrie Strawbridge
Crawford & Strawbridge
719 Orchard Street
Santa Rosa, CA 95404

The following document(s) are associated with this transaction:

**Document description:** Main Document

1/16/2008

**Original filename:** N:\PDF\c07-4385.fcmo1-10.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=1/14/2008] [FileNumber=4050927-0]

[09ba0da7f2da61ab68bdeccad55a911a4c9b8f98221aab774dd3ce54c75af5c60e166
4a65694080a471a2f4116516de044341c6a9534915abc896fea06aa7d40]]