H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700

Newman Strawbridge, SBN 171360
**CRAWFORD & STRAWBRIDGE**
719 Orchard Street
Santa Rosa, CA 95404
Telephone: (707) 523-3377

Cameron Cunningham SBN 75593
**LAW OFFICE OF CAMERON CUNNINGHAM**
719 Orchard Street
Santa Rosa, CA 95404
Telephone: (707) 829-9194

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JANA LAWLER, individual, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,<br><br>Defendants. | **CASE NO. C 07-04385 CW**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Restitution of Overtime Wages (B&P 17200)<br>2. Waiting Time Penalties (B&P 17200) |

Comes now Plaintiff JANA LAWLER (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, and alleges:

FIRST AMENDED COMPLAINT            1

## General Allegations

1. Plaintiff JANA LAWLER ("Plaintiff") is an individual residing in the State of California.

2. Defendant GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., ("Defendant") is a mortgage lender who does business in California.

3. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 50 but will amend this complaint when that information becomes known. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the defendants, including the DOE defendants, was the officer, director, employee, agent, representative, alter ego or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein, was acting in the course and scope of, and in furtherance of, such relationship. Unless otherwise specified, plaintiff will refer to all defendants collectively as "defendant" and each allegation pertains to each defendant.

## CLASS ACTION ALLEGATIONS

4. <u>Class Definition</u>: Plaintiff worked for defendant as an underwriter, responsible for reviewing home mortgage loan applications from consumers. Plaintiff seeks to bring this lawsuit as a class action pursuant to Code of Civil Procedure section 382 and F.R.C.P. 23. The class that plaintiff seeks to represent is defined as follows: "All individuals who were employed by defendant in the position of underwriter, senior underwriter, underwriter trainee, and/or any similar position that is responsible for reviewing home mortgages to consumers ('Covered Position'), within the State of California during the applicable limitations period."

FIRST AMENDED COMPLAINT                    2

A. "Subclass A" consists of all class members who, while working in a Covered Position in California during the applicable limitations period, did not receive a "salary" of at least $455 per week (or $155 per week before August 23, 2004). "Salary" means a predetermined amount of wages each pay period without reduction due to the quantity or quality of the employee's work. A "commission" is not a salary.

B. "Subclass B" consists of all class members who, while working in a Covered Position in California during the applicable limitations period, received a salary of less than twice the California minimum wage and either (1) had total earnings that were less than 1.5 times the California minimum wage, or (2) less than half of their earnings represented commissions.

C. "Subclass C" consists of all class members who, while working in a Covered Position in California during the applicable limitations period, were paid a salary of at least twice the minimum wage.

D. "Subclass D" consists of all members of Subclass A, Subclass B and/or Subclass C who, as of the date that this lawsuit was filed, were no longer employed by defendant.

5. <u>Ascertainable Class</u>. The proposed class and each subclass are ascertainable in that their members can be identified and located using information contained in defendant's payroll and personnel records.

6. <u>Common Questions of Fact and Law</u>. This lawsuit is suitable for class treatment because common questions of fact and law predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether the class members qualify for exempt status under the administrative exemption; (2) whether defendant's business qualifies as a "retail or service establishment"; (3) the extent to which defendant analyzed the duties and responsibilities of the class members before classifying them as exempt; (4) the number of hours

FIRST AMENDED COMPLAINT                    3

per week and per day class members are expected to work; (5) defendant's expectations as to the duties and responsibilities of the class members, and whether these expectations are reasonable under the circumstances; (6) whether the various tasks performed by the class members qualify as exempt or non-exempt tasks; and (7) whether defendant's withholding of overtime pay and deduction from wages was willful under the meaning of Labor Code section 203.

7. <u>Numerosity</u>. The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to plaintiff at this time, plaintiff is informed and believes that the entire class consists of at least 100 members, and that each subclass is so numerous that joinder of the members would be impracticable.

8. <u>Typicality and Adequacy</u>. Plaintiff's claims are typical of the claims of the class members. Plaintiff suffered an injury similar to that of the other class members as a result of defendant's common practices regarding the payment of wages. In addition, plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has no interests that are adverse to the interests of the other class members.

9. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of

FIRST AMENDED COMPLAINT         4

adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the availability of fewer remedies, and the fact that the losing party has the right to a trial de novo in the Superior Court.

## COUNT ONE

(Restitution of Overtime Wages - On Behalf of Subclass A)

10. Plaintiff incorporates the allegations contained in paragraphs 1 through 9.

11. The Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA"), states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

12. Subclass A members regularly work more than 40 hours per week, but are not paid overtime. Subclass A members are not "exempt" under the FLSA, because *inter alia*, they are not paid a salary of at least $455 per week (or $155 per week prior to August 23, 2004), and defendant's business does not qualify as a "retail or service establishment" under 29 U.S.C. section 207(I) and 29 C.F.R. sections 779.316 and 779.317.

13. Defendant has committed an act of unfair competition by not paying the required overtime pay to members of Subclass A.

14. Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass A, in an amount to be proved at trial.

## COUNT TWO

(Restitution of Overtime Wages - On Behalf of Subclass B)

15. Plaintiff incorporates the allegations contained in paragraphs 1 through 14.

FIRST AMENDED COMPLAINT            5

16. Wage Order 4-2001, 8 C.C.R. section 11040, which applies to defendant's business, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day.

17. Subclass B members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime. Subclass B members are not exempt because, *inter alia*, they are not paid a monthly salary equivalent to at least twice the minimum wage and they do not qualify for the commissioned sales exemption under Wage Order 4-2001, section 3(D).

18. Defendant has committed an act of unfair competition by not paying the required overtime pay to the members of Subclass B.

19. Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass B, in an amount to be proved at trial.

## COUNT THREE

(Restitution of Overtime Wages - On Behalf of Subclass C)

20. Plaintiff incorporates the allegations contained in paragraphs 1 through 19.

21. Subclass C members regularly work more than 40 hours per week and/or 8 hours per day, but are not paid overtime. Subclass C members are not exempt because, *inter alia*, they are production workers, they do not spend the majority of their time on exempt tasks, and they do not customarily and regularly exercise discretion and independent judgment in matters of consequence to defendant's business.

22. Defendant has committed an act of unfair competition by not paying the required overtime pay to the members of Subclass C.

FIRST AMENDED COMPLAINT    6

23. Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all overtime wages due the members of Subclass C, in an amount to be proved at trial.

## COUNT FOUR

(Waiting Time Penalties - By and on Behalf of Subclass D)

24. Plaintiff incorporates the allegations contained in paragraphs 1 through 23.

25. Defendant willfully and intentionally failed to pay plaintiff and the other Subclass D members all of the wages that they were due by the deadlines imposed under Labor Code sections 201 and 202. Accordingly, plaintiff and the Subclass D members are entitled to waiting time penalties of up to 30 days' pay, in an amount to be proved at trial.

26. Defendant's failure to pay plaintiff and the other Subclass D members all of the wages that they were due by the deadlines imposed under Labor Code sections 201 and 202 constitutes an act of unfair competition under Bus. & Prof. Code section 17200.

27. Pursuant to Bus. & Prof. Code section 17203, plaintiff requests an order requiring defendant to make restitution of all waiting time penalties due the members of Subclass D, in an amount to be proved at trial.

## PRAYER

WHEREFORE, plaintiff prays for a judgment against each defendant, jointly and severally, as follows:

1. For an order requiring defendant to make restitution of all wages, including overtime wages, that were illegally withheld;

2. For penalties as alleged herein;

3. For interest according to proof;

4. For reasonable attorneys' fees; and

FIRST AMENDED COMPLAINT          7

5. For such other relief that the Court deems just and proper.

Dated: January 18, 2008                                HOFFMAN & LAZEAR

By: _____
H. TIM HOFFMAN
Attorneys for Plaintiff

FIRST AMENDED COMPLAINT                          8