H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700
Facsimile: (510) 835-1311

Newman Strawbridge SBN 171360
LAW OFFICE OF NEWMAN STRAWBRIDGE
719 Orchard Street
Santa Rosa, CA 95404
Telephone: (707) 523-3377
Facsimile: (707) 573-1094

Cameron Cunningham SBN 75593
LAW OFFICE OF CAMERON CUNNINGHAM
719 Orchard Street
Santa Rosa, CA 95404
Telephone: (707) 829-9194
Facsimile: (707) 829-7039

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JANA LAWLER, individual, on behalf of herself and all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,<br><br>           Defendants. | CASE NO. C 07-04385 CW<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO SHORTEN TIME** |

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Shorten Time        Case No. C 07-04385 CW

Pursuant to Local Rule 6-3(c), Plaintiff JANA LAWLER ("Plaintiff") hereby opposes the motion of Defendant GREENPOINT MORTGAGE ("Defendant") to Shorten time on Defendant's Motion to Continue Stay On Initial Disclosures and Discovery and to Stay All Other Proceedings Pending Disposition of Interlocutory Appellate Review of Order on Defendant's Motion for Summary Judgment.

### 1. Background

This case is a class action brought on behalf of underwriters employed by Defendant alleging, among other things, that Defendant failed to pay adequate wages to the plaintiff and other potential class members. Defendant filed a Motion for Summary Judgment in December 2007. Due to Defendant's insistence that it had a valid motion for judgement on the pleadings, this Court delayed the final date for initial disclosures until February 1, 2008. On January 8, 2008, the Court granted, in part, and denied, in part, Defendant's Motion for Summary Judgment, leaving four counts to be adjudicated. At the Case Management Conference on January 10, 2008 the Court revisited the issue of initial disclosures and confirmed that the final day for the disclosures was February 1.

### 2. Defendant Offers No Proper Basis to Accelerate the Court's Schedule

Defendant now wishes to hold up this litigation further to continue pursuing the same unlikely claim that it has a valid motion for judgement on the pleadings . The motion to shorten time seeks to accelerate the hearing on the motions to stay by scheduling the hearing prior to the February 1 date. This Motion should be denied because defendants have failed to provide good cause in support of their request for an expedited schedule and hearing.

This Court has set a schedule for this case that would be significantly disrupted if initial

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Shorten Time      Case No. C 07-04385 CW

i

disclosures were delayed again and did not take place by February 1, 2008. In addition, Defendant does not provide Plaintiff with adequate time to oppose Defendant's motions to stay if the hearing on these motions is set prior to February 1, 2008. According to the proposed schedule suggested by Defendant's counsel (see Exhibit A of Matthew Kane's declaration in support of the motion to shorten time), Plaintiff would be provided with only two court days to file an opposition.

### 3. Conclusion

For the reasons stated above, plaintiffs respectfully request that defendants' Motion to Shorten Time be DENIED.

Dated: January 22, 2008                HOFFMAN & LAZEAR

By: _____
MORGAN M. MACK
Attorney for Plaintiff

Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Shorten Time   Case No. C 07-04385 CW

ii