1 | MCGUIREWOODS LLP
Matthew C. Kane, Esq.        (SBN 171829)
2 | mkane@mcguirewoods.com
Michelle R. Walker, Esq.        (SBN 167375)
3 | mwalker@mcguirewoods.com
Sabrina A. Beldner, Esq.        (SBN 221918)
4 | sbeldner@mcguirewoods.com
1800 Century Park East, 8th Floor
5 | Los Angeles, California 90067
Telephone:        (310) 315-8200
6 | Facsimile:        (310) 315-8210

7 | Attorneys for Defendant,
GREENPOINT MORTGAGE, a division of
8 | GREENPOINT FINANCIAL CORP.

9

10 | **UNITED STATES DISTRICT COURT**

11 | **NORTHERN DISTRICT OF CALIFORNIA**

12 | **OAKLAND DIVISION**

13

14 | JANA LAWLER, individual, on behalf of
herself and all others similarly situated,

15 |

Plaintiffs,

16 |

vs.

17 |

18 | GREENPOINT MORTGAGE, a division of
GREENPOINT FINANCIAL CORP., and
DOES 1 through 100,

19 |

20 |

Defendants.

CASE NO. C 07-04385 CW

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6) AND/OR TO STRIKE
PORTIONS THEROF PURSUANT TO
F.R.C.P. 12(f) OR 23(d)(4):**

**(1) NOTICE OF MOTION**

**(2) STATEMENT OF RELIEF SOUGHT**

**(3) MEMORANDUM OF POINTS AND
AUTHORITIES**

**(4) [PROPOSED] ORDER**
    *[Under Separate Cover]*

**Date:        March 6, 2008**
**Time:        2:00 p.m.**
**Courtroom:    2**

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2
Page

3

NOTICE OF MOTION ........................................................................................................ vi

4

STATEMENT OF RELIEF SOUGHT ................................................................................ vi

5

REQUEST FOR JUDICIAL NOTICE ............................................................................... vi

6

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

7

I.      INTRODUCTION ................................................................................................... 1

8

II.     APPLICABLE LEGAL STANDARDS. ................................................................ 3

9

III.    LEGAL ANALYSIS. .............................................................................................. 4

10

      A.      The FAC Fails To Allege That Plaintiff Is A Member Of Any Of The
             Proposed Subclasses And That She Has Suffered The Injuries Claimed. ............... 4

11

12

      B.      Plaintiff Lacks Injury In Fact Standing To Bring The UCL Claims. ...................... 5

13

      C.      Plaintiff's UCL Claims Are Precluded By An Absolute Bar to Relief
             Because They "Borrow" Time-Barred FLSA And Wage Order Violations. ........... 9

14

      D.      UCL Count Four For "Restitution of Waiting Time Penalties" Fails To State
             A Claim On Which Relief Can Be Granted. ......................................................... 12

15

      E.      Plaintiff's UCL Claims Are Preempted By the FLSA. ......................................... 13

16

      F.      Class and Subclass Allegations Should Be Stricken .......................................... 15

17

IV.     CONCLUSION. ..................................................................................................... 17

18

19

20

21

22

23

24

25

26

27

28

**Federal Cases**

Anderson v. Sara Lee Corp., 508 F.3d 181, 193-94 (4th Cir. 2007) ............................................. 14

Bahramipour v. Citigroup Global Markets, Inc., 2006 U.S. Dist. LEXIS 9010 (N.D. Cal.) .......... 14

Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ........................................... 3

Barnett v. Washington Mutual Bank, 2004 U.S. Dist. LEXIS 18491 at *19-22 (N.D. Cal.) ......... 14

Colaprico v. Sun Microsystems, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) (citation omitted) 3

Daro v. Superior Court, 151 Cal.App.4th 1079 (2007) ...................................................................... 7

Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, Fogerty v. Fantasy, Inc. 510 U.S. 517 (1994) ...................................................................... 3, 16

Gilbert v. Eli Lilly & Co., Inc., 56 F.R.D. 116, 120, n. 6 (D. P.R. 1972) ......................................... 3

Hangarter v. Provident Life and Accident Ins. Co., 373 F.3d 998, 1021-22 (9th Cir. 2004) .......... 8

Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982) ..................................................................... 8

L.R. 7-2(b)(3) ................................................................................................................................... iv

Lee v. American Nat. Ins. Co., 260 F.3d 997, 1001-02 (9th Cir. 2001) ............................................ 8

Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) ........................................................ 3

Lerwill v. Inflight Motion Pictures, Inc., 343 F.Supp. 1027, 1029 (N.D. Cal. 1972) .................... 14

Lierboe v. State Farm Mutual Automobile Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) ............ 8

Montecino v. Spherion Corp., 427 F.Supp.2d 965 (C.D. Cal. 2006) .............................................. 12

Osborne v. County of Riverside, 385 F.Supp.2d 1048, 1051 (E.D. Cal. 2005) ............................... 3

Palmer v. Stassinos, 419 F.Supp.2d 1151, 1154 (N.D. Cal. 2005) ................................................. 7

Renick v. Dun & Bradstreet, 290 F.3d 1055, 1057-58 (9th Cir. 2002) .......................................... 10

Roman v. Maietta Construction, Inc., 147 F.3d 71, 76 (1st Cir. 1998) .......................................... 14

Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) ......................................... 4

United States v. Johnson, 256 F.3d 895 (9th Cir. 2001) ................................................................. 11

Van Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002) ......................................................... 3

Walker v. USAA Casualty Ins. Co., 474 F.Supp.2d 1168 (E.D. Cal. 2007) .................................... 7

Williams v. Sears, Roebuck and Co., 244 B.R. 858, 866-867 (S.D. Ga. 2000) ............................ 16

Williamson v. General Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000) ................ 13, 14, 15

**State Cases**

Admiralty Fund v. Peerless Insurance Co., 143 Cal.App.3d 379, 386 (1983)................................. 6

Aetna Cas. & Sur. Co. v. Superior Court, 233 Cal.App.2d 333, 340 (1965)..................................... 6

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180
      (1999) ............................................................................................................................ 9, 10, 13

Cortez v. Purolator Air Filtration Prod. Co., 23 Cal.4th 163 (2000) ....................................10, 11, 12

Hall v. Time Inc., ___ Cal.App. 4th ___, 2008 WL 68631..................................................... 5, 6, 7

In Re The Vaccine Cases, 134 Cal.App.4th 438 (2005) .............................................................. 9

Ingels v. Westwood One Broadcasting Services, Inc., 129 Cal.App. 4th 1050, 1060 (2005) ........ 10

Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094, 1108-09 (2007) ............................. 13

Santisas v. Goodin, 17 Cal.4th 599 (1998) ............................................................................. 11

State Farm Fire and Casualty Co. v. Superior Court, 210 Cal.App.3d 604, 612 (1989) ................. 6

Violante v. Communities Southwest Dev't. and Const. Co., 138 Cal.App.4th 972 (2006) .............. 7


**Federal Statutes & Rules**

15 U.S.C. § 1692(g) ............................................................................................................... 10

29 U.S.C. § 255(a) ......................................................................................................... 6, 9, 13

29 U.S.C. §§ 215-217 ............................................................................................................ 13

Fed. R. Civ. P. 11 .................................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 3

Fed. R. Civ. P. 12(f) ........................................................................................................... 3, 16

Fed. R. Civ. P. 23 .............................................................................................................. 4, 16

Fed. R. Civ. P. 23, Advisory Committee Notes, 1966 Amendment, Subdivision (d)(4)
      and (c)(1) ................................................................................................................... 4, 16

Fed. R. Civ. P. 23, Advisory Committee Notes, 1966 Amendment, Subdivision (d) .............. 4, 16

Fed. R. Civ. Proc. 12(b)(6), 12(f), and 23(d)(4) .......................................................................... iv

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR STRIKE PORTIONS
THEREOF**

1

<b><u>State Statutes</u></b>

2  Cal. Bus. & Prof. Code § 17200 et seq ................................................................. 1

3  Cal. Bus. & Prof. Code § 17204 .......................................................................... 5

4  Cal. Code Civ. Proc. § 338(a)........................................................................... 6, 9

5  Cal. Labor Code § 203 .................................................................................... 2, 12

6  Proposition 64................................................................................................... 11

7

<b><u>Other Authorities</u></b>

8  7B Wright et al., Federal Practice & Procedure, § 1795 (3d ed. 2005) .......................... 4

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF**

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on March 6, 2008, at 2:00 p.m., in Courtroom 2 of the United States District Court, Northern District of California – Oakland Division (the "Court"), located at 1301 Clay Street, Oakland, CA 94612, Defendant GreenPoint Mortgage, a division of Greenpoint Financial Corp. ("Defendant"), will and hereby does move the Court, pursuant to Fed. R. Civ. Proc. 12(b)(6), 12(f), and 23(d)(4), to dismiss Plaintiff Jana Lawler's ("Plaintiff") First Amended Complaint ("FAC") in its entirety and/or each of the purported causes of action alleged therein on the grounds that each such cause of action fails to state a claim upon which relief can be granted, and/or to strike portions of the class action allegations thereof.  This Motion is based on this Notice; the Statement of Relief Sought, Request for Judicial Notice, and Memorandum of Points and Authorities set forth below; the Court's file and records on this action; and such other and further evidence and argument as may be presented at or before the hearing on this Motion.

## STATEMENT OF RELIEF SOUGHT

Pursuant to L.R. 7-2(b)(3), Defendant states that it seeks the dismissal of the FAC in its entirety and/or each of the purported causes of action alleged therein, with prejudice and without leave to amend, on the grounds that each such cause of action fails to state a claim upon which relief can be granted, and/or an order striking certain class action allegations of the FAC.

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Fed. R. Evid. 201, Defendant requests that the Court take judicial notice of the following facts:

1.     Plaintiff's employment with GreenPoint Mortgage terminated on January 27, 2004. (Doc. 33 at 2:2-3)

2.     Plaintiff's original Complaint in this action (Doc. 1-3, 1-4) was filed on July 18, 2007, in the Superior Court of the State of California in and for the County of Marin, commencing Case No. CV073375 therein, which was removed to this Court on August 24, 2007 (Doc. 1, 33 at 2:3-4).

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.     INTRODUCTION.**

3

Plaintiff's FAC alleges that she "worked for Defendant as an ***underwriter***".  FAC (Doc.

4

40), ¶4 at 2:18 (emph. added).   Yet, Plaintiff does ***not*** seek to bring this action ***only*** on behalf of

5

***underwriters***.  Instead, she purports to "bring this lawsuit as a class action pursuant to . . . F.R.C.P.

6

23" on behalf of the following *overbroad* proposed class:

7

8

9

"All individuals who were employed by defendant in the position of ***underwriter***, ***senior underwriter***, ***underwriter trainee***, and/or ***any similar position*** that is responsible for reviewing home mortgages to consumers . . . within the State of California during the applicable limitations period."

10

Id. at 2:19-25 (emph. added).

11

Plaintiff's FAC also purports to define four proposed subclasses:

12

13

(1)     "**Subclass A** consists of all class members who, while working in a Covered Position in California during the applicable limitations period, ***did not receive a 'salary' of at least $455 per week (or $155 per week before August 23, 2004).***"  Id.

14

at ¶ 4.A, 3:1-6 (emph. added).

15

16

(2)     "**Subclass B** consists of all class members who, while working in a Covered Position in California during the applicable limitations period, ***received a salary of less than twice the California minimum wage and either (1) had total earnings that were less than 1.5 times the California minimum wage, or (2) less than half of their earnings represented commissions.***"  Id. at ¶ 4.B, 3:7-12 (emph. added).

17

18

(3)     "**Subclass C** consists of all class members who, while working in a Covered Position in California during the applicable limitations period, ***were paid a salary of at least twice the minimum wage.***"  Id. at ¶ 4.C, 3:13-15 (emph. added).

19

20

(4)     "**Subclass D** consists of all members of Subclass A, Subclass B and/or Subclass C who, as of the date that this lawsuit was filed, were ***no longer employed by defendant.***" (Id. at ¶ 4.D, 3:16-17).

21

22

However, Plaintiff does not allege that she was compensated in the manner described in *any* of

23

these subclasses.  Indeed, it is impossible that Plaintiff could have been compensated in more than

24

one of the ways described in Subclasses A, B, and C, and therefore could not represent more than

25

one such subclass.  Plaintiff also does not allege her employment status as of the date this action

26

was filed.

27

Notwithstanding, Plaintiff's FAC goes on to allege four putative class action claims under

28

the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), for:

1    **1.**    *Restitution "of all overtime wages* due the members of **Subclass A**" for alleged

2    violations of the **Fair Labor Standards Act**, 29 U.S.C. § 201 et seq. **("FLSA")**.  FAC (Doc. 40),

3    ¶¶ 10-14 at 5:9-25 (emph. added).

4    **2.**    *Restitution "of all overtime wages* due the members of **Subclass B**" for alleged

5    violations of California Industrial Welfare Commission **Wage Order 4-2001** (the "**Wage Order**")

6    and the **FLSA** (by incorporated reference).  <u>Id.</u> at ¶¶ 15-19 at 5:27-6:14 (emph. added).

7    **3.**    *Restitution "of all overtime wages* due to the members of **Subclass C**" for alleged

8    violations of *unstated* requirements, but which this Court recently found "that the source is the

9    **FLSA.**"  <u>Id.</u> at ¶¶ 20-23 at 6:17-7:3 (emph. added); Doc. 33 at 2:25-27 (emph. added).

10    **4.**    *Restitution of "all waiting time penalties* due the members of **Subclass D**" for

11    "failure to pay . . . all of the wages they were due by the deadlines imposed under Labor Code

12    sections 201 and 202 . . ."  <u>Id.</u> at ¶¶ 24-27 at 7:7-19 (emph. added).  Although Plaintiff

13    conveniently omits any reference to it in the FAC, the *only source* of such *waiting time penalties*

14    for this type of alleged violation is <u>Cal. Labor Code</u> § 203 ("**Section 203**").

15    This Court has already found (and Plaintiff concedes) that each of the alleged violations

16    Plaintiff "borrows" for these UCL claims is *time-barred*.  Doc. 33 at 4:6-11, 6:25-7:14.

17    Each of these UCL claims should be *dismissed with prejudice* and *without leave to amend*:

18    1.    The FAC is *devoid* of any allegations that Plaintiff is a *member* of Subclass A, B,

19    C, or D, and has suffered the injuries claimed on behalf of each such subclass.

20    2.    Plaintiff has *no injury in fact standing* under the UCL or Article III of the

21    Constitution to bring these UCL claims.

22    3.    They are *precluded* by an *absolute bar to relief* in that Plaintiff *cannot* "borrow"

23    *time-barred* violations of or claims under the FLSA, the Wage Order, and/or Section 203, and

24    *recast* and *revive* them as UCL claims utilizing its longer statute of limitations.

25    4.    Section 203 waiting time penalties are in fact *penalties* which are *not subject to*

26    *restitution* under the UCL.

27    5.    They are *preempted* (in whole or in part) by the FLSA.

28

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF**

1    In addition, the allegations of the class and subclass definitions whereby Plaintiff purports

2    to represents individuals who worked in positions *other than as an underwriter* and/or who were

3    *compensated differently than Plaintiff* should be stricken.

4    **II.    APPLICABLE LEGAL STANDARDS.**

5    Under <u>Fed. R. Civ. P.</u> 12(b)(6), a party may move to dismiss for failure to state a claim

6    upon which relief can be granted.  Dismissal can be based on either a "lack of a cognizable legal

7    theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v.</u>

8    <u>Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990); <u>Osborne v. County of Riverside</u>, 385

9    F.Supp.2d 1048, 1051 (E.D. Cal. 2005).  A complaint should be dismissed where "plaintiff can

10    prove no set of facts in support of [her] claim which would entitle [her] to relief."  <u>Van Buskirk v.</u>

11    <u>CNN, Inc.</u>, 284 F.3d 977, 980 (9th Cir. 2002).  Although the factual allegations of the pleading

12    must generally be accepted as true in ruling on a party's motion to dismiss, it is appropriate to

13    consider matters of public record, pleadings, orders, and other papers filed with the court.  <u>Lee v.</u>

14    <u>City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

15    <u>Fed. R. Civ. P.</u> 12(f) empowers a court to "order stricken from any pleading . . . any

16    redundant, immaterial, impertinent, or scandalous matter." Matter is "immaterial" if it has no

17    essential or important relationship to the claim for relief or defenses pleaded.  <u>Fantasy, Inc. v.</u>

18    <u>Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, <u>Fogerty v. Fantasy, Inc.</u> 510

19    U.S. 517 (1994). An "impertinent" allegation is neither responsive nor relevant to the issues

20    involved in the action and which could not be put in issue or given in evidence between the

21    parties.  <u>Gilbert v. Eli Lilly & Co., Inc.</u>, 56 F.R.D. 116, 120, n. 6 (D. P.R. 1972).  An "impertinent"

22    matter consists of statements that do not pertain and are unnecessary to the issues in question.

23    <u>Fantasy, Inc.</u>, <u>supra</u>, 984 F.2d at 1527.  A motion to strike should be granted where "it is clear that

24    the matter to be stricken could have no possible bearing on the subject matter of the litigation."

25    <u>Colaprico v. Sun Microsystems, Inc.</u>, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) (citation omitted).

26    Matters may also be stricken by a court to reduce trial complication or if challenged allegations are

27    ***so unrelated to plaintiff's claims*** to be unworthy of consideration as a defense and their presence

28    in the pleading will prejudice the party seeking to strike matters.  <u>Fantasy, Inc.</u>, 984 F.2d at 1527.

1    The function of a motion to strike is "to avoid the expenditure of time and money that must arise

2    from litigating spurious issues by dispensing with those issues prior to trial." <u>Sidney-Vinstein v.</u>

3    <u>A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983).

4         <u>Fed. R. Civ. P.</u> 23(d)(4) vests this Court with discretion to strike class allegations and

5    require pleadings "be amended to eliminate therefrom allegations as to representation of absent

6    persons . . ."   It was designed so that courts can "give clear definition" to a class action, and so

7    that they can "determine as early in the proceedings as practicable" whether class allegations can

8    be maintained. <u>Fed. R. Civ. P.</u> 23, Advisory Committee Notes, 1966 Amendment, Subdivision

9    (d)(4) and (c)(1).  This procedural rule was enacted to ensure "the fair and efficient conduct" of

10   class actions and to "simplify the proof and argument" required in such. <u>Fed. R. Civ. P. 23</u>,

11   Advisory Committee Notes, 1966 Amendment, Subdivision (d).   A motion to strike class

12   allegations can be brought at any stage of proceedings (including prior to class certification) where

13   the complaint itself demonstrates that the requirements for maintaining a class action cannot be

14   met.  <u>Fed. R. Civ. P.</u> 23, Advisory Committee Notes, 1966 Amendment, Subdivision (d); 7B

15   Wright et al., <u>Federal Practice & Procedure</u>, § 1795 (3d ed. 2005).

16   **III.    LEGAL ANALYSIS.**

17        **A.    The FAC Fails To Allege That Plaintiff Is A Member Of Any Of The Proposed**

18             **Subclasses And That She Has Suffered The Injuries Claimed.**

19        The FAC is devoid of any factual allegations of the manner in which Plaintiff was

20   compensated and her employment status at the time this action was commenced.  As such, the

21   FAC fails to allege that Plaintiff is a member of *any* of the subclasses she purports to represent

22   and that she has suffered any of the injuries claimed on behalf of each such class.  Specifically:

23        **UCL Count One** for FLSA violations is brought on behalf of **Subclass A**.

24   However, Plaintiff does *not* allege that she received a salary of less than $455 per week.

25        **UCL Count Two** for Wage Order and FLSA violations is brought on behalf of

26   **Subclass B**.  However, Plaintiff does *not* allege that she received a salary of less than twice the

27   California minimum wage and had either total earnings less than 1.5 times the California

28   minimum wage, or that commissions comprised less than half her earnings.

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF**

1   **UCL Count Three** for FLSA violations is brought on behalf of **Subclass C**.

2   However, Plaintiff does **not** allege that she received a salary of at least twice minimum wage.[1]

3   Plaintiff also does **not** allege that she was classified as exempt from overtime compensation and

4   what exemption she and the other class members were classified under, or any facts which, if

5   proven, would establish that she and the class members were performing "production" work rather

6   than exempt tasks.

7   **UCL Count Four** for Section 203 waiting time penalties is brought on behalf of

8   **Subclass D** (employees whose employment had terminated as of the date this action was filed).

9   However, Plaintiff does **not** allege her employment status as of the date this action was filed.

10  Therefore, all of Plaintiff's purported UCL claims fail to state any claims upon which relief

11  can be granted and they should be *dismissed with prejudice* and *without leave to amend*.

12  **B.    Plaintiff Lacks Injury In Fact Standing To Bring The UCL Claims.**

13  In 2004, Proposition 64 ("Prop. 64") was passed, amending the UCL to impose a new

14  standing requirement that claims can only be brought by a "party who has suffered injury in fact

15  and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code §

16  17204 (emph. added).

17  Injury in fact standing was just discussed in Hall v. Time Inc., ___ Cal.App. 4th ___, 2008

18  WL 68631.  Hall was decided on January 7, 2008, the day before this Court entered its Order on

19  Defendant's Motion for Summary Judgment.  It recognized that UCL cases decided after Prop.

20  64's passage have found injury in fact for standing purposes when a plaintiff has:

21  (1) expended money due to the defendant's acts of unfair competition …
    (2) lost money or property ...; or
22  **(3)** been ***denied money*** to which he or she has a ***cognizable claim*** . . .

---

25  [1] Subclasses B and C are wholly incompatible for purposes of a putative class action where
26  there is only a single class representative.  Plaintiff was either paid more than twice minimum
    wage or less than twice minimum wage – *not both*.  Thus, she cannot represent both of these
27  incompatible "subclasses."  Indeed, she cannot allege that she was compensated in the manner
    described in the definitions of proposed Subclasses A and B without violating Fed. R. Civ. P. 11.

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF**

1    <u>Hall</u>, 2008 WL 68631 *4-5 (emph. added and citations omitted).  Plaintiff claims to have injury in

2    fact standing under the *third* category.  Plaintiff is *wrong*.

3          This Court has already held (and Plaintiff concedes) that all of the statutory violations

4    "borrowed" for these UCL claims are *time-barred*.  29 U.S.C. § 255(a); <u>Cal. Code Civ. Proc.</u> §

5    338(a).  Well-settled law holds that when the statute of limitations expires, ***no cognizable claim***

6    remains:

7          "[S]tatutes [of limitation] are intended to ***set controversies at rest*** by ***foreclosing***
           ***consideration thereafter as to the merits of the claim***.  To reject a strict application
8          of the law *in favor of 'broad principles of justice and equity'* would make a statute
           of limitation *meaningless*."
9

10   <u>Aetna Cas. & Sur. Co. v. Superior Court</u>, 233 Cal.App.2d 333, 340 (1965) (emph. added).

11         Indeed, statutes of limitations "are upheld ***regardless of hardship or the underlying merits***

12   of the claim.  The occasional loss of a meritorious claim is the ***legislatively prescribed price*** to be

13   paid for 'the orderly and timely processing of litigation.'"  <u>State Farm Fire and Casualty Co. v.</u>

14   <u>Superior Court</u>, 210 Cal.App.3d 604, 612 (1989) (emph. added and citation omitted); <u>see also</u>

15   <u>Admiralty Fund v. Peerless Insurance Co.</u>, 143 Cal.App.3d 379, 386 (1983) ("[a] person who does

16   not press a claim during the appropriate [limitations] period in effect ***acquiesces to the wrong***

17   ***suffered***.") (emph. added).

18         Thus, while the FAC alleges that Plaintiff has "suffered an injury similar to that of the

19   other class members," that allegation *does not exist in a vacuum*.  FAC (Doc. 40), ¶ 8 at 4:14-15.)

20   It must be viewed through the prism of this Court's prior ruling (and Plaintiff's concession) that all

21   of the statutory violations "borrowed" for these UCL claims are ***already time-barred***.  Because

22   they are *time-barred*, they are ***not cognizable claims***, which is *required* to have *standing* under the

23   UCL (and Article III of the Constitution).  <u>Hall</u>, <u>supra</u>.

24         Mere "injury" should not be confused with the "injury in fact" needed for standing.  As the

25   <u>Hall</u> court just observed,

26         An injury is "an act that damages, harms, or hurts: ... a violation of another's rights
           ***for which the law allows an action to recover damages*** or specific property or
27         both: ***an actionable wrong***." (Webster's 3d New Internat. Dict. (1993) p. 1164.) An
           ***injury in fact*** is "[a]n actual or imminent invasion of ***a legally protected interest***,
28         in contrast to an invasion that is ***conjectural or hypothetical***." (Black's Law Dict.

(8th ed.2004) p. 801.) To lose is "to suffer deprivation of." (Webster's 3d New Internat. Dict., *supra*, at p. 1338.) A loss is "[a]n undesirable outcome of a risk; the disappearance or diminution of value, usu. *in an unexpected or relatively unpredictable way*." (Black's Law Dict., *supra*, at p. 963.)

<u>Hall</u>, 2008 WL 68631 *4 (emph. added). Where, as here, a claimed "injury" is *time-barred*, the law *does not allow an action to recover damages* and it is *not an actionable wrong*. <u>Id.</u> There is also *no longer* a *legally protected interest* and any loss becomes merely *conjectural* or *hypothetical*. <u>Id.</u> Likewise, the loss does *not* occur in an *unexpected or relatively unpredictable way* – it occurs because of the plaintiff's *delay* in bringing a cognizable claim *within the limitations period.* <u>Id.</u>

No post-Prop. 64 decision directly addresses this standing issue in this context. However, analogous post-Prop. 64 decisions do hold that a plaintiff lacks standing when there is no cognizable statutory claim to borrow as the "violation" for the UCL claim. In <u>Violante v. Communities Southwest Dev't. and Const. Co.</u>, 138 Cal.App.4th 972 (2006), the defendant's demurrer to plaintiffs' UCL claims was sustained without leave to amend because their statutory wage claim (which their UCL claims "borrowed") did not permit a private right of action. In affirming, the court held that "*in the absence of a valid claim* for violation of the prevailing wage law, plaintiffs also *cannot successfully allege unfair business practices or unfair competition* under the [UCL]." <u>Id.</u> at 980 (emph. added). Just as in <u>Violante</u>, Plaintiff *does not have any valid claim* for the statutory violations she seeks to "borrow" for her UCL claims and therefore *lacks the requisite injury in fact standing* to bring any UCL claims based on those violations.

Other post-Prop. 64 cases have held likewise. See <u>Palmer v. Stassinos</u>, 419 F.Supp.2d 1151, 1154 (N.D. Cal. 2005) (no standing for UCL claim against debt collectors based on alleged FDCPA violations where plaintiff neither lost money or property as a result of their conduct nor suffered any other cognizable injury in fact); <u>Daro v. Superior Court</u>, 151 Cal.App.4th 1079 (2007) (tenants lacked standing for UCL claim alleging violations of Subdivided Lands Act where they were not protected by it and had not suffered any actionable harm); <u>Walker v. USAA Casualty Ins. Co.</u>, 474 F.Supp.2d 1168 (E.D. Cal. 2007) (no injury creating standing for UCL claim where plaintiff agreed to perform work for lower amount and had no prior possession of or vested legal

1   right to higher sums).

2        The result is the same under Article III standing principles.  Indeed, even before the

3   passage of Prop. 64, the Ninth Circuit repeatedly held that plaintiffs who lack their own actionable

4   "injury" lack Article III standing to bring a UCL claim.  See Hangarter v. Provident Life and

5   Accident Ins. Co., 373 F.3d 998, 1021-22 (9th Cir. 2004) (plaintiff who had no individualized

6   injury lacked Article III standing to pursue relief for other parties under the UCL); Lee v.

7   American Nat. Ins. Co., 260 F.3d 997, 1001-02 (9th Cir. 2001) (plaintiff who did not buy

8   insurance policy from defendant lacked constitutional standing to proceed with UCL claim in

9   federal court).  This is because "'[s]tanding is the threshold issue in any suit.  *If the individual*

10  *plaintiff lacks standing, the court **need never reach the class action issue**.*'"  Lierboe v. State Farm

11  Mutual Automobile Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) (emph. added).

12       The Supreme Court's decision in Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), is

13  inapposite as it does *not* hold that an individual plaintiff still has "standing" where his or her

14  individual claims are time-barred.  *Havens* involved issues of *individual* and *associational*

15  *standing* to bring claims under the Fair Housing Act.  The high court held that *associational and*

16  *individual* standing existed for the claims being asserted in that case where at least one unlawful

17  incident occurred *within the statute of limitations* period and a *continuing violation* was alleged,

18  but that ***no individual standing existed*** for claims where the incident occurred ***outside the***

19  ***limitations period***.  Havens, 455 U.S. at 381.  In this case, Plaintiff is *not* pursuing any

20  *associational* claims.  Thus, Havens actually supports Defendant's argument that when a claim is

21  *time-barred*, there is *no standing* to bring it.

22       Hence, it is axiomatic that Plaintiff's *time-barred* claims are *not cognizable* claims and

23  therefore do *not* provide injury in fact standing for UCL claims.  Therefore, Plaintiff *lacks*

24  *standing* to bring the UCL claims and they should be *dismissed with prejudice* and *without leave*

25  *to amend*.

26

27

28

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF**

**C.** **Plaintiff's UCL Claims Are Precluded By An Absolute Bar to Relief Because They "Borrow" Time-Barred FLSA And Wage Order Violations.**

The UCL "does not proscribe specific practices." <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.</u>, 20 Cal.4th 163, 180 (1999) ("<u>Cel-Tech</u>"). Rather, "it defines 'unfair competition' to include 'any unlawful . . . practice.' . . . By proscribing 'any unlawful' business practice, '[the UCL] "borrows" violations of other laws and treats them as unlawful practices' that the [UCL] makes independently actionable." <u>Id.</u> (citations omitted). However,

> "[a]lthough the [UCL's] scope is sweeping, *it is not unlimited. . . . **Specific legislation** may **limit the judiciary's power** to declare conduct unfair. If the Legislature has . . . considered a situation and **concluded no action should lie, courts may not override that determination**.* When specific legislation provides a 'safe harbor,' ***plaintiffs may not use the general [UCL] to assault that harbor.***"

<u>Id.</u> at 182 (emph. added). In other words,

> "A plaintiff ***may not 'plead around' an 'absolute bar to relief'*** simply 'by ***recasting*** the cause of action as one for unfair competition.' . . . To forestall an action under the [UCL], ***another provision must actually 'bar' the action*** or clearly permit the conduct."

<u>Id.</u> at 182-83 (emph. added and citation omitted).

As this Court has already held (and Plaintiff concedes), the FLSA and Wage Order violations "borrowed" for Plaintiff's UCL claims are *time-barred*. 29 U.S.C. § 255(a); <u>Cal. Code Civ. Proc.</u> § 338(a). <u>Cel-Tech</u> and its progeny lead to the inescapable conclusion that UCL claims which "borrow" *time-barred* violations are *precluded* by an *absolute bar to relief* and cannot be brought.

In <u>In Re The Vaccine Cases</u>, 134 Cal.App.4th 438 (2005) ("<u>Vaccine Cases</u>"), the plaintiffs alleged a violation of Proposition 65 ("Prop. 65") and a claim under the UCL based on the same violation. The plaintiffs failed to comply with a statutory procedural requirement to serve the defendants with notice and a "certificate of merit" regarding the alleged Prop. 65 violation at least 60 days before filing suit. <u>Id.</u> at 453-54. The failure to satisfy the procedural prerequisite was "an independent ground for dismissing the [Prop. 65] cause of action." <u>Id.</u> at 456.

On the derivative UCL claim, the <u>Vaccine Cases</u> court found it was ***absolutely barred*** due to plaintiffs' failure to comply with the Prop. 65 pre-filing notice requirements.  Noting that "[n]o corresponding provision of the UCL chapter 'overrides' the plaintiffs' failure to comply with the pre-suit notice necessary to bring an action," the court relied on <u>Cel-Tech</u> and held that "where the Legislature has specifically concluded that no action should lie, the plaintiff cannot use the unfair competition law to 'plead around' an 'absolute bar to relief.'"  <u>Id.</u> at 458.  Thus, the court ultimately concluded that "failure to comply with the pre-suit [notice] requirement is [] an 'absolute bar to relief.'"  <u>Id.</u>

The court reasoned that "[u]nder <u>Cel-Tech</u>, plaintiffs ***cannot evade*** the requirement of pre-suit 60-day notice in Proposition 65 by ***repleading*** their cause of action as one for violation of the [UCL]," and to "allow plaintiffs to bring a UCL action against these . . . defendants without complying with [the pre-suit notice requirement] would frustrate the purpose of this requirement and would nullify its enactment."  <u>Id.</u> at 458-59 (emph. added).  Thus, the court affirmed the sustaining of a demurrer without leave on both claims, holding that where the borrowed statutory claim was precluded by an absolute bar to relief and, as a result, "no statutory violation provided the 'unlawful . . . business act or practice' to form the basis for a UCL violation."  <u>Id.</u> at 445.

Other courts, including the Ninth Circuit, have found UCL claims absolutely barred where the borrowed statutory claim fails as well.  <u>See</u> <u>Renick v. Dun & Bradstreet</u>, 290 F.3d 1055, 1057-58 (9th Cir. 2002) (where plaintiff alleged violation of 15 U.S.C. § 1692(g) and UCL claim borrowing same violation, UCL claim failed because it "hinges on [a] rejected federal claim"); <u>Ingels v. Westwood One Broadcasting Services, Inc.</u>, 129 Cal.App. 4th 1050, 1060 (2005) (where plaintiff could not state a claim for violation of a statute, "there is no 'unlawful' act upon which to base[] the derivative [UCL] claim.").

<u>Cortez v. Purolator Air Filtration Prod. Co.</u>, 23 Cal.4th 163 (2000), does ***not*** permit a party to "borrow" ***time-barred*** FLSA and Wage Order claims and ***recast*** and ***revive*** them as UCL claims under its four-year statute of limitations.  In <u>Cortez</u>, the plaintiff sued her employer ***within six months of her termination***, alleging ***timely*** Labor Code overtime claims and UCL claims.  Only two narrow issues were decided in <u>Cortez</u>, neither of which is germane to Plaintiff's UCL claims:

1 (1) that unlawfully withheld overtime wages could be recovered as "restitution" under the UCL;

2 and (2) that, for purposes of determining the amount of that restitution, the UCL's four-year statute

3 of limitations applied rather than the three-year statute of limitations applicable to Labor Code

4 overtime violation claims. <u>Cortez</u>, 23 Cal.4th at 177, 179.  Since the <u>Cortez</u> plaintiff's "borrowed"

5 Labor Code violation was *not already time-barred*, the issue of whether the UCL claim was

6 precluded by an *absolute bar to relief* was not before the court in <u>Cortez</u>.  <u>Id.</u> at 169.[2]

7          The following ***dicta*** from <u>Cortez</u> does ***not*** change the analysis in any way:

8          ". . . an action to recover wages that might be barred if brought pursuant to Labor
          Code section 1194 still may be pursued as a UCL action seeking restitution . . ."

9

10 <u>Id.</u> at 178-79.  This passage had *no bearing* on the issues decided in <u>Cortez</u>.  The plaintiff's

11 borrowed Labor Code claim was *not "barred,"* as she had filed her action *within six months* of her

12 termination.  Therefore, <u>Cortez</u> did *not* involve or address the issue presented here:  whether a

13 UCL claim which "borrows" a *time-barred* statutory violation is *precluded* by an *absolute bar to*

14 *relief* under <u>Cel-Tech</u>.  Thus, the foregoing passage from <u>Cortez</u> is ***dicta*** and ***not dispositive***.[3]

15

16          Therefore, *all* of Plaintiff's UCL claims are *precluded* by an *absolute bar to relief* and

17 should be *dismissed with prejudice* and *without leave to amend*.

18

19

20

21

---

22 [2] If the <u>Cortez</u> court intended to allow *time-barred* violations to be "borrowed" for UCL
23 claims, it would have distinguished <u>Cel-Tech</u> on the *absolute bar to relief* issue, which it decided
only the year before.  *It did not even mention <u>Cel-Tech</u>.*

24 [3] Under California law, "[a]n appellate decision is not authority for everything said in the
25 court's opinion but only 'for the points actually involved and actually decided.'"  <u>Santisas v.</u>
<u>Goodin</u>, 17 Cal.4th 599, 620 (1998); <u>accord</u> <u>United States v. Johnson</u>, 256 F.3d 895, 915 (9th Cir.
26 2001) (similar *dicta* standard).  Also, <u>Cortez</u> is not binding because it was decided *before* passage
of Prop. 64 which, as already discussed, added an *injury in fact standing* requirement for bringing
27 UCL claims.  At the time <u>Cortez</u> was decided, *anyone* could bring a UCL claim "on behalf of the
general public" even if they had not suffered the claimed injury.  Thus, *standing* was *not* an issue.

28

**D.      UCL Count Four For "Restitution of Waiting Time Penalties" Fails To State A Claim On Which Relief Can Be Granted.**

This Court has already found Plaintiff's claim for waiting time penalties under Section 203 to be *time-barred* and has *dismissed* it.  In the FAC, Plaintiff now improperly attempts to *recast* and *revive* that *time-barred* Section 203 claim one for "restitution of waiting time penalties" under the UCL.  Such a claim is *not legally tenable* because Plaintiff has no timely "action for wages" and *waiting time penalties* are *not* subject to "restitution" under the UCL.

Section 203 provides, in pertinent part:

> Suit may be filed for these [waiting time] penalties *at any time before the expiration of the statute of limitation on an **action for the wages** from which the* penalties arise.

Cal. Labor Code § 203 (emph. added).

Again, this Court has already found that Plaintiff did not bring a direct Section 203 claim "before the expiration of the statute of limitation" on *any* of her *statutory* wage claims.  Therefore, *any* claim for waiting time penalties under Section 203 is *conclusively barred* and *cannot* be brought.  The plain language of Section 203 *cannot* be read to permit a Section 203 claim to brought under the UCL, as a UCL claim is an "equitable action."  Cortez, 23 Cal.4th at 173.  A UCL claim is *not* an "action for wages" as referenced in Section 203.  Rather, "[a] UCL action is *independent of a statutory claim for back wages*."  Id. at 179 (emph. Added and citation omitted).

There is yet another reason this purported UCL claim fails – Section 203 penalties are *not* subject to "restitution" under the UCL.  In Montecino v. Spherion Corp., 427 F.Supp.2d 965 (C.D. Cal. 2006), plaintiff pursued both Section 203 and UCL claims under the UCL's four-year limitations period.  The court *granted* the defendant's motion to strike all references to the four-year limitations period on the Section 203 claim, holding that waiting time penalties "cannot be classified as restitution," and are *not recoverable* under the UCL.  Id. at 968.  It *rejected* the Montecino plaintiff's attempt to use the UCL's four-year limitations period to recover Section 203 penalties, stating "[p]laintiff offers no support for such a proposition, and cannot circumvent the three-year statute of limitations for § 203 on this basis."  Id.

1    Indeed, the California Supreme Court has expressly held that the remedy provided under

2  Section 203 is a "penalty." See Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094, 1108-

3  09 (2007) ("[S]ection 203 establishes that unpaid wages continue to accrue as a *'penalty'* for up to

4  30 days.") (emph. added).   The UCL does *not* permit the recovery of *penalties* by a private

5  individual.  Kasky v. Nike, Inc., 27 Cal.4th 939, 950 (2002), citing Cel-Tech, 20 Cal.4th at 179

6  ("[U]nder the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's

7  remedies are 'generally limited to injunctive relief and restitution.'").   Thus, Plaintiff's UCL claim

8  for "restitution of waiting time penalties" fails to state a claim upon which relief can be granted

9  and should be *dismissed with prejudice* and *without leave to amend.*

10    **E.    Plaintiff's UCL Claims Are Preempted By the FLSA.**

11    Plaintiff's First, Second and Third[4] UCL claims for "restitution of overtime wages" are

12  based in whole or in part on alleged FLSA violations.  The FLSA is a federal law which contains

13  its own elaborate enforcement scheme, including providing for private actions in state or federal

14  court to recover wages. 29 U.S.C. §§ 215-217.   It also provides its own *two- or three-year statute*

15  *of limitations* for enforcement of its provisions.  29 U.S.C. § 255(a). This Court has already found

16  (and Plaintiff does not dispute) that this action was <u>not</u> filed within three years of Plaintiff's

17  termination.

18    UCL claims based on FLSA violations are preempted by conflict or obstacle preemption

19  "where it is *impossible to comply with both state and federal requirements*, or where *state law*

20  *stands as an obstacle* to accomplishment and execution of the full purposes and objectives of

21  Congress."  Williamson v. General Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000) (emph.

22  added).  Here, there is a *direct conflict* between Congress' mandate that any FLSA claims must be

23  brought *within three years*, and the UCL which purports to allow *time-barred* FLSA claims to be

24  _____

25    [4] UCL Count Three does not expressly identify the statutory or other source which

26  Defendant allegedly violated by failing to pay "required overtime pay". It incorporates by
   reference the FLSA violation allegations from UCL Count One.  FAC (Doc. 40), ¶¶ 11-13, 20 at

27  3:10-21, 6:17. This Court recently concluded that the source of the violation for this claim was the
   FLSA.  See Doc. 33 at 2:25-27.

28

1    brought *within four years*. This is a patent conflict which makes it ***impossible*** to comply with both

2    the FLSA's statute of limitations – while the FLSA mandates that the claim is barred and cannot be

3    brought the UCL purports to allow it to be recast and resuscitated as a viable state law claim.

4          In <u>Williamson</u>, the Ninth Circuit held that "[c]laims that are directly covered by the FLSA

5    (such as overtime and retaliation disputes) must be brought under the FLSA." <u>Id.</u> at 1154. The

6    Fourth Circuit recently reached the same conclusion in <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181,

7    193-94 (4th Cir. 2007). In <u>Anderson</u>, a class of 1,600 employees alleged five state law causes of

8    action (breach of contract, negligence, fraud, conversion, and unfair trade practices) based on

9    purported FLSA violations by the employer. The employer appealed the district court's refusal to

10   dismiss the state law claims on FLSA preemption grounds. The Fourth Circuit reversed,

11   concluding that the state law claims "essentially require the same proof as claims asserted under

12   the FLSA itself", but because they afforded ***more generous remedies*** than those available under

13   the FLSA's enforcement scheme – including a ***longer statute of limitations*** – those claims were

14   ***preempted***. <u>Id.</u> at 192-93; <u>accord</u> <u>Roman v. Maietta Construction, Inc.</u>, 147 F.3d 71, 76 (1st Cir.

15   1998) (plaintiff was not entitled to additional state remedies for minimum wage and overtime

16   violations beyond those available under the FLSA because "the FLSA is the exclusive remedy for

17   enforcement of rights created under the FLSA"); <u>Lerwill v. Inflight Motion Pictures, Inc.</u>, 343

18   F.Supp. 1027, 1029 (N.D. Cal. 1972) ("the [FLSA's] statutory remedy is the sole remedy available

19   to the employee for enforcement of whatever rights he may have under the FLSA").

20         This Court characterizes the above-quoted holding of <u>Williamson</u> as mere *dicta* in

21   <u>Bahramipour v. Citigroup Global Markets, Inc.</u>, 2006 U.S. Dist. LEXIS 9010 (N.D. Cal.).

22   Irrespective of whether this characterization is correct, <u>Bahramipour</u> and the other unpublished

23   district court cases it relies on are factually and procedurally inapposite. In each of those cases,

24   the plaintiff was attempting to borrow FLSA claims which were *not already time-barred*, and

25   therefore, the FLSA and the UCL statutes were not patently in "conflict" – both could arguably

26   apply to plaintiffs' claims and arguably have their statutory objectives achieved. For example,

27   <u>Barnett v. Washington Mutual Bank</u>, 2004 U.S. Dist. LEXIS 18491 at *19-22 (N.D. Cal.),

28   involved a defendant seeking to restrict restitution under a UCL claim based on *timely* FLSA

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF**

violations to a period coterminous with the FLSA's shorter limitations period.  In <u>Willis v. Cal-Western Transport</u>, No. CV F 00-5695 AWI JLO (E.D. Cal. 2000), and <u>Takacs v. A.G. Edwards & Sons, Inc.</u>, 444 F.Supp.2d 1100 (S.D. Cal. 2006) (decided after <u>Bahramipour</u>), there was no preemption challenge on the ground that the "borrowed" FLSA claim was already time-barred.  Likewise, <u>Bahramipour</u> did *not* involve any *time-barred* FLSA claims being borrowed.

The "peaceful coexistence" that <u>Bahramipour</u>, <u>Barnett</u>, <u>Takacs</u>, and <u>Willis</u> were able to find in allowing FLSA violations to be "borrowed" for UCL claims cannot be achieved here, as the issue presented is patently distinguishable.  Plaintiff's borrowed FLSA claims are ***already time-barred***.  Therefore, a ***true obstacle*** exists between the FLSA and the UCL:  the FLSA ***bars*** the claims, while the UCL ***ignores the FLSA bar*** to revive the *time-barred* FLSA claims.  Even this Court has held that "[s]tate law will ***still be preempted*** to the extent that it ***actually conflicts*** with federal law."  <u>Bahramipour</u>, at *4-5 (emph. added).  Thus, <u>Bahramipour</u> recognized that in an "actual conflict" situation as that presented here, the UCL claims *will be preempted*.  Indeed, the Ninth Circuit's decision in <u>Williamson</u> mandates such a finding.[5]

Therefore, Plaintiff's UCL Counts 1, 2, and 3 are also *preempted* by the FLSA and should be *dismissed with prejudice* and *without leave to amend*.

### F.    Class and Subclass Allegations Should Be Stricken.

The FAC alleges that Plaintiff worked for Defendant as an ***underwriter.***  FAC (Doc. 40), ¶ 4 at 2:18.  Plaintiff does *not* allege that she worked in any other positions.  Nevertheless, Plaintiff seeks to represent an overbroad putative class consisting of employees who worked in other

---

[5] An additional actual conflict exists between the FLSA's *opt-in* collective action procedures and the UCL's *opt-out* class action procedures, which will come up no later than the class certification stage in this case as well.  A district court recently found conflict preemption to exist between these procedures.  In <u>Evancho v. Sanofi-Aventis U.S. Inc.</u>, 2007 WL 4546100 (D.N.J.), the court struck the proposed class' state-law UCL claims and held the FLSA's *opt-in* procedures ***preempted*** the UCL's *opt-out* procedures.  The court reasoned that "FLSA plaintiffs may not certify a class under Rule 23; they must proceed as an opt-in collective action pursuant to Section 216(b)."  <u>Evancho</u> at *5, citing <u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301, 306 (3d Cir. 2003) ("Courts have generally recognized that Rule 23 class actions may not be used under FLSA § 16(b).") (citations omitted).  This is yet one more reason Plaintiff's UCL claims are preempted by the FLSA.

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF**

1   positions in addition to underwriter, including "senior underwriter, underwriter trainee, and/or any

2   similar position that is responsible for reviewing home mortgages to consumers." Id. at 2:19-25.

3          The FAC likewise defines four proposed subclasses which Plaintiff seeks to represent.

4   Id.,¶ 4.A-D at 3:1-17.  However, the FAC does *not* allege that ***Plaintiff*** was compensated in the

5   manner described in the definitions of Proposed Subclasses A, B and C.  It also fails to allege

6   Plaintiff's employment status as of the date this action was filed for purposes of Subclass D.

7          Fed. R. Civ. P. Rule 23(d)(4) permits this court to eliminate class allegations to "give clear

8   definition" to a class action at any stage in the proceedings where it is demonstrated that the

9   requirements for maintaining a class action cannot be met. Fed. R. Civ. P. 23, Advisory

10  Committee Notes, 1966 Amendment, Subdivision (d)(4) and (c)(1); Williams v. Sears, Roebuck

11  and Co., 244 B.R. 858, 866-867 (S.D. Ga. 2000) (prior to class certification, the court used its

12  authority under Rule 23(d)(4) to amend the pleadings to exclude reference to representation of

13  certain absent class members not properly before the court).  Additionally, pursuant to Fed. R.

14  Civ. P. 12(f), any matter that is *unrelated to Plaintiff's claims* may be stricken.  Fogerty, supra,

15  984 F.2d at 1527.

16         Plaintiff worked as an ***underwriter*** for Defendant, yet she proposes an ***overbroad*** class

17  definition consisting of ***multiple job classifications*** in which ***she never worked***.  Based on the

18  allegations of the FAC, this overbroad class definition is immaterial to Plaintiff's claims and

19  should be stricken to the extent Plaintiff seeks to expand the class beyond the "underwriter"

20  position she alleges to have held.  Likewise, Plaintiff has not alleged any facts which, if proven,

21  would establish that she is a member of any of the proposed subclasses she seeks to represent.

22  Therefore, the proposed subclasses should be stricken as well.

23

24

25

26

27

28

1  **IV.    <u>CONCLUSION</u>.**

2         For each of the reasons set forth herein, Defendant requests that Plaintiff's First Amended

3  Complaint be dismissed with prejudice and without leave to amend, and/or that the Court strike

4  the class action allegations as discussed in this motion.

5

6  DATED: January 28, 2008              McGuireWoods LLP

7

8                                 By:    /s/ Matthew C. Kane
                                         Matthew C. Kane, Esq.
9                                        Michelle R. Walker, Esq.
                                         Sabrina A. Beldner, Esq.
10                                Attorneys for Defendant
                                  GREENPOINT MORTGAGE, a division of
11                                GREENPOINT FINANCIAL CORP.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28