HOFFMAN & LAZEAR
Arthur W. Lazear, Esq. (SBN 83603)
awl@hoffmanandlazear.com
Morgan M. Mack, Esq. (SBN 212659)
mmm@hoffmanandlazear.com
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700
Facsimile: (510) 835-1311

Attorneys for Plaintiff, JANA LAWLER, individual, on behalf of herself and all others similarly situated

MCGUIREWOODS LLP
Matthew C. Kane, Esq. (SBN 171829)
mkane@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
sbeldner@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendant, GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANA LAWLER, individual, on behalf of herself and all others similarly situated,

Plaintff,

vs.

GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,

Defendants.

Case No. C 07-04385 CW

**CLASS ACTION**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, APPROVAL OF CLASS NOTICE AND SETTING OF FINAL APPROVAL HEARING

DATE: September 4, 2008
TIME: 2 p.m.
CTRM: 2
JUDGE: Hon. CLAUDIA WILKEN

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND BACKGROUND .......... 1

II. PROCEDURAL BACKGROUND .......... 3

III. SUMMARY OF THE CLAIMS AT ISSUE .......... 4

IV. THE PROPOSED SETTLEMENT AND ITS TERMS .......... 6

V. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT .......... 8

- A. Class Action Settlements are Subject to Court Review and Approval Under the Federal Rules of Civil Procedure .......... 8
- B. The Settlement Is Fair, Adequate and Reasonable .......... 11
- C. Plaintiff Contend that the Settlement Satisfies the Requirements of Federal Rule of Civil Procedure 23 .......... 12
  - 1. Plaintiff satisfy the commonality requirement .......... 12
  - 2. Plaintiff's claims are typical of those of the putative settlement class members .......... 13
  - 3. Plaintiff fairly and adequately represent the settlement class .......... 13

VI. CONCLUSION .......... 14

# TABLE OF AUTHORITIES

Page

## CASES

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) .......... 12, 13

*Arnold v. Ben Kenowsky, Inc.*, 361 U.S. 388 (1960) .......... 5

*California Rural Legal Assistance v. Legal Services Corp.*, 917 F.2d 1171 (9th Cir. 1990) .......... 13

*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566 (9th Cir. 2004) .......... 11

*Dunk v. Ford Motor Co.*, 48 Cal. App.4th 1794 (1996) .......... 12

*Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) .......... 8

*Gautreaux v. Pierce*, 690 F.2d 616 (7th Cir. 1982) .......... 1

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) .......... 13,14

*In re Beef Industry Antitrust Litigation*, 607 F. 2d 167 (5th Cir. 1979) .......... 11, 12

*In re Traffic Executive Association-Eastern Railroads*, 627 F.2d 631 (2d Cir. 1980) .......... 9

*Iowa Beef Processors, Inc. v. Meat Price Investigators Ass'n*, 452 U.S. 905 (1981) .......... 12

*Jamison v. Butcher & Sherrerd*, 68 F.R.D. 479 (E. D. Pa. 1975) .......... 12

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) .......... 14

*Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338 (9th Cir. 1980) .......... 11

*Miller v. Farmers Insurance Exchange*, 481 F.3d 1119 (9th Cir. 2007) .......... 2

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983) .......... 11

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Sullivan v. Chase Inv. Serv. of Boston*, 79 F.R.D. 246 (N.D. Cal. 1978) .......... 13

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993) .......... 9

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976) .......... 8

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96 (2d Cir. 2005) .......... 1

*White v. National Football League*, 41 F.3d 402 (8th Cir. 1994) .......... 11

# I.

## INTRODUCTION AND BACKGROUND

In this joint motion, Plaintiff Jana Lawlor, individually and on behalf of all others similarly situated ("Plaintff"), on the one hand, and Defendant GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP. ("GreenPoint"), on the other hand (collectively, "the Parties"), seek preliminary approval of a wage and hour class action settlement of up to $925,000 (the "Settlement") on behalf of the following class: all individuals who, as verified by GreenPoint's personnel and payroll records, were (a) employed full-time by GreenPoint in the position of Underwriter II (also known as a "Staff Underwriter") or Underwriter III (also known as a "Senior Underwriter") at any of GreenPoint's California branches in its wholesale residential mortage lending division at any time between July 18, 2003 and September 28, 2007 (the "Class Period"); and (b) have not signed a release in favor of any of the "GreenPoint Released Parties" (as defined in Paragraph 36 of the Parties' stipulated Settlement Agreement and Release). The Settlement resolves Plaintiff's and the other class members' claims against the Defendants' for alleged failure to pay overtime wages under federal and California law.

Through this Motion, the Parties seek only preliminary approval of the Settlement. Because the eventual fairness hearing will provide the Court another opportunity to review the Settlement with the benefit of class member input, settled law and practice under Federal Rule of Civil Procedure 23 provides that if the proposed settlement is "within the range of possible approval," the Court should grant preliminary approval and authorize the Parties to give notice of the proposed settlement to class members. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982); *see also* Manual for Complex Litigation, Third §30.41 (1997). Further, settlements that are reached as a result of arm's-length bargaining between experienced and well-informed counsel are entitled to a presumption of fairness.

Manual for Complex Litigation, Third §30.42 at p. 240; *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d 96, 116 (2d Cir. 2005).

The Parties here have made the showing necessary for preliminary approval of the proposed class action settlement. The terms of the proposed settlement are set forth in considerable detail in the Settlement Agreement and Release ("Settlement Agreement") filed herewith and summarized in Section IV, *infra*. The Settlement is the result of good-faith, arm's-length negotiations between Plaintiff and GreenPoint through their respective attorneys.

That Plaintiff would prevail, let alone win more than the settlement amount, were they to go to trial, is far from certain. With respect to Plaintiff's overtime and related misclassification claims, in March and September 2006, respectively, the United States Department of Labor issued opinion letters stating that in many cases Loan Consultants are *not* entitled to overtime pay under federal law. While Plaintiff disputes the applicability of those letters, Plaintiff's ability to prevail on the claims alleged in the lawsuits is highly uncertain.

Furthermore, even if the Plaintiff obtained a favorable judgment in this Court, that judgment likely would be tied up for years on appeal. Recently, the Ninth Circuit Court of Appeals reversed a $52.5 million judgment for Plaintiff in an overtime class action involving insurance claims adjusters. *Miller v. Farmers Insurance Exchange,* 481 F.3d 1119 (9th Cir. 2007). There is a substantial risk that the class members might not receive anything at all if this lawsuit proceeded to trial.

In light of these risks, as well as the expenses associated with continued litigation, Plaintiff's counsel strongly believe that this settlement is fair and appropriate under the circumstances, is in the best interests of the class members, and will result in significant financial benefit to participating class members.

Various counsel for Plaintiff in this action have represented plaintiffs in class and collective actions against other lenders asserting similar claims to those in this

case. Likewise, counsel for Defendant have been counsel for defendants in a number of similar cases in which courts have approved class and collective action settlements.

Accordingly, the Parties respectfully request that the Court: (1) preliminarily approve the proposed Settlement; (2) conditionally certify, for settlement purposes only, the Class described herein; (3) authorize the mailing of notice to the class members; and (4) schedule a final approval hearing date.

## II.

## PROCEDURAL BACKGROUND

On July 18, 2007, plaintiff Jana Lawler filed a Complaint ("Complaint") against GreenPoint on behalf of a putative class of employees that included herself and all former and current employees of GreenPoint who worked as Staff Underwriters and/or Senior Underwriters at GreenPoint offices in California between July 18, 2003, and the present. The Complaint alleged ten causes of action for: (1) Restitution of overtime wages owed under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"); (2) Restitution of overtime wages owed under California Industrial Welfare Commission Wage Order 4-2001 pursuant to the UCL; (3) Recovery of overtime wages pursuant to Cal. Labor Code § 1194; (4) Restitution of overtime wages owed pursuant to the UCL; (5) Recovery of overtime wages pursuant to Cal. Labor Code § 1194; (6) Recovery of waiting time penalties pursuant to Cal. Labor Code § 203; (7) Recovery of meal and rest break violations compensation pursuant to Cal. Labor Code § 226.7 and collection of civil penalties pursuant to the Labor Code Private Attorney General Act, Cal. Labor Code § 2699 ("PAGA"); (8) Collection of civil penalties under Cal. Labor Code § 210 for violations of Cal. Labor Code § 204 (accurate payment of wages) pursuant to PAGA; (9) Collection of civil penalties under Cal. Labor Code § 226.3

for violations of Cal. Labor Code § 226 (accurate wage statements) pursuant to PAGA; and (10) Declaratory relief on an FLSA issue as to Plaintiff only.

On January 8, 2008, judgment on the pleadings was granted in part in GreenPoint's favor, and six of Lawler's ten claims alleged in the Complaint were dismissed with prejudice: (3) Recovery of overtime wages pursuant to Cal. Labor Code § 1194; (5) Recovery of overtime wages pursuant to Cal. Labor Code § 1194; (7) Recovery of meal and rest break violations compensation pursuant to Cal. Labor Code § 226.7 and collection of civil penalties pursuant to the Labor Code Private Attorney General Act, Cal. Labor Code § 2699 ("PAGA"); (8) Collection of civil penalties under Cal. Labor Code § 210 for violations of Cal. Labor Code § 204 (accurate payment of wages) pursuant to PAGA; (9) Collection of civil penalties under Cal. Labor Code § 226.3 for violations of Cal. Labor Code § 226 (accurate wage statements) pursuant to PAGA; and (10) Declaratory relief on an FLSA issue as to Plaintiff only. Judgment on the pleadings was also granted in part in GreenPoint's favor on Lawler's claim for waiting time penalties under Cal. Labor Code § 203, which was dismissed without prejudice and with leave to amend.

On January 18, 2008, Plaintiff filed a First Amended Complaint (hereinafter "FAC") alleging three causes of action for restitution of overtime wages pursuant to California Business and Professions Code § 17200 et seq. ("Section 17200") and a fourth cause of action for restitution of waiting time penalties, also pursuant to Section 17200.

On January 28, 2008, GreenPoint filed a Motion to Dismiss the FAC and/or to Strike Portions Thereof pursuant to Fed. R. Civ. P. 12(b)(6), 12(f) and 23(d)(1)(D) ("Motion to Dismiss"), which was set for hearing on March 27, 2008. The Parties have engaged in formal discovery. GreenPoint propounded twenty-four (24) interrogatories, twenty-one (21) requests for admissions, and thirty-five (35) document requests to Plaintiff. Pursuant to an agreement of the Parties' counsel, Plaintiff responded on an expedited basis to certain of GreenPoint's discovery

requests for purposes of mediating and reaching an early resolution of this matter. In so doing, Plaintiff provided substantive responses to twelve (12) interrogatories and thirteen (13) requests for admission. GreenPoint, in turn, provided Plaintiff with payroll and employment data on members of the putative class for the same purposes. Furthermore, counsel for the Parties have conferred extensively during a 12-hour mediation concerning this information, the merits of the Parties' claims and/or defenses, and other issues relevant to reaching a settlement.

On February 29, 2008, the Parties participated in a 12-hour mediation in San Francisco with Hon. Ronald Sabraw (Ret.). The mediation lasted late into the night whereupon the Parties reached a tentative settlement.

## III.

## SUMMARY OF THE CLAIMS AT ISSUE

Plaintiff and GreenPoint have divergent views regarding the merits of Plaintiff' claims.

In this action, Plaintiff alleged on behalf of GreenPoint underwriters in California that Class Members were misclassified as exempt from federal and state overtime laws and not paid the required compensation for overtime hours worked, including interest, liquidated damages, and penalties.

Under the FLSA, all employees, regardless of their title, must be paid overtime for any hours they work in excess of forty per week, unless the employee is "exempt." 29 U.S.C. §207(a)(1). The employer bears the burden of proving that the employee is exempt from overtime. *Arnold v. Ben Kenowsky, Inc.*, 361 U.S. 388, 392 (1960). Plaintiff contends that GreenPoint underwriters did not meet the test for exempt status under the FLSA.

GreenPoint denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiff's Complaint, and further denies that this action is appropriate for class treatment. GreenPoint contends, among other things, that it has complied with the Fair Labor Standards Act, California Labor Code, Industrial

Welfare Commission Wage Orders, and the Business and Professions Code at all times.

## IV.

## THE PROPOSED SETTLEMENT AND ITS TERMS

The proposed settlement calls for a maximum settlement amount of up to $925,000. From this amount attorneys' fees and costs, as described below, a Class Representative's enhancement payment, and an estimated $33,000 in settlement administration fees and expenses to the Claims Administrator, Rosenthal and Co., will also be deducted. Settlement Agreement, §§19(e), 20, 21. The Settlement Agreement provides that Plaintiff's attorneys may request, and GreenPoint will not oppose, an amount allowed by the Court not to exceed $277,500 (30%) as payment in full for all attorneys' fees and costs. Settlement Agreement §21. In addition, Plaintiff's attorneys may request, and GreenPoint will not oppose, an enhancement payment not to exceed $20,000 for the Class Representative for stepping forward in this matter, her service, and the risks undertaken to pay attorneys' fees and costs in the event of an unsuccessful outcome. Settlement Agreement §19(e).

The remaining amount ("Net Settlement Amount"), estimated to be $594,500, will be available to all class members upon the submission of a valid and timely Settlement Proof of Claim Form. Settlement Agreement, §21. Each Participating Claimant will receive a proportional share of the Net Settlement Amount based on his or her total number of weeks worked during the Class Period, in relation to the total number of weeks worked by all members of the Class during the Class Period by dividing the number of weeks worked by the Participating Claimant during the Class Period by the total number of weeks worked by the Class during the Class Period, and multiplying this quotient by the Net Settlement Amount. Settlement Agreement, §19(c).

Under the terms of the Settlement Agreement, Plaintiff and GreenPoint request that the Court appoint Rosenthal & Co., a professional claims

administration firm, as the Claims Administrator to mail the Class Notice and perform other required claims administration services. Settlement Agreement, §20. If, by entering the Preliminary Approval Order, the Court provides authorization to send the Class Notice to Class Members, GreenPoint, through the Claims Administrator, will facilitate the mailing of the Class Notice to all Class Members. Settlement Agreement, §20. The Class Notice will explain the purpose of the Class Notice, and describe the Litigation, the terms of the Settlement, and each Class Member's options with regard to participating in the Settlement. Settlement Agreement, §20. The Class Notice will also provide information regarding the consequences of doing nothing in response to the Class Notice, the final approval hearing, and how Class Members can obtain additional information. Settlement Agreement, §20.

As explained more fully in the Class Notice, Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Litigation, the Settlement and the Settlement Class by the Claims Period Deadline. Class Members who do not timely opt out of the Settlement Class shall be deemed Members of the Settlement Class. Class Members who do opt out will not receive a settlement payment, but also will not be subject to the release of claims, and will be deemed to have never participated in the Litigation or this Settlement. In addition, as explained in more detail in the Class Notice, Class Members who do not opt out will have an opportunity to object to the Settlement.

All Class Members who do not timely opt out of the Settlement will become members of the Settlement Class and, assuming the Settlement is approved by the Court, will be subject to the Judgment and its associated release. Upon the date on which the Judgment becomes final, the Class Representative and each of the Settlement Class Members, including all Participating Claimants, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all related claims.

Class Members who do not opt out of the Settlement Class may elect to receive a payment under the Settlement by properly completing and timely submitting a Proof of Claim Form. Settlement Agreement §21. Class Members who properly and timely submit the form will receive a settlement payment in an amount based on the number of weeks each Participating Claimant worked relative to the number of weeks worked by the Settlement Class as a whole. The formula will be designed to result in the complete distribution of the Net Settlement Amount based on the assumption that all Class Members become Participating Claimants.

Finally, the Settlement Agreement provides for a final approval hearing on the fairness and adequacy of the proposed Settlement, Plaintiff's attorneys' request for attorneys' fees and costs, the Enhancement payment to the Class Representative, and the Administrative Costs. The Class Notice will advise Class Members of the final approval hearing and their opportunity to attend the hearing and make their views known. At the final approval hearing, the Parties will address any issues raised by Class Members, and the Court will have a second opportunity to review the Settlement Agreement and Settlement before deciding whether to issue final approval.

## V.

## THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT

The Parties submit that it is appropriate for the Court to certify the proposed settlement class under Federal Rule of Civil Procedure 23 for purposes of giving effect to and implementing the Settlement. Moreover, the settlement is fair, adequate and reasonable, justifying this Court's preliminary approval of it.

### A. Class Action Settlements are Subject to Court Review and Approval Under the Federal Rules of Civil Procedure

In general, federal law strongly favors and encourages settlements in the context of class actions. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[I]t hardly seems necessary to point out there is an overriding public

interest in settling and quieting litigation. This is particularly true in class action suits.") (quoting *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)).

This action was settled prior to Plaintiff's moving the Court for class certification. However, this fact does not detract from this Court's approval of the settlement. The Parties may settle a class action before certification and stipulate that a defined class be conditionally certified for settlement purposes. *See* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2006), at p. 10-116, §10:787.

Rule 23(e) of the Federal Rules of Civil Procedure requires court approval for any settlement of a class action. As explained in the Manual For Complex Litigation, Third, court approval of a class action settlement is a two-step process:

> First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. ... If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*Id.*, §30.41; *cf. Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1377 (9th Cir. 1993) (noting and implicitly approving the district court's use of a preliminary approval process). Thus, preliminary approval should be granted if the proposed settlement falls within the range of possible final approval." *Gautreaux v. Pierce*, 680 F.2d 616, 621 n.3 (7th Cir. 1982); Conte & Newberg, Newberg on Class Actions, §11.25 (4th Ed. 2002). As the Second Circuit stated, preliminary approval is "a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Association-Eastern Railroads*, 627 F.2d 631, 634 (2d Cir. 1980).

Here, all of the pertinent factors weigh heavily in favor of granting

preliminary approval and authorizing distribution of the Class Notice. First and foremost, the proposed settlement was the product of arm's-length, non-collusive negotiations and a 12 hour mediation with a very experienced class action mediator. Hoffman Decl, ¶ 8 . Plaintiff and the putative class members are and have been represented by experienced counsel. *Id.*, ¶2-7. Both sides have sufficient familiarity with the facts of the case and the relevant legal issues to make an informed recommendation about the fairness of the settlement. *Id.*, ¶ 9-15.

In addition, under the terms of the settlement, there are no segments of the class that will receive unduly preferential treatment. All class members are subject to the same notice and claims procedures and eventual release of claims.

With respect to the class representative's enhancement payment of $20,000, this award is limited and within the range of such awards commonly provided in litigation of this nature. In light of the modest nature of these awards in comparison to the overall maximum amount of the settlement, there is nothing to suggest that the class representative's enhancement award is improper or undermines the apparent fairness of the settlement.

Furthermore, as the substantial settlement payment attests, there is no evidence of collusion between GreenPoint and the Plaintiff's attorneys to reach a settlement that is unfair to the putative class and collective action members. GreenPoint has agreed not to oppose any requests for attorneys' fees up to 30 percent of the Maximum Settlement Amount of $925,000. The Parties' agreements relating to attorneys' fees and the class representative's enhancement awards as well as all other aspects of the settlement agreement have been fully disclosed to the Court. The Parties have submitted a copy of the complete Settlement Agreement and its attachments with this motion, and the parties have no other undisclosed agreements concerning the conditions of this settlement.

Additionally, the proposed Class Notice and proposed form of distribution are more than adequate. Rule 23 requires that the absent class members receive the

"best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). The method and the content of the notice to class members should be designed to fairly apprise them of the terms of the proposed settlement "in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)). Along these lines, federal courts have held that individual mailings to each class member's last known address is a sufficient form of notice. *See, e.g., White v. National Football League*, 41 F.3d 402, 408 (8th Cir. 1994), *abrogated on other grounds, Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618-20 (1997).

Here, the proposed form of notice will be sent via first-class mail to the last known address of each class member and, prior to mailing the Class Notices, the Claims Administrator will consult the United States Postal Service's National Change of Address Database to review the accuracy of and, if possible, update a class member's mailing address. The Class Notice will provide the details of the case and the proposed settlement, and the specific options available to class members. The Class Notice will provide class members with information from which they can each make an informed decision about whether to opt out, submit claim and consent forms, object, or take no further action. Thus, the proposed Class Notice is adequate.

## B. The Settlement Is Fair, Adequate and Reasonable

In deciding whether to approve a proposed class action settlement, the Court must find whether a proposed settlement is "fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied,* 459 U.S. 1217 (1983); *see also* Fed. R. Civ. P. 23(e)(1)(C) (court must find that compromise is "fair, reasonable and adequate").

Courts act within their discretion in approving settlements which are fair, not collusive, and take into account "all the normal perils of litigation as well as the

additional uncertainties inherent in complex class actions." *In re Beef Industry Antitrust Litigation*, 607 F. 2d 167, 179 (5th Cir. 1979) *cert. den. sub nom, Iowa Beef Processors, Inc. v. Meat Price Investigators Ass'n,* 452 U.S. 905 (1981). The trial court considers all relevant factors, such as "the strength of Plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement." *Id.* Where a settlement is reached on terms agreeable to all parties, a court should disapprove of the settlement "only with considerable circumspection." *Jamison v. Butcher & Sherrerd*, 68 F.R.D. 479, 481 (E. D. Pa. 1975).

**C. Plaintiff Contends that the Settlement Satisfies the Requirements of Federal Rule of Civil Procedure 23**

Plaintiff contends that preliminary approval of the proposed settlement is justified under *Amchem v. Windsor Prods.*, 52 U.S. 591, 620 (1996), because the Rule 23 requirements for certifying a class for settlement purposes are met. Under *Amchem*, the Rule 23(a) factors the Court considers for class certification in a settlement are whether: (1) there are questions of law or fact common to the class, (2) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (3) the representative parties will fairly and adequately protect the interests of the class.

**1. Plaintiff satisfies the commonality requirement.**

The first Rule 23(a) prerequisite for certification for settlement purposes under *Amchem* concerns questions of law and/or fact common to the class. The necessary showing to satisfy commonality is "minimal." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). This requirement is "construed permissively." *Id.* at 1019.

Each Class Member was an underwriter for Defendants during at least a portion of the Class Period. Plaintiff also contends that GreenPoint's alleged practice of classifying its underwriters in California as exempt create a common issue. These common questions are sufficient to satisfy Rule 23(a)(2) for the purpose of the Settlement.

**2. Plaintiff's claims are typical of those of the putative settlement class members.**

To satisfy the typicality requirement, Plaintiff must demonstrate that their claims are typical of the claims of the class. Fed. R. Civ. Proc. 23(a)(3). "Under the rule's permissive standards, representative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon,* 150 F.3d at 1020. Class representatives and members of the class need only "share a common issue of law or fact" (*California Rural Legal Assistance v. Legal Services Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990)), and the claims must be "sufficiently parallel to insure a vigorous and full presentation of all claims for relief." *Id.*, quoting *Sullivan v. Chase Inv. Serv. of Boston*, 79 F.R.D. 246, 257 (N.D. Cal. 1978).

Here, for settlement purposes, Plaintiff's claims are typical of the other class members because she asserts that they were all misclassified as exempt from the requirements of overtime compensation, not paid for all hours worked, not provided rest and/or meal periods or paid compensation in lieu thereof, and not fully reimbursed for allegedly reasonable and necessary business expenses.

**3. Plaintff fairly and adequately represents the settlement class.**

The third and final Rule 23(a) class certification prerequisite identified in *Amchem* requires that Plaintff Jana Lawlor "fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a)(4). A plaintiff adequately and fairly represents the interests of the putative class provided the plaintiff and his or her counsel do not have any conflicts of interest with other class members and who will

prosecute the action vigorously on behalf of the class. *Hanlon,* 150 F.3d at 1020; *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Courts scrutinize carefully the adequacy of representation in a settlement class in order to protect the interests of absent class members and to guard against collusion between plaintiff's and defense counsel. *See* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, p. 10-116, §10:788.

Plaintff maintains that she has obtained a settlement for the benefit of all class members, not just herself. Plaintiff has fully understood her duties as Class Representative throughout the pendency of this action, has provided substantial assistance and information to her counsel, and is able to vigorously prosecute the class claims.

In addition, Plaintiff's attorneys consist of experienced wage-hour class action litigators and are devoted almost exclusively to the prosecution of class actions. Plaintiff and her counsel are willing to vigorously prosecute the claims on behalf of the putative class and have thoroughly investigated the class claims, class damages and Defendants' defenses thereto. The team is well-qualified to prosecute this action in the event that the proposed settlement should fail for any reason, but believe that the Settlement is in the class members' best interest.

For these reasons, courts often certify wage and hour class actions that impact a large number of workers for settlement purposes as the most efficient method of resolving the class members' claims. *See Prince v. CLS Transportation* (2004) 118 Cal.App.4th 1320, 1328.

## VI.

## CONCLUSION

For the foregoing reasons and based on the settlement documents filed with this Motion, the Parties jointly and respectfully submit that the proposed settlement is fair, adequate, and reasonable. Plaintiff and her counsel believe that the proposed settlement is in the best interests of the Plaintiff and the putative Class Members.

Under the applicable class and collective action criteria and guidelines, the Parties request that the Court: (a) preliminarily approve the proposed settlement at this time, (b) conditionally certify the class for purposes of settlement only, (c) approve the Class Notice to be sent to the Class, and (d) set the Final Approval Hearing as requested.

Respectfully submitted,

DATE: August 27th, 2008

Hoffman & Lazear

By: [signature]
H. Tim Hoffman
Attorneys for Plaintiff
JANA LAWLER

DATE: August 27th, 2008

McGuireWoods LLP

By: /s/
Matthew C. Kane
Attorneys for Defendant
GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP.