HOFFMAN & LAZEAR
H. Tim Hoffman, Esq. (SBN 49141)
hth@hoffmanandlazear.com
Arthur W. Lazear, Esq.   (SBN 83603)
awl@hoffmanandlazear.com
Morgan M. Mack, Esq.   (SBN 212659)
mmm@hoffmanandlazear.com
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone:  (510) 763-5700
Facsimile:   (510) 835-1311

Attorneys for Plaintiff, JANA LAWLER,
individual, on behalf of herself
and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JANA LAWLER, individual, on behalf of herself and all others similarly situated,<br><br>            Plaintff,<br><br>vs.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,<br><br>            Defendants. | Case No. C 07-04385 CW<br><br>**CLASS ACTION**<br><br>DECLARATION OF H. TIM HOFFMAN IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF CLASS NOTICE AND SETTING OF FINAL APPROVAL HEARING<br><br>DATE:    September 4, 2008<br>TIME:    2 p.m.<br>CTRM:   2<br>JUDGE:  Hon. CLAUDIA WILKEN |
|---|---|

I, H. TIM HOFFMAN, declare:

    1.    I am an attorney licensed to practice law in the state of California and am a partner at Hoffman & Lazear, attorneys of record for plaintiff JANA

LAWLER. I submit this declaration in support of the Joint Motion for Preliminary Approval of Class Action Settlement, Approval of Class Notice and Setting of Final Approval Hearing.

2. I have been a practicing litigation attorney since 1965. I graduated from the University of Illinois Law School. I was admitted to practice in the State of Illinois in 1965 and in California in 1971. I have been in private practice in California since 1972.

3. I have worked as a field instructor at a program at the University of Chicago -- Jane Adams School of Social Welfare. I have also taught labor law at Merritt College in Oakland, California. The subject matter of that course was wage and hour law.

4. I have represented clients in hearings before the California Labor Commissioner and in proceedings involving the state court enforcement of Labor Commissioner awards.

5. Other work in the instant litigation is performed by my partner, Arthur W. Lazear, and my associate, Morgan M. Mack. Mr. Lazear graduated from the University of California, Berkeley Law School (Boalt Hall), and has been a litigation attorney, specializing in employment-related matters and class litigation since 1978. He is admitted to practice in state and federal courts in California. Mr. Mack graduated from the University of California, Hastings College of the Law, and has been a litigation attorney, specializing in employment-related matters since

2001. He is admitted to practice in state and federal courts in California.

6. Over the past three decades, my firm and I have been involved in a substantial amount of complex litigation, including numerous class actions and employment and wage and hour litigation. Among the cases in which we have been involved are:

a. *Kahle v. Pacific Telesis Group*, a class action for unpaid overtime compensation, which resulted in a substantial settlement for a class of over six hundred employees.

b. *Prosser v. Oil Changer, Inc.*, a class action for unpaid overtime in which an approved settlement for over 200 assistant managers was achieved after several years of intense litigation.

c. *Kelly v. Pacific Telesis Group*, an action in which a class of over 1000 employees was certified on a claim for unpaid overtime compensation resulting in an approved settlement of 35 million dollars.

d. *McLendon v. Continental Can Company*, an ERISA action where Hoffman & Lazear acted as one of three firms serving as trial counsel to a nationwide class that resulted in a verdict for Plaintiffs and damages settlement of approximately $415 million.

e. *Terones v. Pacific States Steel,* another class action under ERISA, which resulted in the recovery of pension and medical benefits worth tens of millions of dollars.

f. *Phemister v. Harcourt Brace Jovanovich,* a nationwide class action in which we represented a class of approximately 40,000 attorneys and achieved an approved settlement.

g. *Amaro v. Continental Can Company,* another ERISA action where we were sole counsel for the plaintiff class and obtained for the plaintiffs a verdict and a damages settlement of $7 million.

h. *Cordoza v. Pacific States Steel Corp.,* an ERISA class action in the Northern District of California which resulted in our obtaining broad injunctive relief and fashioning a unique remedy to provide millions of dollars in medical benefits for class members.

i. *Carr v. Starbucks Corp.,* a class action for unpaid overtime for a class of close to 3000 managers and assistant managers which resulted in a substantial class settlement.

j. *ACORN v. Household International,* a consumer class action that resulted in a large, complex settlement on behalf of a nationwide class of borrowers.

k. *Burns v. Merrill Lynch,* a class action for unpaid overtime and unpaid expenses for a class of stockbrokers that achieved a substantial approved settlement.

l. *Roberts v. Best Buy,* an action with a certified class of assistant managers that produced a settlement of 13.75 million dollars for the class.

8. I was one of the attorneys on this matter, having investigated and evaluated the class unpaid wage claims relating to the Defendants' alleged misclassification of the underwriter position as exempt from the requirements of overtime pay under federal and California law, and participated in the 12+ hour mediation with former Alameda County Complex Litigation Judge Ronald Sabraw (Ret.).

9. The Parties scheduled to mediate the matter with Judge Sabraw on February 29, 2008 in San Francisco, California.

10. Mediating the case required additional information to be acquired, evaluated and analyzed to develop a damage model based on Plaintiffs' claims.

11. The Parties agreed to a methodology for the informal exchange of data, information and documents to properly assess the case and prepare for mediation. Defendant produced an excel document containing employment dates and wage records for the members of the class for the putative class period, the class size, and estimated number of weeks worked during the putative class period.

12. By reviewing the data, Class Counsel calculated a damage model based upon the alleged violations of the federal and state labor laws.

13. On February 29, 2008, the Parties' engaged in serious, informed and hard-fought, arms-length negotiations facilitated by Judge Sabraw over the course of 12-plus hours. That evening they reached agreement on a framework for a fair compromise and settlement of this case, as subsequently negotiated in greater detail

and documented in the Stipulation and Settlement Agreement attached hereto as Exhibit "A". There are no other, undisclosed agreements concerning the conditions for this settlement.

14. Although the Parties signed a Memorandum of Understanding at the conclusion of the mediation memorializing the very basic terms of the settlement, the balance of the settlement terms continued to be vigorously negotiated, at arms-length, through the date this Settlement Agreement was signed.

15. Class Counsel conducted significant investigation and informal discovery, reviewed and analyzed Defendants' records and data, thoroughly investigated and evaluated the factual strengths and weaknesses of this case to assess the class claims and to formulate a damage model for settlement purposes before reaching the proposed settlement. The investigation and discovery support the Settlement.

16. Class Counsel is convinced that this settlement is in the best interest of the Class Members based on the negotiations and a detailed knowledge of the issues present in this action.

17. Specifically, Class Counsel balanced the terms of the proposed settlement against the probable outcome of liability and the range of recovery at trial. The risks of denial on class certification, the length and risks of trial and other normal perils of litigation as well as Defendants' affirmative defenses, the prospect of a potential adverse ruling on summary judgment, the difficulties of complex

litigation, the lengthy process of establishing specific damages and various possible delays and appeals, were also carefully considered by Class Counsel in agreeing to the proposed settlement.

18. Counsel on both sides share the view that this is a fair and reasonable settlement in light of the complexities of the case, the state of the law relating to misclassification claims, as well as the uncertainties of class certification and litigation, and the benefit for the Class. Given the risks inherent in litigation, in class certification proceedings, and the defenses asserted, this settlement is fair, adequate, and reasonable and in the best interests of the class.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 27th day of August, 2008 at Oakland, California.

_____
H. Tim Hoffman