# EXHIBIT A

**HOFFMAN & LAZEAR**
H. Tim Hoffman, Esq.        (SBN 49141)
hth@hoffmanandlazear.com
Arthur W. Lazear, Esq.      (SBN 83603)
awl@hoffmanandlazear.com
Morgan M. Mack, Esq.        (SBN 212659)
mmm@hoffmanandlazear.com
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone:    (510) 763-5700
Facsimile:    (510) 835-1311

Attorneys for Plaintiff, JANA LAWLER,
individual, on behalf of herself
and all others similarly situated
**(co-counsel listed on next page)**

**McGuireWoods LLP**
Matthew C. Kane, Esq.       (SBN 171829)
mkane@mcguirewoods.com
Michelle R. Walker, Esq.    (SBN 167375)
mwalker@mcguirewoods.com
Sabrina A. Beldner, Esq.    (SBN 221918)
sbeldner@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:    (310) 315-8200
Facsimile:    (310) 315-8210

Attorneys for Defendant,
GREENPOINT MORTGAGE, a division of
GREENPOINT FINANCIAL CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JANA LAWLER, individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100,<br><br>    Defendants. | CASE NO. C 07-04385 CW<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

(co-counsel for Plaintiff)

**CRAWFORD & STRAWBRIDGE**
Newman Strawbridge, Esq.    (SBN 171360)
rlaw@sonic.net
719 Orchard Street
Santa Rosa, CA 95404
Telephone:    (707) 523-3377
Facsimile:    (707) 573-1094

**LAW OFFICE OF CAMERON CUNNINGHAM**
Cameron Cunningham, Esq.  (SBN 75593)
719 Orchard Street
Santa Rosa, CA 95404
Telephone:    (707) 829-9194

This Settlement Agreement and Release (hereinafter "Agreement") is made and entered into by and between Plaintiff JANA LAWLER (hereinafter, "Plaintiff" or "Class Representative"), individually and on behalf of the Settlement Class (as defined in this Agreement), on the one hand, and Defendant GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP. (hereinafter "GreenPoint") and the other GreenPoint Released Parties (as defined in Paragraph 36 of this Agreement), on the other hand, and subject to the approval of the Court.

**DEFINITIONS**

1.    Plaintiff and GreenPoint are collectively referred to as the "Parties."

2.    The word "Person" shall have the meaning set forth in California Government Code Section 17.

3.    The "Settlement Class" consists of all individuals who, as verified by GreenPoint's personnel and payroll records, were (a) employed full-time by GreenPoint in the position of Underwriter II (also known as a "Staff Underwriter") or Underwriter III (also known as a "Senior Underwriter") at any of GreenPoint's California branches in its wholesale residential mortgage lending division at any time between July 18, 2003 and September 28, 2007; and (b) have not signed a release in favor of any of the GreenPoint Released Parties (as defined in Paragraph 36 of this Agreement).

4.    "Weekly Settlement Amount" means the amount that each member of the "Settlement Class" will receive for each week he or she worked during the time

5315958.8

2

**SETTLEMENT AGREEMENT AND RELEASE**

1    period from July 18, 2003, through September 28, 2007. The total Weekly

2    Settlement Amount for all members of the Settlement Class will be calculated as

3    $925,000, minus the costs of administration set forth in Paragraph 20 and the

4    attorneys' fees, costs and enhancement payment to Plaintiff awarded by the Court.

5    Any portion of the Weekly Settlement Amount that remains unclaimed within the

6    period permitted by this Agreement will revert back to GreenPoint.

7    5.    "Class Member" means each individual member of the Settlement Class.

8    6.    "Class Period" or "Relevant Time Period" means July 18, 2003, through September

9    28, 2007.

10    7.    "Class Counsel" means the law firms of Hoffman & Lazear, Crawford &

11    Strawbridge, and The Law Office of Cameron Cunningham.

12    8.    "Class Representative" means Plaintiff Jana Lawler.

13    9.    "Administrator" means Rosenthal & Company LLC, 300 Bel Marin Keys Blvd.,

14    Suite 200, Novato, CA 94949.

15    **LITIGATION BACKGROUND**

16    10.    On July 18, 2007, plaintiff Jana Lawler filed a Complaint ("Complaint") against

17    GreenPoint on behalf of a putative class of employees that included herself and all

18    former and current employees of GreenPoint who worked as Staff Underwriters

19    and/or Senior Underwriters at GreenPoint offices in California between July 18,

20    2003, and the present. The Complaint alleged ten causes of action for: (1)

21    Restitution of overtime wages owed under the Fair Labor Standards Act, 29 U.S.C.

22    § 201 et seq. ("FLSA"), pursuant to the California Unfair Competition Law, Cal.

23    Bus. & Prof. Code § 17200 et seq. ("UCL"); (2) Restitution of overtime wages

24    owed under California Industrial Welfare Commission Wage Order 4-2001

25    pursuant to the UCL; (3) Recovery of overtime wages pursuant to Cal. Labor Code

26    § 1194; (4) Restitution of overtime wages owed pursuant to the UCL; (5) Recovery

27    of overtime wages pursuant to Cal. Labor Code § 1194; (6) Recovery of waiting

28    time penalties pursuant to Cal. Labor Code § 203; (7) Recovery of meal and rest

3

1    break violations compensation pursuant to Cal. Labor Code § 226.7 and collection

2    of civil penalties pursuant to the Labor Code Private Attorney General Act, Cal.

3    Labor Code § 2699 ("PAGA"); (8) Collection of civil penalties under Cal. Labor

4    Code § 210 for violations of Cal. Labor Code § 204 (accurate payment of wages)

5    pursuant to PAGA; (9) Collection of civil penalties under Cal. Labor Code § 226.3

6    for violations of Cal. Labor Code § 226 (accurate wage statements) pursuant to

7    PAGA; and (10) Declaratory relief on an FLSA issue as to Plaintiff only.

8    11.    On January 8, 2008, judgment on the pleadings was granted in part in GreenPoint's

9           favor, and six of Lawler's ten claims alleged in the Complaint were dismissed with

10          prejudice:  (3) Recovery of overtime wages pursuant to Cal. Labor Code § 1194;

11          (5) Recovery of overtime wages pursuant to Cal. Labor Code § 1194; (7) Recovery

12          of meal and rest break violations compensation pursuant to Cal. Labor Code §

13          226.7 and collection of civil penalties pursuant to the Labor Code Private Attorney

14          General Act, Cal. Labor Code § 2699 ("PAGA"); (8) Collection of civil penalties

15          under Cal. Labor Code § 210 for violations of Cal. Labor Code § 204 (accurate

16          payment of wages) pursuant to PAGA; (9) Collection of civil penalties under Cal.

17          Labor Code § 226.3 for violations of Cal. Labor Code § 226 (accurate wage

18          statements) pursuant to PAGA; and (10) Declaratory relief on an FLSA issue as to

19          Plaintiff only.  Judgment on the pleadings was also granted in part in GreenPoint's

20          favor on Lawler's claim for waiting time penalties under Cal. Labor Code § 203,

21          which was dismissed without prejudice and with leave to amend.

22    12.    On January 18, 2008, Plaintiff filed a First Amended Complaint (hereinafter

23          "FAC") alleging three causes of action for restitution of overtime wages pursuant

24          to California Business and Professions Code § 17200 et seq. ("Section 17200") and

25          a fourth cause of action for restitution of waiting time penalties, also pursuant to

26          Section 17200.

27    13.    On January 28, 2008, GreenPoint filed a Motion to Dismiss the FAC and/or to

28          Strike Portions Thereof pursuant to Fed. R. Civ. P. 12(b)(6), 12(f) and 23(d)(1)(D)

5315958.8

4

SETTLEMENT AGREEMENT AND RELEASE

1    ("Motion to Dismiss"), which was set for hearing on March 27, 2008.

2    14.    The Parties have engaged in formal discovery. GreenPoint propounded twenty-four

3    (24) interrogatories, twenty-one (21) requests for admissions, and thirty-five (35)

4    document requests to Plaintiff. Pursuant to an agreement of the Parties' counsel,

5    Plaintiff responded on an expedited basis to certain of GreenPoint's discovery

6    requests for purposes of mediating and reaching an early resolution of this matter.

7    In so doing, Plaintiff provided substantive responses to twelve (12) interrogatories

8    and thirteen (13) requests for admission. GreenPoint, in turn, provided Plaintiff

9    with payroll and employment data on members of the putative class for the same

10    purposes. Furthermore, counsel for the Parties have conferred extensively during a

11    12-hour mediation concerning this information, the merits of the Parties' claims

12    and/or defenses, and other issues relevant to reaching a settlement.

13    15.    On February 29, 2008, the Parties participated in a 12-hour mediation in San

14    Francisco with Hon. Ronald Sabraw (Ret.). The mediation lasted late into the night

15    whereupon the Parties reached a tentative settlement.

16                                **CLASS CERTIFICATION**

17    16.    As part of this Agreement, the Parties stipulate to the certification of a Settlement

18    Class for purposes of this settlement only, with Plaintiff Lawler serving as Class

19    Representative, and the law firms of Hoffman & Lazear, Crawford & Strawbridge,

20    and The Law Office of Cameron Cunningham serving as Class Counsel. If this

21    Agreement does not become final for any reason, the Parties' willingness to

22    stipulate to class certification as part of the settlement shall have no bearing on, and

23    will not be admissible in connection with, the issue of whether any class should be

24    certified in this case or in any subsequent proceeding. The Parties and their counsel

25    will not offer or make reference to this provisional stipulation to class certification

26    for purposes of settlement in any subsequent proceeding in this action (except for

27    purposes of having this Agreement approved or enforced by the Court) or in any

28    other action.

5315958.8                                          5

17.    GreenPoint denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiff's Complaint and the FAC, and further denies that this action is appropriate for class treatment. GreenPoint contends, among other things, that it has complied with the Fair Labor Standards Act, California Labor Code, Industrial Welfare Commission Wage Orders, and the Business and Professions Code at all times. Plaintiff believes she has filed a meritorious action and that class certification is appropriate.

18.    The Class Representative and Class Counsel are of the opinion that the terms set forth in this Agreement are fair, reasonable, and adequate and this Agreement is in the best interest of the class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by GreenPoint, and numerous potential appellate issues. GreenPoint and its counsel are of the same opinion.

## TERMS OF SETTLEMENT

19.    NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

    a.    That this action and any claims, damages, remedies, or causes of action arising out of or related to the dispute which is the subject of this action, be settled and compromised as between the Settlement Class and each Class Member (including the Class Repersentative), on the one hand, and the GreenPoint Released Parties (as defined in Paragraph 36 of this Agreement), on the other hand, subject to the terms and conditions set forth in this Agreement and the approval of the United States District Court for the Northern District of California ("the Court").

    b.    Settlement Effective Date: The settlement embodied in this Agreement shall become effective upon execution by all Parties, counsel for Plaintiff, counsel for GreenPoint, and final approval by the Court, following notice to the Class Members and a formal fairness hearing and entry of a final order

1    by the Court in accordance with the terms herein, approving this Agreement

2    and dismissing, with prejudice, this action and all claims of the Settlement

3    Class and each Class Member.

4    c.    Settlement Formula and Distribution.

5    (i)    In consideration for the settlement and a release of all claims of the

6        Settlement Class and each Class Member thereof, GreenPoint shall

7        pay to each Class Member in the Settlement Class who timely

8        submits a valid Proof of Claim Form the Weekly Settlement

9        Amount for each week that the Class Member worked as a full-time

10       Wholesale Residential Mortgage Staff Underwriter or a full-time

11       Wholesale Residential Mortgage Senior Underwriter during the

12       Relevant Time Period, less deductions required by law. Approved

13       leaves of absence taken by members of the Settlement Class, such as

14       for family and medical leave, pregnancy leave, and workers

15       compensation injury leave, will not be counted in calculating weeks

16       worked, but vacation time and sick time taken by members of the

17       Settlement Class other than in connection with approved leaves of

18       absence will be counted in calculating weeks worked.  GreenPoint

19       has verified through its personnel and payroll records that the

20       Settlement Class does not exceed 96 Class Members and 4,300

21       workweeks during the Relevant Time Period.  Based on that

22       maximum Settlement Class, this weekly amount is currently

23       estimated at $138.25, but will be adjusted based on the actual weeks

24       worked by the Settlement Class in the Relevant Time Period, subject

25       to GreenPoint's maximum payment under this Agreement of

26       $925,000.00 plus the employer portion of any taxes on the wages

27       portion of the Weekly Settlement Amount.  In addition, each Class

28       Member will be paid 10% simple interest on the foregoing payment

SETTLEMENT AGREEMENT AND RELEASE

1    from July 18, 2007 through the date of mediation, February 29,

2    2008, as further consideration in exchange for the release of claims

3    set forth herein, including but not limited to claims for penalties

4    and/or interest, and this amount will be deducted from the

5    $925,000.00 in computing the Weekly Settlement Amount paid to

6    class members. Based on GreenPoint's records, if all Class Members

7    submit a valid and timely Proof of Claim Form, GreenPoint will pay

8    Nine Hundred and Twenty-Five Thousand Dollars ($925,000.00) in

9    settlement of this action, which is the maximum amount GreenPoint

10   will have to pay under this Agreement exclusive of the employer

11   portion of any taxes on the Weekly Settlement Amount. Any

12   amount of this Weekly Overtime Settlement Amount that is not

13   claimed by the Settlement Class following payment of the costs of

14   administration and the attorneys' fees, costs, and enhancement

15   payment to Lawler, in accordance with the terms of this Agreement,

16   will revert back to GreenPoint.

17   (ii)    Those persons who opt out of the Settlement Class, as set forth in

18   paragraphs 34-35 below, are not entitled to a settlement payment;

19   provided, however, that if a Class Member submits both a valid and

20   timely Proof of Claim Form and an opt out request, the Proof of

21   Claim Form will be processed and the opt out request will be

22   ignored. GreenPoint shall have no obligation to make a payment to

23   any member of the Settlement Class who does not file a valid and

24   timely Proof of Claim Form. In addition, GreenPoint shall have no

25   obligation to pay or provide any further consideration to any

26   member of the Settlement Class by reason of this Agreement or the

27   foregoing payments, including but not limited to contributions to

28   any 401(k) or other retirement or employee benefit plan, vacation or

5315958.8

8

**SETTLEMENT AGREEMENT AND RELEASE**

1    sick pay, etc.

2    (iii)    Sixty percent (60%) of all settlement payments to each Class

3    Member shall be considered wages and shall be subject to the

4    withholding of all applicable local, state and federal taxes. Each

5    Class Member will receive from the Administrator (as defined in

6    paragraph 9) a W-2 for the payment and taxes that will be withheld

7    at the rate required by law. Thirty percent (30%) of all settlement

8    payments to each Class Member shall be considered interest and

9    each Class Member will also receive from the Administrator IRS

10    Form 1099-INT for these payments and they will be responsible for

11    correctly characterizing this compensation for tax purposes and to

12    pay any taxes owing. The remaining ten percent (10%) of all

13    settlement payments to each Class Member shall be considered

14    penalties and each Class Member will also receive from the

15    Administrator IRS Form 1099-MISC for these payments and they

16    will be responsible for correctly characterizing this compensation

17    for tax purposes and to pay any taxes owing. As to all settlement

18    payments that shall be considered wages, GreenPoint will pay all

19    amounts required by law to be paid by the employer to any federal,

20    state or local tax authority in addition to the amounts set forth in

21    paragraph c(i) above. No claimant who fails to provide a valid

22    Social Security number will receive a payment.

23    (iv)    GreenPoint shall pay a lump sum, equal to the aggregate amount

24    claimed by the Class Members, to the Administrator, within ten (10)

25    business days following the Settlement Effective Date, except that,

26    if any objection or appeal is filed, then GreenPoint shall mail the

27    aggregate amount claimed by the Class Members to the

28    Administrator within ten (10) business days following the later of (i)

SETTLEMENT AGREEMENT AND RELEASE

the time for appeal has expired, or (ii) the final resolution of any

objection or appeal which has been filed, upholding the terms of this

Agreement. The Administrator shall mail the settlement payments to

the Class Members within ten (10) business days of the

Administrator's receipt of the lump sum from GreenPoint.

(v)     The personnel and payroll records provided by GreenPoint shall be

presumptively correct for determining who the Class Members are,

and also for purposes of investigating a claim to determine if a

claimant is a qualified claimant, the number of weeks worked by a

Class Member as a full-time Wholesale Residential Mortgage Staff

Underwriter or a full-time Wholesale Residential Mortgage Senior

Underwriter during the Class Period. If for any reason a claimant

disagrees with GreenPoint's records, the claimant can submit the

matter to the Administrator as set forth in paragraph "d" below.

(vi)    Qualified claimants in the Settlement Class will only include those

individuals in the Settlement Class who timely submit a completed

Proof of Claim Form. Compensable weeks will include only the

number of weeks that each Class Member verifies he/she worked as

a full-time Wholesale Residential Mortgage Staff Underwriter or a

full-time Wholesale Residential Mortgage Senior Underwriter at any

GreenPoint branch in California during the Class Period.

(vii)   The Proof of Claim Form shall identify the number of compensable

weeks that GreenPoint's records indicate for the individual Class

Member, and shall estimate the individual Class Member's total

settlement amount.

(viii)  The Proof of Claim Form will include a release in the form set forth

herein in paragraphs 36-37.

d.  Handling of Disputes: If a qualified claimant disputes the accuracy of GreenPoint's records or GreenPoint contends a claim is invalid, it will be referred to the Claims Administrator, who may communicate with the claimant, Class Counsel, counsel for GreenPoint, and representatives from GreenPoint, consider any documentation submitted by the claimant and GreenPoint, and issue a non-appealable decision as to the total amount due, if any, to the claimant. The submission of any dispute to the Administrator must be made within forty-five (45) days of the mailing of the settlement payments or notice of denial of a claim to any member of the Settlement Class, whichever date is earlier. Any party (claimant and/or GreenPoint) may, at their option, meet with the Administrator telephonically or in person. If in person, the party (claimant and/or GreenPoint) will bear all of their own travel expenses to the Administrator's office. If the claimant elects to proceed telephonically, representatives of GreenPoint will also be interviewed telephonically. At least seven (7) calendar days prior to any interview, GreenPoint will notify the claimant what facts known to it are in dispute, so that both Parties will have the opportunity to present relevant evidence and testimony to the Administrator. "Facts in dispute" may include (a) job positions actually held by the claimant, (b) the time periods in which various job positions were held, (c) the number of weeks which the claimant worked and/or (d) whether a claimant made a sufficient showing of hardship to allow for late submission of a claim. Any party may retain an attorney for the interview at the party's own expense.

e.  Compensation to Class Representative: Subject to the approval of the Court which GreenPoint will not oppose, GreenPoint will pay the Class Representative Twenty Thousand Dollars ($20,000.00) as an enhancement for her services as class representative and taking the risk of paying the costs of GreenPoint in the event of an unsuccessful outcome, as well as for

1    her substantial assistance to Class Counsel in prosecuting this action on

2    behalf of the absent class members. This enhancement is in addition to the

3    Class Representative's right to participate in the claims process.

4        f.    GreenPoint will make the payment set forth in paragraph "e" on the same

5    date Class Counsel is paid their attorneys' fees and costs as specified in

6    Paragraphs 21-23 below. The enhancement payment to the Class

7    Representative will be treated for purposes of tax reporting as non-wage

8    income. The Class Representative hereby holds GreenPoint harmless for

9    and against any action or liability if any tax authority should dispute the

10    characterization of this compensation. The Class Representatives shall not

11    be entitled to the payment set forth in paragraph "e" above unless she

12    provides a valid Social Security number.

13    **SETTLEMENT CLAIM FORM REVIEW BY ADMINISTRATOR**

14    20.    Rosenthal & Company LLC shall be the Administrator for this Agreement.

15    GreenPoint shall provide the Administrator with each Class Member's name,

16    Social Security number and last known address within ten (10) business days after

17    an order granting preliminary approval of the Settlement. The Administrator shall

18    mail the Notice of Pendency of Class Action, Proposed Settlement and Hearing

19    Date for Court Approval, and Proof of Claim Form to Class Members, review the

20    claim forms and documentation associated with the length of employment of the

21    Class Members, and verify any amounts due to qualified claimants as set forth in

22    this Agreement. The Administrator shall report, in summary or narrative form, the

23    substance of his or her findings and in that regard the Administrator's approval of

24    claims shall be conclusive and binding. The Administrator shall be granted

25    reasonable access to GreenPoint's records to perform his or her duties. All disputes

26    relating to the Administrator's ability and need to perform his or her duties shall be

27    referred to the Court, if necessary, which will have continuing jurisdiction over the

28    terms and conditions of this Agreement. The Administrator submits to the

5315958.8

12

**SETTLEMENT AGREEMENT AND RELEASE**

jurisdiction of the Court in connection with its appointment as Administrator. GreenPoint shall pay the cost of administration, including notice procedures, administration of claims, and processing of checks and tax forms, with the entire cost not to exceed Thirty-Three Thousand Dollars ($33,000.00). GreenPoint will pay one-half of the costs of administration within ten (10) days of an order granting preliminary approval of this Agreement. The balance shall be paid to the Administrator upon completion of all steps in the administration of this settlement, including distribution of settlement payments to Class Members, filing all required tax-related information, reporting to the Parties the final status of all claims and settlement payments, distributing W-2 and 1099 forms to the Class Members, providing a verified accounting of all sums advanced to the Administrator, and executing any required declaration or other documentation to be filed with the Court following final approval of this settlement.

### ATTORNEYS' FEES, COSTS AND EXPENSES

21.    Based on GreenPoint's records, if all Class Members submit a valid and timely Proof of Claim Form, GreenPoint will pay Nine Hundred and Twenty-Five Thousand Dollars ($925,000.00) in settlement of this action, inclusive of attorneys' fees, costs, settlement administration costs and enhancements. Notwithstanding anything contrary contained in this Agreement, in no event shall the total amount GreenPoint is required to pay under this settlement and/or this Agreement exceed $925,000.00. Class Counsel shall submit an application for Court approval of an award of attorneys' fees and costs of Two Hundred Seventy-Seven Thousand Five Hundred Dollars ($277,500.00) which represents thirty percent (30%) of $925,000. The $277,500.00 will cover all work performed and costs incurred to date and all work to be performed and all costs to be incurred in connection with the approval by the Court of this Agreement and the final conclusion of this action.

22.    [DELETED]

23. GreenPoint shall pay all amounts awarded and approved by the Court, including the lump sump payment to the Administrator, enhancements, attorneys' fees, and costs, within ten (10) business days of the Settlement Effective Date, except that, if any objection or appeal is filed, then GreenPoint shall make the payments within ten (10) business days following the later of (i) the time for appeal has expired, or (ii) the final resolution of any objection or appeal which has been filed, upholding the terms of this Agreement.

## NOTICE TO THE SETTLEMENT CLASS

24. Within thirty (30) days of the entry of the order granting preliminary approval of the settlement, a Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval (hereinafter "Notice of Settlement") in the form attached hereto as Exhibit "A" and approved by the Court, shall be sent by the Administrator to each Class Member, by first class mail, to the Class Member's current or last known address on file at GreenPoint, following an update review of the National Change of Address Registry by the Administrator. Attached to the Notice of Settlement, and also subject to the Court's approval, will be a Proof of Claim Form, attached hereto as Exhibit "B." Any returned envelopes from this mailing with forwarding addresses will be utilized by the Administrator to locate the Class Members through reasonable and customary efforts used in the administration of such settlements.

25. A second, reminder mailing shall be sent by the Administrator to all Class Members who have not yet filed a Proof of Claim Form thirty (30) days after the first notice mailing. The reminder mailing will consist of a short cover letter reminding Class Members they must submit a timely Proof of Claim to receive money and a duplicate copy of a Proof of Claim Form, and will be sent by first class mail.

26. It will be conclusively presumed that if an envelope has not been returned within forty-five (45) days of the mailing that the Class Member received the notice.

5315958.8

14

**SETTLEMENT AGREEMENT AND RELEASE**

27.    The Administrator shall provide the Court and the Parties, at least ten (10) days prior to the final fairness hearing, a declaration of due diligence and proof of mailing with regard to the mailing of the Notice of Settlement, and all attempts to locate Class Members. Class Counsel shall be responsible for working with the Administrator to timely file the declaration of due diligence.

**CLAIM PROCESS**

28.    No Proof of Claim Forms will be honored (and no payment will be owed) if postmarked more than sixty (60) days after the date the Claim Forms are first sent to Class Members (the "Claim Deadline"), unless a Class Member makes a written showing of hardship to the satisfaction of the Administrator. In the event of a sufficient showing of hardship, the Class Member will be so notified and permitted an additional fifteen (15) days to perform all necessary acts, if any. No Class Member will be permitted to pursue his or her portion of the settlement on the grounds that a Proof of Claim Form was submitted timely and lost, destroyed, misplaced or otherwise not received by the Administrator unless the Class Member has objectively verifiable proof, such as having been mailed certified and return receipt requested, that the Proof of Claim Form was postmarked by the Claim Deadline. Class Members who submit a deficient Proof of Claim Form will be given until the Claims Deadline or fifteen (15) days to cure the deficiency, even if the fifteenth day extends beyond the Claims Deadline, whichever is later. No members of the Settlement Class shall be entitled to more than one deficiency notice and opportunity to cure any deficiencies.

29.    All original Proof of Claim Forms shall be sent directly to the Administrator at the address indicated in the Proof of Claim Form. The Administrator shall review the claims and make any calculations of funds to be distributed as described above by reviewing the Claim Forms. The Administrator is responsible for having the payments to Class Members issued and calculating and withholding all required state and federal taxes. Upon completion of his or her review, the Administrator

1    shall provide the Parties with a report listing the amount of all payments made to

2    each qualified claimant.

3    30.    The Administrator shall provide weekly reports to counsel concerning receipt of

4    Class Members' claim forms, opt out requests, objections and returned mail.

5    **OBJECTING TO OR OPTING OUT OF THE SETTLEMENT**

6    31.    Class Members shall be permitted to object to the settlement before final approval.

7    To object, a Class Member must file a written objection and a notice of intention to

8    appear with the Clerk of the United States District Court for the Northern District

9    of California, located at 1301 Clay Street, Suite 400 S, Oakland, California,

10   94612-5212, and send copies to the following:

11   To Class Counsel:

12           H. Tim Hoffman

13           Hoffman & Lazear

14           180 Grand Avenue, Suite 1550

15           Oakland, California 94612

16   To GreenPoint's Counsel:

17           Matthew C. Kane, Esq.

18           McGuireWoods LLP

19           1800 Century Park East, 8th Floor

20           Los Angeles, California 90067

21   32.    Any written objections shall state each specific objection and any legal support for

22   each objection. The objection must also state the Class Member's full name,

23   address, and the dates of their employment at GreenPoint. To be valid and

24   effective, any objections to approval of the settlement must be filed with the Clerk

25   of the Court and properly served upon both of the above-listed attorneys no later

26   than sixty (60) days after the entry of the order granting preliminary approval of the

27   settlement, and the objector, or his or her counsel, must appear at the Final

28   Approval Hearing scheduled by the Court. Class Members shall be permitted to

1    withdraw their objections, by filing a written withdrawal statement with the Clerk

2    of the Court and served upon both of the above-listed attorneys not later than one

3    (1) court day before the Final Approval hearing.

4    33.    If the Court rejects the Class Member's objection, the Class Member will still be

5    bound by the terms of this Agreement. If a Class Member intends to object to the

6    settlement, but wishes to receive his or her share of the settlement funds, the Class

7    Member must submit a valid and timely Proof of Claim Form. If the Court

8    approves the settlement despite any objections, and the objecting Class Member did

9    not file a valid and timely Proof of Claim Form, he or she will not receive any

10   settlement proceeds.

11   34.    Class members who wish to opt out of this Settlement must submit a written

12   statement to the Administrator postmarked no later than sixty (60) days after the

13   entry of the order granting preliminary approval of the settlement. Such Opt-out

14   Statement must contain the name, address, telephone number and Social Security

15   number of the person requesting exclusion and must be returned by mail to the

16   Administrator at the specified address. The date of the postmark on the return

17   mailing envelope shall be the exclusive means used to determine whether an Opt-

18   out Statement has been timely submitted. The Claims Administrator shall retain

19   copies of all Opt-out Statements in its files until such time as the Claims

20   Administrator is relieved of its duties and responsibilities under this Settlement

21   Agreement.

22   35.    The Opt-out Statement shall, at minimum, contain the following language:

23        *I wish to opt out of the settlement of this case, Lawler v. GreenPoint*

24        *Mortgage (U.S. District Court, Northern District of California,*

25        *Case No. C 07-4385 CW). I understand that by requesting to be*

26        *excluded from the settlement, I will receive no money under the*

27        *Settlement Agreement entered into by GreenPoint. I understand that*

28        *if I am excluded from the class settlement, I may be able to bring a*

5315958.8

17

**SETTLEMENT AGREEMENT AND RELEASE**

*separate action. I understand that in any separate lawsuit, I may*

*receive nothing or less than I would have received if I had filed a*

*claim for money pursuant to the Settlement Agreement.*

To the extent a Class member submits an Opt-out Statement with language

that differs from the foregoing, either party reserves the right to seek review

by the Court to have the Opt-out Statement declared valid or invalid. All

Class Members who do not timely opt out of the proposed settlement shall

be bound by the resolution of any and all issues arising in connection with

Settlement Class claims for relief, including for attorneys' fees and costs.

## RELEASE BY THE CLASS

36.    Upon the final approval by the Court of this Agreement, and except as to such

rights or claims as may be created by this Agreement, the Settlement Class and

each Class Member fully releases and discharges GreenPoint, and all of its present,

former and future parents, subsidiaries, affiliates, affiliated entities, shareholders,

directors, officers, employees, agents, servants, registered representatives, insurers,

successors, assigns and attorneys, including without limitation GreenPoint

Financial Corp., North Fork Bancorporation, Inc., GreenPoint Mortgage Funding,

Inc., Headlands Mortgage Company, North Fork Bank, Capital One, National

Association, Capital One Bank, Capital One Services, Inc., Capital One Auto

Finance, and Capital One Financial Corporation (collectively hereinafter the

"GreenPoint Released Parties") from any and all claims, debts, liabilities, demands,

claims for restitution or injunctive relief, obligations, guarantees, costs, expenses,

attorneys' fees, damages, penalties, actions, or causes of action of whatever kind or

nature, whether known or unknown, that were or could have been asserted in this

action, from the beginning of time up through the date of the final approval by the

Court of this Agreement, including but not limited to all claims under the

*California Labor Code* (including but not limited to Sections 200, 201, 202, 203,

204, 210, 215, 216, 218, 226, 226.6, 226.7, 510, 512, 553, 558, 1174, 1174.5, 1194,

1194.2, 1197, 1197.1, 1198, 1199, 2699), the California Industrial Welfare Commission Wage Orders, *California Business and Professions Code* § 17200 *et seq.,* and federal law, including but not limited to all claims under the Fair Labor Standards Act based on the class member's employment with any of the GreenPoint Released Parties (including all claims for liquidated damages thereunder) (referred to herein as the "Released Claims").

37.    In order to achieve a full and complete release of the GreenPoint Released Parties with respect to the Released Claims, each Class Member acknowledges that this Agreement is also intended to include in its effect all Released Claims which each Class Representative and Class Member does not know or suspect to exist in his or her favor at the time that he or she signs his or her Proof of Claim Form. Accordingly, each Class Representative and each Class Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and does so understanding the significance of that waiver. Section 1542 provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Each Class Member agrees not to initiate a lawsuit against any of the GreenPoint Released Parties based on any claim released under this Agreement, or an action in which the Class Member challenges the validity of the release herein.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

38.    The Parties shall promptly submit this Agreement to the Court in support of a motion for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. The Parties shall also apply to the Court for the entry of a preliminary order substantially in the following form:

a.    Preliminarily approving this Agreement

**SETTLEMENT AGREEMENT AND RELEASE**

b.  Preliminarily certifying the Settlement Class, including appointment of Plaintiff Jana Lawler as Class Representative and the law firms of Hoffman & Lazear, Crawford & Strawbridge, and Law Office of Cameron Cunningham as Class Counsel.

c.  Approving as to form and content the proposed Notice of Settlement.

d.  Approving the proposed Proof of Claim Form.

e.  Directing the mailing of the Notice of Settlement and the Proof of Claim Form by first class mail to the Class Members.

f.  Preliminarily approving the application for payment of reasonable attorneys' fees and costs to Class Counsel.

g.  Preliminarily approving the enhancement payment to Plaintiff Lawler.

h.  Setting a date for a hearing on final approval of the settlement and Class Counsel's application for attorneys' fees and costs.

i.  Setting a date by which Plaintiff must file her motion in support of final approval and Class Counsel must file their application for attorneys' fees.

## DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

39.  Following final approval by the Court of the settlement provided for in this Agreement, the Parties will jointly submit a proposed final order:

a.  Approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions.

b.  Approving Plaintiff's application for an award of attorneys' fees.

c.  Approving Plaintiff's application for reimbursement of costs.

d.  Approving an enhancement payment of Twenty Thousand Dollars ($20,000.00) for plaintiff Jana Lawler.

e.  Dismissing the FAC in this action on the merits and with prejudice against the Settlement Class and each Class Member thereof, and permanently barring all Class Members (or anyone asserting a claim as a spouse, heir, representative, successor, or assignee to a Class Member) from prosecuting

against any of the GreenPoint Released Parties any individual or class claims as set forth in paragraphs 36-37 above. The Parties agree to cooperate and take all steps necessary and appropriate to dismiss this action with prejudice upon final approval of the Settlement by the Court.

## VOIDING THE AGREEMENT

40.     If the Court disapproves of or refuses to enforce any material portion of this Agreement, either party may void this Agreement in its entirety and it shall be of no further force and effect and shall not be used or admissible in any subsequent proceeding. The Parties may exercise their option to void this settlement as provided in this paragraph by giving notice, in writing, to the other and to the Court within two (2) weeks of the entry of the Court's order disapproving or refusing to enforce any material portion of this Agreement.

41.     GreenPoint shall have the right, in its sole discretion, to rescind this Agreement if more than ten percent (10%) of Class Members opt out of the class in the manner prescribed in paragraphs 34-35 above. GreenPoint may exercise its option to void this settlement as provided in this paragraph by giving notice, in writing, to Class Counsel and to the Court at least ten (10) court days prior to the final approval hearing.

## REVERSION OF UNCLAIMED SETTLEMENT AMOUNT

42.     The Parties agree that the remainder of the Weekly Settlement Amount not paid by the Administrator to qualified Claimants, following payment of the costs of administration, attorneys' fees, costs, and the enhancement payment to Lawler, in accordance with the terms of this Agreement, will revert back to GreenPoint immediately upon the final payment by the Administrator to each qualified Class Member.

## PARTIES' AUTHORITY

43.     The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the Parties hereto to the terms and conditions hereof.

5315958.8

21

SETTLEMENT AGREEMENT AND RELEASE

**MUTUAL FULL COOPERATION**

44.    The Parties shall fully cooperate with each other to accomplish the terms of this Agreement, including execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement and to secure the Court's final approval of this Agreement.

**NO PRIOR ASSIGNMENTS**

45.    The Parties hereto represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

**NO ADMISSION**

46.    Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of GreenPoint or any of the GreenPoint Released Parties. Each of the Parties hereto has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses and uncertainties. This Agreement is a settlement document and shall, pursuant to Federal Rule of Evidence 408 and *California Evidence Code* Section 1152, be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce this Agreement.

**ENFORCEMENT ACTIONS**

47.    In the event that one or more of the Parties to this Agreement institutes any legal action or other proceeding against any other party or parties to enforce this Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred, in addition to any other award.

5315958.8

22

SETTLEMENT AGREEMENT AND RELEASE

**NOTICES**

48.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States certified mail, return receipt requested, addressed as follows:

To the Plaintiff and Settlement Class:

      H. Tim Hoffman

      Hoffman & Lazear

      180 Grand Avenue, Suite 1550

      Oakland, California 94612

To GreenPoint's Counsel:

      Matthew C. Kane, Esq.

      McGuireWoods LLP

      1800 Century Park East, 8th Floor

      Los Angeles, California 90067

**CONSTRUCTION**

49.    The terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in its drafting.

**CAPTIONS AND INTERPRETATIONS**

50.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

**MODIFICATION**

51.    This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto. This Agreement may not be discharged except by

performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

52.    This Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

53.    This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective spouses, heirs, trustees, and executors, administrators, representatives, successors and assigns.

## CLASS MEMBER SIGNATORIES

54.    Because the members of the class are so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The Notice of Settlement, Exhibit "A" hereto, and other forms of notice described herein will advise all Class Members of the binding nature of the release and such shall have the same force and effect, to the extent permitted by law, as if this Agreement were executed by each Class Member.

## CORPORATE SIGNATORIES

55.    Any person executing this Agreement or any such related document on behalf of a corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Agreement or any such related document.

## COUNTERPARTS

56.    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute

5315958.8

24

one Agreement, which shall be binding upon and effective as to all Parties. Copies and facsimile transmissions of signatures shall be considered the same as an original signature.

**PUBLIC COMMENT**

57.   The Class Representative may only respond to inquiries about this lawsuit or the Agreement from Class Members, and only until final approval of this Agreement. Otherwise, the Class Representative shall not discuss this lawsuit or this Agreement except to say that the matter has been resolved. However, the Class Representative may discuss this Agreement with her spouse, attorneys or other personal representatives, tax return preparers as required for tax return preparation, or as required by law.

58.   The Parties and their counsel will not, unless required by law, issue any press releases or have any communications to the press concerning this litigation, this Agreement, one another and/or the business practices of any of the GreenPoint Released Parties, except for a mutually agreeable statement made in response to an inquiry from the press. Class Counsel shall not include in any mass mailing, website, or other public communication a reference to this litigation, this Agreement, any of the GreenPoint Released Parties and/or the business practices of any of the GreenPoint Released Parties. Nothing in this provision shall affect the ability of the Administrator to carry out its duties consistent with and as required by any other provision herein.

**TIME IS OF THE ESSENCE**

59.   The Parties agree that time is of the essence, including but not limited to all deadlines with respect to the claims administration, the payment of claims, the payment of attorneys' fees and costs.

DATED: July _18_, 2008          By: _____
                                        Jana Lawler, Class Representative

1

2    DATED: July 18, 2008              Hoffman & Lazear

3

4                                      By: _____

5                                      Attorneys for Plaintiff
                                       JANA LAWLER
6

7    DATED: July 18, 2008              Law Offices of Newman Strawbridge

8

9                                      By: _____
                                       Attorneys for Plaintiff
10                                     JANA LAWLER

11

12   DATED: July ___, 2008             Law Office of Cameron Cunningham

13                                     By: _____

14                                     Attorneys for Plaintiff
                                       JANA LAWLER
15

16   DATED: July ___, 2008             GREENPOINT MORTGAGE, a division of
                                       GREENPOINT FINANCIAL CORP.
17

18                                     By: _____

19

20                                     Its: _____

21

22   DATED: July ___, 2008             McGuireWoods LLP

23

24                                     By: _____

25                                         Matthew C. Kane
                                       Attorneys for Defendant
26                                     GREENPOINT MORTGAGE, a division of
                                       GREENPOINT FINANCIAL CORP.
27

28

SETTLEMENT AGREEMENT AND RELEASE

DATED: July __, 2008                Hoffman & Lazear

                                    By: _____
                                        Attorneys for Plaintiff
                                        JANA LAWLER

DATED: July __, 2008                Law Offices of Newman Strawbridge

                                    By: _____
                                        Attorneys for Plaintiff
                                        JANA LAWLER

DATED: July 16, 2008                Law Office of Cameron Cunningham

                                    By: *Cameron Cunningham*
                                        Attorneys for Plaintiff
                                        JANA LAWLER

DATED: July __, 2008                GREENPOINT MORTGAGE, a division of
                                    GREENPOINT FINANCIAL CORP.

                                    By: _____

                                    Its: _____

DATED: July __, 2008                McGuireWoods LLP

                                    By: _____
                                        Matthew C. Kane
                                        Attorneys for Defendant
                                        GREENPOINT MORTGAGE, a division of
                                        GREENPOINT FINANCIAL CORP.

SETTLEMENT AGREEMENT AND RELEASE

1    DATED: July __, 2008                    Hoffman & Lazear

2

3                                            By: _____
                                                Attorneys for Plaintiff
4                                               JANA LAWLER

5

6    DATED: July __, 2008                    Crawford & Strawbridge

7

8                                            By: _____
                                                Attorneys for Plaintiff
9                                               JANA LAWLER

10   DATED: July __, 2008                    Law Office of Cameron Cunningham

11

12                                           By: _____
                                                Attorneys for Plaintiff
13                                              JANA LAWLER

14

15   DATED: July 27, 2008                    GREENPOINT MORTGAGE, a division of
                                             GREENPOINT FINANCIAL CORP.
16

17                                           By: _____

18

19                                           Its: EXECUTIVE VICE PRESIDENT

20

21   DATED: July 28, 2008                    McGuireWoods LLP

22

23                                           By: _____
                                                Matthew C. Kane
24                                              Attorneys for Defendant
                                                GREENPOINT MORTGAGE, a division of
25                                              GREENPOINT FINANCIAL CORP.

26

27

28

5315958.8                                    26
                         SETTLEMENT AGREEMENT AND RELEASE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA LAWLER, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP.; and DOES 1 through 100,<br><br>Defendants. | Case No.: C 07-4385 CW<br><br>**NOTICE OF SETTLEMENT OF CLASS ACTION** |

**To:    All former full-time Wholesale Residential Mortgage Staff Underwriters and former full-time Wholesale Residential Mortgage Senior Underwriters employed by GreenPoint Mortgage, a division of GreenPoint Financial Corp. ("GreenPoint"), in its California branches at any time from July 18, 2003, through September 28, 2007 ("Class Members").**

## PLEASE READ THIS NOTICE CAREFULLY

## IT MAY AFFECT YOUR LEGAL RIGHTS

## YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT

YOUR ESTIMATED SHARE OF THE SETTLEMENT IS SET FORTH IN THE PROOF OF CLAIM FORM ENCLOSED WITH THIS NOTICE. IN ORDER TO RECEIVE YOUR SHARE OF THE SETTLEMENT, YOU MUST RETURN THE PROOF OF CLAIM FORM BY NO LATER THAN _____, 2008.

### I.    INTRODUCTION

YOU ARE HEREBY NOTIFIED that a proposed class action settlement ("the Proposed Settlement") of the above-captioned action ("the Action") initially filed in the Marin County Superior Court, and removed to the United States District Court for the Northern District of California (the "Court") by GreenPoint, has been reached by the parties and has been granted preliminary approval by the Court which is supervising the Action. The Court will hold a hearing at [____] [__].m. on [_____], 2008, to determine whether it should grant the Proposed Settlement final approval.

The records of GreenPoint show that you were employed by GreenPoint in California at some time during the period of July 18, 2003, through September 28, 2007 (the "Class Period")

**EXHIBIT A**

in the position of a full-time Wholesale Residential Mortgage Underwriter II (also known as a "Staff Underwriter") or a full-time Wholesale Residential Mortgage Underwriter III (also known as a "Senior Underwriter"), have not signed a release in favor of any of the GreenPoint Released Parties (as defined in Section VII, below), and therefore are a Class Member in the Action. The Court has ordered that this Notice be sent to you because as a Class Member you may be entitled to money under the Settlement and because the Settlement affects your legal rights.

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU ABOUT:

      1)     THE STATUS AND NATURE OF THE ACTION,

      2)     THE TERMS OF THE SETTLEMENT, AND

      3)     YOUR RIGHTS AND OPTIONS IN CONNECTION WITH THE SETTLEMENT.

## II.    SUMMARY OF THE ACTION

On July 18, 2007, named Plaintiff Jana Lawler filed a Complaint in Marin County Superior Court in the State of California alleging that GreenPoint violated the California Unfair Competition Law by misclassifying Class Members as "exempt" employees and failing to pay them overtime wages for all hours worked over 40 hours in a week or 8 hours in a day in violation of the Fair Labor Standards Act and the Industrial Welfare Commission Wage Order 4-2001; failing to provide Class Members with meal and rest periods; failing to pay certain Class Members overtime wages owed to them at the time their employment with GreenPoint terminated; failing to furnish Class Members with timely and accurate wages; and failing to furnish Class Members with timely and accurate wage statements showing the number of hours worked per pay period. The Complaint sought restitution of unpaid overtime, statutory recovery of overtime wages, one hour's pay for each day a meal and/or rest period was not provided, waiting time penalties, interest, penalties, reasonable attorneys' fees and expenses, and declaratory relief.

Following the removal of the action to the federal Court, GreenPoint obtained judgment in its favor and a dismissal with prejudice of six of the ten claims being asserted in the Complaint, including all of the direct statutory wage claims and all but one of the penalty claims alleged pursuant to the California Labor Code, and on Plaintiff's claim for declaratory relief.

A First Amended Complaint ("FAC") was filed on January 18, 2008, alleging three causes of action for restitution of overtime wages pursuant to the California Unfair Competition Law, and a fourth cause of action was alleged for restitution of waiting time penalties, also pursuant to the California Unfair Competition Law. While GreenPoint's motion to dismiss or strike those claims was pending before the Court, the parties engaged in a mediation of the claims being asserted which resulted in a tentative agreement as to the settlement of the claims.

GreenPoint denies any liability or wrongdoing of any kind in connection with the claims alleged, and contends that it has fully complied with the Fair Labor Standards Act, the California Labor Code, the California Business and Professions Code, and the applicable Industrial Welfare

**EXHIBIT A**

Commission Wage Orders. Nevertheless, GreenPoint wishes to settle to avoid further costly, disruptive, and time-consuming litigation.

On [date of preliminary approval], the Court preliminarily certified a settlement class of those individuals who, as verified by GreenPoint's personnel and payroll records, worked at any of GreenPoint's California Branches as a full-time Wholesale Residential Mortgage Staff Underwriter or a full-time Wholesale Resdiential Mortgage Senior Underwriter at any time between July 18, 2003, through September 28, 2007, and who has not signed a release in favor of any of the GreenPoint Released Parties (as defined in Section VII, below) (hereinafter referred to as the "Settlement Class"). The Court also preliminarily appointed Plaintiff Lawler as Class Representative, and the law firms of Hoffman & Lazear, Crawford & Strawbridge, and Law Office of Cameron Cunningham as Class Counsel. The Court also preliminarily approved terms of the Settlement reached in this action. Finally, the Court scheduled a Final Approval Hearing on the Settlement at [    ] [  ].m. on [          ], 2008, at which time the Court will decide whether to grant final approval of the Settlement.

This Settlement, entered into on **[date of settlement]**, is the result of extensive negotiations between GreenPoint and its counsel, on the one hand, and the Class Representative and Class Counsel, on the other. The Class Representative and Class Counsel believe that this settlement is fair, reasonable, and in the best interests of the Class.

## III.    SUMMARY OF SETTLEMENT TERMS

Settlement Amount. GreenPoint has agreed to pay up to a maximum of $925,000.00 (the "Maximum Settlement Amount") to fully resolve the claims in the Action. GreenPoint will also pay the employer's share of payroll taxes arising from actual settlement payments to Class Members.

Payments. The Court has tentatively approved the following payments to be made from the Maximum Settlement Amount:

Settlement Administration. Payment to the Settlement Administrator of $33,000.00 for the expense of notifying the Class Members of the Settlement, processing claims submitted by Class Members, and resolving any disputed claims.

Reasonable Attorneys' Fees and Expenses. Payment to Court-approved Class Counsel of $277,500.00 as reasonable compensation for the work they performed in this Action, will continue to perform through settlement finalization and distribution of class member payments, and for the costs they incurred and will incur in connection with the Action. For nearly a year, Class Counsel have been prosecuting the Action on behalf of the Settlement Class on a contingency fee basis (that is, without being paid any money to date) and have been paying all litigation costs and expenses. Class Members are not personally responsible for any of Class Counsel's attorney's fees or expenses.

Service Award to Named Plaintiff. A Service Award to compensate the Class Representative, Jana Lawler, for the services she provided on behalf of the Settlement Class, will be awarded in the amount of $20,000.00. This payment is in addition to whatever payment the Class Representative is otherwise entitled to as a class member.

**EXHIBIT A**

Calculation of Individual Class Member Awards. After deducting the Court-approved amounts above, members of the "Settlement Class" (as defined in the parties' Settlement Agreement and Release on file with the Court) will be allocated a settlement award based on the number of weeks (excluding leaves of absence) that the class member worked during the Class Period. The per week settlement amount is currently estimated to be about $138.25.

Payments to Class Members. Only Class Members who file a completed Proof of Claim Form **postmarked by** _____ will receive their allocated share of the settlement. Class Members will have the opportunity to challenge the data on their Proof of Claim Forms used to calculate their Settlement Awards, if they believe the data is incorrect. If the conditions of the Settlement (as described below) are met, and after the Court finally approves the Settlement Agreement, settlement checks will be mailed to Class Members who submitted timely and valid Proof of Claim Forms. The settlement amounts will be allocated for tax purposes as 60% for payment of wages, 30% for payment of interest, and 10% for payment of penalties. The Administrator will send appropriate tax reporting forms to Class Members who have received settlement awards.

**Any Class Members who do not file Proof of Claim Forms or who submit Proof of Claim Forms after the filing deadline will not receive their allocated shares of the settlement, and the amount of those shares will revert back to GreenPoint. However, all Class Members will still be bound by the Settlement Agreement, unless they have opted out as set forth in Section V below.**

Conditions of Settlement. This Settlement is conditioned upon the Court entering an order at or following the Settlement Hearing finally approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class. GreenPoint will have the option to reject the Settlement in its entirety if more than 10% of Class Members opt out of the settlement.

## IV.    RIGHT TO CLAIM MONEY FROM THE SETTLEMENT

Class Members who want to receive money under the Settlement must completely fill out, sign and date the enclosed Proof of Claim Form, and mail the completed Proof of Claim Form **postmarked by no later than** _____ to the Settlement Administrator at the following address:

**Lawler v. GreenPoint Mortgage**
c/o Rosenthal & Company LLC
300 Bel Marin Keys Blvd., Suite 200
Novato, CA 94949

**Proof of Claim Forms postmarked after** _____ **will be denied.** If you wish to have confirmation that the Settlement Administrator has received your Proof of Claim Form, please send your Proof of Claim Form to the Settlement Administrator by certified U.S. Mail with a return-receipt request.

The Proof of Claim Form lists the total number of weeks you worked for GreenPoint during the Class Period, excluding leaves of absence. If you believe the total number of weeks on the Proof of Claim Form is incorrect, you may contact the Settlement Administrator. You may also send

**EXHIBIT A**

the Settlement Administrator any documents or other information that supports your challenge to the information on the Proof of Claim Form. The Settlement Administrator will use GreenPoint's records and any information you provide to resolve any dispute about your employment dates. The decision rendered by the Settlement Administrator regarding disputed claims shall be final and non-appealable.

Class Members who do not submit a Proof of Claim Form or who file Proof of Claim Forms after the [      ] deadline **will not receive any money** from the Settlement. Class Members who do not submit timely Proof of Claim Forms, however, **will still be bound by the terms of the settlement, including the release of claims, unless they opt-out as set forth in Section V, below.**

## V.    OPT-OUT PROCEDURE

You have the right to exclude yourself from, or "opt out" of, this settlement. If you opt out of this lawsuit, (a) you will have no right to receive any money under the settlement of this case; (b) you will not be bound by the settlement in this lawsuit; and (c) you may be able to bring or participate in a separate lawsuit against GreenPoint. If you opt out of this lawsuit and bring or participate in a separate lawsuit, you may lose your case and receive nothing, or you may obtain less money than you could get under this settlement even if you prevail, and it may take several years to obtain any such money. To opt out of this lawsuit, you must submit a written notice with your name, address, phone number, and social security number, stating that you want to opt out of this settlement, to the Lawler v. GreenPoint Mortgage Settlement Administrator, c/o Rosenthal & Company LLC, 300 Bel Marin Keys Blvd., Suite 200, Novato, CA 94949. The written notice must state:

> I wish to opt out of the settlement of this case, Lawler v. GreenPoint Mortgage (U.S. District Court, Northern District of California, Case No. C 07-4385 CW). I understand that by requesting to be excluded from the settlement, I will receive no money under the Settlement Agreement entered into by GreenPoint. I understand that if I am excluded from the class settlement, I may be able to bring a separate action. I understand that in any separate lawsuit, I may receive nothing or less than I would have received if I had filed a claim for money pursuant to the Settlement Agreement.

Your opt-out statement must be postmarked no later than [        ] to be valid.

## VI.    RIGHT TO OBJECT

If you are a Class Member, have not opted out, and believe that the Settlement should not be finally approved by the Court, you may object to the proposed Settlement Agreement. Objections must be in writing and state the legal basis for it. Objections must be filed with the Court, on or before [        ]. At the same time, copies of objections must be mailed or delivered to Class Counsel and GreenPoint's counsel at the following addresses:

**EXHIBIT A**

Class Counsel:

H. Tim Hoffman
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612

GreenPoint's Counsel:

Matthew C. Kane, Esq.
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067

If you wish to object to the settlement and have the objection considered by the Court, you must also appear at the Final Approval Hearing scheduled for [          ], 2008 at [          ] [    ]m., in Courtroom ___ of the United States District Court for the Northern District of California, located at 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212. You have the right to appear either in person or through your own attorney at this hearing.

If you object to the Settlement, you will remain a member of the Class, and if the District Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any member of the Class who does not object in the manner provided above shall have waived any objection to the Settlement, whether by appeal or otherwise.

## VII.   CLASS RELEASE

If approved by the Court, the Settlement Agreement will be binding on all members of the Class who do not opt out as set forth in Section V above (whether or not they timely submit a Proof of Claim Form) and will bar any Class Member who has not opted out from bringing certain claims against any of the GreenPoint Released Parties as set forth in the following provisions of the Settlement Agreement:

Upon the final approval by the Court of this Agreement, and except as to such rights or claims as may be created by this Agreement, the Settlement Class and each Class Member fully releases and discharges GreenPoint, and all of its present, former and future parents, subsidiaries, affiliates, affiliated entities, shareholders, directors, officers, employees, agents, servants, registered representatives, insurers, successors, assigns and attorneys, including without limitation GreenPoint Financial Corp., North Fork Bancorporation, Inc., GreenPoint Mortgage Funding, Inc., Headlands Mortgage Company, North Fork Bank, Capital One, National Association, Capital One Bank, Capital One Services, Inc., Capital One Auto Finance, and Capital One Financial Corporation (collectively hereinafter the "GreenPoint Released Parties") from any and all claims, debts, liabilities, demands, claims for restitution or injunctive relief, obligations, guarantees, costs, expenses, attorneys' fees, damages, penalties, actions, or causes of

**EXHIBIT A**

action of whatever kind or nature, whether known or unknown, that were or could have been asserted in this action, from the beginning of time up through the date of the final approval by the Court of this Agreement, including but not limited to all claims under the *California Labor Code* (including but not limited to Sections 200, 201, 202, 203, 204, 210, 215, 216, 218, 226, 226.6, 226.7, 510, 512, 553, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2699), the California Industrial Welfare Commission Wage Orders, *California Business and Professions Code* § 17200 *et seq.,* and federal law, including but not limited to all claims under the Fair Labor Standards Act (including all claims for liquidated damages thereunder) based on the Class Member's employment with any of the GreenPoint Released Parties (referred to herein as the "Released Claims").

In order to achieve a full and complete release of the GreenPoint Released Parties with respect to the Released Claims, each Class Member acknowledges that this Agreement is also intended to include in its effect all Released Claims which each Class Representative and Class Member does not know or suspect to exist in his or her favor at the time that he or she signs his or her Proof of Claim Form. Accordingly, each Class Representative and each Class Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and does so understanding the significance of that waiver. Section 1542 provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Each Class Member agrees not to initiate a lawsuit against any of the GreenPoint Released Parties based on any claim released under this Agreement, or an action in which the Class Member challenges the validity of the release herein.

## VIII.   NO RETALIATION OR UNDUE INFLUENCE

California and federal law prohibits GreenPoint from retaliating against employees who exercise their rights under the California and federal wage and hour laws.

## IX.   HEARING ON THE SETTLEMENT

The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement Agreement will be held on [          ], 2008 at [        ] [    ]m., in Courtroom __ of the United States District Court for the Northern District of California, located at 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212. The Hearing may be continued without further notice. **Unless you file an objection, you are not required to attend the Final Approval Hearing, although any Class Member is welcome to attend the hearing.**

EXHIBIT A

## X.    ADDITIONAL INFORMATION

This Notice is only a summary of the Action and the Settlement. For a more detailed statement of the matters involved in the Action and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of California, located at 1301 Clay Street, Suite 400 S, Oakland, California, 94612-5212, during regular business hours of each court day.

If you have any questions about the Settlement Agreement or the process for filing your Proof of Claim Form, you may contact the Settlement Administrator at (800) 211-5201. You may also contact Class Counsel listed below for more information:

H. Tim Hoffman
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612
(510) 763-5700

## PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR GREENPOINT'S ATTORNEYS WITH ANY QUESTIONS.

## XI.    REMINDER AS TO PARTICIPATION REQUIREMENTS

If you wish to receive any portion of the Settlement funds, you must complete and return the enclosed Proof of Claim Form to the Settlement Administrator, **postmarked not later than** _____.

DATED: _____, 2008          BY ORDER OF THE COURT
                                       HON. CLAUDIA WILKEN
                                       UNITED STATES DISTRICT COURT
                                       FOR THE NORTHERN DISTRICT OF
                                       CALIFORNIA

**EXHIBIT B**

**Lawler v. GreenPoint Mortgage**
c/o Rosenthal & Company LLC
300 Bel Marin Keys Blvd., Suite 200
Novato, CA 94949
(800) 211-5201

## SETTLEMENT AWARD PROOF OF CLAIM FORM

**Claim #:** _____    Name/Address Changes (if any):
Name _____    _____
Address _____    _____
_____    _____
(Area Code) Daytime Telephone Number _____

    If you wish to claim your portion of the settlement described in the enclosed notice, *you must provide the information requested at the end of this form and return the entire form by first-class mail, postmarked no later than* _____ to the following address:

**Lawler v. GreenPoint Mortgage**
c/o Rosenthal & Company LLC
300 Bel Marin Keys Blvd., Suite 200
Novato, CA 94949
(800) 211-5201

**If you do not submit your completed Claim Form by**     **, you will not receive any money under the Settlement. However you will still be bound by the other provisions of the Settlement Agreement, including the release of claims, approved by the Court, unless you opt out of the Settlement.**

### CLAIM INFORMATION

    The records of GreenPoint Mortgage, a division of GreenPoint Financial Corp. ("GreenPoint"), show that you worked for GreenPoint in the position of a full-time Wholesale Residential Mortgage Underwriter II (also known as a "Staff Underwriter") or a full-time Wholesale Residential Mortgage Underwriter III (also known as a "Senior Underwriter") in its branches in the State of California during the period July 18, 2003, through September 28, 2007 (the "Class Period"), excluding leaves of absence, for a total of _____ weeks, and that you have not signed a release in favor of any of the GreenPoint Released Parties (as defined in the "Release" section below). Using this data, your settlement award is estimated at $_____.

    If you believe this employment information is incorrect or inaccurate, you may contact the Settlement Administrator at the above address. The Claims Administrator will resolve any dispute based upon GreenPoint's records and any information you and GreenPoint provide. **If you choose to submit a dispute to the Claims Administrator, it must be received in writing by the Claims Administrator no later than** _____.

**EXHIBIT B**

Your estimated settlement amount may be adjusted by the Administrator pending the outcome of any disputes submitted by Class Members.

**ACKNOWLEDGEMENT**

I have received the Notice of Settlement of Class Action. I submit this Proof of Claim under and I agree to the terms of the Proposed Settlement described in the Notice of Class Action Settlement, including the release provisions thereof which are set forth in the next section of this claim form. I also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my claims as a Class Member and for purposes of enforcing the release of claims stated in the Settlement Agreement. The full and precise terms of the Proposed Settlement are contained in the Settlement Agreement and Stipulation filed with the Court. I further acknowledge that I am bound by the terms of any court order or judgment that may be entered in this class action. I agree to furnish additional information to support this claim if required to do so.

If I am the executor and/or heir of a Class Member or a representative of a Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Proof of Claim Form on separate sheets attached.

**RELEASE**

Upon the final approval by the Court of this Agreement, and except as to such rights or claims as may be created by this Agreement, the Settlement Class and each Class Member fully releases and discharges GreenPoint, and all of its present, former and future parents, subsidiaries, affiliates, affiliated entities, shareholders, directors, officers, employees, agents, servants, registered representatives, insurers, successors, assigns and attorneys, including without limitation GreenPoint Financial Corp., North Fork Bancorporation, Inc., GreenPoint Mortgage Funding, Inc., Headlands Mortgage Company, North Fork Bank, Capital One, National Association, Capital One Bank, Capital One Services, Inc., Capital One Auto Finance, and Capital One Financial Corporation (collectively hereinafter the "GreenPoint Released Parties") from any and all claims, debts, liabilities, demands, claims for restitution or injunctive relief, obligations, guarantees, costs, expenses, attorneys' fees, damages, penalties, actions, or causes of action of whatever kind or nature, whether known or unknown, that were or could have been asserted in this action, from the beginning of time up through the date of the final approval by the Court of this Agreement, including but not limited to all claims under the *California Labor Code* (including but not limited to Sections 200, 201, 202, 203, 204, 210, 215, 216, 218, 226, 226.6, 226.7, 510, 512, 553, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2699), the California Industrial Welfare Commission Wage Orders, *California Business and Professions Code* § 17200 *et seq.,* and federal law, including but not limited to all claims under the Fair Labor Standards Act (including all claims for liquidated damages thereunder) based on the Class Member's employment with any of the GreenPoint Released Parties (referred to herein as the "Released Claims").

In order to achieve a full and complete release of the GreenPoint Released Parties with respect to the Released Claims, each Class Member acknowledges that this Agreement is also intended to include in its effect all Released Claims which each Class Representative and Class

5209571.7                                      B-2

## EXHIBIT B

Member does not know or suspect to exist in his or her favor at the time that he or she signs his or her Proof of Claim Form. Accordingly, each Class Representative and each Class Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and does so understanding the significance of that waiver. Section 1542 provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Each Class Member agrees not to initiate a lawsuit against any of the GreenPoint Released Parties based on any claim released under this Agreement, or an action in which the Class Member challenges the validity of the release herein.

## NO RETALIATION

California and federal law prohibits GreenPoint from discharging you or in any other manner retaliating or discriminating against you because you have exercised your right under California or federal law to participate in this settlement.

## TAX IDENTIFICATION CERTIFICATION

*Please complete the box below.*

---

**[Claim ID]**

### Taxpayer Identification Number Certification - Substitute IRS Form W-9

Enter your Social Security Number:☐ ☐ ☐ -- ☐ ☐ -- ☐ ☐ ☐ ☐

Print name as shown on your income tax return if different from [Payee] _____

Under penalties of perjury, I certify that:

1.  The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3.  I am a U.S. person (including a U.S. resident alien).

*Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.*

***The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.***

---

**I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Settlement Award Proof of Claim Form, and agree to abide by the terms of the Notice and this Proof of Claim Form.**

## EXHIBIT B

Executed this _____ day of _____, 2008, at _____,

_____ (city, state and country)


_____
(Signature)


_____
(Printed Name)


## BEFORE RETURNING THIS ENTIRE FORM, YOU MUST:

1.   Complete the Taxpayer Identification Number Certification

2.   Sign and date this form

3.   Provide your current daytime telephone number (and any change of name or address information)

4.   Finally, you must send this entire form, postmarked no later than _____

*If you have any questions about the completion of this form, you may contact the Settlement Administrator at (800) 211-5201.*

*If you have any questions about the Settlement, please contact Class Counsel at (800) 321-5297.*