**HOFFMAN & LAZEAR**
H. Tim Hoffman, Esq.          (SBN 49141)
hth@hoffmanandlazear.com
Arthur W. Lazear, Esq.        (SBN 83603)
awl@hoffmanandlazear.com
Morgan M. Mack, Esq.          (SBN 212659)
mmm@hoffmanandlazear.com
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone:     (510) 763-5700
Facsimile:     (510) 835-1311

Attorneys for Plaintiff, JANA LAWLER,
individual, on behalf of herself
and all others similarly situated
**(co-counsel listed on next page)**

**McGUIREWOODS LLP**
Matthew C. Kane, Esq.         (SBN 171829)
mkane@mcguirewoods.com
Michelle R. Walker, Esq.      (SBN 167375)
mwalker@mcguirewoods.com
Sabrina A. Beldner, Esq.      (SBN 221918)
sbeldner@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone:     (310) 315-8200
Facsimile:     (310) 315-8210

Attorneys for Defendant,
GREENPOINT MORTGAGE, a division of
GREENPOINT FINANCIAL CORP.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| JANA LAWLER, individual, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP., and DOES 1 through 100, <br><br> Defendants. | CASE NO. C 07-04385 CW <br><br> **SETTLEMENT AGREEMENT AND RELEASE** |

5315958.7

1

1  (co-counsel for Plaintiff)

2  **LAW OFFICES OF NEWMAN** STRAWBRIDGE
   Newman Strawbridge, Esq.   (SBN 171360)

3  rlaw@sonic.net
   719 Orchard Street

4  Santa Rosa, CA 95404
   Telephone:    (707) 523-3377

5  Facsimile:    (707) 573-1094

6  **LAW OFFICE OF CAMERON CUNNINGHAM**
   Cameron Cunningham, Esq.  (SBN 75593)

7  719 Orchard Street
   Santa Rosa, CA 95404

8  Telephone:    (707) 829-9194

9

10          This Settlement Agreement and Release (hereinafter "Agreement") is made and entered

11  into by and between Plaintiff JANA LAWLER (hereinafter, "Plaintiff" or "Class Representative"),

12  individually and on behalf of the Settlement Class (as defined in this Agreement), on the one hand,

13  and Defendant GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP.

14  (hereinafter "GreenPoint") and the other GreenPoint Released Parties (as defined in Paragraph 36

15  of this Agreement), on the other hand, and subject to the approval of the Court.

16                                    **DEFINITIONS**

17       1.    Plaintiff and GreenPoint are collectively referred to as the "Parties."

18       2.    The word "Person" shall have the meaning set forth in California Government

19             Code Section 17.

20       3.    The "Settlement Class" consists of all individuals who, as verified by GreenPoint's

21             personnel and payroll records, were (a) employed full-time by GreenPoint in the

22             position of Underwriter II (also known as a "Staff Underwriter") or Underwriter III

23             (also known as a "Senior Underwriter") at any of GreenPoint's California branches

24             in its wholesale residential mortgage lending division at any time between July 18,

25             2003 and September 28, 2007; and (b) have not signed a release in favor of any of

26             the GreenPoint Released Parties (as defined in Paragraph 36 of this Agreement).

27       4.    "Weekly Settlement Amount" means the amount that each member of the

28             "Settlement Class" will receive for each week he or she worked during the time

5315958.7                                 2
                          **SETTLEMENT AGREEMENT AND RELEASE**

Deleted: CRAWFORD &

period from July 18, 2003, through September 28, 2007. The total Weekly

Settlement Amount for all members of the Settlement Class will be calculated as

$925,000.00 (inclusive of any interest payable to members of the Settlement Class

in accordance with this Agreement), minus the costs of administration set forth in

Paragraph 20 and the attorneys' fees, costs and enhancement payment to Plaintiff

awarded by the Court.  Any portion of the Weekly Settlement Amount that remains

unclaimed within the period permitted by this Agreement will revert back to

GreenPoint.

5. "Class Member" means each individual member of the Settlement Class.

6. "Class Period" or "Relevant Time Period" means July 18, 2003, through September

28, 2007.

7. "Class Counsel" means the law firms of Hoffman & Lazear, Crawford &

Strawbridge, and The Law Office of Cameron Cunningham.

8. "Class Representative" means Plaintiff Jana Lawler.

9. "Administrator" means Rosenthal & Company LLC, 300 Bel Marin Keys Blvd.,

Suite 200, Novato, CA 94949.

**LITIGATION BACKGROUND**

10. On July 18, 2007, plaintiff Jana Lawler filed a Complaint ("Complaint") against

GreenPoint on behalf of a putative class of employees that included herself and all

former and current employees of GreenPoint who worked as Staff Underwriters

and/or Senior Underwriters at GreenPoint offices in California between July 18,

2003, and the present. The Complaint alleged ten causes of action for:  (1)

Restitution of overtime wages owed under the Fair Labor Standards Act, 29 U.S.C.

§ 201 et seq. ("FLSA"), pursuant to the California Unfair Competition Law, Cal.

Bus. & Prof. Code § 17200 et seq. ("UCL"); (2) Restitution of overtime wages

owed under California Industrial Welfare Commission Wage Order 4-2001

pursuant to the UCL; (3) Recovery of overtime wages pursuant to Cal. Labor Code

§ 1194; (4) Restitution of overtime wages owed pursuant to the UCL; (5) Recovery

of overtime wages pursuant to Cal. Labor Code § 1194; (6) Recovery of waiting time penalties pursuant to Cal. Labor Code § 203; (7) Recovery of meal and rest break violations compensation pursuant to Cal. Labor Code § 226.7 and collection of civil penalties pursuant to the Labor Code Private Attorney General Act, Cal. Labor Code § 2699 ("PAGA"); (8) Collection of civil penalties under Cal. Labor Code § 210 for violations of Cal. Labor Code § 204 (accurate payment of wages) pursuant to PAGA; (9) Collection of civil penalties under Cal. Labor Code § 226.3 for violations of Cal. Labor Code § 226 (accurate wage statements) pursuant to PAGA; and (10) Declaratory relief on an FLSA issue as to Plaintiff only.

11.    On January 8, 2008, judgment on the pleadings was granted in part in GreenPoint's favor, and six of Lawler's ten claims alleged in the Complaint were dismissed with prejudice:  (3) Recovery of overtime wages pursuant to Cal. Labor Code § 1194; (5) Recovery of overtime wages pursuant to Cal. Labor Code § 1194; (7) Recovery of meal and rest break violations compensation pursuant to Cal. Labor Code § 226.7 and collection of civil penalties pursuant to the Labor Code Private Attorney General Act, Cal. Labor Code § 2699 ("PAGA"); (8) Collection of civil penalties under Cal. Labor Code § 210 for violations of Cal. Labor Code § 204 (accurate payment of wages) pursuant to PAGA; (9) Collection of civil penalties under Cal. Labor Code § 226.3 for violations of Cal. Labor Code § 226 (accurate wage statements) pursuant to PAGA; and (10) Declaratory relief on an FLSA issue as to Plaintiff only.  Judgment on the pleadings was also granted in part in GreenPoint's favor on Lawler's claim for waiting time penalties under Cal. Labor Code § 203, which was dismissed without prejudice and with leave to amend.

12.    On January 18, 2008, Plaintiff filed a First Amended Complaint (hereinafter "FAC") alleging three causes of action for restitution of overtime wages pursuant to California Business and Professions Code § 17200 et seq. ("Section 17200") and a fourth cause of action for restitution of waiting time penalties, also pursuant to Section 17200.

13.     On January 28, 2008, GreenPoint filed a Motion to Dismiss the FAC and/or to Strike Portions Thereof pursuant to Fed. R. Civ. P. 12(b)(6), 12(f) and 23(d)(1)(D) ("Motion to Dismiss"), which was set for hearing on March 27, 2008.

14.     The Parties have engaged in formal discovery. GreenPoint propounded twenty-four (24) interrogatories, twenty-one (21) requests for admissions, and thirty-five (35) document requests to Plaintiff.  Pursuant to an agreement of the Parties' counsel, Plaintiff responded on an expedited basis to certain of GreenPoint's discovery requests for purposes of mediating and reaching an early resolution of this matter. In so doing, Plaintiff provided substantive responses to twelve (12) interrogatories and thirteen (13) requests for admission. GreenPoint, in turn, provided Plaintiff with payroll and employment data on members of the putative class for the same purposes**.**  Furthermore, counsel for the Parties have conferred extensively during a 12-hour mediation concerning this information, the merits of the Parties' claims and/or defenses, and other issues relevant to reaching a settlement.

15.     On February 29, 2008, the Parties participated in a 12-hour mediation in San Francisco with Hon. Ronald Sabraw (Ret.). The mediation lasted late into the night whereupon the Parties reached a tentative settlement.

### CLASS CERTIFICATION

16.     As part of this Agreement, the Parties stipulate to the certification of a Settlement Class for purposes of this settlement only, with Plaintiff Lawler serving as Class Representative, and the law firms of Hoffman & Lazear, Crawford & Strawbridge, and The Law Office of Cameron Cunningham serving as Class Counsel. If this Agreement does not become final for any reason, the Parties' willingness to stipulate to class certification as part of the settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether any class should be certified in this case or in any subsequent proceeding. The Parties and their counsel will not offer or make reference to this provisional stipulation to class certification for purposes of settlement in any subsequent proceeding in this action (except for

purposes of having this Agreement approved or enforced by the Court) or in any other action.

17. GreenPoint denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiff's Complaint and the FAC, and further denies that this action is appropriate for class treatment. GreenPoint contends, among other things, that it has complied with the Fair Labor Standards Act, California Labor Code, Industrial Welfare Commission Wage Orders, and the Business and Professions Code at all times. Plaintiff believes she has filed a meritorious action and that class certification is appropriate.

18. The Class Representative and Class Counsel are of the opinion that the terms set forth in this Agreement are fair, reasonable, and adequate and this Agreement is in the best interest of the class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by GreenPoint, and numerous potential appellate issues. GreenPoint and its counsel are of the same opinion.

### TERMS OF SETTLEMENT

19. NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

    a. That this action and any claims, damages, remedies, or causes of action arising out of or related to the dispute which is the subject of this action, be settled and compromised as between the Settlement Class and each Class Member (including the Class Repersentative), on the one hand, and the GreenPoint Released Parties (as defined in Paragraph 36 of this Agreement), on the other hand, subject to the terms and conditions set forth in this Agreement and the approval of the United States District Court for the Northern District of California ("the Court").

    b. Settlement Effective Date: The settlement embodied in this Agreement shall become effective upon execution by all Parties, counsel for Plaintiff,

1    counsel for GreenPoint, and final approval by the Court, following notice to

2    the Class Members and a formal fairness hearing and entry of a final order

3    by the Court in accordance with the terms herein, approving this Agreement

4    and dismissing, with prejudice, this action and all claims of the Settlement

5    Class and each Class Member.

6        c.     Settlement Formula and Distribution.

7             (i)     In consideration for the settlement and a release of all claims of the

8    Settlement Class and each Class Member thereof, GreenPoint shall

9    pay to each Class Member in the Settlement Class who timely

10   submits a valid Proof of Claim Form a proportional share of the

11   maximum payment under this Agreement based on his or her total

12   number of weeks worked as a Mortgage Staff underwriter or a

13   Mortgage Senior Underwriter member of the Settlement Class

14   during the Class Period, in relation to the total number of weeks

15   worked by all Class Members during the Class Period, by dividing

16   the number of weeks worked by such member of the Settlement

17   Class during the Class Period by the total number of weeks worked

18   by the Settlement Class during the Class Period and multiplying this

19   quotient by the net settlement amount and subtracting deductions

20   required by law and in accordance with the terms of this Agreement.

21   This proportional share represents the Weekly Settlement Amount

22   for each member of the Settlement Class. Approved leaves of

23   absence taken by members of the Settlement Class, such as for

24   family and medical leave, pregnancy leave, and workers

25   compensation injury leave, will not be counted in calculating weeks

26   worked, but vacation time and sick time taken by members of the

27   Settlement Class other than in connection with approved leaves of

28   absence will be counted in calculating weeks worked.  GreenPoint

**Deleted:** for each week that the Class Member worked as a full-time Wholesale Residential Mortgage Staff Underwriter or a full-time Wholesale Residential Mortgage Senior Underwriter during the Relevant Time Period, less deductions required by law.

5315958.7

7

**SETTLEMENT AGREEMENT AND RELEASE**

has verified through its personnel and payroll records that the

Settlement Class does not exceed 96 Class Members and 4,300

workweeks during the Relevant Time Period.  Based on that

maximum Settlement Class, this Weekly Settlement Amount is

currently estimated at $158.24, but will be adjusted based on the

actual weeks worked by the Settlement Class in the Relevant Time

Period, subject to GreenPoint's maximum payment under this

Agreement of $925,000.00 (inclusive of any interest payable to

members of the Settlement Class in accordance with this

Agreement) plus the employer portion of any taxes on the wages

portion of the Weekly Settlement Amount.  Based on GreenPoint's

records, if all Class Members submit a valid and timely Proof of

Claim Form, GreenPoint will pay Nine Hundred and Twenty-Five

Thousand Dollars ($925,000.00) in settlement of this action, which

is the maximum amount GreenPoint will have to pay under this

Agreement exclusive of the employer portion of any taxes on the

Weekly Settlement Amount.  Any amount of this Weekly Overtime

Settlement Amount that is not claimed by the Settlement Class

following payment of the costs of administration and the attorneys'

fees, costs, and enhancement payment to Lawler, in accordance with

the terms of this Agreement, will revert back to GreenPoint.

    (ii)    Those persons who opt out of the Settlement Class, as set forth in

paragraphs 34-35 below, are not entitled to a settlement payment;

provided, however, that if a Class Member submits both a valid and

timely Proof of Claim Form and an opt out request, the Proof of

Claim Form will be processed and the opt out request will be

ignored. GreenPoint shall have no obligation to make a payment to

any member of the Settlement Class who does not file a valid and

---

**Deleted:** w

**Deleted:** a

**Deleted:** 38

**Deleted:** 5

**Deleted:** In addition, each Class Member will be paid 10% simple interest on the foregoing payment from July 18, 2007 through the date of mediation, February 29, 2008, as further consideration in exchange for the release of claims set forth herein, including but not limited to claims for penalties and/or interest, and this amount will be deducted from the $925,000.00 in computing the Weekly Settlement Amount paid to class members.

**Deleted:**

timely Proof of Claim Form. In addition, GreenPoint shall have no obligation to pay or provide any further consideration to any member of the Settlement Class by reason of this Agreement or the foregoing payments, including but not limited to contributions to any 401(k) or other retirement or employee benefit plan, vacation or sick pay, etc.

(iii) According to Internal Revenue Service Guidelines found at www.irs.gov, "an allocation of the settlement that is reasonable and based on the facts and circumstances of the case should generally be accepted by the Service." The parties agree that the most reasonable allocation is as follows: sixty percent (60%) of all settlement payments to each Class Member shall be considered wages and shall be subject to the withholding of all applicable local, state and federal taxes. Each Class Member will receive from the Administrator (as defined in paragraph 9) a W-2 for the payment and taxes that will be withheld at the rate required by law. Thirty percent (30%) of all settlement payments to each Class Member shall be considered interest and each Class Member will also receive from the Administrator IRS Form 1099-INT for these payments and they will be responsible for correctly characterizing this compensation for tax purposes and to pay any taxes owing. The remaining ten percent (10%) of all settlement payments to each Class Member shall be considered penalties and each Class Member will also receive from the Administrator IRS Form 1099-MISC for these payments and they will be responsible for correctly characterizing this compensation for tax purposes and to pay any taxes owing. As to all settlement payments that shall be considered wages, GreenPoint will pay all amounts required by law to be paid by the employer to any

**Deleted: S**

federal, state or local tax authority in addition to the amounts set forth in paragraph c(i) above. No claimant who fails to provide a valid Social Security number will receive a payment.

(iv)  GreenPoint shall pay a lump sum, equal to the aggregate amount claimed by the Class Members, to the Administrator, within ten (10) business days following the Settlement Effective Date, except that, if any objection or appeal is filed, then GreenPoint shall mail the aggregate amount claimed by the Class Members to the Administrator within ten (10) business days following the later of (i) the time for appeal has expired, or (ii) the final resolution of any objection or appeal which has been filed, upholding the terms of this Agreement. The Administrator shall mail the settlement payments to the Class Members within ten (10) business days of the Administrator's receipt of the lump sum from GreenPoint.

(v)  The personnel and payroll records provided by GreenPoint shall be presumptively correct for determining who the Class Members are, and also for purposes of investigating a claim to determine if a claimant is a qualified claimant, the number of weeks worked by a Class Member as a full-time Wholesale Residential Mortgage Staff Underwriter or a full-time Wholesale Residential Mortgage Senior Underwriter during the Class Period. If for any reason a claimant disagrees with GreenPoint's records, the claimant can submit the matter to the Administrator as set forth in paragraph "d" below.

(vi)  Qualified claimants in the Settlement Class will only include those individuals in the Settlement Class who timely submit a completed Proof of Claim Form. Compensable weeks will include only the number of weeks that each Class Member verifies he/she worked as a full-time Wholesale Residential Mortgage Staff Underwriter or a

full-time Wholesale Residential Mortgage Senior Underwriter at any GreenPoint branch in California during the Class Period.

(vii)    The Proof of Claim Form shall identify the number of compensable weeks that GreenPoint's records indicate for the individual Class Member, and shall estimate the individual Class Member's total settlement amount.

(viii)    The Proof of Claim Form will include a release in the form set forth herein in paragraphs 36-37.

d.    Handling of Disputes: If a qualified claimant disputes the accuracy of GreenPoint's records or GreenPoint contends a claim is invalid, it will be referred to the Claims Administrator, who may communicate with the claimant, Class Counsel, counsel for GreenPoint, and representatives from GreenPoint, consider any documentation submitted by the claimant and GreenPoint, and issue a non-appealable decision as to the total amount due, if any, to the claimant. The submission of any dispute to the Administrator must be made within forty-five (45) days of the mailing of the settlement payments or notice of denial of a claim to any member of the Settlement Class, whichever date is earlier. Any party (claimant and/or GreenPoint) may, at their option, meet with the Administrator telephonically or in person. If in person, the party (claimant and/or GreenPoint) will bear all of their own travel expenses to the Administrator's office. If the claimant elects to proceed telephonically, representatives of GreenPoint will also be interviewed telephonically. At least seven (7) calendar days prior to any interview, GreenPoint will notify the claimant what facts known to it are in dispute, so that both Parties will have the opportunity to present relevant evidence and testimony to the Administrator. "Facts in dispute" may include (a) job positions actually held by the claimant, (b) the time periods in which various job positions were held, (c) the number of weeks which

1   the claimant worked and/or (d) whether a claimant made a sufficient

2   showing of hardship to allow for late submission of a claim. Any party may

3   retain an attorney for the interview at the party's own expense.

4   e.   Compensation to Class Representative: Subject to the approval of the Court

5   which GreenPoint will not oppose, GreenPoint will pay the Class

6   Representative up to Ten Thousand Dollars ($10,000.00) as an

7   enhancement for her services as class representative and taking the risk of

8   paying the costs of GreenPoint in the event of an unsuccessful outcome, as

9   well as for her substantial assistance to Class Counsel in prosecuting this

10  action on behalf of the absent class members. This enhancement is in

11  addition to the Class Representative's right to participate in the claims

12  process. If the Court approves an enchancement of less than $10,000, any

13  difference between the amount of the approved Class Representative

14  enhancement and $10,000 shall revert to the portion of the maximum

15  settlement amount used to calculate the Weekly Settlement Amount and

16  shall be distributed to members of the Settlement Class in accordance with

17  the terms of Section 19(c) of this Agreement.

18  f.   GreenPoint will make the payment set forth in paragraph "e" on the same

19  date Class Counsel is paid their attorneys' fees and costs as specified in

20  Paragraphs 21-23 below. The enhancement payment to the Class

21  Representative will be treated for purposes of tax reporting as non-wage

22  income. The Class Representative hereby holds GreenPoint harmless for

23  and against any action or liability if any tax authority should dispute the

24  characterization of this compensation. The Class Representatives shall not

25  be entitled to the payment set forth in paragraph "e" above unless she

26  provides a valid Social Security number.

27

28

**Deleted:** wenty

**Deleted:** 2

5315958.7

12

**SETTLEMENT AGREEMENT AND RELEASE**

**SETTLEMENT CLAIM FORM REVIEW BY ADMINISTRATOR**

20.     Rosenthal & Company LLC shall be the Administrator for this Agreement. GreenPoint shall provide the Administrator with each Class Member's name, Social Security number and last known address within ten (10) business days after an order granting preliminary approval of the Settlement. The Administrator shall mail the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval, and Proof of Claim Form to Class Members, review the claim forms and documentation associated with the length of employment of the Class Members, and verify any amounts due to qualified claimants as set forth in this Agreement. The Administrator shall report, in summary or narrative form, the substance of his or her findings and in that regard the Administrator's approval of claims shall be conclusive and binding. The Administrator shall be granted reasonable access to GreenPoint's records to perform his or her duties. All disputes relating to the Administrator's ability and need to perform his or her duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Agreement. The Administrator submits to the jurisdiction of the Court in connection with its appointment as Administrator. GreenPoint shall pay the cost of administration, including notice procedures, administration of claims, and processing of checks and tax forms, with the entire cost not to exceed Thirty-Three Thousand Dollars ($33,000.00). GreenPoint will pay one-half of the costs of administration within ten (10) days of an order granting preliminary approval of this Agreement. The balance shall be paid to the Administrator upon completion of all steps in the administration of this settlement, including distribution of settlement payments to Class Members, filing all required tax-related information, reporting to the Parties the final status of all claims and settlement payments, distributing W-2 and 1099 forms to the Class Members, providing a verified accounting of all sums advanced to the Administrator, and executing any required declaration or other documentation to be filed with the

13

SETTLEMENT AGREEMENT AND RELEASE

Court following final approval of this settlement. If the Adminstrator's cost of administration is less than $33,000, any difference between the actual cost of administration  and $33,000 shall revert to the portion of the maximum settlement amount used to calculate the Weekly Settlement Amount and shall be distributed to members of the Settlement Class in accordance with the terms of Section 19(c) of this Agreement.

**ATTORNEYS' FEES, COSTS AND EXPENSES**

21.    Based on GreenPoint's records, if all Class Members submit a valid and timely Proof of Claim Form, GreenPoint will pay Nine Hundred and Twenty-Five Thousand Dollars ($925,000.00) in settlement of this action, inclusive of attorneys' fees, costs, settlement administration costs and enhancements. Notwithstanding anything contrary contained in this Agreement, in no event shall the total amount GreenPoint is required to pay under this settlement and/or this Agreement exceed $925,000.00.  Class Counsel shall submit an application for Court approval of an award of attorneys' fees and costs of up to Two Hundred Thirty-One Thousand Two Hundred and Fifty Dollars ($231,250.00) which represents twenty-five percent (25%) of $925,000. The $231,250.00 will cover all work performed and costs incurred to date and all work to be performed and all costs to be incurred in connection with the approval by the Court of this Agreement and the final conclusion of this action. If the Court approves an award of attorneys' fees of less than $231,250, any difference between the approved amount and $231,250 shall revert to the portion of the maximum settlement amount used to calculate the Weekly Settlement Amount and shall be distributed to members of the Settlement Class in accordance with the terms of Section 19(c) of this Agreement.

22.    [DELETED]

23.    GreenPoint shall pay all amounts awarded and approved by the Court, including the lump sump payment to the Administrator, enhancements, attorneys' fees, and costs, within ten (10) business days of the Settlement Effective Date, except that, if any

**Deleted:** Seventy-Seven

**Deleted:** Five

**Deleted:** 77

**Deleted:** 500

**Deleted:** thirty

**Deleted:** 30

**Deleted:** 77

**Deleted:** 500

objection or appeal is filed, then GreenPoint shall make the payments within ten (10) business days following the later of (i) the time for appeal has expired, or (ii) the final resolution of any objection or appeal which has been filed, upholding the terms of this Agreement.

## NOTICE TO THE SETTLEMENT CLASS

24. Within thirty (30) days of the entry of the order granting preliminary approval of the settlement, a Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval (hereinafter "Notice of Settlement") in the form attached hereto as Exhibit "A" and approved by the Court, shall be sent by the Administrator to each Class Member, by first class mail, to the Class Member's current or last known address on file at GreenPoint, following an update review of the National Change of Address Registry by the Administrator. Attached to the Notice of Settlement, and also subject to the Court's approval, will be a Proof of Claim Form, attached hereto as Exhibit "B." Any returned envelopes from this mailing with forwarding addresses will be utilized by the Administrator to locate the Class Members through reasonable and customary efforts used in the administration of such settlements.

25. A second, reminder mailing shall be sent by the Administrator to all Class Members who have not yet filed a Proof of Claim Form thirty (30) days after the first notice mailing. The reminder mailing will consist of a short cover letter reminding Class Members they must submit a timely Proof of Claim to receive money and a duplicate copy of a Proof of Claim Form, and will be sent by first class mail.

26. It will be conclusively presumed that if an envelope has not been returned within forty-five (45) days of the mailing that the Class Member received the notice.

27. The Administrator shall provide the Court and the Parties, at least ten (10) days prior to the final fairness hearing, a declaration of due diligence and proof of mailing with regard to the mailing of the Notice of Settlement, and all attempts to

1    locate Class Members. Class Counsel shall be responsible for working with the

2    Administrator to timely file the declaration of due diligence.

### CLAIM PROCESS

28.    No Proof of Claim Forms will be honored (and no payment will be owed) if
postmarked more than sixty (60) days after the date the Claim Forms are first sent
to Class Members (the "Claim Deadline"), unless a Class Member makes a written
showing of hardship to the satisfaction of the Administrator. In the event of a
sufficient showing of hardship, the Class Member will be so notified and permitted
an additional fifteen (15) days to perform all necessary acts, if any. No Class
Member will be permitted to pursue his or her portion of the settlement on the
grounds that a Proof of Claim Form was submitted timely and lost, destroyed,
misplaced or otherwise not received by the Administrator unless the Class Member
has objectively verifiable proof, such as having been mailed certified and return
receipt requested, that the Proof of Claim Form was postmarked by the Claim
Deadline. Class Members who submit a deficient Proof of Claim Form will be
given until the Claims Deadline or fifteen (15) days to cure the deficiency, even if
the fifteenth day extends beyond the Claims Deadline, whichever is later. No
members of the Settlement Class shall be entitled to more than one deficiency
notice and opportunity to cure any deficiencies.

29.    All original Proof of Claim Forms shall be sent directly to the Administrator at the
address indicated in the Proof of Claim Form. The Administrator shall review the
claims and make any calculations of funds to be distributed as described above by
reviewing the Claim Forms. The Administrator is responsible for having the
payments to Class Members issued and calculating and withholding all required
state and federal taxes. Upon completion of his or her review, the Administrator
shall provide the Parties with a report listing the amount of all payments made to
each qualified claimant.

16

**SETTLEMENT AGREEMENT AND RELEASE**

30.    The Administrator shall provide weekly reports to counsel concerning receipt of

Class Members' claim forms, opt out requests, objections and returned mail.

**OBJECTING TO OR OPTING OUT OF THE SETTLEMENT**

31.    Class Members shall be permitted to object to the settlement before final approval.

To object, a Class Member must file a written objection and a notice of intention to

appear with the Clerk of the United States District Court for the Northern District

of California, located at 1301 Clay Street, Suite 400 S, Oakland, California,

94612-5212, and send copies to the following:

To Class Counsel:

        H. Tim Hoffman

        Hoffman & Lazear

        180 Grand Avenue, Suite 1550

        Oakland, California 94612

To GreenPoint's Counsel:

        Matthew C. Kane, Esq.

        McGuireWoods LLP

        1800 Century Park East, 8th Floor

        Los Angeles, California 90067

32.    Any written objections shall state each specific objection and any legal support for

each objection. The objection must also state the Class Member's full name,

address, and the dates of their employment at GreenPoint. To be valid and

effective, any objections to approval of the settlement must be filed with the Clerk

of the Court and properly served upon both of the above-listed attorneys no later

than sixty (60) days after the entry of the order granting preliminary approval of the

settlement, and the objector, or his or her counsel, must appear at the Final

Approval Hearing scheduled by the Court. Class Members shall be permitted to

withdraw their objections, by filing a written withdrawal statement with the Clerk

of the Court and served upon both of the above-listed attorneys not later than one (1) court day before the Final Approval hearing.

33. If the Court rejects the Class Member's objection, the Class Member will still be bound by the terms of this Agreement. If a Class Member intends to object to the settlement, but wishes to receive his or her share of the settlement funds, the Class Member must submit a valid and timely Proof of Claim Form. If the Court approves the settlement despite any objections, and the objecting Class Member did not file a valid and timely Proof of Claim Form, he or she will not receive any settlement proceeds.

34. Class members who wish to opt out of this Settlement must submit a written statement to the Administrator postmarked no later than sixty (60) days after the entry of the order granting preliminary approval of the settlement. Such Opt-out Statement must contain the name, address, telephone number and Social Security number of the person requesting exclusion and must be returned by mail to the Administrator at the specified address. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether an Opt-out Statement has been timely submitted. The Claims Administrator shall retain copies of all Opt-out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Settlement Agreement.

35. The Opt-out Statement shall, at minimum, contain the following language:

> *I wish to opt out of the settlement of this case, <u>Lawler v. GreenPoint Mortgage</u> (U.S. District Court, Northern District of California, Case No. C 07-4385 CW). I understand that by requesting to be excluded from the settlement, I will receive no money under the Settlement Agreement entered into by GreenPoint. I understand that if I am excluded from the class settlement, I may be able to bring a separate action. I understand that in any separate lawsuit, I may*

18

**SETTLEMENT AGREEMENT AND RELEASE**

1     *receive nothing or less than I would have received if I had filed a*

2     *claim for money pursuant to the Settlement Agreement.*

3    To the extent a Class member submits an Opt-out Statement with language

4 that differs from the foregoing, either party reserves the right to seek review

5 by the Court to have the Opt-out Statement declared valid or invalid. All

6 Class Members who do not timely opt out of the proposed settlement shall

7 be bound by the resolution of any and all issues arising in connection with

8 Settlement Class claims for relief, including for attorneys' fees and costs.

9       **RELEASE BY THE CLASS**

10  36.  Upon the final approval by the Court of this Agreement, and except as to such

11 rights or claims as may be created by this Agreement, the Settlement Class and

12 each Class Member fully releases and discharges GreenPoint, and all of its present,

13 former and future parents, subsidiaries, affiliates, affiliated entities, shareholders,

14 directors, officers, employees, agents, servants, registered representatives, insurers,

15 successors, assigns and attorneys, including without limitation GreenPoint

16 Financial Corp., North Fork Bancorporation, Inc., GreenPoint Mortgage Funding,

17 Inc., Headlands Mortgage Company, North Fork Bank, Capital One, National

18 Association, Capital One Bank, Capital One Services, Inc., Capital One Auto

19 Finance, and Capital One Financial Corporation (collectively hereinafter the

20 "GreenPoint Released Parties") from any and all claims, debts, liabilities, demands,

21 claims for restitution or injunctive relief, obligations, guarantees, costs, expenses,

22 attorneys' fees, damages, penalties, actions, or causes of action of whatever kind or

23 nature, whether known or unknown, that were or could have been asserted in this

24 action, from the beginning of time up through the date of the final approval by the

25 Court of this Agreement, including but not limited to all claims under the

26 *California Labor Code* (including but not limited to Sections 200, 201, 202, 203,

27 204, 210, 215, 216, 218, 226, 226.6, 226.7, 510, 512, 553, 558, 1174, 1174.5, 1194,

28 1194.2, 1197, 1197.1, 1198, 1199, 2699), the California Industrial Welfare

Commission Wage Orders, *California Business and Professions Code* § 17200 *et seq.,* and federal law, including but not limited to all claims under the Fair Labor Standards Act based on the class member's employment with any of the GreenPoint Released Parties (including all claims for liquidated damages thereunder) (referred to herein as the "Released Claims").

37.     In order to achieve a full and complete release of the GreenPoint Released Parties with respect to the Released Claims, each Class Member acknowledges that this Agreement is also intended to include in its effect all Released Claims which each Class Representative and Class Member does not know or suspect to exist in his or her favor at the time that he or she signs his or her Proof of Claim Form. Accordingly, each Class Representative and each Class Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and does so understanding the significance of that waiver. Section 1542 provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Each Class Member agrees not to initiate a lawsuit against any of the GreenPoint Released Parties based on any claim released under this Agreement, or an action in which the Class Member challenges the validity of the release herein.

**DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

38.     The Parties shall promptly submit this Agreement to the Court in support of a motion for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. The Parties shall also apply to the Court for the entry of a preliminary order substantially in the following form:

a.     Preliminarily approving this Agreement

b.     Preliminarily certifying the Settlement Class, including appointment of

Plaintiff Jana Lawler as Class Representative and the law firms of Hoffman

& Lazear, Crawford & Strawbridge, and Law Office of Cameron

Cunningham as Class Counsel.

c.     Approving as to form and content the proposed Notice of Settlement.

d.     Approving the proposed Proof of Claim Form.

e.     Directing the mailing of the Notice of Settlement and the Proof of Claim

Form by first class mail to the Class Members.

f.     Preliminarily approving the application for payment of reasonable attorneys'

fees and costs to Class Counsel.

g.     Preliminarily approving the enhancement payment to Plaintiff Lawler.

h.     Setting a date for a hearing on final approval of the settlement and Class

Counsel's application for attorneys' fees and costs.

i.     Setting a date by which Plaintiff must file her motion in support of final

approval and Class Counsel must file their application for attorneys' fees.

**DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL**

39.     Following final approval by the Court of the settlement provided for in this

Agreement, the Parties will jointly submit a proposed final order:

a.     Approving the settlement, adjudging the terms thereof to be fair, reasonable

and adequate, and directing consummation of its terms and provisions.

b.     Approving Plaintiff's application for an award of attorneys' fees.

c.     Approving Plaintiff's application for reimbursement of costs.

d.     Approving an enhancement payment of Twenty Thousand Dollars

($10,000.00) for plaintiff Jana Lawler.

e.     Dismissing the FAC in this action on the merits and with prejudice against

the Settlement Class and each Class Member thereof, and permanently

barring all Class Members (or anyone asserting a claim as a spouse, heir,

representative, successor, or assignee to a Class Member) from prosecuting

Deleted: 2

against any of the GreenPoint Released Parties any individual or class claims as set forth in paragraphs 36-37 above. The Parties agree to cooperate and take all steps necessary and appropriate to dismiss this action with prejudice upon final approval of the Settlement by the Court.

## VOIDING THE AGREEMENT

40.   If the Court disapproves of or refuses to enforce any material portion of this Agreement, either party may void this Agreement in its entirety and it shall be of no further force and effect and shall not be used or admissible in any subsequent proceeding. The Parties may exercise their option to void this settlement as provided in this paragraph by giving notice, in writing, to the other and to the Court within two (2) weeks of the entry of the Court's order disapproving or refusing to enforce any material portion of this Agreement.

41.   GreenPoint shall have the right, in its sole discretion, to rescind this Agreement if more than ten percent (10%) of Class Members opt out of the class in the manner prescribed in paragraphs 34-35 above. GreenPoint may exercise its option to void this settlement as provided in this paragraph by giving notice, in writing, to Class Counsel and to the Court at least ten (10) court days prior to the final approval hearing.

## REVERSION OF UNCLAIMED SETTLEMENT AMOUNT

42.   The Parties agree that the remainder of the Weekly Settlement Amount not paid by the Administrator to qualified Claimants, following payment of the costs of administration, attorneys' fees, costs, and the enhancement payment to Lawler, in accordance with the terms of this Agreement, will revert back to GreenPoint immediately upon the final payment by the Administrator to each qualified Class Member.

## PARTIES' AUTHORITY

43.   The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and bind the Parties hereto to the terms and conditions hereof.

**MUTUAL FULL COOPERATION**

44.  The Parties shall fully cooperate with each other to accomplish the terms of this Agreement, including execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement and to secure the Court's final approval of this Agreement.

**NO PRIOR ASSIGNMENTS**

45.  The Parties hereto represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

**NO ADMISSION**

46.  Nothing contained herein, nor the consummation of this Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of GreenPoint or any of the GreenPoint Released Parties. Each of the Parties hereto has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses and uncertainties. This Agreement is a settlement document and shall, pursuant to Federal Rule of Evidence 408 and *California Evidence Code* Section 1152, be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce this Agreement.

**ENFORCEMENT ACTIONS**

47.  In the event that one or more of the Parties to this Agreement institutes any legal action or other proceeding against any other party or parties to enforce this Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred, in addition to any other award.

5315958.7

23

**SETTLEMENT AGREEMENT AND RELEASE**

## NOTICES

48. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States certified mail, return receipt requested, addressed as follows:

To the Plaintiff and Settlement Class:

      H. Tim Hoffman

      Hoffman & Lazear

      180 Grand Avenue, Suite 1550

      Oakland, California 94612

To GreenPoint's Counsel:

      Matthew C. Kane, Esq.

      McGuireWoods LLP

      1800 Century Park East, 8th Floor

      Los Angeles, California 90067

## CONSTRUCTION

49. The terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in its drafting.

## CAPTIONS AND INTERPRETATIONS

50. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

## MODIFICATION

51. This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto. This Agreement may not be discharged except by

performance in accordance with its terms or by a writing signed by the Parties hereto.

### INTEGRATION CLAUSE

52. This Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

### BINDING ON ASSIGNS

53. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective spouses, heirs, trustees, and executors, administrators, representatives, successors and assigns.

### CLASS MEMBER SIGNATORIES

54. Because the members of the class are so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The Notice of Settlement, Exhibit "A" hereto, and other forms of notice described herein will advise all Class Members of the binding nature of the release and such shall have the same force and effect, to the extent permitted by law, as if this Agreement were executed by each Class Member.

### CORPORATE SIGNATORIES

55. Any person executing this Agreement or any such related document on behalf of a corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Agreement or any such related document.

### COUNTERPARTS

56. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute

one Agreement, which shall be binding upon and effective as to all Parties. Copies and facsimile transmissions of signatures shall be considered the same as an original signature.

## PUBLIC COMMENT

57.    The Class Representative may only respond to inquiries about this lawsuit or the Agreement from Class Members, and only until final approval of this Agreement. Otherwise, the Class Representative shall not discuss this lawsuit or this Agreement except to say that the matter has been resolved. However, the Class Representative may discuss this Agreement with her spouse, attorneys or other personal representatives, tax return preparers as required for tax return preparation, or as required by law.

58.    The Parties and their counsel will not, unless required by law, issue any press releases or have any communications to the press concerning this litigation, this Agreement, one another and/or the business practices of any of the GreenPoint Released Parties, except for a mutually agreeable statement made in response to an inquiry from the press. Class Counsel shall not include in any mass mailing, website, or other public communication a reference to this litigation, this Agreement, any of the GreenPoint Released Parties and/or the business practices of any of the GreenPoint Released Parties. Nothing in this provision shall affect the ability of the Administrator to carry out its duties consistent with and as required by any other provision herein.

## TIME IS OF THE ESSENCE

59.    The Parties agree that time is of the essence, including but not limited to all deadlines with respect to the claims administration, the payment of claims, the payment of attorneys' fees and costs.

DATED: July __, 2008                    By: _____
                                                   Jana Lawler, Class Representative

5315958.7                                               26
                              SETTLEMENT AGREEMENT AND RELEASE

1   DATED: July __, 2008                    Hoffman & Lazear

2

3                                           By: _____
                                               Attorneys for Plaintiff
4                                              JANA LAWLER

5

6   DATED: July __, 2008                    Crawford & Strawbridge

7

8                                           By: _____
                                               Attorneys for Plaintiff
9                                              JANA LAWLER

10  DATED: July __, 2008                    Law Office of Cameron Cunningham

11

12                                          By: _____
                                               Attorneys for Plaintiff
13                                             JANA LAWLER

14

15  DATED: July __, 2008                    GREENPOINT MORTGAGE, a division of
                                            GREENPOINT FINANCIAL CORP.
16

17                                          By: _____

18

19                                          Its: _____

20

21  DATED: July __, 2008                    McGuireWoods LLP

22

23                                          By: _____
                                               Matthew C. Kane
24                                             Attorneys for Defendant
                                               GREENPOINT MORTGAGE, a division of
25                                             GREENPOINT FINANCIAL CORP.

26

27

28

5315958.7                              27
                    **SETTLEMENT AGREEMENT AND RELEASE**