EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA LAWLER, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>GREENPOINT MORTGAGE, a division of GREENPOINT FINANCIAL CORP.; and DOES 1 through 100,<br><br>            Defendants. | Case No.: C 07-4385 CW<br><br>**NOTICE OF SETTLEMENT OF CLASS ACTION** |

**To:** **All former full-time Wholesale Residential Mortgage Staff Underwriters and former full-time Wholesale Residential Mortgage Senior Underwriters employed by GreenPoint Mortgage, a division of GreenPoint Financial Corp. ("GreenPoint"), in its California branches at any time from July 18, 2003, through September 28, 2007 ("Class Members").**

**PLEASE READ THIS NOTICE CAREFULLY**

**IT MAY AFFECT YOUR LEGAL RIGHTS**

**YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT**

YOUR ESTIMATED SHARE OF THE SETTLEMENT IS SET FORTH IN THE PROOF OF CLAIM FORM ENCLOSED WITH THIS NOTICE. IN ORDER TO RECEIVE YOUR SHARE OF THE SETTLEMENT, YOU MUST RETURN THE PROOF OF CLAIM FORM BY NO LATER THAN _____, 2008.

**I.        INTRODUCTION**

YOU ARE HEREBY NOTIFIED that a proposed class action settlement ("the Proposed Settlement") of the above-captioned action ("the Action") initially filed in the Marin County Superior Court, and removed to the United States District Court for the Northern District of California (the "Court") by GreenPoint, has been reached by the parties and has been granted preliminary approval by the Court which is supervising the Action. The Court will hold a hearing at 2:00 p.m. on January 8, 2009, to determine whether it should grant the Proposed Settlement final approval.

The records of GreenPoint show that you were employed by GreenPoint in California at some time during the period of July 18, 2003, through September 28, 2007 (the "Class Period")

Deleted: [\_\_\_] [\_].m. on [_____]
Deleted: 8

**EXHIBIT A**

in the position of a full-time Wholesale Residential Mortgage Underwriter II (also known as a "Staff Underwriter") or a full-time Wholesale Residential Mortgage Underwriter III (also known as a "Senior Underwriter"), have not signed a release in favor of any of the GreenPoint Released Parties (as defined in Section VII, below), and therefore are a Class Member in the Action. The Court has ordered that this Notice be sent to you because as a Class Member you may be entitled to money under the Settlement and because the Settlement affects your legal rights.

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU ABOUT:

1) THE STATUS AND NATURE OF THE ACTION,

2) THE TERMS OF THE SETTLEMENT, AND

3) YOUR RIGHTS AND OPTIONS IN CONNECTION WITH THE SETTLEMENT.

## II.   SUMMARY OF THE ACTION

On July 18, 2007, named Plaintiff Jana Lawler filed a Complaint in Marin County Superior Court in the State of California alleging that GreenPoint violated the California Unfair Competition Law by misclassifying Class Members as "exempt" employees and failing to pay them overtime wages for all hours worked over 40 hours in a week or 8 hours in a day in violation of the Fair Labor Standards Act and the Industrial Welfare Commission Wage Order 4-2001; failing to provide Class Members with meal and rest periods; failing to pay certain Class Members overtime wages owed to them at the time their employment with GreenPoint terminated; failing to furnish Class Members with timely and accurate wages; and failing to furnish Class Members with timely and accurate wage statements showing the number of hours worked per pay period. The Complaint sought restitution of unpaid overtime, statutory recovery of overtime wages, one hour's pay for each day a meal and/or rest period was not provided, waiting time penalties, interest, penalties, reasonable attorneys' fees and expenses, and declaratory relief.

Following the removal of the action to the federal Court, GreenPoint obtained judgment in its favor and a dismissal with prejudice of six of the ten claims being asserted in the Complaint, including all of the direct statutory wage claims and all but one of the penalty claims alleged pursuant to the California Labor Code, and on Plaintiff's claim for declaratory relief.

A First Amended Complaint ("FAC") was filed on January 18, 2008, alleging three causes of action for restitution of overtime wages pursuant to the California Unfair Competition Law, and a fourth cause of action was alleged for restitution of waiting time penalties, also pursuant to the California Unfair Competition Law.  While GreenPoint's motion to dismiss or strike those claims was pending before the Court, the parties engaged in a mediation of the claims being asserted which resulted in a tentative agreement as to the settlement of the claims.

GreenPoint denies any liability or wrongdoing of any kind in connection with the claims alleged, and contends that it has fully complied with the Fair Labor Standards Act, the California Labor Code, the California Business and Professions Code, and the applicable Industrial Welfare

EXHIBIT A

Commission Wage Orders. Nevertheless, GreenPoint wishes to settle to avoid further costly, disruptive, and time-consuming litigation.

On **[date of preliminary approval]**, the Court preliminarily certified a settlement class of those individuals who, as verified by GreenPoint's personnel and payroll records, worked at any of GreenPoint's California Branches as a full-time Wholesale Residential Mortgage Staff Underwriter or a full-time Wholesale Resdiential Mortgage Senior Underwriter at any time between July 18, 2003, through September 28, 2007, and who have not signed a release in favor of any of the GreenPoint Released Parties (as defined in Section VII, below) (hereinafter referred to as the "Settlement Class"). The Court also preliminarily appointed Plaintiff Lawler as Class Representative, and the law firms of Hoffman & Lazear, Crawford & Strawbridge, and Law Office of Cameron Cunningham as Class Counsel. The Court also preliminarily approved terms of the Settlement reached in this action. Finally, the Court scheduled a Final Approval Hearing on the Settlement at 2:00 p.m. on January 8, 2009, at which time the Court will decide whether to grant final approval of the Settlement.

This Settlement, entered into on **[date of settlement]**, is the result of extensive negotiations between GreenPoint and its counsel, on the one hand, and the Class Representative and Class Counsel, on the other. The Class Representative and Class Counsel believe that this settlement is fair, reasonable, and in the best interests of the Class.

### III.   SUMMARY OF SETTLEMENT TERMS

Settlement Amount. GreenPoint has agreed to pay up to a maximum of $925,000.00 (the "Maximum Settlement Amount") to fully resolve the claims in the Action. GreenPoint will also pay the employer's share of payroll taxes arising from actual settlement payments to Class Members.

Payments. The Court has tentatively approved the following payments to be made from the Maximum Settlement Amount:

Settlement Administration. Payment to the Settlement Administrator of up to $33,000.00 for the expense of notifying the Class Members of the Settlement, processing claims submitted by Class Members, and resolving any disputed claims.

Reasonable Attorneys' Fees and Expenses. Payment to Court-approved Class Counsel of up to $231,250.00 as reasonable compensation for the work they performed in this Action, will continue to perform through settlement finalization and distribution of class member payments, and for the costs they incurred and will incur in connection with the Action. For nearly a year, Class Counsel have been prosecuting the Action on behalf of the Settlement Class on a contingency fee basis (that is, without being paid any money to date) and have been paying all litigation costs and expenses. Class Members are not personally responsible for any of Class Counsel's attorney's fees or expenses.

Service Award to Named Plaintiff. A Service Award to compensate the Class Representative, Jana Lawler, for the services she provided on behalf of the Settlement Class, will be awarded in the amount of up to $10,000.00. This payment is in addition to whatever payment the Class Representative is otherwise entitled to as a class member.

**EXHIBIT A**

Calculation of Individual Class Member Awards. After deducting the Court-approved amounts above, members of the "Settlement Class" (as defined in the parties' Settlement Agreement and Release on file with the Court) will be allocated a settlement award based on the number of weeks (excluding leaves of absence) that the class member worked during the Class Period. The per week settlement amount is currently estimated to be about $158.24, less deductions required by law an in accordance with the terms of the proposed Settlement Agreement.

<!-- Deleted: . -->
<!-- Deleted: 38 -->
<!-- Deleted: 5 -->

Payments to Class Members. Only Class Members who file a completed Proof of Claim Form **postmarked by _____** will receive their allocated share of the settlement. Class Members will have the opportunity to challenge the data on their Proof of Claim Forms used to calculate their Settlement Awards, if they believe the data is incorrect. If the conditions of the Settlement (as described below) are met, and after the Court finally approves the Settlement Agreement, settlement checks will be mailed to Class Members who submitted timely and valid Proof of Claim Forms. The settlement amounts will be allocated for tax purposes as 60% for payment of wages, 30% for payment of interest, and 10% for payment of penalties. The Administrator will send appropriate tax reporting forms to Class Members who have received settlement awards.

**Any Class Members who do not file Proof of Claim Forms or who submit Proof of Claim Forms after the filing deadline will not receive their allocated shares of the settlement, and the amount of those shares will revert back to GreenPoint. However, all Class Members will still be bound by the Settlement Agreement, unless they have opted out as set forth in Section V below.**

Conditions of Settlement. This Settlement is conditioned upon the Court entering an order at or following the Settlement Hearing finally approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class. GreenPoint will have the option to reject the Settlement in its entirety if more than 10% of Class Members opt out of the settlement.

## IV.   RIGHT TO CLAIM MONEY FROM THE SETTLEMENT

Class Members who want to receive money under the Settlement must completely fill out, sign and date the enclosed Proof of Claim Form, and mail the completed Proof of Claim Form **postmarked by no later than _____** to the Settlement Administrator at the following address:

**Lawler v. GreenPoint Mortgage**
c/o Rosenthal & Company LLC
300 Bel Marin Keys Blvd., Suite 200
Novato, CA 94949

**Proof of Claim Forms postmarked after _____ will be denied.** If you wish to have confirmation that the Settlement Administrator has received your Proof of Claim Form, please send your Proof of Claim Form to the Settlement Administrator by certified U.S. Mail with a return-receipt request.

The Proof of Claim Form lists the total number of weeks you worked for GreenPoint during the Class Period, excluding leaves of absence. If you believe the total number of weeks on the Proof

**EXHIBIT A**

of Claim Form is incorrect, you may contact the Settlement Administrator. You may also send the Settlement Administrator any documents or other information that supports your challenge to the information on the Proof of Claim Form. The Settlement Administrator will use GreenPoint's records and any information you provide to resolve any dispute about your employment dates. The decision rendered by the Settlement Administrator regarding disputed claims shall be final and non-appealable.

Class Members who do not submit a Proof of Claim Form or who file Proof of Claim Forms after the [_____] deadline **will not receive any money** from the Settlement. Class Members who do not submit timely Proof of Claim Forms, however, **will still be bound by the terms of the settlement, including the release of claims, unless they opt-out as set forth in Section V, below.**

## V.     OPT-OUT PROCEDURE

You have the right to exclude yourself from, or "opt out" of, this settlement. If you opt out of this lawsuit, (a) you will have no right to receive any money under the settlement of this case; (b) you will not be bound by the settlement in this lawsuit; and (c) you may be able to bring or participate in a separate lawsuit against GreenPoint. If you opt out of this lawsuit and bring or participate in a separate lawsuit, you may lose your case and receive nothing, or you may obtain less money than you could get under this settlement even if you prevail, and it may take several years to obtain any such money. To opt out of this lawsuit, you must submit a written notice with your name, address, phone number, and social security number, stating that you want to opt out of this settlement, to the Lawler v. GreenPoint Mortgage Settlement Administrator, c/o Rosenthal & Company LLC, 300 Bel Marin Keys Blvd., Suite 200, Novato, CA 94949. The written notice must state:

> I wish to opt out of the settlement of this case, Lawler v. GreenPoint Mortgage (U.S. District Court, Northern District of California, Case No. C 07-4385 CW). I understand that by requesting to be excluded from the settlement, I will receive no money under the Settlement Agreement entered into by GreenPoint. I understand that if I am excluded from the class settlement, I may be able to bring a separate action. I understand that in any separate lawsuit, I may receive nothing or less than I would have received if I had filed a claim for money pursuant to the Settlement Agreement.

Your opt-out statement must be postmarked no later than [_____] to be valid.

## VI.     RIGHT TO OBJECT

If you are a Class Member, have not opted out, and believe that the Settlement should not be finally approved by the Court, you may object to the proposed Settlement Agreement. Objections must be in writing and state the legal basis for it. Objections must be filed with the Court, on or before [_____]. At the same time, copies of objections must be mailed or delivered to Class Counsel and GreenPoint's counsel at the following addresses:

EXHIBIT A

Class Counsel:

H. Tim Hoffman
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612


GreenPoint's Counsel:

Matthew C. Kane, Esq.
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90067

If you wish to object to the settlement and have the objection considered by the Court, you may, but are not required to, appear at the Final Approval Hearing scheduled for January 8, 2009 at 2:00 p.m., in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212, provided you have filed a timely written objection. You have the right to appear either in person or through your own attorney at this hearing.

> Deleted: ust
> Deleted: also
> Deleted: [_____], 2008 at [_____] [__]m.
> Deleted: __

If you object to the Settlement, you will remain a member of the Class, and if the District Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any member of the Class who does not object in the manner provided above shall have waived any objection to the Settlement, whether by appeal or otherwise.

## VII.    CLASS RELEASE

If approved by the Court, the Settlement Agreement will be binding on all members of the Class who do not opt out as set forth in Section V above (whether or not they timely submit a Proof of Claim Form) and will bar any Class Member who has not opted out from bringing certain claims against any of the GreenPoint Released Parties as set forth in the following provisions of the Settlement Agreement:

> Upon the final approval by the Court of this Agreement, and except as to such rights or claims as may be created by this Agreement, the Settlement Class and each Class Member fully releases and discharges GreenPoint, and all of its present, former and future parents, subsidiaries, affiliates, affiliated entities, shareholders, directors, officers, employees, agents, servants, registered representatives, insurers, successors, assigns and attorneys, including without limitation GreenPoint Financial Corp., North Fork Bancorporation, Inc., GreenPoint Mortgage Funding, Inc., Headlands Mortgage Company, North Fork Bank, Capital One, National Association, Capital One Bank, Capital One Services, Inc., Capital One Auto Finance, and Capital One Financial Corporation (collectively hereinafter the "GreenPoint Released Parties") from any and all

claims, debts, liabilities, demands, claims for restitution or injunctive relief, obligations, guarantees, costs, expenses, attorneys' fees, damages, penalties, actions, or causes of action of whatever kind or nature, whether known or unknown, that were or could have been asserted in this action, from the beginning of time up through the date of the final approval by the Court of this Agreement, including but not limited to all claims under the *California Labor Code* (including but not limited to Sections 200, 201, 202, 203, 204, 210, 215, 216, 218, 226, 226.6, 226.7, 510, 512, 553, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2699), the California Industrial Welfare Commission Wage Orders, *California Business and Professions Code* § 17200 *et seq.,* and federal law, including but not limited to all claims under the Fair Labor Standards Act (including all claims for liquidated damages thereunder) based on the Class Member's employment with any of the GreenPoint Released Parties (referred to herein as the "Released Claims").

In order to achieve a full and complete release of the GreenPoint Released Parties with respect to the Released Claims, each Class Member acknowledges that this Agreement is also intended to include in its effect all Released Claims which each Class Representative and Class Member does not know or suspect to exist in his or her favor at the time that he or she signs his or her Proof of Claim Form. Accordingly, each Class Representative and each Class Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and does so understanding the significance of that waiver. Section 1542 provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Each Class Member agrees not to initiate a lawsuit against any of the GreenPoint Released Parties based on any claim released under this Agreement, or an action in which the Class Member challenges the validity of the release herein.

### VIII. NO RETALIATION OR UNDUE INFLUENCE

California and federal law prohibits GreenPoint from retaliating against employees who exercise their rights under the California and federal wage and hour laws.

### IX. HEARING ON THE SETTLEMENT

The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement Agreement will be held on January 8, 2008 at 2:00 p.m., in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212. The Hearing may be continued without further notice. **Unless you file an objection, you are not required to attend the Final Approval Hearing, although any Class Member is welcome to attend the hearing.**

[Deleted: [_____], 2008 at [_____] [__]m.]
[Deleted: __]

## X.   ADDITIONAL INFORMATION

This Notice is only a summary of the Action and the Settlement. For a more detailed statement of the matters involved in the Action and the Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of California, located at 1301 Clay Street, Suite 400 S, Oakland, California, 94612-5212, during regular business hours of each court day.

If you have any questions about the Settlement Agreement or the process for filing your Proof of Claim Form, you may contact the Settlement Administrator at (800) 211-5201. You may also contact Class Counsel listed below for more information:

H. Tim Hoffman
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, California 94612
(510) 763-5700

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR GREENPOINT'S ATTORNEYS WITH ANY QUESTIONS.**

## XI.   REMINDER AS TO PARTICIPATION REQUIREMENTS

If you wish to receive any portion of the Settlement funds, you must complete and return the enclosed Proof of Claim Form to the Settlement Administrator, **postmarked not later than _____**.

DATED: _____, 2008      BY ORDER OF THE COURT
HON. CLAUDIA WILKEN
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
CALIFORNIA